U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 16 2012

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                        **PLAINTIFF**

**VS.**                                    **CASE NO. 12-3022**

**BOONE COUNTY, AR AND JASON JONES**                    **DEFENDANTS**

### MOTION FOR JOINDER OF PARTIES

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for the Court to have the State of Arkansas join the action as a co-Defendant.

The Complaint in this case maintains that the arrest and subsequent criminal charges were done primarily in response to my federal litigation history, which, due to the fact that my litigation history consists mostly of discrimination claims, causes them to fall within the protection of retaliation laws. I also seek injunctive relief primarily concerning either the dismissal or initiation of various criminal proceedings.

In order for the Defendant to be able to comply with this injunctive relief, Defendant must first have authority to do so. In the State of Arkansas, a county does not have the authority to initiate or dismiss criminal proceedings, only the authority to make arrests and recommend the initiation of criminal proceedings. The State of Arkansas prosecutes all criminal proceedings.

For this reason, and because the complaint meets all the criteria set forth in FRCP 20 to allow for a joinder of parties, the State of Arkansas should be made a co-defendant in this case.

Sovereign immunity – even absolute immunity – is not a bar to this claim, because it concerns retaliation. No one, not even courts, are immune from suit under the Americans with Disabilities Act. See *Tennessee v. Lane*, 541 U.S. 509 (2004), where the Supreme Court held that even state *courts* can be subject to suit (and, by nature of being subject to suit, can be subject to liability). Granted, in the case of *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme

Court held that a mere disparate impact was insufficient to abrogate Eleventh Amendment immunity, and that an abrogation of state sovereignty based on disability discrimination requires actions that are "congruent and proportional" to the discrimination. However, I still have that in this case. The Complaint accuses the Defendants – all of them – of acting with a direct, malicious retaliatory animus, which clearly falls within the "congruent and proportional" standard. To put it in the words of *Tennessee v. Lane*, the actions I accuse the State of doing are not merely discriminatory in effect; they are discriminatory in intent.

Therefore, Eleventh Amendment immunity is not a bar to a claim against the State of Arkansas in this case.

In the event that the Court finds my sovereign immunity argument unpersuasive, I ask that the Court add as co-Defendants Wes Bradford, in his official capacity as deputy prosecuting attorney for the State of Arkansas, and Gordon Webb, in his official capacity as Judge of the Circuit Court of Boone County, Arkansas, so that I may obtain injunctive relief against them.

Wherefore, premises considered, I respectfully pray that this motion be granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W Ridge St.
APT D
Harrison, AR 72601

E973 0325 07

(UW) ARKANSAS AR 727

14 APR 2022 PM 2 T

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701



FOREVER

USPS FOREVER