# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Case No. 12-

in re David Stebbins ) on Petition for Writ of Mandamus
)
)

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition for writ of mandamus against the United States District Court for the Western District of Arkansas, and the Honorable James R. Marchewski in particular.

### Relief Sought

I seek a writ of mandamus instructing Respondent to cease and desist his pattern of procrastination in cases in which I am a party.

### Issues Presented

I have been forced to file numerous petitions for writs of mandamus in this court, most of them a result of the Honorable James R. Marchewski's failure to timely dispose of the business of the court, in violation of Canon 3(A)(5) of the Code of Conduct of United States Judges. All of these petitions have been denied, but largely due to the fact that, as soon as I file them, he either finally rules on these petitions or pledges to do so promptly. It is beginning to happen with enough frequency to make it appear as if he is doing this on purpose.

### Facts

I have previously filed three petitions for writs of mandamus in this court that were geared towards Marchewski's procrastination in cases in which I represent myself, and all three of them within a year of each other. The first of these three cases is Case No. 11-2950, where the

RECEIVED
APR 16 2012
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Honorable Jimm Larry Hendren claimed that Marchewski told him that the motion in question was "inadvertently overlooked." The second of these petitions was Case No. 11-3351. The third and most recent of these petitions is Case No. 12-1796, a petition which, as of the time of this writing, has not yet received a ruling.

In Case No. 12-1796, as soon as I filed the petition, Respondent proceeding to grant the application for leave to proceed *in forma pauperis* that was the subject of the petition, almost as if he was waiting for me to file the petition before he actually got around to ruling on it... sort of like how some litigants will wait until after the discovery requests are late, and wait for you to file motions to compel discovery, and only then relinquish the discovery requested, in an attempt to minimize the time the other party has to make discovery. That is a central theme in Case No. 11-3639 in this Court, where I allege an abuse of discretion by the District Court in tolerating that behavior.

However, although Respondent granted the IFP application, he did not rule on any of the other pending motions in that case, prompting me to file a motion for leave to file an amended petition which has also yet to be ruled on, so I will instead file this, a new petition with a new IFP application.

I even emailed Marchewski's chambers directly and asked him to pass judgment on these motions. See Exhibit A. However, he has not done so.

### Reasons for Issuing the Writ

Ultimately, the likelihood that his procrastination can be attributed to mere inadvertence, as he initially claimed, is getting less and less with each petition his procrastination forces me to file, and it almost goes away entirely when you realize that I tried to give him a friendly reminder before resorting to filing a petition for writ of mandamus. The filing of this petition

makes it effectively the *fourth* time, in the span of *one* year, that Marchewski's procrastination has forced me to seek mandamus, something that is supposed to be an extraordinary remedy. If this Court does not grant me permanent prospective relief, as opposed to simply applying it on a case by case basis, chances are that this Court will be faced with petition after petition after petition. Eventually, this Court is going to get as frustrated with this dance as I am.

In Case No. 11-2950, Jimm Larry Hendren mentioned that this is not the kind of case in which mandamus is appropriate. That is not true. The United States Supreme Court has held that mandamus can be used to "compel [a court] to exercise its authority when it is its duty to do so." See Kerr v. United States District Court, 426 U.S. 394, 402 (1976). Therefore, mandamus is appropriate in this case.

## Conclusion

Wherefore, premises considered, I respectfully request that Respondent be ordered to cease and desist his procrastination on ruling on motions in cases in which I am a litigant.

It is so requested on this 12th day of April, 2012.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

*Exh. A*

| | |
|---|---|
| Subject: | Case No. 12-3022 |
| From: | David Stebbins (stebbinsd@yahoo.com) |
| To: | JRMinfo@arwd.uscourts.gov; |
| Date: | Saturday, April 7, 2012 2:01 PM |

Dear Hon. Marschewski,

I am in receipt of your order granting my application for leave to proceed *in forma pauperis* in Case No. 12-3022. However, there are still some motions which need ruling on.

Namely, there is the petition for issuance of subpeonas, motion for preliminary injunctions, and two motions for leave to file additional amended complaints.

Please get around to ruling on them as soon as possible, as they are just as essential to my case as the *in forma pauperis* application.

Sincerely,
David Stebbins