U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 2 5 2012
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                     **PLAINTIFF**

VS.                        **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                   **DEFENDANTS**

## UNILATERAL RULE 26(f) REPORT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following unilateral Rule 26(f) Report in the above-mentioned action.

Please find attached Exhibit A, where I submitted this report to Defense Counsel. As you may have guessed, he never responded to it.

### Nature and Bbasis of Claims and Defenses

The nature of Plaintiff's claims are outlined in the Complaint and Amended Complaint. The nature of Defendant's defenses are outlined in the Answer.

### Possibility for Prompt Settlement

Parties will negotiate in good faith the possibility of settlement, but this should not impair the progression of this case. For example, the Plaintiff refuses to consent to an abeyance of this case while the parties attend a mediation.

### Initial Disclosures

Initial disclosures shall be made by mail, within fourteen (14) days of the date of the Final Scheduling Order.

### Subjects on which Discovery may be Needed

- The jail's treatment of inmates.
- The jail's procedures and policies for disciplining jail officers.
- The reasoning for Deputy Bearthky's actions on November 24, 2011.
- The activities of all jail staff.
- Defendant's policy of how to handle domestic battery cases.

### Discovery of Electronically-stored information

Defendant maintains almost all records electronically. These records are kept for long periods of time, so automatic deletion should not be an issue.

### Scope of electronic discovery

Almost all documents to be produced, pursuant to FRCP 34, with perhaps the exception of witness affidavits and documents in Plaintiff's possession, will probably be electronically stored.

### Changes to be made to discovery rules

Because Plaintiff is bringing dozens of claims in a single action – each claim capable of standing alone as its own independent cause of action – the limitations on scope and quantity of discovery should be relaxed. Namely, the rule of only allowing 25 interrogatories per case should be relaxed. Otherwise, parties risk not being allowed full discovery on each claim, simply because Plaintiff wished to have the claims in one action for the sake of convenience.

The relaxation of discovery limitations should be applied on a case-by-case basis. Whether or not a relaxation is reasonable under the circumstances would be defined consistent with the Reasonable Person doctrine.

### Length of Discovery

Due to the current backlog of cases this Court is currently experiencing, it may take a long time for the Court to rule on any discovery disputes. As such, parties request a year to complete discovery. However, the Court is free to set the normal six-month time limit in its Final Scheduling Order if it promises to resolve discovery disputes expeditously.

### Deadlines for motions

Motions for Summary Judgment and Motions in Limine should be due no later than sixty

(60) days after the close of discovery.

## Objections to proposed trial date

Not applicable, as no trial date has yet been proposed.

## Unresolved issues

None at this time.

*David S Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Subject: Re: About contacting you
From: David Stebbins (stebbinsd@yahoo.com)
To: owens@rainfirm.com;
Date: Monday, July 23, 2012 10:45 AM

Exh. A

Owns,

Please find attached my proposed Unilateral 26(f) Report. If you do not place any objections to this report within 24 hours, I will proceed to file it, unilaterally.

The Exhibit A spoken of in the second paragraph is in fact this email, explaining why I haven't included it in the attachment.

From: Jason Owens <owens@rainfirm.com>
To: 'David Stebbins' <stebbinsd@yahoo.com>
Cc: angie@rainfirm.com
Sent: Monday, July 23, 2012 10:34 AM
Subject: RE: About contacting you

As I told you on the phone, I was in the restroom. We spoke minutes after you sent this email.

Jason Owens

From: David Stebbins [mailto:stebbinsd@yahoo.com]
Sent: Monday, July 23, 2012 9:37 AM
To: Jason Owens
Subject: Re: About contacting you

Owens, I called your office *again*, and you weren't there! Even though you specifically stated, and I quote "but you can call me at the office today."

We have to do the 26(f) conference. We need to get it out of the way.

If you don't start returning my calls, I'm going to file for a protective order against you.

From: Jason Owens <owens@rainfirm.com>
To: 'David Stebbins' <stebbinsd@yahoo.com>
Cc: angie@rainfirm.com
Sent: Monday, July 23, 2012 9:00 AM
Subject: RE: About contacting you

Mr. Stebbins,

I filed my clients' Answer on Friday. It is 9:00 on Monday morning. I just arrived in the office. I do not have your phone number, but you can call me at the office today. Thanks!

David Stebbins  
123 W. Ridge St.  
APT D  
Harrison, AR 72601

U.S. District Court  
35 E Mountain St.  
Room 510  
Fayetteville, AR 72701

72701855553

