# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**DAVID STEBBINS**                                                                               **PLAINTIFF**

**VS.**                                        **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                             **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION TO COMPEL

The Defendants have requested information discoverable per Rule 26 of the Federal Rules of Civil Procedure. Failure to answer discovery requests may not be excused on the ground that the discovery sought is objectionable, unless the party failing to act has applied for a protective order as provided in Rule 26(c) of the Federal Rules of Civil Procedure. The Plaintiff has failed to answer the Defendants' discovery requests, and the Plaintiff has not sought a Rule 26(c) Protective Order.

As per Rule 37 of the Federal Rules of Civil Procedure, Defendant is entitled to an Order Compelling Discovery.

**Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

(a) Motion for an Order Compelling Disclosure or Discovery.

***(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.***

(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

*(iii) a party fails to answer an interrogatory submitted under Rule 33; or*

*(iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.*

(C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

*(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.*

(Fed. R. Civ. Pro. 37, in part. Emphasis added).

The requested Interrogatories and Request for Production are well within the scope of Rule 26 of the Federal Rules of Civil Procedure. As such, Defendants request an Order compelling Plaintiff to answer discovery fully, and provide the requested documents.

### Rule 26. Duty to Disclose; General Provisions Governing Discovery

(b) Discovery Scope and Limits.

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. *For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).*

The Plaintiff should be directed by this Court to properly respond to Defendants' Interrogatories and Requests for Production, because the discovery responses may prove to be vital to the presentation of the defense, and because Defendants do not have other means to obtain this discovery.

        Respectfully submitted,

        BOONE COUNTY, ARKANSAS, and SHERIFF DANNY HICKMAN Boone County, Arkansas Defendants

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com

By:    /s/ Jason E. Owens
Michael R. Rainwater, #79234
Jason Owens, #2003003

## CERTIFICATE OF SERVICE

I hereby certify that on September 14th, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins, Pro Se
c/o Boone County Jail
5800 Law Drive
Harrison, AR 72601

   /s/ Jason E. Owens
Jason Owens, #2003003
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: owens@rainfirm.com

6653.4010