U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 2 5 2012

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                   **PLAINTIFF**

**VS.**                              **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                          **DEFENDANTS**

### FIRST MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to compel discovery.

On September 14, 2012, I served Defense Counsel with six interrogatories and six requests for production. For copies of these discovery requests, please see Exhibit A. I also sent them some "Discovery Instructions," explaining the types of answers I wanted. For a copy of these instructions, see Exhibit B.

On September 17, 2012, Defendants' responses to these discovery requests became due. However, I was also released from incarceration that same day, delaying the Defendants' ability to serve me with the responses.

However, please notice Exhibit C, where I notified Defense Counsel of my new address, and received a promise that the discovery responses were on their way.

However, notice that this was on Wednesday, September 19, 2012. It is now, as of the time of this writing, Friday, September 21, 2012, and I still do not have the discovery responses. It should only take one day for the Post Office to deliver from Little Rock to Harrison, so it should not have taken this long.

I hereby seek two forms of relief: First, I request the discovery responses. Second, I seek costs of $0.95 pursuant to FRCP 37(a)(5)(A). That is $0.45 for the postage stamp, $0.10 for the envelope, $0.20 for the two pages of this motion, and $0.20 for Exhibit C. It is a miniscule

charge, but it is the *principle* that matters.

Along with the costs, I also request that I be allowed to collect those costs immediately, instead of having to wait until after the case is over.

Wherefore, premises considered, I respectfully request that this relief be granted.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins

vs

Boone County, AR

Case No. 12-3022

Exh. A

Plaintiff

Defendant

## DISCOVERY REQUESTS

—Interrogatory No. 1: Pursuant to the enclosed instructions, please provide an exhaustive and thorough explanation as to why my father was not arrested alongside me on Nov. 24, 2011.

—Interrogatory No. 2: Pursuant to the enclosed instructions, please provide an exhaustive and thorough explanation as to why no attempt was made to investigate my accusations about Jason Jones' harrassing me and bullying me.

—Request for Production No. 1: ~~Produce all things~~ Jason Day tells me that everything I do in the jail—literally every piss that I take—is logged in the jail's records. Please produce my log.

—Request for Production No. 2: Produce all footage of all of the jail's cameras for every second that I was in Defendant's custody, even when I do not appear in the footage.

—Request for Production No. 3: Produce documentation of everything that jail officers did or had done to them, including but not limited to 1) all times each officer was disciplined, 2) what the violation was, 3) what the sanction was, 4) each decision each officer made concerning an inmate, 5) the date and time, 6) the reasons given for each decision, and 7) generally, which officer performed other, routine tasks of the jail, such as count, ~~working~~ working the Bubble, and paperwork. Please go back at least two years.

—Interrogatory No. 3: Pursuant to the enclosed instructions, provide an exhaustive and thorough explanation as to why the jail's policy that inmates must treat officers "with respect and courtesy" is constitutional. Eg how do jail staff have a compelling interest in getting their asses kissed?

—Interrogatory #4: Pursuant to the enclosed instructions, provide an exhaustive and thorough explanation as to how the jail's policy that inmates are responsible for cleaning their own pods and cells does not violate my 13th Amendment rights, even though I have not yet been convicted.

I should point out that, if I am still incarcerated by the time you respond, I can tolerate the requests for production being set aside in favor of permitting me to inspect ~~your~~ the jail's records. However, I will only accept this if I am within walking distance or transportation is provided. That being said, let us continue with the discovery.

—Interrogatory #5: When incarcerated, I was often moved around the jail in what is called "protective custody," often being placed in solitary confinement while those inmates who harassed and/or bullied me got away with their offenses. For my fifth interrogatory, please provide an exhaustive and thorough explanation as to why ~~punished~~ punishing the inmates who did it and make them stop was an insufficient remedy.

—Interrogatory #6: Provide an exhaustive and thorough explanation as to what accommodations were made for my Asperger Syndrome.

—Request for Production #4: Produce arrest reports for every arrest Boone County has made in the past five years for domestic battery.

—Request for Production No. 5: Produce copies of all outgoing and incoming mail and email for officers of the Boone County Sheriff's Dept.*

—Request for Production No. 6: Produce affidavits of all persons you intend to call as witnesses, outlining every single solitary thing they will testify about. If the testimony is not in the discovery and not in these affidavits, I will object to the testimony on the grounds of lack of notice. You can supplement your responses hereto with future affidavits, but if I don't receive notice of testimony (including interpretations of ~~documents~~ documents, unless the documentation is self-explanatory or already has the interpretation in it), I will object to it.

* for the past five years.

Dear Mr. Owens,

Please find enclosed my discovery requests. I also  need you to re-send your's, as I no longer have them.

Exh. B

## DISCOVERY INSTRUCTIONS

1. My interrogatories request "exhaustive and thorough" explanations. This means you are to give as many details as you can. Do not worry about long-winded ramblings; the more details, the merrier.

2. I also request that you also answer any obvious follow-up questions. For example, if your answer to Interrogatory No. 1 is that... Bearthky thought I* was innocent, that would beg the obvious follow-up question of... Why did Bearthky think he was innocent? If the follow-up answer is... my story was inconsistent, that begs the obvious follow-up question of... how was it inconsistent? Alternatively, Bearthky might claim that I... was unable to give details about where my father cut himself, but that would beg the obvious follow-up question of... how come the facial lacerations that Bearthky could <u>see</u> with <u>his</u> <u>own eyes</u> could not speak for themselves? I expect you to answer every follow-up question that you know I will have.

3. Interrogatories #3 & 4 request that you justify two of your rules as constitutional. This means that you should show either...
   A) how these rules can pass strict scrutiny, or
   B) how...
      i) these rules receive less-than-strict scrutiny, despite violating fundamental rights, and
      ii) how the rules pass the scrutiny you propose.

4. Remember, my goal is to have enough evidence to support a motion for summary judgment in just <u>one</u> discovery request. I want there to be <u>no dispute at all</u> as to where each party stands. Ideally, I'd like two conflicting motions for summary judgments on the docket within sixty days.

5. Now that this is out of the way, let's talk about the 25-Interrogatory limit. As you know, there are at least two dozen independant causes of action in this case. I grouped them together for convenience, but because of the otherwise independant nature of these actions, the 25-interrogatory limit should be relaxed. For example, Interrogatory No. 4 addresses a totally different cause of action than Interrogatory No. 5 does. ~~They~~ Both causes should

* I meant to say... my father

be subject to an independant 25-interrogatory limit. Both causes should have 24 interrogatories each remaining.

You can enjoy this relaxation, too! I will answer up to 25 interrogatories to the best of my ability for each cause of action!

Think long and hard before you disagree with me on this proposal. Remember I grouped them together for the sake of convenience. Forcing me to nonetheless adhere to to an unrelaxed 25-Interrogatory limit will only encourage me to file these claims separately in the future, clogging the court's docket beyond how it already is!

In any event, the interrogatory limit — even an unrelaxed one — has not been exhausted in this discovery request. Even if this proposal is to be rejected, now is not the time.

6. Please remember that these discovery requests may appear extremely broad, but remember that broad discovery access is essential to my due process rights. As long as the discovery requests have something to do with the case, they are allowed. I assure you, every discovery request enclosed — every single last one of them, including RFP #4 & 5 — have a tangible, coherent goal to them.

**Subject:** RE: 12-3022 discovery

**From:** Jason Owens (owens@rainfirm.com)

**To:** stebbinsd@yahoo.com;

**Date:** Wednesday, September 19, 2012 9:15 AM

*Exh. C*

I am sending those response today to your updated address.  Thanks!

Jason Owens

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Tuesday, September 18, 2012 11:12 AM
**To:** Jason Owens
**Subject:** 12-3022 discovery

Owens,

This is David Stebbins. Yesterday was the due date for your responses to my first batch of discovery requests. They are now past due.

I had a perfectly good reason for being late in responding to your discovery requests: The bond revocation caused me to not have them anymore. You, however, have no such excuse.

Oh sure, there was that confusion regarding me getting released at around the time you were supposed to come to Harrison for my deposition, but that's not exactly an excuse. Why isn't it? Well, let me quote one of my schoolteachers when I wasn't able to turn a homework assignment in on time:

That's what you get for waiting until the last minute.

So please, send your responses to me within 72 hours. Thank you.

David Stebbins

123 W. Ridge St.,

APT D

Harrison, AR 72601

870-204-6516

stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

72701855253

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

Equality
FOREVER