U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 0 3 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                   PLAINTIFF

VS.                      CASE NO. 12-3022

BOONE COUNTY, AR                               DEFENDANTS

## FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for partial summary judgment ("PSJ"), pertaining to the Defendant's refusal to allow me to post bond to be released from incarceration.

Notice, I am grouping three motions for PSJ together. This is to allow the Courts to consider each one separately. If it finds one motion to be straightforward and simple, it can rule on it before ruling on a more complex motion for PSJ. If I were to group all three current motions for PSJ all at once, the Court would have to rule on them all at once, and the more complex motions would hold the simpler ones back, like a struggling student holding up a class.

Defendant's production of requested documents has shown that Defendants knew of my right to bond, and simply refused to allow it. Only when Jason Day – the jail administrator – stepped in and overrode their decisions did they allow me to attempt to bond. However, by then, it was too late.

Their corruption and malice is sufficiently shown by the fact that they actually tried to *cover* for their actions on later dates, and also by the fact that they never even allowed me to *try* to seek the conditions of my bond at later dates, despite having no legitimate reason for doing so (they *gave* some reasons, but the administration records they produced fail to account for them). Their behavior a malicious desire to keep me incarcerated, and they should receive punitive damages accordingly. Any dispute to same has been reduced to a mere metaphysical doubt,

which is not sufficient to defeat default judgment.

Please find attached the following exhibits:

**Exhibit A**: My release form, documenting my first release from jail, the time spent therein, and the conditions I had to meet before I would be allowed to post bond to be released.

**Exhibit B**: Jail records documenting my early-February attempt to resolve an issue regarding an undocumented bonding attempt.

**Exhibit C**: The results of that attempt.

**Exhibit D**: Grievance Form giving "heavy front-desk traffic" (explanation in the brief) as an excuse for not allowing me to use their phone to attempt to secure living arrangements.

**Exhibit E**: Order of dismissal of a state court abuse of process lawsuit dated January 17, 2012.

**Exhibit F**: Affidavit from my mother, documenting that she made reasonable attempts to monitor the case spoken of in Exhibit E for me, while I couldn't monitor it myself.

Wherefore, premises considered, I respectfully request that Defendants be ordered to pay me at least $67,661,000, for the reasons outlined in the brief.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

# Inmate Release Report

**Name:** Stebbins, David Anthony

**Birthdate:** 12/29/1988
**Gender:** Male
**Race:** Caucasian




Release Type: Bonded outCampbell Bonding Co., INC.

Releasing Officer: Avey, Tina

Incident Notes:

Release Notes: Condition of bond ( Before he bonds) a place to live - receive some kind of treatment - Make appointments for evaluation - Jail to make arrangements where he is not subject to violence Repear 2/3/2012.

*Detainers*　　(No Detainers)

*Release Conditions*　　(No Release Conditions)

### Billing

| Check In | Check Out | Agency | Rate | Days | Book-In Fee | Book-Out Fee | Total |
|---|---|---|---|---|---|---|---|
| 11/25/2011 6:41 PM | 3/14/2012 9:10 AM | Boone County Sheriff Office | 0.00 | 111 | 0.00 | 0.00 | 0.00 |
| | | | | | | | 0.00 |

### Offenses

| Case Number | Statute | Charge Description |
|---|---|---|
| ▓▓▓ | ▓▓▓ | Domestic Battery 1st degree |
| | | Disorderly Conduct |

Date　　　　　　　　　　Inmate Signature　　　　　　　　　　Officer Signature
　　　　　　　　　　　　　Date:　　　　　　　　　　　　　　　Date:

Exh. A

Dear Mr. Day,                                          Exh. B

    This letter is being written after my request for an explanation of your respect. You may wish to read that one first, or else this one may not make sense.

    I know you want me to bond out, and fast. I think I know a way that can happen, and to be 100% honest (bearing my Aspergers in mind), I think there's a good chance it would have come to this, anyway.

    Remember, the reason I'm not already out, right now, in the first place, is because the Sunday before I got my "confirmed" bond date, the officers would not _let_ me bond because of the erroneous belief that I had to be evaluated first! I had the reservation at the Seville ready to go, and they wouldn't even have charged me three months in advance! They decided to start doing that on MLK Day, the day before you and I got my Feb. 1 reservation and the day after I tried to bond initially.

    I had Jimmy Cambell on his way to bond me out and my mother on her way to cosign! Everything looked good! I was on my way out!

    But the Sunday staff stopped me dead in my tracks by saying that I can't bond! In other words, it's the jail's fault that I am

Exh. C

02/13/12

13:30

Spoke with Mr. Stebbins concerning his letters of the Jail being responsible for him still being here. And him asking for the Jail to help him find housing. I told him we were not responsible nor would we pay him money to secure living arrangements.

Also concerning the letter of Stebbins stating that he and I are getting along better did I believe him to be innocent? I told him the reason we are getting along is he is now following rules and not causing problems. I also stated I don't care what he is charged with nor do I believe he is guilty or not that is not my job. My job is to house him in an appropriate facility.


Jason L. Day

Dear Mr. Day,     Exh. D

I have been deprived of my right (NOT privilege) to obtain the conditions of my bond, simply because they are "busy."

Bonding is not a privilege. It's a legal and constitutional right, and now, the living arrangements will likely have already been rented out by the time I get to the phone.

Remember, the PHONE may not be a right, but bonding is. Busy or not, I have a right to bond.

Sincerely,
David Stebbins
*David Stebbins*

Received _____ Date 3/2/12 4:34

---

Spoken to
on 3-6-12
@ 12:50

Exh. E

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

DAVID A. STEBBINS                                           PLAINTIFF

VS.                       NO. CV2011-232-4

CATHERINE GOLDEN and
HARP & ASSOCIATES, LLC                                      DEFENDANTS

ORDER OF DISMISSAL

On this date this matter comes before the Court to consider the motion to dismiss plaintiff's amended complaint filed by defendants Catherin Golden and Harp & Associates, LLC ("Harp"). The Court, having reviewed the amended complaint, the motion to dismiss and the brief in its support, and noting that plaintiff has not responded to the motion within the time allowed by law, is well and sufficiently advised, and makes the following findings:

1. On October 7, 2011, plaintiff David A. Stebbins filed a complaint against defendants Golden and Harp, alleging abuse of process.[1] More specifically, Stebbins claims that the defendants abused process by moving to voluntarily dismiss an unlawful detainer action filed by Ms. Golden as counsel for Harp against Stebbins in the matter of *Harp & Associates v. David A. Stebbins*, CV2011-171-4 (Cir. Ct. Boone County, Ark. 2011) ("underlying action"). Stebbins alleges that the non-suit prevented him from obtaining a writ of restitution and from appealing the dismissal of his counterclaim.

2. The issue of Stebbins' entitlement to a writ of restitution was decided in the underlying action, independent of the voluntary nonsuit. Therefore, the voluntary nonsuit had no effect on Stebbins' ability to pursue a writ of restitution against Harp.

---

[1] An amended complaint asserting the same allegations was filed on October 13, 2011. The amended complaint was served on defendants.

3. Because Ark. R. Civ. Pro. 41(a)(3) provides that a voluntary dismissal has no effect on a claim for set-off or a counterclaim, Stebbins' right to pursue his counterclaim was not barred by defendants' voluntary nonsuit in the underlying action.

4. In the underlying action Stebbins could have filed a notice of appeal or requested a certification of final judgment pursuant to Ark. R. Civ. Pro. 54(b), either of which would have allowed him to appeal the dismissal of counterclaim.

5. Because Stebbins failed to plead sufficient facts to establish that defendants' filing of the motion to voluntarily dismiss the underlying action against him was the proximate cause of his failure to obtain a writ of prohibition or appeal of the dismissal of his counterclaim, he has failed to state facts sufficient to establish that Golden and Harp abused process.

6. Therefore, Stebbins has failed to state facts upon which relief can be granted, and his complaint and amended complaint should be dismissed.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the motion to dismiss the complaint and amended complaint filed by defendants Catherine Golden and Harp & Associates, LLC, is granted, and the complaint and amended complaint of plaintiff David A. Stebbins are dismissed without prejudice.

_____
Circuit Judge Gordon Webb

Dated, this the 17th day of January, 2011.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                       **PLAINTIFF**

**VS.**                       **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                                **DEFENDANTS**

## AFFIDAVIT OF RITA STEBBINS

Comes now, Rita Stebbins, who hereby submits the following affidavit. I do hereby swear that the things stated in this affidavit are, to the best of my knowledge, the truth, the whole truth, and nothing but the truth, so help me God.

1. I am the mother of plaintiff. Although he is an adult, I still fill the role of mentor to him. I give him advice from time to time, but he is free to disregard this advice anytime, and has done so on numerous occasions.

2. Plaintiff is currently facing charges of domestic battery, and was, on two separate occasions, incarcerated in the Boone County Detention Center ("the Jail") in direct connection with thee charges.

3. During his first stay at the Jail, he asked me to monitor a lawsuit he had filed against his former landlord, Harp & Associates. He did not remember the case number, but he knew the name of the Defendant he was suing, and he knew the nature of the case. He told me that the clerks of the Boone County Circuit Court would be able to find the case just on this information alone.

4. I went to the Boone County Circuit Court, gave the clerks this information, and they gave me a docket to look at. It appeared that it had only been updated in September of 2011. I relayed this information to Plaintiff.

5. I do not know how Plaintiff intends to use this information in the above-mentioned

action, but nor do I care. In fact, I *prefer* to remain as detached from this case as possible.

I, the undersigned, do hereby swear, under penalty of perjury, that the aforementioned statements are, to the best of my knowledge, the truth, the whole truth, and nothing but the truth, so help me God.

*Rita Stebbins* (signature)
Rita Stebbins
8527 Hopewell Rd.,
Harrison, AR 72601
870-743-4386
rita_stebbinsd@hotmail.com

## ACKNOWLEDGMENT

On this day before the undersigned, a Notary Public, duly qualified and acting in and for the county and state aforesaid personally appeared Rita Stebbins, known to me or satisfactorily proven, whose name appears as AFFIANT in the foregoing instrument, and stated that he/she had executed the same for the uses and purposes therein stated.
IN WITNESS WHEREOF, I have hereunto set my hand and seal this 1st day of Oct, 2012.
NOTARY PUBLIC Leslie C Hurd
My Commission Expires: 8-21-22

SEAL 

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.,
Room 510
Fayetteville, AR ~~72701~~ 72701

CPU U.S. POSTAGE
$ 2.70⁰
PB 1P 000
3660515  MAILED
FCMF    OCT 01 2012
        72601

