U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 0 3 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS             PLAINTIFF

VS.           CASE NO. 12-3022

BOONE COUNTY, AR             DEFENDANTS

### STATEMEN OF UNCONTROVERTED FACTS IN SUPPORT OF FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following statement of facts in support of my first motion for partial summary judgment.

1. On November 25, 2011, I was arrested under allegations of domestic battery. See Exhibit A.

2. My bail was set at $10,000. See Exhibit A.

3. Before I was allowed to bail, I had to have a place to live. See Exhibit A.

4. I was also required to get "some sort of treatment." See Exhibit A.

5. On January 15, 2012, I had secured a hotel reservation at a place called the "Hotel Seville." However, I was not allowed to post bond because I had not secured the required treatment. See Exhibit B.

6. On January 17, 2012, Jason Day – the jail administrator – intervened, knowing that I was only supposed to *pledge* to get this treatment, and that the only condition that I had to fulfill *before* bonding was having a place to live. See Exhibit B.

7. With Jason Day's direct oversight, I called the Hotel Seville again and secured living arrangements. See Exhibit B.

8. However, in the two days that had elapsed, the Hotel Seville had implemented a new policy, requiring month-by-month renters to pay for three months in advance. See Exhibit B.

9. As a result, I set up my reservation for February 1, 2012, with the Jail setting my bond date accordingly. See Exhibit B.

10. Before it came time for me to actually bond out, however, the Hotel Seville learned of the nature of my charges, and canceled the reservation. See Exhibit B.

11. Ultimately, none of the events of Uncontroverted Facts #6 - #10 would have happened, but for the events of Uncontroverted Fact #5. In other words, had the jail staff allowed me to bond when they first should have allowed me, I wouldn't have been injured. See Exhibit B.

12. I attemtped to resolve the dispute with Jason Day. See Exhibit B.

13. Jason Day refused to settle the case with me. See Exhibit C.

14. On the dates of March 1-3, I was not allowed to use the jail's phone in an attempt to secure living arrangements. See Exhibit D.

15. Officially, the reason given for not allowing me to use the phone was because they were "busy" up front. See Exhibit D.

16. On January 17, 2012, the Boone County Circuit Court had dismissed an abuse of process lawsuit I had filed against Harp & Associates, where I attempted to sue them for $6,094,000. See Exhibit E.

17. I had solicited my mother to monitor the abuse of process case for me. See Exhibit F.

18. However, she accidentally monitored the wrong case. See Exhibit F.

19. Had I bonded out of jail on January 15, 2012, I would have known about this dismissal in time to appeal it. Though there are no exhibits to prove that, I would be disappointed in this Court's intelligence if it actually *needs* proof; the causal connection here should be axiomatic.

Wherefore, premises considered, I respectfully request that the First Motion for Partial Summary Judgment be granted, that costs incurred be awarded, and that the Court award such

other relief as it finds appropriate.

It is so requested on this 1st day of October, 2012.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com