U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 0 3 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                         PLAINTIFF

VS.               CASE NO. 12-3022

BOONE COUNTY, AR                      DEFENDANTS

## BRIEF IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my second motion for partial summary judgment.

### Background

On November 25, 2011, I was arrested under baseless suspicion of domestic battery. I was released on March 14, 2012, arrested again on July 27, 2012, and re-released on September 17, 2012, meaning that I spent 165 days in Defendant's custody.

While in Defendant's custody, I was required, as all inmates are at this jail, to treat the officers "with respect and courtesy." Defendants attempt to justify this because it supposedly assists in the order and security of the jail.

### Argument and Discussion

Defendants' rule of treating officers with respect and courtesy is, on its face, in violation of my first amendment rights. Because it is a restriction on the content of the speech, rather than the time, place, and manner of it, strict scrutiny must be applied. To pass strict scrutiny, a law must serve a compelling state interest, be narrowly tailored to meet that interest, and be the least restrictive means of achieving this interest.

Defendants attempt to justify this rule by claiming that it helps with maintaining order and security in the jail. Even if Defendants have a "compelling" interest in in order and security, their rule is not even remotely close to being narrowly tailored to that interest. There is a big

difference between an inmate being disorderly, and the jail staff simply being butthurt. A *big* difference.

The justification Defendants give simply has nothing to do with the rule they actually implement. Rather, it is so broad in its coverage and limited in its targeted audience (only inmates in their custody[1]) that it is inexplicable by anything other than a desire for the jail staff to not have its feelings hurt. Therefore, it is unconstitutionally overbroad, and I should be entitled to damages simply for them having the rule.

### Relief Requested

In the case of *Maxwell v. Mason*, 668 F.2d 361 (8th Cir. 1981), the 8th Circuit Court of Appeals held that compensatory damages of $100 per day was reasonable, without the plaintiff even having to prove that he was even "injured" *per se*. However, keep in mind that this case was passed in 1981, and we should adjust for inflation, accordingly. The website of the United States Bureau of Labor Statistics has an inflation calculator, which can be accessed at the following web address: http://www.bls.gov/data/inflation_calculator.htm/

Using that calculator, one finds that $100 was worth in 1981 what approximately $252.45 is worth today. Let's knock it down to $250 even, to make the math easier.

Since I was subjected to this loss of rights for 165 days (see "background" above), this means that my compensatory damages are $41,250.

I also seek ten times that amount, or $412,500, in punitive damages, because they were extremely reckless in their formulation of this policy; they knew it would not survive strict scrutiny analysis; they simply did not care. Their decision to make an unconstitutionally over broad rule just they have a compelling interest that justified a *sliver* of speech regulation shows recklessness in their actions, and they should be punished accordingly.

---

1 those who have been released and are demanding an inmate release form can cuss them out all they want

This makes for a total (at least in this motion) of $453,750. This should be in addition to, not in place of, any other relief I can prove to be entitled to.

## Conclusion

Wherefore, premises considered, I respectfully request that the second motion for partial summary judgment be granted.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com