U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 0 3 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                              PLAINTIFF

VS.                          CASE NO. 12-3022

BOONE COUNTY, AR                                         DEFENDANTS

## THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for partial summary judgment ("PSJ"), pertaining to the Defendant's violation of my free speech rights.

Notice, I am grouping three motions for PSJ together. This is to allow the Courts to consider each one separately. If it finds one motion to be straightforward and simple, it can rule on it before ruling on a more complex motion for PSJ. If I were to group all three current motions for PSJ all at once, the Court would have to rule on them all at once, and the more complex motions would hold the simpler ones back, like a struggling student holding up a class.

Defendants have required inmates – including myself – to clean their cells and take turns cleaning their Pod's day rooms, even if they had not yet been convicted.

This violates my 13th Amendment right to not be subjected to involuntary servitude except as punishment for a crime where the criminal has been duly convicted. Defendants were unable to give any justification for this rule.

Please find attached the following exhibits:

**Exhibit A**: My first inmate release form, showing how much time I spent in jail during my first incarceration.

**Exhibit B**: Second inmate release form, showing how much time I spent in jail during my second incarceration.

**Exhibit C**: Jail rules and regulations given to all inmates at the time of booking.

**Exhibit D**: Defendant's Response to Plaintiff's First Interrogatories.

Wherefore, premises considered, I respectfully request that Defendants be ordered to pay me at least $308,000, for the reasons outlined in the brief.

*David S Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

# Inmate Release Report

**Name:** Stebbins, David Anthony



Birthdate: 12/29/1988
Gender: Male
Race: Caucasian



Release Type: Bonded outCampbell Bonding Co., INC.

Releasing Officer: Avey, Tina

Incident Notes:

Release Notes: Condition of bond ( Before he bonds) a place to live - receive some kind of treatment - Make appointments for evaluation - Jail to make arrangements where he is not subject to violence Repear 2/3/2012.

*Detainers* (No Detainers)

*Release Conditions* (No Release Conditions)

*Billing*

| Check In | Check Out | Agency | Rate | Days | Book-In Fee | Book-Out Fee | Total |
|---|---|---|---|---|---|---|---|
| 11/25/2011 6:41 PM | 3/14/2012 9:10 AM | Boone County Sheriff Office | 0.00 | 111 | 0.00 | 0.00 | 0.00 |
| | | | | | | | 0.00 |

*Offenses*

| Case Number | Statute | Charge Description |
|---|---|---|
| ▬▬ | ▬▬ | Domestic Battery 1st degree |
| | | Disorderly Conduct |

| Date | Inmate Signature | Officer Signature |
|---|---|---|
| | Date: | Date: |

*Exh. A*

# Inmate Release Report

**Name: Stebbins, David Anthony**        Birthdate 12/29/1988
1-FileId: 64613                                         Gender Male
SSN 425714148                                      Race Caucasian



Release Type Bonded outCampbell Bonding Co. INC
Releasing Officer MENDEZ
Incident Notes
Release Notes Bond reinstated ( original charges - Disorderly Conduct, Domestic Battery 1st Degree ) 9-17-12

Detainers     (No Detainers)

Release Conditions     (No Release Conditions)

Billing

| Check In | Check Out | Agency | Rate | Days | Book-In Fee | Book-Out Fee | Total |
|---|---|---|---|---|---|---|---|
| 7/27/2012 8:33 PM | 9/17/2012 10:57 AM | Boone County Sheriff Office | 0.00 | 53 | 0.00 | 0.00 | 0.00 |
|  |  |  |  |  |  |  | 0.00 |

Offenses

| Case Number | Statute | Charge Description |
|---|---|---|
|  | 5-4-303 | Bond Revocation |

09-17-12
Date          Inmate Signature                    Officer Signature
              Date                                Date

Exh. C

# Boone County Detention Center
## Inmate Rules and Regulations

A) **Management**- This facility is controlled and managed by the Sheriff and his Deputies. No inmate will have authority or supervision over other inmates. Inmate organizations are forbidden. Deputies will be treated with respect and courtesy. ORDERS BOTH ORAL AND WRITTEN WILL BE OBEYED.

B) **Phone Calls**- At time of intake, the inmate shall be afforded an opportunity to make a reasonable amount of unmonitored phone calls at inmate's expense, in which an inmate may contact an attorney of choice, and a member of his/her family.

C) **Personal Property**- Upon your incarceration, all monies and personal property will be inventoried by the Intake Deputy. At this time, the Intake Deputy will determine which items are authorized for your retention. The remainder will be placed in the property storage area. You may keep your socks and undergarments to wear in the jail, but the County will not be held responsible for these items. Monies will be receipted and locked up in your property. No cash will be accepted for inmates already incarcerated. Only money in the form of a Money Order will be accepted and then only in the amount not to exceed $25.00, in an inmate's name. No personal or company checks will be cashed by the Sheriff's Department. All personal property not picked up within 14 days of your release or transport to another facility will be destroyed.

D) **Detention Property**- At time of intake you will be issued jail clothes, jail socks, jail sandals, a mattress, a mattress cover, and a blanket. Clothing and bedding items issued to you belong to the county, as does the cell in which you are assigned. They will be returned in the same condition as they were received upon your release, or you will be required to reimburse the county. YOU WILL BE PROSECUTED FOR ANY DESTRUCTION OF COUNTY PROPERTY. At the time of intake you will also be issued a comb, a toothbrush, a small tube of toothpaste, and a roll of toilet paper at your expense. These items must be returned to the Detention Officer should they break, wear out, or get used up, in order to get replacements. This is known as the give one to get one policy and is used for other jail issued items (i.e. Plastic Forks). As with the clothing and bedding items, these articles must be returned to the Detention Officer upon your exit from this facility. In addition to the above items you will also be issued a Bible if you choose so. The Bible must be brought out with you upon your exit from this facility; however you may keep the Bible if you wish.

E) **Cell Assignment**- All cell assignments are at the discretion of the Detention Officer, inmate cell assignments can be changed at any time during the incarceration. Inmates must wear the entire jail uniform outside of their cells.

F) **Care of Living Area**- It is your responsibility to keep your living area (cell) clean and in order. You will not attach anything to the walls, ceiling, floor, or furniture/fixtures of this facility. You will not write or draw on the cells walls, ceiling, floor, or furniture/fixtures of this facility. Bedding articles will not be allowed outside of the cell. Cell lights will not be shaded or tampered with. Any time you leave your cell, you will be properly dressed in County issue uniforms and sandals. You will not sit or lie on the tables or sinks. Inmates are allowed to keep one cup in their cell for drinking.

G) **Personal Cleanliness**- You are required to shower. You will be afforded at least two showers per week, you will be provided with clean jail uniform, jail socks and (available from your personal property) clean underwear. You will turn in your dirty clothing at the time of leaving. Razors will be supplied, at your expense, to coincide with two of the shower days and will be returned intact after shaving.

H) **Conduct**- You must at all times conduct yourself in an orderly manner, with the respect to the rights of others. No inmate shall intimidate another inmate. To do so will result in immediate disciplinary action against the inmate.

I) **Visitation**- Visitation is held on Monday through Wednesday from 8:00 AM to 4:00 PM. Visits will be video visitation only. Only one visit per inmate a day. Visitation is restricted to immediate family only (mothers, fathers, brothers, sisters, spouse, children, and grandparents). Picture ID required. Any visitation by individuals other than those listed above must have prior approval from the Sheriff or the Jail Administrator.

J) **Mail**- Mail will be delivered once a day. This will be done at 1:00 PM, provided jail operations permit. All incoming mail will be checked for contraband. Legal mail will be checked for contraband, but will be opened in front of the receiving inmate. Outgoing mail may also be checked for jail security reasons. Note... no money should ever be sent through the mail. All mail must be sent through the U.S. Postal Service. Indigent inmates will be allowed 2 stamps per week. This facility is not responsible for lost or missing items sent through the mail. All outgoing mail must be left unsealed (with the exception of Legal mail) and must have return name and address. Inmates are not allowed to communicate by mail with inmates of this or any other institution, attempts to communicate are considered contraband. Incoming mail must have full return information or will be returned. Graffiti, art, stickers, glitter, or anything on the envelope except the required information will not be accepted. No pornographic material will be allowed in any form. We reserve our constitutional right to censor incoming and outgoing mail to the extent legitimately necessary to maintain a secure facility.

K) **Books**- No hard back books shall be kept in cells or pods. Only two books at any one time excluding a Bible or another religious book.

L) **Tobacco**- No tobacco products of any kind shall be brought into the jail area. IF THIS DOES OCCUR YOU WILL RECEIVE A CLASS C FELONY, which carries the maximum penalty. Any possession of tobacco or lighter will be prosecuted to the fullest extent of the law.

M) **Jail Phones**- Each cell has a phone that allows you to call as you wish. Phones are collect only. Anyone making a threatening or harassing call is subject to discipline/criminal actions being taken. Phones cut off after 15 minutes in order to allow each inmate the use of the phone. Phone hours are from 8:00AM to 8:00PM. Access to the Pod telephones is a PRIVILEGE, not a right. Inmates will not be allowed to use facility business phones after intake is complete.

N) Personal Property Authorized but not issued by the [facility]: [items] approved by the [facility] (inmate), writing paper, envelopes, stamps (in reasonable amounts), and playing cards. Flex pens can be distributed by the on-duty Detention Officer. The cost is $.50 per pen. We will not accept these items through the mail or over the counter (exception: underwear and panties).

O) Inmate Grievance: Grievance forms are available to an inmate upon request. Any inmate wishing to file a grievance should make it brief, direct and to the point. All grievances should be turned in to the on duty Detention Officer, who will respond to the grievance if it is appropriate to them to do so. If unable to, or inappropriate for the Detention Officer to respond, the grievance will go to the Jail Administrator and/or the issuing inmate. The original shall be kept on file. Collective grievances will not receive a written response.

P) Yard Call- Each group will be given one hour of yard call everyday providing weather and Jail operations, due to security and Officer Safety. For any reason an Officer shall issue an order, the inmates will follow the order. Failure to follow orders is considered a threat.

Q) Day Room Rules- All items in the "Day Room" are considered County property and any defacing of any County property is subject to Misdemeanor and possible Felony charges. Every day the "Day Room" will be inventoried before and after each visit. Do not bring anything from your cell to the "Day Room". Fighting and Arguing will not be tolerated in this facility and if it does occur it will be charged to the full extent of the law. If you are in the "Day Room" while a fight is going on and the Detention Officer enters the "Day Room", grab the wall. If you leave the "Day Room" you will not get another chance to go into it. After use of the "Day Room" place all articles back into their positions and clean up after yourselves.

R) Commissary- The commissary will be ordered every week, providing Jail Operations. Money orders will be entered. There is a $25.00 limit on ordering. The over the counter medication that you want will be billed to your account. All personal hygiene supplies including toilet paper, toothbrush, soap, and comb will be billed to your commissary account. Every Inmate receives an intake packet upon arriving and will be billed for it at the opening of their account.

S) Doctor Call- Every Thursday is Doctor Call. Medical forms must be filled out and turned in by 1:00PM; this is to insure the best possible medical care that can be provided by our facility physician. You will be billed a $20.00 co-pay to see the physician, a $10.00 co-pay for any prescriptions as per Boone County Law. Over the Counter medications will be billed to your commissary account.

T) Pay to Stay- As per Boone County Law, you will be billed $35.00 a day, as well as $5.00 transportation fee to bring you to jail at the Judges discretion, this will not be charged to your account but added to your fines.

INFRACTIONS WHICH CAN RESULT IN DISCIPLINARY ACTION INCLUDING LOCKDOWN, FORFEITURE OR LOSS OF PRIVILEGES, REMOVAL FROM WORK RELEASE OR TRUSTEE STATUS, CRIMINAL CHARGES, OR ALL OF THE AFOREMENTIONED ARE BUT NOT LIMITED TO:

Covering of lights/vents, Attempted assault with or without a weapon, Writing/drawing on walls, Attempted escape, Disrespectful language or conduct towards other persons, Escape, Violation of Visitation Rules, Possession of contraband, Abuse of phone privileges, Attempted suicide, Disobedience of orders by jail staff, Destroying or damaging of County Property, Being under the influence of any intoxicant, Bribery, Gambling, Rape, Unauthorized use of mail or passing of notes, Riotous acts, Unauthorized contact with public or other inmates, Assault, Loud Behavior, Murder, Interference with taking of Headcount, Attempted Murder, Tattooing or self mutilation, threatening or causing injury to jail staff, Failure to keep personal living quarters clean, Burning of any materials in cells, Hoarding County Property, All other criminal acts pursuant to the Arkansas Criminal Code as noted.

***IT IS OUR POLICY TO FULLY PROSECUTE ANY INMATE***
WHO ATTACKS OR TRIES TO INJURE ONE OF OUR DEPUTIES, WE DO NOT PLEA BARGAIN.

_____     _____
DETAINEE'S NAME                                        DATE
(PRINT)


_____     _____
DETAINEE'S SIGNATURE                         BOOKING OFFICER'S SIGNATURE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

Exh. D

**DAVID STEBBINS**                                                       **PLAINTIFF**

**VS.**                       **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                    **DEFENDANTS**

## DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES

The Boone County Defendants state in response to the Interrogatories as follows:

INTERROGATORY NO. 1: Pursuant to the enclosed instructions, please provide an exhaustive and thorough explanation as to why my father was not arrested alongside me on Nov. 24, 2011.

ANSWER: Objection. Interrogatory No. 1 is not reasonably calculated to lead to discoverable information. Notwithstanding and without waiving said objection, Defendant asserts that the law enforcement personnel that responded to the call November 24, 2011 assessed the situation and circumstances after their arrival. The law enforcement personnel used their training and experience and in their assessment determined that only the Plaintiff should and would be arrested.

INTERROGATORY NO. 2: Pursuant to the enclosed instructions, please provide an exhaustive and thorough explanation as to why no attempt was made to investigate my accusations about Jason Jones harassing and bullying me.

ANSWER: When Plaintiff filed grievances alleging Jones had been harassing him in retaliation for the previous lawsuits, jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

REQUEST FOR PRODUCTION NO. 1: Jason Day tells me that everything I do in the jail - literally every piss that I take - is logged in the jails records. Please produce my logs.

ANSWER: Objection. This Request is overly broad and unduly burdensome.

Notwithstanding and without waiving said objection, see Plaintiff's jail file, attached. If you can identify the logs and dates you would like, we will be happy to try to provide the documents you want.

REQUEST FOR PRODUCTION NO. 2: Produce all footage of all of the jail's cameras for every second that I was in the Defendant's custody, even when I do not appear in the footage.

ANSWER: Objection. Request No. 2 is overly broad and not reasonably calculated to lead to discoverable information. Without waiving said objection, most of the requested video simply does not exist since the jail cameras only retain the footage for approximately 7 days before they are recorded over. Enclosed, however, are 2 CDs, one containing video of an altercation Plaintiff was a part of, and the program necessary to open and view the video. The other cd contains audio of the Plaintiff speaking with jail personnel regarding his difficulties in the Boone County Detention Center.

REQUEST FOR PRODUCTION NO. 3: Produce documentation of everything that jail officers did or had done to them, including but not limited to: 1) all times each officer was disciplined; 2) what the violation was; 3) what the sanction was; 4) each decision each officer made concerning an inmate; 5) the date and time; 6) the reasons given for each decision; and 7) generally, which officer performed other routine tasks of the jail, such as count, working the bubble, and paperwork. Please go back at least two year.

ANSWER: Objection. Request No. 3 is overly broad and unduly burdensome as it is entirely unlimited and seems to seek primarily non-county records and records entirely unrelated to the Plaintiff. Notwithstanding and without waiving this objection.. If you will provide more clarification and specificity, we will be happy to try to provide you the documents you want.

INTERROGATORY NO. 3: Pursuant to the enclosed instructions, provide an exhaustive and thorough explanation as to why the jail's policy that inmates must treat officers 'with respect and courtesy' is constitutional, e.g., how do jail staff have a compelling interest in getting their asses kissed?

ANSWER: Objection. Interrogatory No. 3 is argumentative and seeks a legal

conclusion. Defendant also objects to the extent that question mischaracterizes the policy. Notwithstanding and without waiving these objections, the policy speaks for itself and promotes order and security in the jail, while discouraging incitement.

INTERROGATORY NO. 4: Pursuant to the enclosed instructions, provide an exhaustive and thorough explanation as to how the jail's policy that inmate are responsible for cleaning their own pods and cells does not violate my 13th Amendment rights, even though I have not yet been convicted. I should point out that, if I am still incarcerated by the time you respond, I can tolerate the requests for production being set aside in favor of permitting me to inspect the jail's records. However, I will only accept this if I am within walking distance or transportation is provided. That being said, let us continue with the discovery.

ANSWER: Objection. Interrogatory No. 3 is argumentative and seeks a legal conclusion. Defendant also objects to the extent that question mischaracterizes the policy. Notwithstanding and without waiving these objections, the policy advances the jail's legitimate interests in health, safety, order, and security.

INTERROGATORY NO. 5: When incarcerated, I was often moved around the jail in what is called 'protective custody,' often being placed in solitary confinement while those inmates who harassed and/or bullied me got away with their offenses. For my 5th interrogatory, please provide an exhaustive and thorough explanation as to why punishing the inmates who did it and make them stop was an insufficient remedy.

ANSWER: Objection. Interrogatory No. 5 is contradictory, confusing, and therefore, Defendants are unable to respond. Without waiving said objection, Defendants assert that Plaintiff was moved several times for his and the other inmates' well being and/or safety.

INTERROGATORY NO. 6: Provide an exhaustive and thorough explanation as to what accommodations were made for my Asperger Syndrome.

ANSWER: See attached records. Any additional records will be provided upon recipt by undersigned counsel. Plaintiff was moved several times to keep him away from the other detainees for his well being and safety.

REQUEST FOR PRODUCTION NO. 4: Produce arrest reports for every arrest Boone County has made in the past five years for domestic battery.

ANSWER: Objection. This Request is overly broad and unduly burdensome. Further, it is not reasonably calculated to lead to discoverable information. Notwithstanding and without waiving these objections, if the Plaintiff will provide more information (e.g., name the arrestee and/he suspect), we will be happy to try to provide the documents you want.

REQUEST FOR PRODUCTION NO. 5: Produce copies of all outgoing and incoming mail and email for officers of the Boone County Sheriff's Department.

ANSWER: Objection. This Request is overly broad, unduly burdensome. Furthermore, this Request seeks information of a personal, private, and sensitive nature because it apparently seeks the personal mail and email of all employees. Additionally, the request is not reasonably calculated to lead to discoverable information. Notwithstanding and without waiving these objections, if the Plaintiff will provide more specificity and clarification (e.g., the name of the recipient, date of the parcel, etc.), we will be happy to try to provide the documents you want.

REQUEST FOR PRODUCTION NO. 6: Produce affidavits of all persons you intend to call as witnesses, outlining every single solitary thing they will testify about. If the testimony is not in the discovery and not in these affidavits, I will object to the testimony on the grounds of lack of notice. You can <u>supplement</u> your responses hereto with future affidavits, but if I don't receive notice of testimony (including interpretations of documents, unless the documentation is self-explanatory or already has the interpretation in it) I will object to it.

ANSWER: Objection. The Federal Rules of Civil Procedure do not require Defendants to create affidavits. Furthermore, Defendants have not yet decided which witnesses they will call at trial. Without waiving said objections, Defendants may call any party, and/or witnesses disclosed during the discovery process, including any witnesses listed by Plaintiff, during the discovery process. Defendants may call any named Defendants to testify about the allegations against them. Defendants may also call Plaintiff to testify about the allegations he made in his Complaint. Finally, Defendants may call any appropriate rebuttal or impeachment witnesses.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, and SHERIFF
DANNY HICKMAN,
*Defendants*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com

By: _____
Michael R. Rainwater, #79234
Jason Owens, #2003003

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2012, I mailed the document by United States Postal Service to the following:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601

_____
Jason Owens, #2003003

6653.4010