IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                    PLAINTIFF

VS.                            CASE NO. 12-3022

BOONE COUNTY, AR                                        DEFENDANTS

## BRIEF IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my second motion for partial summary judgment.

### Background

On November 25, 2011, I was arrested under baseless suspicion of domestic battery. I was released on March 14, 2012, meaning that I spent 112 days in Defendant's custody.

While in Defendant's custody, I was required to perform janitorial services for the jail, cleaning my cell, and taking turns with other inmates cleaning the pod's day room. I was not given the option to not clean; sometimes, I was literally threatened with pepper spray if I did not perform these janitorial services for the jail.

### Argument and Discussion

Section One of the Thirteenth Amendment to the United States Constitution states...

> "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

I may have been in Defendant's lawful custody, but I have not been convicted of anything. Until I am convicted, Defendant has no business forcing me to lift a *finger* against my will.

Defendant has a legitimate interest that it may pursue: Keeping the jail in a sanitary condition. However, even if one could justify this as a "compelling" state interest, rather than a

mere "legitimate" one, it does not come even remotely close to being the least restrictive means of achieving this interest.

A less restrictive means of achieving this interest would be to have the 309 Inmates[1] do all the cleaning. 309 Inmates are inmates of the jail, just like I was, who are one work release from prison. Getting the 309's to do the work would be perfectly constitutional because, for starters, they have already been convicted[1], and even if they were not, the simple bottom line is that the 309's perform their labor by choice.

By *choice*!

Therefore, Defendant is left without an adequate justification for this policy of forced labor.

### Relief Requested

In the case of *Maxwell v. Mason*, 668 F.2d 361 (8th Cir. 1981), the 8th Circuit Court of Appeals held that compensatory damages of $100 per day was reasonable, without the plaintiff even having to prove that he was even "injured" *per se*. However, keep in mind that this case was passed in 1981, and we should adjust for inflation, accordingly. The website of the United States Bureau of Labor Statistics has an inflation calculator, which can be accessed at the following web address: http://www.bls.gov/data/inflation_calculator.htm/

Using that calculator, one finds that $100 was worth in 1981 what approximately $252.45 is worth today. Let's knock it down to $250 even, to make the math easier.

Since I was subjected to this loss of rights for 165 days (see "background" above), this means that my compensatory damages are $41,250.

I also seek ten times that amount, or $412,500, in punitive damages, because they were

---

1  I believe they are named after the statute or administrative regulation that creates their position, kind of like how the "Section 1983 claim" is named after the statute that creates the cause of action.
1  They are on work release from prison; by nature of them being from prison, that automatically means they've already been convicted.

extremely reckless in their formulation of this policy. They knew what the constitution required, and knew that having the 309's perform said labor would be much more consistent with the constitution than forcing regular inmates to do so. This manifests recklessness, and they should be punished accordingly.

This makes for a total (at least in this motion) of $453,750. This should be in addition to, not in place of, any other relief I can prove to be entitled to.

## Conclusion

Wherefore, premises considered, I respectfully request that the third motion for partial summary judgment be granted.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com