U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
OCT 05 2012
CHRIS R. JOHNSON, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**     PLAINTIFF

VS.     CASE NO. 12-3022

**BOONE COUNTY, AR AND DANNY HICKMAN**     DEFENDANTS

## MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to compel discovery from the Defendants.

Defendants have filed frivolous discovery objections, failed to answer the questions asked, and even when they attempt an answer, they have failed to answer the questions to the fullest extent requested.

Please find enclosed the following exhibits:

**Exhibit A**: My discovery instructions, which the discovery requests consistently reference.

**Exhibit B**: Defendant's Response to my First Discovery Requests.

**Exhibit C**: Defendant's Response to my Second Discovery Requests.

**Exhibit D**: An email sent to Jason Owens, documenting my attempt to resolve the discovery dispute without Court action.

**Exhibit E**: An email sent to me from Geoffrey Thompson, Co-Counsel for the Defense, promising to respond to Exhibit C by the close of October 3, 2012. As you may have guessed, he did not respond to me by his self-imposed deadline.

Wherefore, premises considered, I respectfully request that Defendants be ordered to give full and complete responses to all my discovery requests, and that they be ordered to do so within five (5) business days time, and that they be ordered to permanently and perpetually cease and desist their bad faith attempts and dodging discovery.

It is so requested on this 4th day of October, 2012.

*David S Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Dear Mr. Owens,

Please find enclosed my discovery requests. I also need you to re-send your's, as I no longer have them.

Exh. A

## DISCOVERY INSTRUCTIONS

1. My interrogatories request "exhaustive and thorough" explanations. This means you are to give as many details as you can. Do not worry about long-winded ramblings; the more details, the merrier.

2. I also request that you also answer any obvious follow-up questions. For example, if your answer to Interrogatory No. 1 is that... Bearthky thought I* was innocent, that would beg the obvious follow-up question of... why did Bearthky think he was innocent? If the follow-up answer is... my story was inconsistent, that begs the obvious follow-up question of... how was it inconsistent? Alternatively, Bearthky might claim that I... was unable to give details about where my father cut himself, but that would beg the obvious follow-up question of... how come the facial lacerations that Bearthky could see with his own eyes could not speak for themselves? I expect you to answer every follow-up question that you know I will have.

3. Interrogatories #3 & 4 request that you justify two of your rules as constitutional. This means that you should show either...
   A) how these rules can pass strict scrutiny, or
   B) how...
      i) these rules receive less-than-strict scrutiny, despite violating fundamental rights, and
      ii) how the rules pass the scrutiny you propose.

4. Remember, my goal is to have enough evidence to support a motion for summary judgment in just <u>one</u> discovery request. I want there to be <u>no dispute at all</u> as to where each party stands. Ideally, I'd like two conflicting motions for summary judgments on the docket within sixty days.

5. Now that this is out of the way, let's talk about the 25-Interrogatory limit. As you know, there are at least two dozen independant causes of action in this case. I grouped them together for convenience, but because of the otherwise independant nature of these actions, the 25-interrogatory limit should be relaxed. For example, Interrogatory No. 4 addresses a totally different cause of action than Interrogatory No. 5 does. ~~They~~ Both causes should

---

* I meant to say... my father

be subject to an independent 25-interrogatory limit. Both causes should have 24 interrogatories each remaining.

You can enjoy this relaxation, too! I will answer up to 25 interrogatories to the best of my ability ~~for~~ <u>each cause of action</u>!

Think long and hard before you disagree with me on this proposal. Remember I grouped them together for the sake of convenience. Forcing me to nonetheless adhere to an unrelaxed 25-interrogatory limit will only encourage me to file these claims separately in the future, clogging the court's docket beyond how it already is!

In any event, the interrogatory limit - even an unrelaxed one - has not been exhausted in this discovery request. Even if this proposal is to be rejected, now is not the time.

6. Please remember that these discovery requests may appear extremely broad, but remember that broad discovery access is essential to my due process rights. As long as the discovery requests have <u>something</u> to do with the case, they are allowed. I assure you, every discovery request enclosed - every single last one of them, including RFP #4 & 5 - have a tangible, coherent goal to them.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                     PLAINTIFF

VS.                              NO. 12-CV-3022

BOONE COUNTY ARKANSAS, ET AL.                    DEFENDANTS

### DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES

The Boone County Defendants state in response to the Interrogatories as follows:

INTERROGATORY NO. 1: Pursuant to the enclosed instructions, please provide an exhaustive and thorough explanation as to why my father was not arrested alongside me on Nov. 24, 2011.

ANSWER: Objection. Interrogatory No. 1 is not reasonably calculated to lead to discoverable information. Notwithstanding and without waiving said objection, Defendant asserts that the law enforcement personnel that responded to the call November 24, 2011 assessed the situation and circumstances after their arrival. The law enforcement personnel used their training and experience and in their assessment determined that only the Plaintiff should and would be arrested.

INTERROGATORY NO. 2: Pursuant to the enclosed instructions, please provide an exhaustive and thorough explanation as to why no attempt was made to investigate my accusations about Jason Jones harassing and bullying me.

ANSWER: When Plaintiff filed grievances alleging Jones had been harassing him in retaliation for the previous lawsuits, jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

REQUEST FOR PRODUCTION NO. 1: Jason Day tells me that everything I do in the jail - literally every piss that I take - is logged in the jails records. Please produce my logs.

ANSWER: Objection. This Request is overly broad and unduly burdensome.

Notwithstanding and without waiving said objection, see Plaintiff's jail file, attached. If you can identify the logs and dates you would like, we will be happy to try to provide the documents you want.

REQUEST FOR PRODUCTION NO. 2: Produce all footage of all of the jail's cameras for every second that I was in the Defendant's custody, even when I do not appear in the footage.

ANSWER: Objection. Request No. 2 is overly broad and not reasonably calculated to lead to discoverable information. Without waiving said objection, most of the requested video simply does not exist since the jail cameras only retain the footage for approximately 7 days before they are recorded over. Enclosed, however, are 2 CDs, one containing video of an altercation Plaintiff was a part of, and the program necessary to open and view the video. The other cd contains audio of the Plaintiff speaking with jail personnel regarding his difficulties in the Boone County Detention Center.

REQUEST FOR PRODUCTION NO. 3: Produce documentation of everything that jail officers did or had done to them, including but not limited to: 1) all times each officer was disciplined; 2) what the violation was; 3) what the sanction was; 4) each decision each officer made concerning an inmate; 5) the date and time; 6) the reasons given for each decision; and 7) generally, which officer performed other routine tasks of the jail, such as count, working the bubble, and paperwork. Please go back at least two year.

ANSWER: Objection. Request No. 3 is overly broad and unduly burdensome as it is entirely unlimited and seems to seek primarily non-county records and records entirely unrelated to the Plaintiff. Notwithstanding and without waiving this objection.. If you will provide more clarification and specificity, we will be happy to try to provide you the documents you want.

INTERROGATORY NO. 3: Pursuant to the enclosed instructions, provide an exhaustive and thorough explanation as to why the jail's policy that inmates must treat officers 'with respect and courtesy' is constitutional, e.g., how do jail staff have a compelling interest in getting their asses kissed?

ANSWER: Objection. Interrogatory No. 3 is argumentative and seeks a legal

conclusion. Defendant also objects to the extent that question mischaracterizes the policy. Notwithstanding and without waiving these objections, the policy speaks for itself and promotes order and security in the jail, while discouraging incitement.

INTERROGATORY NO. 4: Pursuant to the enclosed instructions, provide an exhaustive and thorough explanation as to how the jail's policy that inmate are responsible for cleaning their own pods and cells does not violate my 13th Amendment rights, even though I have not yet been convicted. I should point out that, if I am still incarcerated by the time you respond, I can tolerate the requests for production being set aside in favor of permitting me to inspect the jail's records. However, I will only accept this if I am within walking distance or transportation is provided. That being said, let us continue with the discovery.

ANSWER: Objection. Interrogatory No. 3 is argumentative and seeks a legal conclusion. Defendant also objects to the extent that question mischaracterizes the policy. Notwithstanding and without waiving these objections, the policy advances the jail's legitimate interests in health, safety, order, and security.

INTERROGATORY NO. 5: When incarcerated, I was often moved around the jail in what is called 'protective custody,' often being placed in solitary confinement while those inmates who harassed and/or bullied me got away with their offenses. For my 5th interrogatory, please provide an exhaustive and thorough explanation as to why punishing the inmates who did it and make them stop was an insufficient remedy.

ANSWER: Objection. Interrogatory No. 5 is contradictory, confusing, and therefore, Defendants are unable to respond. Without waiving said objection, Defendants assert that Plaintiff was moved several times for his and the other inmates' well being and/or safety.

INTERROGATORY NO. 6: Provide an exhaustive and thorough explanation as to what accommodations were made for my Asperger Syndrome.

ANSWER: See attached records. Any additional records will be provided upon recipt by undersigned counsel. Plaintiff was moved several times to keep him away from the other detainees for his well being and safety.

REQUEST FOR PRODUCTION NO. 4: Produce arrest reports for every arrest Boone County has made in the past five years for domestic battery.

ANSWER: Objection. This Request is overly broad and unduly burdensome. Further, it is not reasonably calculated to lead to discoverable information. Notwithstanding and without waiving these objections, if the Plaintiff will provide more information (e.g., name the arrestee and/he suspect), we will be happy to try to provide the documents you want.

REQUEST FOR PRODUCTION NO. 5: Produce copies of all outgoing and incoming mail and email for officers of the Boone County Sheriff's Department.

ANSWER: Objection. This Request is overly broad, unduly burdensome. Furthermore, this Request seeks information of a personal, private, and sensitive nature because it apparently seeks the personal mail and email of all employees. Additionally, the request is not reasonably calculated to lead to discoverable information. Notwithstanding and without waiving these objections, if the Plaintiff will provide more specificity and clarification (e.g., the name of the recipient, date of the parcel, etc.), we will be happy to try to provide the documents you want.

REQUEST FOR PRODUCTION NO. 6: Produce affidavits of all persons you intend to call as witnesses, outlining every single solitary thing they will testify about. If the testimony is not in the discovery and not in these affidavits, I will object to the testimony on the grounds of lack of notice. You can <u>supplement</u> your responses hereto with future affidavits, but if I don't receive notice of testimony (including interpretations of documents, unless the documentation is self-explanatory or already has the interpretation in it) I will object to it.

ANSWER: Objection. The Federal Rules of Civil Procedure do not require Defendants to create affidavits. Furthermore, Defendants have not yet decided which witnesses they will call at trial. Without waiving said objections, Defendants may call any party, and/or witnesses disclosed during the discovery process, including any witnesses listed by Plaintiff, during the discovery process. Defendants may call any named Defendants to testify about the allegations against them. Defendants may also call Plaintiff to testify about the allegations he made in his Complaint. Finally, Defendants may call any appropriate rebuttal or impeachment witnesses.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, and SHERIFF DANNY HICKMAN,
*Defendants*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com

By: _____
Michael R. Rainwater, #79234
Jason Owens, #2003003

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2012, I mailed the document by United States Postal Service to the following:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601

_____
Jason Owens, #2003003

6653.4010

Exhibit C

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                              PLAINTIFF

VS.                                    NO. 12-CV-3022

BOONE COUNTY ARKANSAS, ET AL.                                               DEFENDANTS

### DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES

The Boone County Defendants state in response to the Interrogatories as follows:

INTERROGATORY NO. 7: Is it true that at the time of my arrest, Jason Bearthky and several jail officers knew of my history of filing lawsuits? (And yes, there is a reason why I'm doing this in an interrogatory, not a request for admissions, also remember paragraph #6 of my discovery instructions.) Remember, I am not asking if they harassed me about it, I am just asking if they knew.

[6. Please remember that these discovery requests may appear extremely broad, but remember that broad discovery access is essential to my due process rights. As long as the discovery requests have something to do with the case, they are allowed. I assure you, every discovery request enclosed - every single last one of them, including RFP 4 & 5 - have a tangible coherent goal to them.]

ANSWER: Defendants have no knowledge as to whether Dep. Bearthky and several jail officers knew of Plaintiff's previous lawsuits.

REQUEST FOR PRODUCTION NO. 7: Produce complete records of every criminal charge I have filed in the past three years. These records should include (1) the evidence obtained, (2) the decision made, and (3) the reasons for the decision, among other things.

ANSWER: This request is confusing because the county prosecuting attorney files criminal charges with the Circuit Clerk in Arkansas. Citizens do not file criminal charges. Please clarify what you are asking for and we will try to provide the documents you want.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, and SHERIFF
DANNY HICKMAN Boone County, Arkansas
Defendants

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com

By: _____
Michael R. Rainwater, #79234
Jason Owens, #2003003

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2012, I mailed the document by United States Postal Service to the following:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601

_____
Jason Owens, #2003003

6653.4010

Subject: Discovery
From: David Stebbins (stebbinsd@yahoo.com)
To: owens@rainfirm.com;
Date: Sunday, September 30, 2012 9:56 PM

Exh. D

Owens, your discovery objections are frivolous. The first interrogatory does not just lead to the discovery of admissible evidence; it is one of my biggest *pieces* of evidence! It directly relates to my claim that I am only being charged with this crime, not because I actually did anything, but because the county wishes to persecute me for my lawsuit history.

What, didn't you read that in the Complaint?!

For that matter, you failed to provide an "exhaustive and thorough" explanation. The first interrogatory is the one I used to describe *what an exhaustive and thorough explanation is*, so you have no excuse for not giving it.

Your response to my second interrogatory is also insufficient. Remember, "exhaustive and thorough" explanations mean that I want you to answer every obvious follow-up question. I had already quelled this answer in my complaint (where I pointed out that Jason Day *wouldn't let me get a word in edge-wise!*), so obviously, you should show something to refute that claim.

Your objection to Request for Production No. 2 is equally frivolous. This jail knew about this lawsuit; they should have *preversed* the camera footage. This would have cost them nothing if they did by uploading them as unlisted videos to Youtube.

For that matter, why wasn't the camera footage that the jail accrued *after you received my discovery request* preserved?

My third production request is not "entirely unlimited." Oh, it is massive; do not get me wrong, there. However, it is not unlimited. It would not be burdensome if you simply burned it to CD format and sent it to me; at that point, it is just a matter of copying-and-pasting computer files.

Your objection to Production Request No. 4 is frivolous for the same reasons as the first and third production requests.

Your response to my seventh interrogatory is equally bullcrap. They're the county's *employees*! If you don't know whether or not they knew about it, couldn't you, oh, I don't know... *ask them*!

You have twenty-four hours to respond to this email and give me a tracking number for your updated discovery responses; otherwise, I will file *another* motion to compel discovery.

Subject: Discovery.

From: Geoff Thompson (thompson@rainfirm.com)

To: stebbinsd@yahoo.com;

Date: Monday, October 1, 2012 5:19 PM

Exh. E

Mr. Stebbins,

Mr. Owens asked me to review your email concerning the defendant's discovery responses. I read your email today but need some additional time to fully review the responses. I will be able to respond to you by close of business on Wednesday (October 3, 2012).

Thanks in advance.

Geoff

**Geoff Thompson**

Attorney

Rainwater, Holt & Sexton, PA
Post Office Box 17250
Little Rock, Arkansas 72222

**(501) 868-2946 - Direct**
(501) 868-2505 - Fax

(800) 434-4800 - Toll Free

www.CallRainwater.com



*This email may contain privileged and confidential information and is intended only for the use of the specific individual(s) to whom it is addressed. If you are not an intended recipient of the email, you are hereby notified that any unauthorized use, dissemination or copying of this email or the information contained in it or attached to it is strictly prohibited. If you have received this email in error, please delete it and immediately notify the person named above by reply mail.*



CPU U.S. POSTAGE
$1.90
PB 1P 000   MAILED OCT 04 2012
3660515            72601
FCMF

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701

David W. Stebbins
123 W. Ridge St.
Apt. D
Harrison, AR 72601