U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
OCT 0 5 2012
CHRIS R. JOHNSON, Clerk
by
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                PLAINTIFF

VS.         CASE NO. 12-3022

BOONE COUNTY, AR AND DANNY HICKMAN      DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my motion to compel Defendants' discovery.

### Background

I am suing Defendants for a variety of things, including, but not limited to, A) charging me with a frivolous criminal charge in order to persecute me for my litigation history, B) being harassed and threatened by jail staff, C) the jail failing to provide reasonable accommodations for my disability, D) infringing on my first amendment right to free speech, and E) violating my thirteenth amendment right against involuntary servitude.

The parties are conducting discovery in this case. On August 14, 2012, I submitted to Defense Counsel a total of six interrogatories and six requests for production. See Exhibit B. On September 1, 2012, I submitted to Defense Counsel another interrogatory and another request for production. See Exhibit C. On September 29, 2012, I received Defendants' response to both batches of discovery requests.

All of Defendants' objections are meritless, and all of Defendants' answers are unsufficient.

### Interrogatory No. 1

Defendant objects to this interrogatory for lack of relevance. However, it is not only relevant; it is central to my case. It is directly related to my claim that I am only being charged

with my current felony crime, not because I actually did anything wrong, but because the County wishes to persecute me for my litigation history.

Furthermore, Defendants have failed to actually answer the question. Instead, they simply restate the circumstances that the question itself established. Yes, I am fully aware that Jason Bearthky "determined that only Plaintiff should and would be arrested." That is not the question I asked them. The question was **_why did he make that determination_**?!

This is not rocket science. Rather, I think they know exactly what they are doing; they simply do not wish to answer the question... possibly because they are afraid of what will happen if they actually have to account for their actions.

It is not like this question was "vague." I went out of my way to slowly and meticulously phrase the question as unambiguously as I possibly could, even including separate instructions to define "exhaustive and thorough" for them (see Exhibit A). For that matter, they do not even object on the grounds that it is vague, meaning that they perfectly understood the question. Therefore, they have no business dodging it.

### Interrogatory No. 2

Defendant has raised no objections to this motion, but has still failed to adequately answer it. Notice that I requested "exhaustive and thorough" explanations. Pursuant to Discovery Instruction No. 2, this requests that they answer any obvious follow-up questions. Here, Defendants claim that I was unable to give any specific examples of how Jason Jones was harassing me.

I had already addressed this issue in the Complaint. See Document #1, Example #66 (p. 8), also Examples #69 & 70 (p. 9), where Jason Day did not let me get a word in edgewise and then claimed that I was "unable" to give any details.

Therefore, their answer to Interrogatory No. 2 begs the obvious follow-up question of... why did Jason Day not allow me to actually give the details he says I lacked?

### Request for Production No. 2

Please see the Motion for Sanctions – which is being filed simultaneously with this motion – for details as to why this objection is just as meritless as all the others.

### Request for Production No. 3

Defendant objects to this production request because 1) it is vague, 2) it is burdensome, 3) it requests "non-county" records, and 4) the documents requested are entirely unrelated to me.

All four of these objections are without merit. The first objection – vagueness – fails because, again, I went out of my way to make it as unambiguous as possible. If – and this is big if – they can *qualify* their objection by giving at least two reasonable interpretations of the request, then I would be happy to clarify. However, they have not done so. Absent a specific showing of vagueness, their objection should not stand, as grounds for objections should be stated with specificity.

Nor is the request unduly burdensome. It is my understanding that most of the jail's records are computerized, which means that, if they produced the requested documents on a computer disk, then collecting the documents subject to this request would simply amount to copying and pasting computer files. They could have the entirely of all six production requests compiled in a single sitting.

Their objection that the request seeks "primarily non-county records" is quite absurd. I am requesting documentation of the activities of the Boone County Jail personnel. Do Defendants claim that the Boone County Jail is not a subdivision of Boone County? This objection is so frivolous that it deserves a fine, pursuant to FRCP 11.

## Interrogatory No. 3

Defendants' answer to this interrogatory fails to comply with Discovery Instruction #3. In that instruction, I explained to them that I wanted them to justify one of two things:

1. How the rule can pass strict scrutiny, or

2. how the rule...

    A) should receive either rational basis review or intermediate scrutiny, despite violating a fundamental right, and

    B) how the rule passes the level of scrutiny proposed by the Defense.

Defendants have only given part of that answer: They have identified a compelling governmental interest. However, strict scrutiny is a three-prong test. Having a compelling government interest is only one of them; the rule or law must also be narrowly tailored to meet that interest, and must the be the least restrictive means possible of achieving that interest. Defendants, here, have not even *tried* to explain how the rule can pass these two prongs of the test.

Therefore, their answer is insufficient.

## Interrogatory No. 4

Their response to this interrogatory is woefully inadequate for the same reasons as set forth above, where I debunk their response to Interrogatory No. 3.

## Interrogatory No. 5

When responding to this interrogatory, Defendants seem to have either misunderstood the question, or simply did not care. They say that they moved me "several times for [my] and the other inmates' well-being and/or safety." This, however, is plainly not the question that was asked them. Just in case the Defendants are suffering from some sort of brain disease, here is the

question again: "[P]rovide an exhaustive and thorough explanation as to why punishing the inmates who did it [bully and harass me] and making them stop was an insufficient remedy."

I am simply astonished that the Defendants can interpret that question as requesting an explanation as to why I was moved. I know exactly why I was moved; I was not asking why they did what they did; I was asking they *didn't* do what they *didn't* do. There is a big difference.

**Request for Production No. 4**

Defendants object to this request on three grounds: 1) it is too broad, 2) it is too burdensome, and 3) it is irrelevant. Again, all three of these objections are meritless.

I admit that the request is large, but it is not "broad." I am limiting the request in three different ways. First, I am limiting it only to this County. Second, I am only requesting records that go back five years, not indefinitely. Third, I am only requesting arrest records specifically of domestic battery cases. Even regular battery cases are not subject to this request. Such an objection makes me wonder if the Defendants even bothered to consider what the request even was. Maybe it just made their head muscles hurt.

Second, Defendants claim that it is "burdensome," but keep in mind that they should already have this sort of thing documented. An arrest is not the sort of thing that goes without gratuitous documentation. Therefore, producing the arrest records simply becomes a matter of going to actually *get* the records and make copies of them. If they can actually document these arrests very thoroughly, actually producing copies of said documentation should only require a fraction of the actual brainpower. Again, when the Defendants were reading my discovery requests, did they just filter out all the talkie bits?

Third and finally, this discovery request is *directly* relevant to my claim of being persecuted for my litigation history. If I had these arrest records, I would be able to tell if I had

received the same treatment in my domestic battery case as everyone else in the county received, or if they had treated my case somewhat differently. This is directly relevant to my claim of being persecuted, and in order to know that, I have to actually have these arrest records.

### Interrogatory No. 7

We are now talking about the discovery responses in Exhibit C. Defendants made no objections whatsoever, of any kind, to this interrogatory. However, their answer manifests extreme laziness in their defense.

They claim that they lack knowledge as to whether or not some of their *own employees* knew about something at a particular point in time. It is not like I am asking them to comment on the knowledge of complete strangers; these are the County's own employees. If they do not know if Bearthky and the jail staff knew about these things, why doesn't the defense counsel simply call those employees and *ask them*?! For the third time this motion... ***it's not rocket science***!

### Conclusion

As this Court can clearly see, the Defendants' discovery objections are completely frivolous and seem to be caused more by their own laziness and/or incompetence than anything that is my fault. They should be allowed to produce all discovery I have requested, and they should do so fast.

So requested on this 4th day of October, 2012.

*David Stebbins* (signature)
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



CPU U.S. POSTAGE
$1.90
PB 1P 000　MAILED　OCT 04 2012
3660515　　　　　　72601
FCMF

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701

David Stebbins
123 W. Ridge St.
Apt. D
Harrison, AR 72601