IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                             **PLAINTIFF**

VS.                                 **CASE NO. 12-3022**

**BOONE COUNTY, AR AND DANNY HICKMAN**                 **DEFENDANTS**

## BRIEF IN SUPPORT OF FIRST MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my first motion for sanctions.

I am suing Defendants for a variety of things, including, but not limited to, A) charging me with a frivolous criminal charge in order to persecute me for my litigation history, B) being harassed and threatened by jail staff, C) the jail failing to provide reasonable accommodations for my disability, D) infringing on my first amendment right to free speech, and E) violating my thirteenth amendment right against involuntary servitude.

The parties are conducting discovery in this case. On September 30, 2012, I received from the Defendants their response to my first two batches of discovery requests. In their "responses" (if you could even call it that), Defendants raised objections that were so frivolous that they seem inexplicable by anything other than a lack of desire on the part of the Defendants to actually put any though process behind them. When they did make a response, those responses were so shabby and pathetic that it seems that their only true purpose was to give them the right to say that they technically made a response at all. I have already discussed this issue in great length in my Second Motion to Compel Discovery, which is being filed simultaneously with this one.

However, even if the discovery is compelled, this is still not enough. They should be discouraged from making such lazy and pathetic attempts to dodge discovery in the future.

Therefore, the Court should issue them an appropriate sanction.

The Court has the authority to do this, not pursuant to FRCP 37(d) (because, shabby as their responses were, they still existed), but under FRCP 11(c). The Defense, here, has violated this rule by making objections that are not well grounded in fact or law. Rather, they seem to serve only to cause unnecessary delay in the proceedings, which is expressly forbidden under FRCP(b)(1).

Wherefore, premises considered, I respectfully request that the Defense be issued an appropriate sanction for their bad faith discovery objections.

*David S. Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



CPU U.S. POSTAGE
$1.90
PB 1P 000
3660515
FCMF
MAILED OCT 04 2012
72601

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701