IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                          PLAINTIFF

VS.                                    CASE NO. 12-3022

BOONE COUNTY, AR AND DANNY HICKMAN                  DEFENDANTS

## BRIEF IN SUPPORT OF SECOND MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Brief in Support of my Second Motion for Sanctions.

I am suing Defendants for a variety of things, including, but not limited to, A) charging me with a frivolous criminal charge in order to persecute me for my litigation history, B) being harassed and threatened by jail staff, C) the jail failing to provide reasonable accommodations for my disability, D) infringing on my first amendment right to free speech, and E) violating my thirteenth amendment right against involuntary servitude.

The parties are conducting discovery in this case. On August 14, 2012, I submitted to Defense Counsel a total of six requests for production. One of these requests was for all of the jail's camera footage during the dates I was incarcerated there. See my Exhibit B of my Second Motion to Compel Discovery (filed simultaneously with this motion). Defendants responded, claiming that this camera footage no longer exists, since the security camera system automatically erases this footage after seven days. See *id.*

Defendants have known about this lawsuit since even before it was filed. When I first complained about Jason Jones' harassment using the Jail's grievance procedure, I threatened litigation. I have been threatening litigation from the very beginning. Therefore, they should have known to preserve the camera footage. For that matter, Defense Counsel has had the request for the camera footage since August 1, 2012; even if they were not expected to preserve

the camera footage before, they certainly should have preserved it then, because at that point, they knew with 100% certainty that it would be requested.

Preservation could be accomplished any number of ways, many of which would not cost the County a single dime. For example, they could have uploaded the camera footage as unlisted[2] videos on youtube, and would not have even had to pay a single cent for any bandwidth.

Their failure to preserve the footage is likely another result of their sheer laziness in all aspects of defending in this case. For details, see my Second Motion to Compel Discovery and my First Motion for Sanctions, both of which are being filed simultaneously with this brief. Therefore, they should not be allowed to benefit from it.

If this Court were to issue an order compelling this camera footage, it would do not good, as the footage physically no longer exists, meaning that the Defense cannot produce it even if they want to. However, because it is Defendants' fault that the footage no longer exists, they should not simply get off the hook scott-free. Therefore, this Court should simply cut straight to sanctions, the kind that would normally apply when an order compelling discovery is issued and subsequently violated.

One of the sanctions allowed under FRCP 37(b) is for the Court to direct that the matters embraced in the discovery (that is, the things the movant intended to prove using this discovery, had he obtained it), be established in the movant's favor. See Fed. R. Civ. P. Rule 37(b)(2)(A)(i).

Here, the camera footage would have proven 99.99% of Jason Jones' shenanigans, including, but not limited to, the following:

1. Showing him peeking into my cell, like a school child who is mocking those who got in-

---

2 Unlisted videos do not appear in search results or "related" searches; you can only view the video if you are given the direct link to it. This helps protect sensitive information from the prying eyes of the public.

school suspension, and laughing like a hyena at the fact that I was incarcerated.

2. Showing me a handwritten sign that stated "YOU'RE GOING TO GET ASS-RAPED!"

3. Jason Day storming into my cell, yelling at me (though without audio, you cannot know specifically what he is saying, you can still see that he is yelling), and not letting me get a word in edge-wise.

4. On December 14, 2012, him charging into B-Pod (the Pod I was stationed in at the time), threatening me, and clearly going ballistic (stated on the first half of page 9 of the Complaint). Although there is no audio in this camera footage, and there never has been, anyone who reads that portion of the complaint can easily picture in their mind Jason Jones giving sufficient body language that the cameras can see it, and it is that body language that the camera footage would have proven.

5. The events of Page 10 of the Complaint.

6. Most of the events of Page 11 of the Complaint (everything except Jones belittling me over the intercom about not letting the inmate have my dinner tray).

7. On Page 13 of the Complaint, notice that I claim that, to this day, I have not received a response to the grievance. The camera footage could have shown why; imagine if Jason Jones had taken the grievance and, instead of filing it, simply threw it in the trash can.

I ask that the Court order that all of these things be declared established in my favor for the purposes of this trial. So requested this 4th day of October, 2012.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



CPU U.S. POSTAGE $ 1.90⁰
PB 1P 000
3660515 MAILED OCT 04 2012
FCMF 72601

David Stebbins
123 W. Ridge St.
APT. D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701