US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
OCT 17 2012
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                                **PLAINTIFF**

VS.                        **CASE NO. 12-3022**

**BOONE COUNTY, AR AND DANNY HICKMAN**           **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION FOR DECLARATORY RELIEF

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my motion for declaratory relief.

I am suing Boone County, AR and Boone County Sheriff Daniel Hickman for a variety of violations of legal rights. One of these is that their deputy arrested me on November 24, 2011 – an act which proximately caused the initiation of felony proceedings against me by the Office of Ron Kincade – not because said deputy believed I did anything wrong, but because he (and the prosecuting attorney, also) simply wished to persecute me for my extensive litigation history.

I have not yet had my trial in the felony case. Therefore, I have not yet fulfilled the requirements of *Heck v. Humphrey*, 512 US 477 (1994), which, in a nutshell, requires a criminal defendant to first be either acquitted, or have his conviction reversed on either appeal or habeas corpus. However, I assert that they do not even apply in the first place.

On pages 484 - 486 of this opinion, the Court justified the requirement that the criminal proceedings must terminate in the Plaintiff's favor thusly:

> "The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. But a successful malicious prosecution plaintiff may recover, in addition to general damages, compensation for any arrest or imprisonment, including damages for discomfort or injury to his health, or loss of time and deprivation of the society.

One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. This requirement avoids parallel litigation over the issues of probable cause and guilt and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction. Furthermore, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit. This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack. We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."

However, keep in mind that, in the *Heck* case itself, Petitioner Roy Heck was attempting to sue the police for an unwarranted wire tapping, in violation of his Fourth Amendment rights. Here, I am contending that the police and prosecutor simply wish to persecute me for filing lawsuits. Under the precedent of *United States v. Goodwin*, 457 US 368, 372-373 (1982).

In the instant case, the best common-law cause of action to juxtapose is not malicious prosecution, but rather, abuse of process. A plaintiff can succeed in abuse of process "even with probable cause and ultimate success" in the previous and/or concurrent action. See Sundeen v. Kroger, 101 SW 3d 891, 895 (2003) (citing a long chain of case law).

This is consistent with the findings of the original *Heck* case itself. Roy Heck was suing the police for an unwarranted wire-tapping, but I am sure Mr. Heck would concede that cops' *hearts* were the right in the place. Here, assuming my accusation of vindictiveness to be factually accurate, the government's hearts would *not* be in the right place. Thus, abuse of process is more analogous to my case than malicious prosecution.

Upon that being established, the Supreme Court's logic demands that my verdict in the criminal case be irrelevant to this proceeding. In fact, a conviction should actually *help* me,

since it would, at that point, merely increase the damages the County would be liable to me for.

Wherefore, premises considered, I respectfully request that this element of law be declared in my favor.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com