**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**DAVID STEBBINS** **PLAINTIFF**

**VS.** **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.** **DEFENDANTS**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Comes now the Boone County Defendant, by and through their attorneys, Rainwater, Holt & Sexton, and for its Response to Plaintiff's Motion to Compel, state the following:

1. Plaintiff propounded discovery instructions, interrogatories and requests for production on or about August 20, 2012. *See Defendant's Response to Plaintiff's First Motion to Compel.*

2. Defendant responded to the discovery requests on or about September 19, 2012, however, the mail was returned undeliverable. *See Defendant's Response to Plaintiff's First Motion to Compel.*

3. Plaintiff sent a threatening email on September 20, 2012. Defendant resent the discovery responses to Plaintiff. See Exhibit A.

4. Plaintiff apparently received the discovery responses on or before October 1, 2012 because he replied by email alleging that Defendant's discovery objections are frivolous. Exhibit B.

5. In his email, Plaintiff made the following demand "[Y]ou have twenty-four hours to respond to this email and give me a tracking number for your updated discovery responses; otherwise, I will file *another* motion to compel discovery." Id.

6. Undersigned counsel who recently joined Rainwater, Holt & Sexton, sent an email to

Plaintiff informing him that he needed additional time to fully review the responses and that he would be able to respond to you by close of business two days later (Wednesday, October 3, 2012). Plaintiff's Exhibit C.

7. On October 3, 2012, undersigned counsel sent an email with an attached Notice of Appearance and a Notice of Deposition, informing him that the previous notice of deposition was returned as undeliverable. See Exhibit D.

8. Later that day, undersigned counsel emailed Plaintiff to inform him that undersigned counsel was not agreeing to conduct discovery via email but that because on two prior occasions his mail had been returned undeliverable that undersigned counsel wanted to make sure that Plaintiff received the notice of deposition. Undersigned counsel informed Plaintiff that a letter response to his September 30, 2012 email was put in the mail on October 3, 2012, as promised. See Exhibit E.

9. Plaintiff responded via email demanding that undersigned counsel's immediate response and that he was not waiting for the mail. Plaintiff threatened a motion to compel and two motions for sanctions. See Exhibit F.

10. On October 3, 2012 at 5:16 PM, undersigned counsel sent an email to Plaintiff with an attached copy of the letter that was mailed that day. See Exhibit G.

11. Defendant emailed and mailed its response to Plaintiff, three days following an email from Plaintiff. Plaintiff has made threats of using motions to compel throughout the discovery process and requested the motion on October 4, 2012 and filed it on October 5, 2012.

12. Defendant asserts that it made valid objections to some of the Plaintiff's discovery requests and states the following in response to Plaintiff's allegations in his brief in support of

the Motion to Compel Discovery:

**Interrogatory No. 1.**

Plaintiff asks why Jason Bearthky "make the determination?" Defendant Boone County responded that Jason Bearthly no longer works for Defendant Boone County as he left his position in February 2012. Jason Bearthky responded to the call, evaluated the situation and arrested the Plaintiff. Deputy Bearthky compiled a probable cause affidavit. A Judge signed the affidavit establishing that there was probable cause for the Plaintiff's arrest. Any specific questions to Jason Bearthky need to be directed to him.

**Request For Production No. 2**.

Defendants provided a response to Plaintiff's Interrogatory No. 2 and stated that jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.. The Plaintiff disagrees with the response but that does amount to an unresponsive answer.

The allegations contained in the Plaintiff's Complaint concern incidents that he claims happened during the time that Jason Day and Jason Bearthky were working for Boone County. Both individuals left the employment of Boone County in February 2012. The jail camera system is a continuous recording system that records camera footage until the server almost reaches its capacity. That storage capacity for the system allows for approximately seven days of recording before the system erases the latest in time video so it has the capability of recording new video. The system operates automatically and continuously in order to maintain approximately three to seven days of camera footage at any given time. A jail official can download camera footage in order to save a specific piece of video. If the video is not saved

within approximately seven days then the camera footage is deleted. The video footage that was provided to you in Defendant's responses was saved as a result of an altercation and was downloaded before the footage was automatically erased. The Request for Production was received on or about August 27, 2012 and at said time there was no video available concerning the allegations in his Complaint. The video that was provided to the Plaintiff was video that was recorded as a result of an investigation into an altercation that happened prior to his release in March, 2012.

**Request for Production No. 3.**

Defendant, on two occasions, has requested that the Plaintiff provide more clarification and specificity to his request due to the overly broad and unduly burdensome request.

**Interrogatory No. 3.**

The Plaintiff mischaracterized the policy when he asked "how do jail staff have a compelling interest in getting their asses kissed?" Defendant provided a reasonable response to an unreasonable question.

**Interrogatory No. 4.**

Defendant objected to the Plaintiff's characterization of the policy however, provided the jail's legitimate reasons for its policy.

**Interrogatory No. 5.**

Defendant remains confused by the Interrogatory but asserts that any movement concerning Plaintiff was for his and other inmates' well being and/or safety.

**Requests for Production No. 4.**

Defendant objected to the request for production as overly broad, unduly burdensome and

not reasonably calculated to lead to discoverable information. Defendant requested more specific information for the request but has not received said information from the Plaintiff.

**Interrogatory No. 7.**

Boone County Defendant does not have knowledge whether Jason Bearthky had knowledge of the Plaintiff's previous lawsuits and Defendant requested that Plaintiff provide the names of the several jail officers that he referred to in his interrogatory.

Defendant asserts that Plaintiff did not accompany the Motion to Compel with a certification that he in good faith conferred or attempted to confer with the Defendant in an effort to resolve the dispute without court action, as required by Rule 37 of the Federal Rules of Civil Procedure. Rather, Plaintiff communicates through email sending offensive, threatening emails and attempts to impose arbitrary and unreasonable deadlines on the Defendant.

Defendant further asserts that it has responded fully to the Plaintiff's discovery requests but that it has also made valid objections to some of the requests. The Plaintiff resorts to offensive and threatening emails when he disagrees with a response and prefers to involve the court at every opportunity.

WHEREFORE, Defendants respectfully request that Plaintiff's motion to compel be dismissed, and for all other appropriate relief he is entitled to under the law.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, and SHERIFF DANNY HICKMAN Boone County, Arkansas Defendants

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: thompson@rainfirm.com

By: /s/ Geoff Thompson
Michael R. Rainwater, #79234
Geoff Thompson, #2002093

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I am mailing a copy by U.S. Mail, postage prepaid to the following non CM/ECF user:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601
stebbins@yahoo.com

/s/ Geoff Thompson
Geoff Thompson, #2002093
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: thompson@rainfirm.com

6653.4010