## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**DAVID STEBBINS**                                                    **PLAINTIFF**

**VS.**                               **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                          **DEFENDANTS**

## BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT, AFFIRMATIVE MOTION FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE, MOTION FOR STAY UNTIL DISCOVERY IS COMPLETED

## I. INTRODUCTION

Plaintiff alleges that the Defendant, Boone County, violated his rights while Plaintiff was incarcerated at the Boone County Detention Center after he was arrested on November 25, 2011 for Domestic Battery, and again on March 14, 2002. Plaintiff filed this first motion for partial summary judgment and asserted that his constitutional rights were violated when he alleges that he was unable to bond out of jail because, on two occasions, a jail delay resulted in him allegedly losing his opportunity to secure a place to stay upon release which in turn prevented him from meeting a condition of his release on bond.

Plaintiff is premature in filing his motion for partial summary judgment in this case as discovery in this case is not complete. Plaintiff's complaint brings claims against the defendant Boone County only. None of Plaintiff's allegations amount to constitutional injuries or that any violations were caused by any policy or procedure of Boone County. Therefore, as more fully explained below, Defendants request that Plaintiff's first motion for partial summary judgment be denied.

To date, Defendant has not been fully able to conduct discovery and thus, the Plaintiff's

motion is premature. In the event that the Court does not find for the Defendant at this early stage in the proceeding, Defendant would respectfully request the Court to stay any ruling until Defendant has an opportunity to complete discovery.

## II. SUMMARY OF FACTS

A summary of relevant facts is contained in Defendant's Response to Plaintiff's Statement of Undisputed Material Facts filed with this Motion. Those facts are incorporated by reference herein.

### A.    No Official Capacity (County) Liability

Boone County is the Defendant in the instant case. Plaintiff has no proof, however, to give rise to county liability in this case. It is well-settled that a suit against a county official in his official capacity is the equivalent of a suit against the county itself. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). In short, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. At 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985). In fact, the Plaintiff moved to dismiss Jason Jones, the county deputy and his motion was granted.

A governmental entity, here Boone County, may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional County policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). The county would be liable for an officer's conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county

policy or custom that (3) directly caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 526.

Since official capacity suits are nothing more than suit against a county, Plaintiff must prove that county policy was the "moving force" behind the alleged violation in order to succeed on such claims. Plaintiff can offer no such proof. Plaintiff alleges that the Boone County employees did not allow him to bond out because the release notes on his Inmate Release Report read as follows: "[C]ondition of bond (Before he bonds) a place to live - receive some kind of treatment - Make appointments for evaluation - Jail to make arrangements where he is not subject to violence Reappear [sic] 2/3/2012." *See Plaintiff's Exhibit A (Plaintiff's Second Motion for Partial Summary Judgment)*.

Assuming for purposes of this Response to Plaintiff's Motion for Partial Summary Judgment only, that the Plaintiff's allegations are true, the Plaintiff alleges that the Boone County Jail Administrator, Jason Day, removed the restriction - the requirement to have court-ordered treatment before he could bond - and in doing so allowed the Plaintiff's release and for him to postpone the treatment until after he bonded out of jail. There is nothing unconstitutional about the county policies. Instead, at most Plaintiff is attempting to hold the county vicariously liable for the actions of its employees. The Plaintiff allegedly made his request for release Sunday January 15, 2012 and Jason Day returned to work Tuesday January 17, 2012 following a day off for Martin Luther King Jr. Day. *See Plaintiff's First Motion for Partial Summary Judgment.* Plaintiff alleges that Jason Day

lifted a restriction that was listed as a condition of bond two days after the Plaintiff made his request. Plaintiff alleges that during that time a hotel changed its policy and would not allow him to rent a room. Plaintiff is now attempting to hold the County Defendant liable for the purported delay in his release and for the hotel's change of policy denying him a room. Plaintiff has failed to allege an unconstitutional county policy or any action of the jail employees that would amount to a unconstitutional action. Plaintiff never provided proof to the Boone County Detention Center that he met the conditions of release as required by Judge Webb. *See Day Affidavit attached as Exhibit 1.* In fact, when considering the facts as alleged by the Plaintiff, the Defendant Boone County would be entitled to Judgment as a matter of law.

Plaintiff also alleges that on March 1-3, 2012, he was told by jail employees that he could use the jail's phone but that he was not escorted to use it. Plaintiff alleges that he found "a potential living arrangement in the newspaper" but that by the time he called on Monday that the rooms had already been rented out. Plaintiff also alleges that the jail administrator intervened on Monday (probably when he returned to work).

Plaintiff again alleges that the county employees failed to escort him to the phone and that he was unable to call about a room that was for rent in the newspaper. He asserts that the room was no longer for rent when he was able to make the phone call. He also asserts that the jail administrator was the person that intervened and allowed him to use the phone. A jail detainee, however, has no right to unlimited telephone use. *Benzel v. Grammar*, 869 F.2d 1105 (8th Cir. 1989) *citing Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Plaintiff has failed to allege how his rights were violated by the county jail's telephone system, therefore his telephone allegations do not rise to the level of a constitutional deprivation. The Plaintiff again fails to allege an unconstitutional county policy or any action of the jail employees that would amount to an unconstitutional action.

The United States Supreme Court conclusively resolved the issue of the applicability of vicarious liability in a § 1983 case when it held:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

"Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights." *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). Even if vicarious liability were actionable under section 1983, it is well settled that an employer is not vicariously liable for the intentional criminal acts of his employees. *Porter v. Harshfield*, 329 Ark. 130 (1997).

Plaintiff's claims against Defendant amount to nothing more than a claim of vicarious liability against the county and, even viewing the Plaintiff's allegations as true for purposes of this motion only, Plaintiff has failed to allege any actions of the county employees that would rise to the level of a constitutional violation. Such a claim is not actionable under controlling law. Accordingly, Defendant Boone County, is entitled to summary judgment as a matter of law.

**B**.    **No Underlying Constitutional Violation**

In order for municipal liability to attach, individual liability of a municipal employee must first be found on an underlying substantive claim. *McCoy v. City of Monticello,* 411 F.3d 920 (8th Cir. 2005).

For the reasons stated above the Plaintiff, in this case, fails to allege actions of a Boone County employee that would establish a constitutional violation. The Plaintiff alleges that there was a delay in his release on bond but has failed to provide evidence that he ever met the conditions of bond put in place by Judge Webb. Plaintiff also alleges that he was denied the use of a telephone

but states that employees told him he could use the phone. The Plaintiff's claims fail to establish conduct of Boone County employees that would amount to a constitutional violation. While Plaintiff has expressed his opinion of the existence of unconstitutional acts, his opinion is merit less without the showing of a constitutional harm.

**C.    No Proof of Compensatory Damages**

Plaintiff has no proof of any compensatory damages. While nominal damages may be recovered on the basis of a bare showing of constitutional violation, additional damages cannot be recovered unless proven. Plaintiff has no such proof. Plaintiff's claims are based on him being unable to secure a place to live, which in turn, prevented him from bonding out of jail and extended the amount of time he remained in jail. Boone County is not responsible for Plaintiff's living arrangements and providing him a place to stay. Plaintiff speculates that making a phone call would have guaranteed him a place to stay. However, in January 2012, the Plaintiff did not provide acceptable proof to the Boone County Detention Facility that he met the conditions of release ordered by Judge Webb. Plaintiff fails to establish that a phone call to a number listed in a newspaper advertisement would mean that he would have guaranteed him a room.

**D.    No Basis for Punitive Damages**

Plaintiff states a claim for punitive damages in his Complaint, however there is no basis for the imposition of punitive damages in this case. First, Boone County is absolutely immune from punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Additionally, Plaintiff can offer no proof of compensatory damages. Arkansas law clearly provides that an award of punitive damages is improper in the absence of an award of compensatory damages for the underlying cause(s) of action. *See Bell v. McManus,* 294 Ark. 275, 742 S.W.2d 559 (1988). In this State, "in the absence of an award for damages for the underlying cause of action, punitive

damages are improper." *Bell v. McManus,* 294 Ark. 275, 277, 742 S.W.2d 559, 560 (1988). The appellant first argues this general rule should not apply in this case. She asserts that at common law proof of damages was not an element of battery, and that once a battery was shown, nominal damages were presumed. The argument is an interesting one, but, even if it were accepted by this Court, it would not cause reversal because "[e]ven if nominal damages had been awarded, it still would not have supported an award of punitive damages." *Id.* at 278, 742 S.W.2d at 561.

*Takeya v. Didion,* 294 Ark. 611, *612-613, 745 S.W.2d 614,**615 (Ark.,1988)

# III.  CONCLUSION

As stated above, the Defendants move to dismiss Plaintiff's First Motion for Partial Summary Judgment and grant Defendant's Motion for Partial Judgment on the pleadings.  In the alternative, Defendant would respectfully request the Court to stay any judgment until after Defendant has had an opportunity to complete discovery.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, and SHERIFF DANNY HICKMAN Boone County, Arkansas Defendants

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: thompson@rainfirm.com

By:   /s/ Geoff Thompson
Michael R. Rainwater, #79234
Geoff Thompson, #2002093

## CERTIFICATE OF SERVICE

I hereby certify that on October 22nd, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601
stebbins@yahoo.com

_____/s/ Geoff Thompson_____
Geoff Thompson, #2002093
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: thompson@rainfirm.com

6653.4010