# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**DAVID STEBBINS**                                                                **PLAINTIFF**

VS.                         NO. 12-CV-3022

**BOONE COUNTY ARKANSAS, ET AL.**                                       **DEFENDANTS**

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF INDISPUTABLE MATERIAL FACTS IN SUPPORT OF FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

Boone County Defendant responds to Plaintiff's Statement of Indisputable Material Facts and in support of its Response to Plaintiff's First Motion for Partial Summary Judgment as follows:

To date, Defendant has been unable to depose the Plaintiff and asserts that the Plaintiff's First Motion for Partial Summary Judgment and his Statement of Indisputable Material Facts is premature. Defendant disagrees that any actions that occurred were unconstitutional. Plaintiff and Defendant's characterization of events differ. Even if Plaintiff's version of events are taken as true, he has not stated a constitutional violation for which relief can be granted under 42 U.S.C. § 1983.

1. On November 25, 2011, I was arrested under allegations of domestic battery.

    **-No dispute, Plaintiff was arrested for Domestic Battery in the 1st degree.**

2. My bail was set at $10,000.

    **-No dispute. Bail was set by the Judge.**

3. Before I was allowed to bail. I had to have a place to live.

    **-Defendant does not dispute that Judge Gordon Webb set the following conditions of bond for the Plaintiff: that the Plaintiff had to have a place to live other than**

at his parents' residence, be under the care of human resources of Arkansas treatment facility, and ordered him for forensic evaluation.

4. I was also required to get "some sort of treatment."

**-Defendant does not dispute that the Inmate Release Report stated that a condition of his bond was that the Plaintiff "receive some kind of treatment." Plaintiff was ordered by Judge Webb to make an appointment for forensic evaluation and be under the care of human resources of Arkansas or other treatment facility.**

5. On January 15, 2012, I had secured a hotel reservation at a place called the "Hotel Seville." However, I was not allowed to post bond because I had not required treatment.

**-Defendant disputes the characterization and does not believe that Plaintiff ever met the requirements of the Hotel Seville allowing him to stay at the hotel.**

6. On January 17, 2012, Jason Day-the jail administrator-intervened, knowing that I was only supposed to pledge to get this treatment, and that the only condition that I had to fulfill before bonding was having a place to live.

**-Jason Day would have allowed the Plaintiff's release had he met the conditions of bond required by Judge Webb**.

7. With Jason Day's direct oversight, I called the Hotel Seville again and secured living arrangements.

**-Upon information and belief, the Plaintiff was able to reserve a room at the Hotel Seville, however, he was unable to meet the full requirements of the hotel allowing him to stay.**

8. However, in the two days that had elapsed, the Hotel Seville had implemented a new policy, requiring month-by-month renters to pay for three months in advance.

**-Defendant has not had an opportunity to complete discovery and is therefore unable know what policy the Hotel had in place.**

9. As a result, I set up my reservation for February 1. 2012, with the jail setting my bond date accordingly.

**-Defendant does not dispute, it does not contradict Defendant's version of events and Defendant has no reason to believe this statement is material.**

10. Before it came time for me to actually bond out, however, the Hotel Seville learned of the nature of my charges, and canceled the reservation.

**-Defendant has no knowledge to dispute this allegation, it does not contradict Defendant's version of events and Defendant has no reason to believe this statement is material, however, upon information and belief the Plaintiff did not meet the requirements of the hotel and was unable to stay in a room.**

11. Ultimately, none of the events of Uncontroverted Facts #5. In other words, had the jail staff allowed me to bond when they first should have allowed me, I wouldn't have been injured.

**-Defendant disputes the validity of the Plaintiff's conclusory statements . However, even if the Court construes the Plaintiff's speculation as true, based upon arguments and cases cited in Defendant's Brief in Support of Response to Plaintiff's Motion for Partial Summary Judgment, Plaintiff's claim does not rise to a constitutional violation.**

12. I attempted to resolve the dispute with Jason Day.

**-Defendant disputes the characterization Defendant's version of events and Defendant has no reason to believe this statement is material.**

13. Jason Day refused to settle the case with me.

**-Defendant does not dispute No. 13.**

14. On the dates of March 1-3, I was not allowed to use the jail's phone in an attempt to secure living arrangements.

**-Defendant has not had an opportunity to complete discovery and disputes that Plaintiff's characterization of the events. Plaintiff states in his motion for partial summary judgment that he was told by staff that he was allowed to make a phone call but that he was not escorted to the phone.**

15. Officially, the reason given for not allowing me to use the phone was because they were "busy" up front.

**-Defendant has not had an opportunity to complete discovery and disputes that Plaintiff's characterization of the events.**

16. On January 17, 2012, the Boone County Circuit Court had dismissed an abuse of process lawsuit I had filed against Harp & Associates, where I attempted to sue them for $6,094,000.

**-No dispute that Exhibit E speaks for itself, however, even if the Court construes Exhibit E as true, based upon arguments and cases cited in Defendant's Brief in Support of Response to Plaintiff's Motion for Partial Summary Judgment, Plaintiff's claim does not rise to a constitutional violation.**

17. I had solicited my mother to monitor the abuse of process case for me.

**-No dispute, however, even if the Court construes 17. as true, based upon arguments and cases cited in Defendant's Brief in Support of Response to Plaintiff's Motion for Partial Summary Judgment, Plaintiff's claim does not rise to a constitutional**

**violation.**

18. However, she accidentally monitored the wrong case.

-**No dispute, however, even if the Court construes 18. as true, based upon arguments and cases cited in Defendant's Brief in Support of Response to Plaintiff's Motion for Partial Summary Judgment, Plaintiff's claim does not rise to a constitutional violation**.

19. Had I bonded out of jail on January 15, 2012, I would have known about the dismissal in time to appeal it. Though there are no exhibits to prove that, I would be disappointed in this Court's intelligence if it actually needs proof; the causal connection here should be axiomatic.

-**Defendant disputes the Plaintiff's speculative characterization of events, however, even if the Court construes 19. as true, based upon arguments and cases cited in Defendant's Brief in Support of Response to Plaintiff's Motion for Partial Summary Judgment, Plaintiff's claim does not rise to a constitutional violation.**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BOONE COUNTY, ARKANSAS, and SHERIFF DANNY HICKMAN Boone County, Arkansas<br>*Defendants* |
|  | RAINWATER, HOLT & SEXTON, P.A.<br>P.O. Box 17250<br>6315 Ranch Drive<br>Little Rock, Arkansas  72222-7250<br>Telephone (501) 868-2500<br>Telefax (501) 868-2505<br>email: thompson@rainfirm.com |
| By: | /s/ Geoff Thompson<br>Michael R. Rainwater, #79234<br>Geoff Thompson, #2002093 |

# CERTIFICATE OF SERVICE

        I hereby certify that on October 22nd, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601
stebbins@yahoo.com

          /s/ Geoff Thompson
        Geoff Thompson, #2002093
        Attorney for Defendants
        RAINWATER, HOLT & SEXTON, P.A.
        P.O. Box 17250
        6315 Ranch Drive
        Little Rock, Arkansas 72222-7250
        Telephone (501) 868-2500
        Telefax (501) 868-2505
        Email: thompson@rainfirm.com

6653.4010