IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                                    **PLAINTIFF**

**VS.**                                        **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                                     **DEFENDANTS**

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT, AFFIRMATIVE MOTION FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE, MOTION FOR STAY OF JUDGMENT UNTIL DISCOVERY IS COMPLETED**

**I. INTRODUCTION**

Plaintiff alleges that Defendant Boone County, violated his rights while Plaintiff was incarcerated at the Boone County Detention Center after he was arrested on November 25, 2011 for Domestic Battery, and again on March 14, 2002. Plaintiff filed this second motion for partial summary judgment and asserted that his constitutional rights were violated when he was required to treat the officer "with respect and courtesy."

Plaintiff is premature in filing his motion for partial summary judgment in this case as discovery in this case is not complete. Plaintiff's complaint brings claims against the defendant Boone County only. None of Plaintiff's allegations amount to constitutional injuries or that any violations were caused by any policy or procedure of Boone County. Therefore, as more fully explained below, Defendants request that Plaintiff's second motion for partial summary judgment be denied.

**II. SUMMARY OF FACTS**

A summary of relevant facts is contained in Defendant's Response to Plaintiff's Statement of Undisputed Material Facts filed with this Motion. Those facts are incorporated by reference

herein.

## A. No Official Capacity (County) Liability

Boone County is the Defendant in the instant case. Plaintiff has no proof, however, to give rise to county liability in this case. It is well-settled that a suit against a county official in his official capacity is the equivalent of a suit against the county itself. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). In short, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. At 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985). In fact, the Plaintiff moved to dismiss Jason Jones, the county deputy and his motion was granted.

A governmental entity, here Boone County, may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional County policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). The county would be liable for an officer's conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county policy or custom that (3) directly caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 526.

Since official capacity suits are nothing more than suit a county, Plaintiff must prove that county policy was the "moving force" behind the alleged violation in order to succeed on such claims. Plaintiff in the present case alleges that The Boone County Jail policy that requires inmates to treat officers with "respect and courtesy" is unconstitutional. Plaintiff fails to cite to any law to support his claim. Boone County has the policy in place to promote order and security in the jail. There is nothing unconstitutional about the county policies.

B.  **No Underlying Constitutional Violation**

In order for municipal liability to attach, individual liability of a municipal employee must first be found on an underlying substantive claim. *McCoy v. City of Monticello,* 411 F.3d 920 (8th Cir. 2005). For the reasons stated above the Plaintiff, in this case, fails to allege actions of a Boone County employee that would establish a constitutional violation.

Assuming arguendo, that the language in the policy was somehow unconstitutional, then the Plaintiff still fails to show instances when the policy has had an impact on him and created any injury. Plaintiff has failed to allege an unconstitutional county policy or any action of the jail employees that would amount to a unconstitutional action. Such a claim is not actionable under controlling law. Accordingly, Plaintiff's Second Motion for Partial Summary Judgment should be dismissed and Defendant Boone County, is entitled to summary judgment as a matter of law.

C.  **No Proof of Compensatory Damages**

Plaintiff has no proof of any compensatory damages. While nominal damages may be recovered on the basis of a bare showing of constitutional violation, additional damages cannot be recovered unless proven. Plaintiff has no such proof. Plaintiff's claims are based on Boone County having a policy in place that requires inmates to treat the officers "with respect and courtesy." Plaintiff fails to establish that a phone call to a number listed in a newspaper advertisement would

mean that he would have guaranteed him a room.

D.      **No Basis for Punitive Damages**

Plaintiff states a claim for punitive damages in his Complaint, however there is no basis for the imposition of punitive damages in this case. First, Boone County is absolutely immune from punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Additionally, Plaintiff can offer no proof of compensatory damages. Arkansas law clearly provides that an award of punitive damages is improper in the absence of an award of compensatory damages for the underlying cause(s) of action. *See Bell v. McManus,* 294 Ark. 275, 742 S.W.2d 559 (1988).

In this State, "in the absence of an award for damages for the underlying cause of action, punitive damages are improper." *Bell v. McManus,* 294 Ark. 275, 277, 742 S.W.2d 559, 560 (1988). The appellant first argues this general rule should not apply in this case. She asserts that at common law proof of damages was not an element of battery, and that once a battery was shown, nominal damages were presumed. The argument is an interesting one, but, even if it were accepted by this Court, it would not cause reversal because "[e]ven if nominal damages had been awarded, it still would not have supported an award of punitive damages." *Id.* at 278, 742 S.W.2d at 561.

*Takeya v. Didion,* 294 Ark. 611, *612-613, 745 S.W.2d 614,**615 (Ark.,1988)

### III.  CONCLUSION

As stated above, the Defendants move to dismiss Plaintiff's Second Motion for Partial Summary Judgment and grant Defendant's Motion for Partial Judgment on the pleadings. In the alternative, Defendant would respectfully request the Court to stay any judgment until after Defendant has had an opportunity to complete discovery.

                Respectfully submitted,

                BOONE COUNTY, ARKANSAS, and SHERIFF
                DANNY HICKMAN Boone County, Arkansas
                Defendants

                RAINWATER, HOLT & SEXTON, P.A.
                P.O. Box 17250
                6315 Ranch Drive

Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: thompson@rainfirm.com


By: /s/ Geoff Thompson
Michael R. Rainwater, #79234
Geoff Thompson, #2002093

## CERTIFICATE OF SERVICE

I hereby certify that on October 22nd, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601
stebbins@yahoo.com

/s/ Geoff Thompson
Geoff Thompson, #2002093
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: thompson@rainfirm.com

6653.4010