**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**DAVID STEBBINS**                                                                   **PLAINTIFF**

VS.                             **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                                  **DEFENDANTS**

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT, AFFIRMATIVE MOTION FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE, MOTION FOR STAY UNTIL DISCOVERY IS COMPLETED**

**I. INTRODUCTION**

Plaintiff alleges that Defendant Boone County, violated his rights while Plaintiff was incarcerated at the Boone County Detention Center after he was arrested on November 25, 2011 for Domestic Battery, and again on March 14, 2002. Plaintiff filed this third motion for partial summary judgment and asserted that his constitutional rights were violated when he was required to "perform janitorial services for the jail, cleaning my cell, and taking turns with other inmates cleaning the pod's day room."

Plaintiff is premature in filing his motion for partial summary judgment in this case as discovery in this case is not complete. Plaintiff's complaint brings claims against the defendant Boone County only. None of Plaintiff's allegations amount to constitutional injuries or that any violations were caused by any policy or procedure of Boone County. Therefore, as more fully explained below, Defendants request that Plaintiff's third motion for partial summary judgment be denied.

**II. SUMMARY OF FACTS**

A summary of relevant facts is contained in Defendant's Response to Plaintiff's Statement

of Undisputed Material Facts filed with this Motion. Those facts are incorporated by reference herein.

A.     **No Official Capacity (County) Liability**

Boone County is the Defendant in the instant case. Plaintiff has no proof, however, to give rise to county liability in this case. It is well-settled that a suit against a county official in his official capacity is the equivalent of a suit against the county itself. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). In short, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. At 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985). In fact, the Plaintiff moved to dismiss Jason Jones, the county deputy and his motion was granted.

A governmental entity, here Boone County, may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional County policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). The county would be liable for an officer's conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county policy or custom that (3) directly caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the County "through its deliberate conduct . . . was the 'moving force'

behind the injury alleged." *Brown*, 520 U.S. at 526.

Since official capacity suits are nothing more than suit a county, Plaintiff must prove that county policy was the "moving force" behind the alleged violation in order to succeed on such claims. Plaintiff in the present case alleges that The Boone County Jail policy that requires inmates to treat officers with "respect and courtesy" is unconstitutional. Plaintiff fails to cite to any law to support his claim. Boone County has the policy in place to promote order and security in the jail. There is nothing unconstitutional about the county policies.

**B. Conditions of Plaintiff's confinement did not rise to the level of a Constitutional violation**

In determining whether the conditions complained of by Plaintiff constitute a sufficiently serious deprivation, we note that prisoners are entitled to "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." <u>Howard v. Adkisson</u>, 887 F.2d 134, 137 (8th Cir. 1989). Conditions of confinement are unconstitutional "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." <u>Wilson v. Seiter</u>, 111 S.Ct. 2321, 2327 (1991); <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 957 (8th Cir. 1994).

The Plaintiff is unable to claim a violation of the Eighth Amendment because at the time of the alleged violation he was merely a pre-trial detainee; the more appropriate cause of action is a Fourteenth Amendment violation. The distinction is in name only; the legal standard the Eighth Circuit applies to a pretrial detainee's conditions-of confinement claim "is identical to the legal standard we apply to the convicted['s] . . . conditions-of-confinement claim." *Whitnack v. Douglas Co.*, 16 F.3d 954, 957 (8th Cir. 1994).

A conditions-of-confinement claim has two components, an "objective component (i.e., was the deprivation sufficiently serious?) and a subjective component (i.e., did the officials act with a

sufficiently culpable state of mind?)." *Id.* (citing *Wilson v. Seither*, 501 U.S. 294 (1991) (internal quotations omitted). The "state of mind required for a constitutional violation is 'deliberate indifference.'" *Id.* (citing *Wilson*, 501 U.S. at 302-303). To establish the "objective component" the Plaintiff needs to do more than simply allege poor jail conditions or claim minor discomforts; the Plaintiff must show that the jail conditions constituted cruel and unusual punishment. However, conditions constitute cruel and unusual punishment "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The Plaintiff cannot illustrate cruel and unusual punishment by merely claiming poor 'overall conditions;' "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id*. "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillan*, 503 U.S. 1, 8 (1992), (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Id.* To establish the "subjective component," the Plaintiff must show that Boone County was deliberately indifferent to the deprivations allegedly suffered by the Plaintiff. *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). More specifically, the Plaintiff must illustrate that Boone County "actually knew of and *recklessly disregarded"* a substantial risk of serious harm. *Id.* The Plaintiff must produce something to illustrate both of these requirements in order to survive summary judgment. However, the Plaintiff has failed to illustrate either component. There has been no showing of a deprivation of any human need, nor has there been any evidence offered that Boone County was deliberately indifferent. The Plaintiff offers only the allegation that he provided a janitorial service to the jail

because he was required to clean his own cell and had to take turns with other inmates to clean the pod's day room. Based on this undisputed evidence to date and the lack of a legal basis to support his claim, Defendant, Boone County requests that the Court deny Plaintiff's third motion for partial summary judgment.

In order for municipal liability to attach, individual liability of a municipal employee must first be found on an underlying substantive claim. *McCoy v. City of Monticello,* 411 F.3d 920 **(**8th Cir. 2005). For the reasons stated above the Plaintiff, in this case, fails to allege actions of a Boone County employee that would establish a constitutional violation.

Assuming arguendo, that the language in the policy was somehow unconstitutional, then the Plaintiff still fails to show instances when the policy has had an impact on him and created any injury. In fact, the Plaintiff benefitted from the policy and was housed in a clean and sanitary cell. Plaintiff has failed to allege an unconstitutional county policy or any action of the jail employees that would amount to a unconstitutional action. Such a claim is not actionable under controlling law. Accordingly, Plaintiff's Third Motion for Partial Summary Judgment should be dismissed and Defendant Boone County, is entitled to summary judgment as a matter of law.

**C.     No Proof of Compensatory Damages**

Plaintiff has no proof of any compensatory damages. While nominal damages may be recovered on the basis of a bare showing of constitutional violation, additional damages cannot be recovered unless proven. Plaintiff has no such proof. Plaintiff's claims are based on Boone County having a policy in place that requires inmates to treat the officers "with respect and courtesy." Plaintiff fails to establish that a phone call to a number listed in a newspaper advertisement would mean that he would have guaranteed him a room.

**D.     No Basis for Punitive Damages**

Plaintiff states a claim for punitive damages in his Complaint, however there is no basis for the imposition of punitive damages in this case.  First, Boone County is absolutely immune from punitive damages.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).  Additionally, Plaintiff can offer no proof of compensatory damages.  Arkansas law clearly provides that an award of punitive damages is improper in the absence of an award of compensatory damages for the underlying cause(s) of action. *See Bell v. McManus,* 294 Ark. 275, 742 S.W.2d 559 (1988).

In this State, "in the absence of an award for damages for the underlying cause of action, punitive damages are improper." *Bell v. McManus,* 294 Ark. 275, 277, 742 S.W.2d 559, 560 (1988). The appellant first argues this general rule should not apply in this case. She asserts that at common law proof of damages was not an element of battery, and that once a battery was shown, nominal damages were presumed. The argument is an interesting one, but, even if it were accepted by this Court, it would not cause reversal because "[e]ven if nominal damages had been awarded, it still would not have supported an award of punitive damages." *Id.* at 278, 742 S.W.2d at 561.

*Takeya v. Didion,* 294 Ark. 611, *612-613, 745 S.W.2d 614,**615 (Ark.,1988)

### III.  CONCLUSION

As stated above, the Defendants move to dismiss Plaintiff's Third Motion for Partial Summary Judgment and grant Defendant's Motion for Partial Judgment on the pleadings.  In the alternative, Defendant would respectfully request the Court to stay any judgment until after Defendant has had an opportunity to complete discovery.

    Respectfully submitted,

    BOONE COUNTY, ARKANSAS, and SHERIFF
    DANNY HICKMAN Boone County, Arkansas
    Defendants

    RAINWATER, HOLT & SEXTON, P.A.
    P.O. Box 17250
    6315 Ranch Drive
    Little Rock, Arkansas  72222-7250
    Telephone (501) 868-2500
    Telefax (501) 868-2505
    email: thompson@rainfirm.com

By: /s/ Geoff Thompson
Michael R. Rainwater, #79234
Geoff Thompson, #2002093

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22nd, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601
stebbins@yahoo.com

/s/ Geoff Thompson
Geoff Thompson, #2002093
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: thompson@rainfirm.com

6653.4010