DISTRICT COURT
DISTRICT ARKANSAS
FILED

OCT 23 2012

CHRIS...

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                             PLAINTIFF

VS.                              CASE NO. 12-3022

BOONE COUNTY, AR                                          DEFENDANTS

### REPLY TO RESPONSE TO SECOND MOTION TO COMPEL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendant's Response to my Motion to Compel.

### Interrogatory No. 1

Defendants claim that they are unable to ask Jason Bearthky about this because he no longer works for them. However, this is not an excuse. They must have Jason Bearthky's contact information in their records; are they incapable of calling him up and asking him the answer to this question?!

Besides, I shouldn't *have* to go elsewhere for information when the Defendant will be liable for it. If the Defendant is to be liable, then the Defendant should have to account for the actions. To that end, it's a matter of principle.

### Request for Production No. 2

The Defendants claim that, by the time Defense Counsel received my discovery request, all camera footage "that related to this case" had already overridden itself. However, I did ask for all camera footage 'that relates to this case." I asked for all camera footage, period. If they had received the production request on August 27, 2012, then it stands to reason that they still had camera footage going back until at least August 21, 2012. However, they chose to not preserve that footage.

Simply because they do not immediately understand why the camera footage is relevant

is not a grounds to reject discovery. If it were, nobody could ever complete any discovery. As long as there is even the *possibility* that it could *lead* to admissible evidence, it is discoverable. Thus, their discovery objections are frivolous.

### Interrogatories No. 3 and No. 4

First of all, Defendants do not articulate specifically *how* I have "mischaracterized" these rules.

Second, they simply lie when they say that they provided "legitimate" answers. They have not articulated specifically how these two rules can pass *all three elements* of strict scrutiny, or how all these rules receive something other than strict scrutiny. This is what I asked them (as made evident by the Discovery Instructions. They should be ordered to show that, not simply to give a "reason" for the rules.

### Interrogatory No. 5

Defendants do not "remain confused" by my Interrogatory. They know exactly what I am talking about. They are simply looking for an excuse to not have to justify their actions.

### Request for Production No. 4

See the original motion for why this objection should be overruled.

### Interrogatory No. 7

Allow me to repeat from above:

Defendants claim that they are unable to ask Jason Bearthky about this because he no longer works for them. However, this is not an excuse. They must have Jason Bearthky's contact information in their records; are they incapable of calling him up and asking him the answer to this question?!

Besides, I shouldn't *have* to go elsewhere for information when the Defendant will be

liable for it.  If the Defendant is to be liable, then the Defendant should have to account for the actions.  To that end, it's a matter of principle.

**I certified that I attempted in good faith to resolve this dispute without court action.**

Defendants claim that I "did not accompany the Motion to Compel with a certification that [I] in good faith conferred or attempted to confer with the Defendant in an effort to resolve the dispute without court action."  This is a straight-up lie that *should* land them a prison sentence for perjury.  I in fact made this certification on the first page!

---
**Exhibit D**:  An email sent to Jason Owens, documenting my attempt to resolve the discovery dispute without Court action.

---

## Conclusion

In conclusion, none of the Defendant's objections should stand, and furthermore, this Court has now witnessed firsthand the Defendants' desire to play dumb when I corner them with their discovery objections.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com