U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 2 6 2012
CHRIS R. JOHNSON, CLERK
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                              PLAINTIFF

VS.                         CASE NO. 12-3022

BOONE COUNTY, AR                                            DEFENDANTS

## REPLY TO RESPONSE TO FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT AND RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Defendant's Response to First Motion for Partial Summary Judgment.

**Defendants have failed to meet proof with proof.**

Defendants have shown no actual proof that there is a dispute of material fact, save for Jason Day's self-serving allegations. "Once a moving party establishes a prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a genuine issue of material fact." See Lee v. Martin, 45 SW 3d 860 (2001).

Though Arkansas state case law is not binding on this Court except in diversity cases, and the Eighth Circuit has yet to adopt this precedent in a published opinion, there is still a vastly similar precedent from the U.S. Supreme Court that quintessentially says the same thing; in fact, I am confident that the AR precedent was *derived from* this landmark precedent.

In the case of *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 US 574 (1986), we have all heard a million times before the precedent of how the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." See *Id* at 586. But there is another, equally probative precedent on the very next page: "In the language of the [Federal] Rule [of Civil Procedure 56], the nonmoving party must come forward with specific

facts showing that there is a genuine issue for trial." See *Id* at 587 (quotation marks ommitted). The nonmoving party must *come forward*, clearly showing a shift in burden.

### Defendants have filed no statement of facts.

The Defendants have filed a *response* to *my* statement of undisputed facts, but they filed no statement of disputed facts, themselves. "If the non-moving party [in a summary judgment motion] opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried." Simply restating and subsequently disputing my own statement of facts – a la a request for admissions – does not count as a statement of disputed facts of their own. I guess you could get away with saying that they claim it to be disputed, but simply *claiming* it to be disputed does not instantly *make* it disputed. If that were the case, summary judgment would almost *never* be granted in *any* case. At this point, I invoke the *Matsushita* Rule (where mere metaphysical doubt is insufficient to survive summary judgment).

Unless and until the Defendants provide an "affirmative" statement of disputed facts, with their status as "disputed" demonstrated by exhibits and evidence, then their responses are insufficient.

Because they never actually controverted my facts, my facts are to be treated as established. See AR Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to [his statement of facts] shall be deemed admitted unless controverted by the statement filed by the non-moving party under [their statement of facts].") Because they failed to "genuinely" controvert my facts, they are to be deemed admitted.

### Jason Day is a surprise witness, and his affidavit should be stricken accordingly.

In my first batch of discovery requests, I demanded affidavits of all witnesses Defendants

intended to call in their defense – every single last one of them, but Defendants refused to provide them. See Document #48 (Plaintiff's Second Motion to Compel Discovery), Exhibit B, Request for Production #6.

Because they never disclosed this witness to me, they should not be allowed to use him, unless and until they update their discovery responses. Even then, their updated responses should be too late to contest this summary judgment motion.

Since this affidavit was the *one and only* exhibit Defendants offer in support of their response, they are left without a single piece of evidence in their defense, and my motion for summary judgment should be granted accordingly, pursuant to the above-established precedents and local rules.

### Non-completion of discovery has consistently been held as insufficient to stay summary judgment.

Defendants assert that the motion for summary judgment is premature, and request that the ruling of the motion be stayed until discovery is completed. This, however, has consistently been held to be an insufficient grounds to survive summary judgment. One instance that comes immediately to mind is Case No. 10-3086 in this Court, a case which unceremoniously ended in summary judgment, simply because I was unable to "meet proof with proof" on Wal-Mart's summary judgment motion, despite the fact that I alleged the very thing that Defendants are alleging, here. That judgment was affirmed on appeal without opinion, meaning that the 8th Circuit felt that the lack of necessity to actually afford full discovery to the litigants was so axiomatic that it required no explanation.

In fact, in that case, I had even *more* grounds for an argument, because I never got *any* discovery in that case. Here, Defendants could have had tons of material to work with, had they actually complied fully with my discovery requests instead of making frivolous objections

(established in Document #48). I even responded to a batch of *their* discovery requests, but those discovery requests were structured in such a way as to only obtain very limited information. That was *their* choice to structure their discovery requests in such a way.

**Defendants admit that my claim is true.**

In Document #61 in this case, Page 3, beginning on line 15 (the second paragraph that *begins* on Page 3, excluding the one carrying over from Page 2), Defendants admit, point blank, that they are willing to accept, for the purpose of responding to my First Motion for Summay Judgment, that my factual allegations are true. They were doing so in order to set up an argument that I have failed to state a claim upon which relief can be granted in order to support their simultaneous motion for judgment on the pleadings, but they did not make the *arguendo* assumption simply for the sake of that one of argument or that one section; their *arguendo* assumption was made for the "entire" Response. Therefore, assuming that I have, indeed, failed to state a claim upon which relief can be granted, Defendants have admitted that I am entitled to victory.

**There is a pattern, and thus, a policy.**

Defendants assert that the County can only be held liable for the actions of its officers if there is an underlying unconstitutional policy or custom.

Defendants, however, admit themselves that I do not need a "written" or "official" policy or custom. They, themselves, cite the case of *Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990), which explains that showing a pattern of conduct from the jail staff is sufficient to establish vicarious liability on the part of the County herself.

Remember that Defendants have accepted, for the purposes of the *entire* response to my First Motion for PSJ, that my factual allegations are true (established in the section of this Reply

Brief immediately preceding this one). Therefore, my Undisputed Fact #5 shows once instance of this unconstitutional conduct, and Undisputed Facts #14 - #15 show a second one. This shows a rather small, but still existent, pattern of not allowing me to seek the conditions of my bond. Therefore, the precedent that the Defendants themselves cited is thereby triggered.

### I have a right to post bail if bail is set.

Defendants state that I have failed to allege a constitutional violation. I have one word to say in response to that: Ludicrous.

Essentially, Defendant is trying to assert that I do not have the Due Process[1] right to post bail in order to be released from jail. This agument is so absurd, so ridiculous, and so frivolous, that I should be given punitive damages just for them even suggesting it, pursuant to Fed. R. Civ. P. 11. Do I even *have* to site case law saying that the right to post bail to be released from jail – assuming that non-excessive bail has been set by a court of competent jurisdiction – is a fundamental aspect of my due process rights?!

Because the Defendant has admitted to the facts for the sake of the *entire* response (established two sections ago), and make a completely frivolous argument that those acts are legal, I am entitled to victory.

### I am entitled to compensatory damages

Defendants assert that I can only recover nominal damages "upon a bare showing a constitutional violation." This is just as frivolous as their claim that I have not alleged a constitutional violation at all. See the case of *Trobaugh v. Hall*, 176 F. 3d 1087 (8th Cir. 1999) (reversing in part a District Court's decision for only awarding nominal damages when Plaintiff Trobaugh failed to show an actual injury). This case also concerned a jail – not a prison, but a jail – who violated the rights of an unconvicted inmate.

---

1 Applicable to State and Local governments via the plain text of the Fourteenth Amendment

Furthermore, Defendants never even *address* my claim that their failure to allow me to post bail caused me to loose the abuse of process case, causing me $6,094,000. Because they never attempted to refute that claim, it is therefore conceded to under AR Local Rule 56.1(c).

**I get punitive damages in this case.**

Defendants assert that they are absolutely immune from punitive damages. This is also directly contradictory to the precedent of *Trobaugh v. Hall*. See *Id* at 1089 ("Further, we ask the District Court to reconsider awarding punitive damages against Hall." Again, this case also about a local government; more specifically, a county jail, so it is directly probative on this issue) See also *Coleman v. Rahija*, 114 F.3d 778, 787 (8th Cir.1997) (standard for awarding punitive damages, established in the original motion).

## CONCLUSION

In conclusion, the Defendants rely on speculative, their own conclusive, self-serving allegations, and completely frivolous arguments in order to attempt to escape liability. Even if they can escape punitive damages liability (which they cannot), they are still liable to me for the $6,151,000 in compensatory damages.

Wherefore, premises considered, I respectfully request that the First Motion for Partial Summary Judgment be granted.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt. D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701



RECEIVED
WD/AR
OCT 26 2012
U.S. CLERK'S OFFICE