

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                               PLAINTIFF

VS.                         CASE NO. 12-3022

BOONE COUNTY, AR                              DEFENDANTS

## REPLY TO RESPONSE TO SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendnat's Response to my Motion for Partial Summary Judgment and simultaneous Motion for Judgment on the Pleadings.

### Defendant admits to the existence of this policy.

In Document #65, Page 2, Defendant admitted to the existence of the policy that I must treat jail officers "with respect and courtesy." Assuming this policy is unconstitutional, they have affirmatively admitted that I am entitled to victory.

### Defendant's denial a cited law is frivolous.

Defendants frivolously deny that I have cited any law that shows the Jail's policy of requiring respect and courtesy to jail officers to be unconstitutional. That is not true. I cited the First Amendment. By default, it is generally understood that I am talking about the First Amendment *to the Constitution*. It is further understood, by default, that when I say "Constitution," I mean specifically the federal one instead of the Arkansas State one.

I also explained the doctrine of strict scrutiny. I figured that any person with two functioning brain cells and even a sliver of legal background training would know what case laws I am citing that establish strict scrutiny, especially since I juxtaposed content-based censorship versus time/place/manner censorship. The case laws where those phrases appear

should be well-known to all those who even adequately versed in the law.

**I don't have to prove an "injury."**

I do not have to prove that their actions caused me an "injury." As I established, the precedent of *Maxwell v. Mason* (assuming you adjust for inflation) entitles me to damages, with or without an injury. Supposedly, there is a *presumption* of injury.

**I get punitive damages in this case.**

Defendants assert that they are absolutely immune from punitive damages. This is also directly contradictory to the precedent of *Trobaugh v. Hall*. See *Id* at 1089 ("Further, we ask the District Court to reconsider awarding punitive damages against Hall." Again, this case also about a local government; more specifically, a county jail, so it is directly probative on this issue) See also *Coleman v. Rahija*, 114 F.3d 778, 787 (8th Cir.1997) (standard for awarding punitive damages, established in the original motion).

## CONCLUSION

In conclusion, the Defendants rely on speculative, their own conclusive, self-serving allegations, and completely frivolous arguments in order to attempt to escape liability. Even if they can escape punitive damages liability (which they cannot), they are still liable to me for the $6,151,000 in compensatory damages.

Wherefore, premises considered, I respectfully request that the Second Motion for Partial Summary Judgment be granted.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

RECEIVED
WD/AR
OCT 26 2012
U. S. CLERK'S OFFICE