
...TRICT COURT
... DISTRICT ARKANSAS
FILED
OCT 26 2012
CHRIS...

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS     PLAINTIFF

VS.     CASE NO. 12-3022

BOONE COUNTY, AR     DEFENDANTS

## REPLY TO RESPONSE TO THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendant's Response to my Third Motion for PSJ.

Defendant's entire response seems to be predicated on whether or not the policy in question violates my Eighth Amendment rights. Apparently, they never actually *read* the Third Motion for Summary Judgment. At no point did I ever, once, even *mention* the "Eighth" Amendment. My entire motion was predicated on a *Thirteenth* Amendment challenge.

I never once, in this entire case, even pretended like I was not asserting the Thirteenth Amendment over the Eighth one. Even in the complaint (starting on Page 19, Line 2), I very clearly stated that it was the *Thirteenth* Amendment being violated.

THIRTEENTH!

TTTHHHIIIRRRTTTEEEEEENNNTTTHHH!

Clearly, Defense Counsel is illiterate.

### I don't have to prove an "injury."

I do not have to prove that their actions caused me an "injury." As I established, the precedent of *Maxwell v. Mason* (assuming you adjust for inflation) entitles me to damages, with or without an injury. Supposedly, there is a *presumption* of injury.

### I get punitive damages in this case.

Defendants assert that they are absolutely immune from punitive damages. This is also

directly contradictory to the precedent of *Trobaugh v. Hall*. See *Id* at 1089 ("Further, we ask the District Court to reconsider awarding punitive damages against Hall." Again, this case also about a local government; more specifically, a county jail, so it is directly probative on this issue) See also *Coleman v. Rahija*, 114 F.3d 778, 787 (8th Cir. 1997) (standard for awarding punitive damages, established in the original motion).

## CONCLUSION

In conclusion, the Defendants rely on speculative, their own conclusive, self-serving allegations, and completely frivolous arguments in order to attempt to escape liability. Even if they can escape punitive damages liability (which they cannot), they are still liable to me for the $6,151,000 in compensatory damages.

Wherefore, premises considered, I respectfully request that the Third Motion for Partial Summary Judgment be granted.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

RECEIVED
WD/AR

OCT 26 2012

U.S. CLERK'S OFFICE