U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 3 1 2012
CHRIS R. JOHNSON, CLERK
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS            PLAINTIFF

VS.         CASE NO. 12-3022

BOONE COUNTY, AR            DEFENDANTS

## MOTION FOR LEAVE TO FILE SUPPLEMENTARY BRIEFING IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for leave to supplement my third motion for partial summary judgment. Under Local Rule 5.5(e) (dealing with amendments to *pro se* pleadings), if this motion is granted, I wish for this motion to also *be* the supplemental briefing.

In my Third Motion for PSJ, I sought to recover damages against Defendants for forcing me to perform janitorial services for them, without being paid, and against my will. I argue that, under the Thirteenth Amendment, until I am convicted, the Defendants have no business forcing me to lift a *finger* against my will.

I have discovered a recent unpublished case from the Second Circuit Court of Appeals that perfectly encapsulates the issues embraced in my Third Motion for PSJ. It is the case of McGarry v. Pallito Co., and has the 2nd Circuit Case Number of 10-669-pr. The decision was made on August 3, 2012.

Where Inmate McGarry, a pre-trial detainee, like me, was forced to work at the prison laundry against his will, the Second Circuit held thusly (excluding citations and quotations):

> "[I]t is well-settled that the term 'involuntary servitude' is not limited to chattel slavery-like conditions. The [Thirteenth] Amendment was intended to prohibit all forms of involuntary labor, not solely to abolish chattel slavery. Although passed in response to the scourge of American slavery, the Amendment is not a declaration in favor of a particular people. In *United States v. Nelson*, for example, we held that Jews were among the 'races' protected by the Thirteenth

Amendment.

Because the Thirteenth Amendment denounces a status or condition, irrespective of the manner or authority by which it is created, institutions housing pretrial detainees are not exempt from the Amendment's scope. McGarry was not 'duly convicted,' and therefore does not fall within the category of persons to whom the Amendment, on its face, does not apply. Of course, persons sometimes may be detained in advance of securing a conviction. On entering state custody, pretrial detainees surrender many of the liberties and privileges enjoyed by other citizens even though they are still clothed in the presumption of innocence. However, although a state may subject a pretrial detainee to restrictions and conditions of the detention facility, such conditions may not violate the Constitution. Pretrial detainees are not outside the ambit of the Thirteenth Amendment's involuntary servitude provision."

Using this precedent, it becomes abundantly clear that the rule subject to challenge in the Third Motion for PSJ is very clearly unconstitutional. While it is true that the Second Circuit's precedent is not binding on this court, if you actually go and view the original opinion and see all the citations I have omitted, you will find that they mostly rely on *Supreme* Court precedents, and plenty of them. In fact, that may be why they chose to not publish it; they were not creating any *new* precedent.

Wherefore, premises considered, I respectfully request that the Third Motion for PSJ be granted.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

RECEIVED
WD/AR
OCT 31 2012
CLERK'S OFFICE

Equality
FOREVER