# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**DAVID STEBBINS**                                                             **PLAINTIFF**

**VS.**                                 **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                                **DEFENDANTS**

## RESPONSE TO MOTION FOR DECLARATORY RELIEF AND MOTION TO STAY

      On or about October 17, 2012, Plaintiff filed a Motion for Declaratory Relief. In his motion, Plaintiff is pursuing his claim against Boone County[1] in part for the alleged actions of the police and prosecutor pursuant to *United States v. Goodwin*, 457 368, 372-73 (1982), which is a case where the plaintiff pursued a claim against a prosecutor for alleged vindictive prosecution. However, the Court dismissed the action. *Id.* Plaintiff alleges that even though the criminal matter is pending, that this matter should not fall within the purview of *Heck v. Humphrey,* 512 U.S. 477 (1994). However, because there is currently a pending criminal matter, this matter should be stayed entirely until Plaintiff's criminal matters are resolved.

      The Court should stay this case until after the end of the criminal cases. In *Younger v. Harris,* 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such **abstention** as follows:

> [The concept of federalism] represent[s] ... a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44. Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state

---

[1] Plaintiff has purposefully not included any individual defendants, and therefore is only pursuing his claims against Boone County.

interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud,* 179 F.3d 598, 602 (8th Cir.1999); *Yamaha Motor Corp. v. Riney,* 21 F.3d 793, 797 (8th Cir.1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982).

Abstention is appropriate because the criminal matter is ongoing, the state clearly has an important interest in enforcing criminal laws, and plaintiffs have the right to raise constitutional challenges in the context of the criminal cases. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate. *See Cormack v. Settle-Beshears,* 474 F.3d 528 (8th Cir.2007) (abstention was appropriate for Fourth Amendment claim when the claim could be raised as a defense in the plaintiff's pending criminal proceedings).

Although *Younger* abstention doctrine requires the court to stay the proceeding until the state court case has concluded, *Night Clubs, Inc. v. City of Fort Smith,* 163 F.3d 475, 481 (8th Cir.1998), plaintiff's case is controlled by *Heck v. Humphrey,* 512 U.S. 477 (1994), which mandates dismissal of plaintiff's complaint. This is true because the Supreme Court in *Heck* held that no claim for damages can be made in federal court if a federal court judgment in favor of the plaintiff would imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence in state court. 512 U.S. at 486-487.

In the end, the controlling law dictates that this case should be stayed until the conclusion of the Plaintiffs' criminal cases. The Defendants would respectfully request that a new trial date be set at that time, with an attendant scheduling order, including new discovery and motions deadlines.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, and SHERIFF DANNY HICKMAN Boone County, Arkansas Defendants

RAINWATER, HOLT & SEXTON, P.A.

P.O. Box 17250

6315 Ranch Drive

Little Rock, Arkansas 72222-7250

Telephone (501) 868-2500

Telefax (501) 868-2505

email: thompson@rainfirm.com

By: /s/ Geoff Thompson
Michael R. Rainwater, #79234
Geoff Thompson, #2002093

# CERTIFICATE OF SERVICE

       I hereby certify that on October 31, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins, Pro Se

123 W. Ridge St., Apt. D

Harrison, AR 72601

      /s/ Geoff Thompson

Geoff Thompson, #2002093

Attorney for Defendants

RAINWATER, HOLT & SEXTON, P.A.

P.O. Box 17250

6315 Ranch Drive

Little Rock, Arkansas 72222-7250

Telephone (501) 868-2500

Telefax (501) 868-2505

Email: thompson@rainfirm.com

6653.4010