WESTERN U.S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED
NOV 13 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS     PLAINTIFF

VS.     CASE NO. 12-3022

BOONE COUNTY, AR     DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO STRIKE (DOCUMENT #75) SURREPLY TO THIRD MOTION FOR PSJ

Comes now, *pro se* Plaintiff David Stebbins, who, pursuant to Local Rule 7.2(a), hereby submits the following Brief in Support of my Motion to Strike Defendant's Surreply to my Third Motion for Partial Summary Judgment (Document #75).

### BACKGROUND

1. On October 3, 2012, I moved for partial summary judgment on my claim that the Defendants' policy of forcing me to work violates my Thirteenth Amendment Rights. See Documents #44 – #46.

2. On October 22, 2012, the Defendants responded to this motion, citing various precedents that affirm that compulsory labor does not violate the... *Eighth* Amendment. See Documents #66 – #68.

3. On October 26, 2012, frustrated by the Defendants' glossing over the fact that I was suing for a violation of my *Thirteenth* Amendment rights, not Eighth, I filed my Reply to their Response, reminding the Court and Defendants of the true crux of the motion spoken of in Paragraph #1 of this Background. See Document #72.

4. On November 2, 2012, Defendants filed a Surreply, attempting to finally address whether or not their policies violate the *Thirteenth* Amendment. See Document #75. In support of their position, they cite the cases of *Draper v. Rhay*, 315 F.2d 193 (9th Cir. 1963) and *Howerton v.*

*Mississippi County, AR*, 361 F.Supp. 356 (E.D. Ark. 1973), neither of which are binding on this court.

## ARGUMENT

For the reasons set forth below, Defendant's Surreply should be stricken from the record and held for naught.

### The Defendants had a chance make these arguments and they blew it.

To prevent docket congestion, surreplies are generally disfavored. Those federal district courts that allow them -- such as the State of Washington -- usually only allow them in the event that the Reply Suggestion (in this case, Document #72) addresses issues not previously raised in the original motion, and typically require the surreply to be restricted to only the issues raised for the first time in the Reply. See WA Local Rule 7(g).

The justification for this rule is the same as the justification for why, in trials, re-cross examinations are only to be allowed in the case that the re-direct examination raises issues not previously raised in the original direct examination.

Here, the original motion, and brief in support thereof, very clearly showed that my argument was that the compulsory labor violated the *Thirteenth* Amendment. Therefore, the Defendants should only be allowed to address that argument in their response. If they failed to do so when they had the chance, that is *their* fault.

### The case law Defendants cite has no weight in this proceeding, anyway.

Defendant cites two non-binding cases in support of their proposition that my compulsory labor is not unconstitutional. However, neither of them actually fit the case at hand, even if they were binding. Why? Well, like the "Thirteenth vs. Eighth" issue, this issue was already addressed, not merely in the Motion for PSJ, but the Complaint itself!

Notice Page 19 of the Complaint (excluding portions covered by the black bar at the beginning:

In other words, I conceded from the very start that it is constitutional to force me to work

> Defendant should be careful of the case law it chooses to cite in defense of this argument. If the case involves a prison inmate instead of a jail inmate, it is distinguishable on precisely that around.

*if I have already been convicted*! My argument was that, and I quote, "[u]ntil I am convicted, Defendant has no business forcing me to lift a finger against my will." Areas of interest bolded for emphasis.

*Howerton v. Miss. County, AR* was brought by a person serving time in the County Jail "only" after having been convicted of a misdemeanor; indeed, the Jonesboro Federal District Court used the exact word "misdemeanants" to describe the class of citizens that Howerton was part of.

*Draper v. Rhay*, likewise, concerned a convicted felon who simply felt that he should not be classified as "duly convicted" because he was appealing his conviction. Regardless of if he were right or wrong on that issue, it is a far cry from the issue presented to this Court, here, and thus, the Court need not determine whether or not it finds that precedent to be sufficiently persuasive. If it may adopt that precedent in the future, let it be adopted *in the future*.

Even if the Defendants wish to argue why their policy is still not unconstitutional, despite me never having been convicted, leave to make this argument should be denied because, like the first Surreply, their arguments thereof should have been included in their Response, and they lack and adequate excuse for not raising these arguments at that time.

Wherefore, premises considered, I respectfully request that Document #75 in this case be stricken from the record and held for naught.

/s/ David Stebbins<br>
David Stebbins<br>
123 W. Ridge St.<br>
APT D<br>
Harrison, AR 72601<br>
870-204-6516<br>
stebbinsd@yahoo.com