U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
AUG 05 2013
CHRIS R. JOHNSON, Clerk
By
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                                    **PLAINTIFF**

VS.                             **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                                      **DEFENDANTS**

## BRIEF IN SUPPORT OF

## EMERGENCY MOTION TO AMEND MAGISTRATE JUDGE'S ORDER

1.      Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Brief in Support of his simultaneously-filed Emergency Motion to Amend Magistrate Judge's Order.

### BACKGROUND

2.      On February 17, 2012, Plaintiff filed this action, suing the above-named Defendant for, among other things, failure to provide reasonable accommodations to Plaintiff for his Asperger Syndrome during his incarceration at Defendant's jailhouse.

3.      Defendant submitted to Plaintiff a request for production of documents, requesting Plaintiff to release ALL of his medical records. This request was not merely limited to medical records related to Plaintiff's diagnosis or treatment of Asperger Syndrome; rather, the Defendant demanded ALL medical records.

4.      Plaintiff, of course, objected to this discovery request on the grounds of doctor-patient privilege.

5.      Defendant, without making any attempt to resolve the discovery dispute without court action, filed a motion to compel discovery. See Document #32.

6.      Plaintiff filed a response in opposition to the above-stated motion (See Document #47), making two counter-arguments:

     (a)      The Defendant's motion was not properly before the Court, as the Defendant did not

make reasonable attempts to resolve the discovery dispute without court action, and

(b) The Defendant requested ALL of Plaintiff's medical records. Access to Plaintiff's medical records should be limited to those which are related to Plaintiff's diagnosis and subsequent treatment of Asperger Syndrome.

7. On July 30, 2012, Magistrate Judge James R. Marchewski issued an order (See Document #82), stating, among other things, the following:

(a) "While it is true that Defendants'[1] did not attach to their motion any letters or other materials to substantiate their efforts to work this dispute out, the Court will nevertheless proceed with disposing of the motion on its merits."

(b) "Plaintiff has brought a claim under the Americans with Disabilities Act... This has put his medical condition at issue. Plaintiff is directed to provide Defendants with the information sought and with a signed medical authorization by **August 15th**."

## ARGUMENT

6. According to Fed. R. Civ. P. 72(a), "The district judge in the case *must* consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Notice that this sentence uses the word "must," not "may." Therefore, the overriding of legal errors or abuses of discretion on the part of the Magistrate Judge is mandatory, not discretionary.

7. P.K. Holmes, the presiding judge in this case, must amend the order the Magistrate Judge as requested in Paragraph #2 of the Motion that this Brief supports, for all of the following reasons:

8. First, the Magistrate Judge had no jurisdiction to entertain the motion, as the motion was

---

1 For the record, why did he include an apostrophe, here? An apostrophe at the end of a plural noun is usually supposed to signify possession of an object or authorship of a document (e.g. "the Plaintiff's motion"), so why is he doing that here?

not properly before the Court. The Defendants had failed to make good faith attempts to resolve the discovery dispute without court action. Their failure to dispute these allegations in a Reply to Plaintiff's Response constitutes a acceptance of the allegations' truth, pursuant to the legal maxime *qui tacet consentiture videture*. Therefore, the motion was not properly before the court, and therefore, was officially never filed in the first place. This means that, officially, the magistrate judge raised the issue *sua sponte*, which he lacks jurisdiction to do.

9. Furthermore, the merits of the motion were frivolous, and the Magistrate Judge's reasoning should be tossed out with gusto. If the Magistrate Judge's reasoning were allowed to prevail, this would effectively create a dilemma for all future persons who feel they have had their rights under the Americans with Disabilities Act violated. If they filed a lawsuit pursuant to it, then win loose or draw, they would automatically forfeit their right to medical privacy altogether, not just to the extent that it is relevant to their ADA discrimination claim. They would subsequently become discouraged from filing their suit due to the consequences thereof. Even if they are ultimately victorious, this victory would come at a terrible price, since the person's deepest, most embarassing medical secrets (the things that he only told to his doctor *because* he was statutorily guranteed secrecy) would then be on public record for everyone in the whole wide world to see!

10. Section 503[2] of the Americans with Disabilities Act clearly evidences a public policy of the exact opposite. That section clearly evidences that it is the policy of the United States that people who feel that their rights under the ADA have been violated should be free to seek enforcement of their rights without fear of consequences.

11. Therefore, not only should the Magistrate Judge's order be vacated for lack of jurisdiction, but should also be overturned as being against public policy (both as a matter of

---

[2] Which prohibits retaliation for having filed such a suit, or assisted in same.

privacy and as a matter of ADA law); the Defendant should subsequently be ordered to only request medical records which are directly related to Plaintiff's diagnosis and treatment of Asperger Syndrome.

## NON-EXCLUSIVITY OF MOTION

12. Just because other parts of the Magistrate Judge's order are not being addressed in this motion, that does not mean that Plaintiff concedes to the decisions rendered in the other parts. Merely, because of the time-sensitive nature of this specific issue (see Paragraph #3 of the Motion that this Brief supports), Plaintiff is sending it ahead of the rest of the objections.

Plaintiff will provide a motion to amend the remainder of the Magitrate Judge's order, but because the remaining issues are not time-sensitive, Plaintiff will take his time and make thorough arguments as to why they should be overridden.

## CONCLUSION

13. Wherefore, premises considered, Plaintiff respectfully requests that the Emergency Motion to Amend Magistrate Judge's Order be granted, costs incurred be awarded, and other relief that the Court finds appropriate.

14. It is so requested on this 1st day of August, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com