IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                         PLAINTIFF

v.                                   No. 3:12-cv-03022

BOONE COUNTY, ARKANSAS; and
SHERIFF DANNY HICKMAN, in his official capacity                    DEFENDANTS

**ORDER**

Currently before the Court are the following:

- Plaintiff David Stebbins's objections (Doc. 89) to an order (Doc. 82) entered by Chief U.S. Magistrate Judge James R. Marschewski's granting Defendants' first motion (Doc. 32) to compel, brief in support (Doc. 88), Defendants' response (Doc. 94), and Stebbins's reply;

- Stebbins's motion (Doc. 90) to amend Magistrate Judge Marschewski's order (Doc. 82) in other respects not addressed in Stebbins's earlier-filed objections (Doc. 89) and brief in support (Doc. 91);[1]

- Stebbins's motion (Doc. 95) for mental evaluation; and

- Stebbins's motion (Doc. 96) to disqualify magistrate judge and brief in support (Doc. 97).

The Court will take up each issue in turn.

**I.   Objections (Doc. 89)**

---

[1] The Court notes that this motion will also be treated as objections to the Magistrate's order pursuant to Federal Rule of Civil Procedure 72(a).

-1-

Currently before the Court are Plaintiff David Stebbins's objections (Doc. 89) to an order entered by Chief U.S. Magistrate Judge James R. Marschewski's order (Doc. 82) granting Defendants' motion to compel and ordering Stebbins to provide defendants with information regarding his medical condition, including a signed medical authorization. Stebbins objects that the motion to compel was not properly before the Court, as Defendants did not confer with him in good faith before filing it. Stebbins also objects that any medical disclosures should be limited to information related to Stebbins's diagnosis and subsequent treatment of Asperger Syndrome. Defendants filed a timely response (Doc. 94) to Stebbins's objections.

When a magistrate judge enters an order on a nondispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court finds that the magistrate's order compelling Stebbins to respond to Defendants' request regarding his medical condition was neither clearly erroneous nor contrary to law.

Local Rule 7.2(g) states, in relevant part, that all motions to compel discovery "shall contain a statement by the moving party that the parties have conferred in good faith . . . If any motion lacks such a statement, that motion *may* be dismissed summarily for failure to comply with this rule." (emphasis added). The rule leaves it in the sound discretion of the Court as to whether a discovery-enforcement motion should be dismissed solely for failure to comply with the rule. Judge Marschewski did not clearly err or act contrary to law in exercising his discretion to entertain Defendants' motion notwithstanding their failure to confer with Stebbins prior to filing the motion.

Furthermore, Stebbins has put his medical condition at issue by filing this case. Any medical records regarding Stebbins's Asperger Syndrome are certainly relevant to his claim under the Americans with Disabilities Act ("ADA"). And the Court cannot find that Judge Marschewski clearly erred in concluding that Stebbins's medical records, in general, were discoverable based on Stebbins's ADA claim. Generally, consideration of an ADA claim will necessarily require analysis of intimate and otherwise private details of a plaintiff's medical history in order to ascertain, for instance, the extent of any disability alleged, how and whether any major life activities are affected by the disability, and in what manner the plaintiff's disability may be reasonably accommodated in a given situation.

Stebbins's medical history in general may also be relevant to any claims that he suffered damages, including emotional distress and mental anguish, as a result of Defendants' actions. Although Stebbins argues that his mental and emotional injuries are axiomatic, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Therefore, to the extent that Stebbins seeks "one thousand dollars per incident of violation of my rights for a combination of emotional distress, mental anguish, and loss of enjoyment of life," and to the extent that he alleges any prior physical injury that would allow for such a claim, Stebbins has again put his medical condition at issue. The Court notes that, to the extent Stebbins does not allege a prior physical injury or sexual act, any claims for mental or emotional damages suffered while in custody will likely not be cognizable.

The Court had stayed, by text order dated August 7, 2013, Judge Marschewski's order (Doc.

82) only insofar as it directed Stebbins to provide Defendants with the information requested in Defendants' first motion to compel and a signed medical authorization by August 15, 2013. Having now found no clear errors in Judge Marschewski's order granting Defendants' first motion to compel, the Court ORDERS Mr. Stebbins to provide Defendants with the information requested in Defendants' first motion to compel, as well as a signed medical authorization, by September 6, 2013. Stebbins is advised that failure to timely and appropriately comply with this order may result in dismissal of his case.

## II.     Second Objections/Motion to Amend (Doc. 90)

The Court has reviewed Stebbins's motion to amend the Magistrate's order. Stebbins objects to numerous findings of the magistrate. The Court does not find, however, that Magistrate Judge Marschewski's findings or rulings were clearly erroneous or that Magistrate Judge Marschewski acted contrary to law. The Court overrules Stebbins's objections to the Magistrate's order and, therefore, DENIES Stebbins's motion (Doc. 90) to amend.

The Court notes, specifically as to the subpoena issue, that Stebbins objects that Judge Marschewski's order will prevent him from taking depositions as it denies him the ability to issue subpoenas. Stebbins's motion (Doc. 78) for subpoenas, however, requests that the people he lists "be called to testify in my favor," indicating that Stebbins wished to have them subpoenaed for trial. Judge Marschewski interpreted the motion consistent with that indication, stating "Plaintiff asks the Court to subpoena various witnesses to testify at his hearing or trial," and only denying the motion as premature. The order does not prevent Stebbins from appropriately subpoenaing a witness for purposes of taking a deposition.

**III.     Motion for Mental Examination (Doc. 95)[2]**

Stebbins moves the Court to order that he undergo a mental examination, pursuant to Federal Rule of Civil Procedure 35 as an alternative to giving Defendants access to his medical records. Stebbins requests the examination subject to a string of very specific conditions. First, the Court will not order an examination upon the terms that Stebbins attempts to mandate. Second, Stebbins's current mental condition is not at issue. Stebbins has put at issue his mental condition at the time he was incarcerated. Third, an examination under Rule 35 would still make Stebbins prior medical records, at least as to reports regarding his Asperger's Syndrome, discoverable by the Defendants. Rule 35(b)(1) provides that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, *together with like reports of all earlier examinations of the same condition*." The Court finds, therefore, that Stebbins's motion (Doc. 95) for mental examination should be, AND HEREBY IS, DENIED.

**IV.     Motion to Disqualify Magistrate Judge (Doc. 96)**

Stebbins moves the Court, for the second time, to disqualify Magistrate Judge Marschewski. Stebbins's basis for disqualification is, essentially, that he disagrees with Magistrate Judge Marschewski's reasoning and findings. Stebbins also finds fault with the timeliness of Judge Marschewski's rulings. The Court does not find that the grounds cited by Stebbins set forth a legitimate basis mandating disqualification of Judge Marschewski. The Court finds, therefore, that Stebbins's motion (Doc. 96) to disqualify magistrate judge should be, AND HEREBY IS, DENIED.

---

[2] This motion was docketed as a motion and, as the case is currently referred to Magistrate Judge Marschewski, the motion was automatically referred to Judge Marschewski. This motion, however, is embedded in and related to Mr. Stebbins's reply in support of his objections to Judge Marschewski's previous order. The Court will therefore take up this motion instead of having Judge Marschewski take it up on referral.

If at any time Judge Marschewski himself has reason to believe that disqualification is warranted pursuant to 28 U.S.C. § 455, he can recuse himself from this matter without the necessity of a motion being filed by either party.

  **IT IS SO ORDERED** this 28th day of August, 2013.

                /s/ P. K. Holmes, III
                P.K. HOLMES, III
                CHIEF U.S. DISTRICT JUDGE