# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**DAVID STEBBINS**                                                      **APPELLANT**

VS.                          CASE NO. 13-8030

**BOONE COUNTY, AR**                                                    **APPELLEE**

## PETITION FOR PERMISSION TO APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition for permission to appeal, pursuant to Fed. R. App. P. 5.

### THE FACTS

1. On February 17, 2012, Appellant filed a *pro se* lawsuit against Appellee, claiming civil rights violations and failure to accommodate Appellant's Asperger Syndrome in violation of the Americans with Disabilities Act. This case was given Case No. 12-3022.

2. Appellee immediately issued a request for production to Appellant, demanding that Appellant sign a waiver allowing them to review all of his medical records, regardless of relevance.

3. Appellant objected to the discovery request, claiming doctor-patient privilege.

4. Appellee, without attempting to resolve the discovery dispute without court action, moved to compel discovery, simply stating that, because Appellant had filed a disability discrimination lawsuit, his medical condition was in question.

5. Appellant filed a response in opposition to the above-stated motion, claiming two things:

   (a) Appellee had failed to attempt to resolve the dispute without court action, and thus, the motion is not properly before the court, and

   (b) The discovery request was too broad. Appellant would gladly cooperate in providing documentation of his being diagnosed with Asperger Syndrome, but anything beyond that was not relevant to the instant case, and thus, still protected by the doctor-patient privilege.

6. The District Court, despite admitting to the lack of evidence of attempt by Appellee to resolve the dispute without court action, nevertheless proceeded with disposing of the issue on the merits.[1]

7. The Magistrate Judge, despite acknowledging the argument contained in Paragraph 5(b)[2] of this Petition, nevertheless stated that the motion to compel would be granted, simply because Appellant's "medical condition" is an issue in the case, completely ignoring the fact that proof of Plaintiff's Asperger Syndrome can be obtained by much less invasive means (such as... a medical records disclosure limited only to that subject matter).[3]

8. The Magistrate Judge subsequently denied all of Plaintiff's discovery requests. Plaintiff made objections to the Magistrate Judge's findings, but Judge P.K. Holmes overruled Plaintiff's objections without comment.

9. Plaintiff filed an objection to the Magistrate Judge's order, but the District Court Judge, P.K. Holmes, denied the objection with little comment, simply adopting the logic of the Magistrate Judge and paying no heed to the arguments contained in Plaintiff's objection. He subsequently ordered Plaintiff to provide all of his medical records within only a week, threatening dismissal of the entire action if Plaintiff does not comply.

10. Plaintiff also filed a motion to once again disqualify Magistrate Judge James R. Marchewski, alleging the following:

    (a) His consistent failure to rule on motions until a petition for writ of mandamus is filed showed a pattern of behavior on his part.

    (b) Holding Plaintiff to numerous double standards.

    (c) Completely disregarding Plaintiff's right to medical privacy.

---

[1] "While it is true that Defendants' did not attach to their motion any letters or other materials to substantiate their efforts to work this dispute out, the Court will nevertheless proceed with disposing of the motion on its merits."

[2] "Plaintiff objects... on the grounds that he believes the requests should be limited to those records related to his diagnosis of Asperger's Syndrome or treatment of same."

[3] "Plaintiff has brought a claim under the Americans with Disabilities Act.... This has put his medical condition at issue. Plaintiff is directed to provide Defendants with the information sought and with a signed medical authorization by **August 15th**."

(d)   Usurping the power of jury to try disputed facts.

11.   Judge Holmes denied these issues without comment, saying that Plaintiff merely "disagreed" with the Magistrate Judge (even though Plaintiff was clearly arguing that the Magistrate Judge was *usurping his authority*, not merely just that Plaintiff disagreed with him).

## QUESTIONS PRESENTED

12.   Does the District Court have jurisdiction to determine the merits of a motion to compel discovery when the movant has not made reasonable attempts to resolve the dispute without court action?

13.   Does the mere filing of an ADA discrimination lawsuit cause the plaintiff in said case to waive any and all rights to medical privacy, regardless of relevance to the ADA case?

## RELIEF SOUGHT

14.   Appellant seeks both of the following reliefs:

(a)   Vaction of the Order granting the Defendant's motion to compel, for want of jurisdiction to hear the improperly-filed motion.

(b)   Reversal of the District Court's order commanding Appellant to disclose ALL of his personal records, even those which have no relevance to an ADA case (even if the relief requested in Sub-Paragraph (a) is granted, this relief should still be granted so that the District Court will know of the correct way to dispose of the motion once the motion really is properly before the Court).

(c)   Reversal of the main judge's order overruling Plaintiff's objections to the rest of the Magistrate Judge's denial of Plaintiff's access to discovery materials.

(d)   Reversal of the Court's order denying Plaintiff's motion to disqualify magistrate judge.

## WHY THIS PETITION SHOULD BE GRANTED

15.   The appropriateness of interlocutory appeals is governed by the case of *Lauro Lines v.*

*Chasser*, 490 US 495 (1989), where the Supreme Court held that, to fall under the exception of the final judgment rule, "an order must satisfy at least three conditions: It must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."

16. All three of these criteria are present in the instant case.

### Conclusive determination for the disputed question(s).

17. The Court has conclusively determined that it has discretion to entertain a motion that is not properly before it.

18. The Court has also conclusively determined that any medical privacy whatsoever is inappropriate in a disability discrimination case.

19. The Court has used some sort of logic (they didn't specify what logic they were using) to conclude that the Defendant is not required to actually lift a finger to cooperate with discovery, but Plaintiff is.

20. The Court has also conclusively determined that the Magistrate Judge is not biased against Plaintiff.

### Collateral to merits

21. The discovery issues are collateral to the merits of the action. These do not independently dispose of any action; they are only to be used as evidence. Plaintiff's ability to prosecute his claim is dependent on his obtaining of this discovery, but this discovery is not *the case that is being filed*.

22. This is especially true with the problem of Plaintiff's medical records. Plaintiff's whole argument as to why he shouldn't be forced to provide them is that they have no bearing whatsoever on this case.

23. The Court's order denying Plaintiff's Motion to Disqualify Magistrate Judge is also collateral to the merits; it concerns, not whether or not the Defendants had wronged Plaintiff, but

whether or not Plaintiff was getting a fair trial and hearings with an impartial judiciary.

### Inability to review on final appeal

24. These matters cannot be reviewed if they are not reviewed immediately.

25. For the medical privacy issue, if Plaintiff were to wait for a final judgment before appealing this issue, it would be too late; the Defendants would still have all of Plaintiff's most intimate and embarrassing medical secrets. Even if the Defendant can be ordered to burn them, you can destroy the Defendants' memories of what the records contained.

26. Plaintiff cannot challenge his right to an impartial judiciary on a final appeal. Well, technically he could, but he would still be heavily prejudiced. A lot of damage can be done if a biased judge is allowed to finish prejudicing Plaintiff before his actions are reviewed, and a lot of that damage may in fact be irreparable (such as, for example, the above-stated medical privacy issue).

27. Last but not least, the rest of the discovery is effectively unreviewable. Keep in mind, a good chunk of discovery is extremely time-sensitive (such as the camera footage that was requested). This means that, with every second that ticks by where Plaintiff cannot obtain his discovery, there's no telling what else is slipping through Plaintiff's fingers. Only an immediate review can protect Plaintiff from that kind of injury.

### CONCLUSION

28. Wherefore, premises considered, Plaintiff respectfully requests that this Petition for Leave to Make an Interlocutory Appeal be granted. So requested on this 30th day of August, 2013.

/s/ David Stebbins
David Stebbins
123 W Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**United States Court of Appeals**
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

September 05, 2013

Mr. David Anthony Stebbins
Apt. D
123 W. Ridge Street
Harrison, AR  72601

  RE: 13-8030 David Stebbins v. Boone County, AR

Dear Mr. Stebbins:

  A petition for permission to appeal has been filed under the caption and miscellaneous case number shown above.

  The Clerk of the United States District Court is being notified of the filing of the petition. If the petition is granted, petitioner must pay the district court all required fees. Please refer to Federal Rule of Appellate Procedure 5 and the applicable statutory sections for further guidance and information.

                Michael E. Gans
                Clerk of Court

BNS

Enclosure(s)

cc: Mr. Christopher R. Johnson
   Mr. Jason E Owens
   Mr. Geoffrey Thompson

   District Court/Agency Case Number(s): 3:12-cv-03022-PKH

**Caption For Case Number: 13-8030**

David Anthony Stebbins

        Petitioner

v.

Boone County, Arkansas

        Respondent

**Addresses For Case Participants:   13-8030**

Mr. David Anthony Stebbins
Apt. D
123 W. Ridge Street
Harrison, AR  72601

Mr. Christopher R. Johnson
U.S. DISTRICT COURT
Western District of Arkansas Clerk's Office
Suite 510
35 E. Mountain Street
Fayetteville, AR  72701-5354


Mr. Jason E Owens
RAINWATER & HOLT
6315 Ranch Drive
P.O. Box 17250
Little Rock, AR  72222-7250

Mr. Geoffrey Thompson
RAINWATER & HOLT
6315 Ranch Drive
P.O. Box 17250
Little Rock, AR  72222-7250