U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 1 6 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                    **PLAINTIFF**

**VS.**                        **CASE NO. 12-3022**

**BOONE COUNTY, AR**                              **DEFENDANTS**

### MOTION FOR PROTECTIVE ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion

for protective order against the limited medical authorization pursuant to FRCP 26(c).

1.      This Court has ordered Plaintiff to fill out the limited medical authorization form

provided by the Defendant.

2.      On the evening of September 11, 2013, Plaintiff attempted to pull the form off of Pacer,

but experienced technical difficulty when attempting to print it.

3.      At approximately 11AM on September 12, 2013, Plaintiff contacted Defense Counsel and

requested a copy of the form to be emailed to Plaintiff so he could print it without the technical

difficulty he experienced on Pacer.  Defense Counsel agreed to do this.

4.      Plaintiff also tried to ask Defense Counsel another question: In the upper righthand corner

of the form, Plaintiff noticed that the form asked for "Health Care Provider."  Plaintiff asked

what that meant; for example, did it ask for the name of Plaintiff's current general physician?

Because, if that is what is being requested, Plaintiff has not had a general physician since the

year 2008 (unless you count Northwest Arkansas Regional Medical Center, where Plaintiff goes

for walk-in treatment), due to the high costs of medical care which Obama Care is designed[1] to

combat.

5.      This is where it got strange.  When Plaintiff asked that question, Defense Counsel

---

1   Even if you are skeptical as to whether or not it will be effective, you cannot deny that it is DESIGNED to
combat high health care costs

proceeded to speak *in another language*! Literally, Plaintiff could not discern a single word Defense Counsel was saying; it was almost as if the man was simply saying "Bloo paba klacka tocka pucki."

6.     Plaintiff had the conversation recorded, but more technical difficulties prevents Plaintiff from producing this email recording.

7.     Frustrated at the random gibberish that Defense Counsel was spitting out, Plaintiff asked more sternly "*What information are you requesting in that field*?!" Defense Counsel simply stated that Plaintiff should not "raise his voice."

8.     He then had the audacity to ask Plaintiff "What are you asking?" As if the question spoken of in Paragraph #7 was not already reasonably clear.

9.     After this phone call, when Plaintiff realized that the recording had failed, he wrote an email to Defense Counsel (hereto attached as Exhibit A) asking the questions again, so that he could have proof that the Defense Counsel was not cooperating with Plaintiff. As of the time of this printing, Defense Counsel has not responded to this email.

10.    Plaintiff has indeed managed to locate a copy of the medical authorization form that he already possessed, and thus no longer needs the attachment emailed to him. However, there is still the problem of Plaintiff not knowing what information to put in the "Health Care Provider" field.

11.    Plaintiff has submitted the form to the Defense Counsel, providing as much information as he could. Because the Defense Counsel would not cooperate with Plaintiff in explaining how to fill out the form completely, Plaintiff moves the court, pursuant to Fed. R. Civ. P. 26(c), for a protective order against any Rule 37 sanctions which the Defendant may move for pursuant to this lack of explanation.

12.     Furthermore, if the Defense Counsel finally wishes to abandon its bad faith and provide an explanation as to what information was supposed to be included there, and wishes for Plaintiff to resend form, then the Defendant should be ordered to provide Plaintiff with a prestamped envelope so that it can be resent at no additional cost to Plaintiff (since it is Defendant's[2] fault that the resending was even necessary, due to their counselor's failure to provide Plaintiff with the requisite information, it should be their burden to fix the problem).

Wherefore, premises considered, Plaintiff respectfully requests that the above-requested relief be granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

---

2   See *Comiskey v. JFTJ CORP.*, 989 F. 2d 1007, 1010 (8th Cir. 1993) ("A [party] chooses counsel at his [or her] peril... It is a well-established principle that a party is responsible for the actions and conduct of his [or her] counsel")

**Subject:** "Health Care Provider"

**From:** David Stebbins (stebbinsd@yahoo.com)

**To:** thompson@rainfirm.com;

**Date:** Thursday, September 12, 2013 11:24 AM

Ms. Thompson,

Let's try this one more time:

When the health care authorization form asked, in the upper right hand corner, for me to list my "Health Care Provider," what information are you asking for?

Because, if you're asking for the identity of my current general care practitioner, well ... I don't have one right now, and I haven't ever since the year 2008, because health care is so expensive.

So, what exactly do you want me to fill in?

Sincerely,
David Stebbins

P.S. the form that you said you would email to me can simply be provided as an attachment to your response to this email.

*Exh. A*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                    **PLAINTIFF**

**VS.**                          **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                            **DEFENDANTS**

### CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, do hereby certify that the following documents …

- Limited Medical Authorization (subject to the conditions contained in the enclosed Motion for Protective Order).

- Second Set of Discovery Requests

- Explanation for Second Set of Discovery Requests

… were all served on the Defense Counsel by mailing copies thereof to 6315 Ranch Dr., Little Rock, AR 72223 on the 12th day of September, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com