IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                    PLAINTIFF

v.                                        Case No. 3:12-CV-03022

BOONE COUNTY, ARKANSAS; and
SHERIFF DANNY HICKMAN, in his official capacity                  DEFENDANT

**O R D E R**

Currently before the Court is the Report and Recommendation (Doc. 84) filed in this case on August 1, 2013, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas.  Also before the Court are Plaintiff's objections (Doc. 92).  For the reasons stated below, the Court ADOPTS the Report and Recommendation and finds that Plaintiffs' motions for partial summary judgment should be denied, and Defendants' partial motion for judgment on the pleadings should be granted.

The Court has conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), as to Mr. Stebbins's objections, and finds as follows:

Mr. Stebbins alleges that on January 15, 2012, he managed to find a place to stay at the Hotel Seville, satisfying a condition of his bond. Mr. Stebbins alleges that "in an attempt to keep Mr. Lawsuit in jail, they would not let me bond out.  At first, they said it was because I had not secured medical treatment, which was a second condition of my bond."  (Doc. 1, p. 15).  Mr. Stebbins then alleges that, when jail administrator Jason Day came back after the weekend, he "knew right off the bat that I was supposed to secure medical treatment after I bond."  *Id.*  Mr. Stebbins then called the Hotel Seville again and was told that its policy had changed and he would be required to pay three

-1-

months in advance.  The hotel reserved him a spot for February 1, but later learned that he was in jail for a violent offense and canceled the room reservation.

Mr. Stebbins objects to the Magistrate's finding that the record could establish, at most, negligence in the jailers' failure to allow Mr. Stebbins to bond out after he allegedly secured a place to stay.  Mr. Stebbins argues that a jury should determine whether the jailers acted with negligence or with malice and that Defendants should not be granted judgment on the pleadings on the bond issue.

For purposes of determining whether Defendants are entitled to judgment on the pleadings, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences from the complaint in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).  Even though a court must assume that well-pleaded factual allegations contained in a complaint are true when evaluating a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  In evaluating a motion for judgment on the pleadings, which is analyzed using the same legal standards as a motion to dismiss, a court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

The Court is not obligated to accept as true Mr. Stebbins's conclusory allegation that "they" (presumably the jail staff on duty over the weekend) would not let him bond out because they wanted

-2-

to keep "Mr. Lawsuit" in jail.  Mr. Stebbins alleges that he was told he could not bond out because he had not secured medical treatment.  Mr. Stebbins also concedes that securing treatment was a condition of his bond.  Indeed, the bond order evidences that finding a place to stay was not the only condition of Mr. Stebbins being allowed to bond out.  Two other conditions were ordered by the state court judge: "(2) under care of Human Resources of Ark. or other treatment facility, (3) Make appointment for forensic eval."  (Doc. 62-1, p. 3).

Given the content of the state court order, it does not appear that the jail staff was even negligent in applying the state court order, much less acting in an unconstitutional manner.  However, even if the Court were to assume that the weekend jail staff acted with malice in refusing to allow Mr. Stebbins to bond out, Defendants would still be entitled to judgment on the pleadings on this claim.  The only two defendants in this case are Boone County and Sheriff Hickman, in his official capacity only.  A suit against an officer in his official capacity is equivalent to a suit against the County itself.  *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).  Boone County may be held liable for the unconstitutional acts of its officials when there is a causal connection between a County policy or custom and the alleged unconstitutional act.  *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013).  Even assuming that an unconstitutional act occurred when jail staff denied Mr. Stebbins bond for two days over a weekend, Mr. Stebbins has not pleaded that jail employees were acting in accordance with any County policy or custom in denying him bond.  *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24 (1991) (an isolated incident of misconduct is insufficient to establish municipal policy or custom, and an unconstitutional city policy or custom, conflicting with official policy, cannot be inferred from a single occurrence).  Defendants are, therefore, entitled to judgment on the pleadings on this claim.

Mr. Stebbins next objects to the Magistrate's recommendation that Defendants should be entitled to judgment on the pleadings as to Mr. Stebbins's claims that a jail policy requiring inmates to treat jail officers with respect and courtesy unconstitutionally infringed on Mr. Stebbins's rights to free speech as a pretrial detainee.  The Supreme Court has stated, in considering First Amendment rights of pretrial detainees, as follows:

> [T]he problems that arise in the day-to-day operations of a corrections facility are not susceptible of easy solutions.  Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.  Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.

*Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (internal citations omitted).  The Supreme Court then went on to find that a limited restriction on the ability of inmates, including pretrial detainees, to receive hardback books was a "rational response by prison officials to an obvious security problem." *Id*. at 550.  Because there was no evidence in the record to indicate that prison officials had exaggerated their response to the security problem and to administrative difficulties imposed by the necessity of carefully inspecting each book mailed from unidentified sources, the Court found that "the considered judgment of [the prison officials] must control in the absence of prohibitions far more sweeping than those involved here."  *Id.* at 551.

The Court finds that the policy at issue here, requiring inmates to treat jail officers with courtesy and respect, is a limited restriction that represents a rational response by prison officials to an obvious security problem.  Giving due deference to the prison administrators' adoption of this policy, Mr. Stebbins has not pleaded sufficient facts that would indicate that prison officials

exaggerated their response to a security problem.  It is certainly rational to limit disrespectful treatment of prison officers.  To allow disrespectful behavior would put prison officers in a precarious position.  If inmates, including pretrial detainees, were allowed to disrespect officers as they pleased, discipline, order, and security would be seriously undermined.  Because Mr. Stebbins has not alleged any specific violation of his rights resulting from application of the policy, it appears he is simply generally challenging the policy on its face.  Because the Court can imagine no set of facts that would overcome the deference to be afforded the prison administrators in enacting this policy, the Court finds that Defendants are entitled to judgment on the pleadings on this claim.

The Court finds that Mr. Stebbins's objections to the Magistrate's report and recommendation in regard to his third partial motion for summary judgment are wholly without merit, and the Court adopts the Magistrate's findings on this issue in full.  The Court notes, additionally, that even if Defendants did not raise the specific grounds for dismissal cited by the Magistrate in his report and recommendations, the Court shall, in any event, "on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of [Title 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted."  42 U.S.C. §1997e(c)(1).

Also pending before the Court is Mr. Stebbins's motion (Doc. 102) for protective order.  The motion is premature.  If Defendants find fault with what Mr. Stebbins has provided them, they can file an appropriate motion to compel or for sanctions.  Mr. Stebbins will then be afforded the opportunity to respond to any such motion that may be filed.  As such, Mr. Stebbins's motion will be denied.

Finally, the Court notes that Mr. Stebbins has been previously admonished, on more than one occasion, that the Court expects all litigants, including those proceeding *pro se*, to behave themselves with proper decorum and civility.  Mr. Stebbins included, in his most recent objections, a profane exclamatory statement, set off in enlarged, bold, underlined font, directed against the Magistrate. Mr. Stebbins is advised that the Court will strike future pleadings containing any profanity or similarly disparaging comments or statements directed towards the Court, Court staff, or other litigants.  Mr. Stebbins is again cautioned that, as a litigant in this Court, he is expected to behave with appropriate civility, no matter his personal opinion of the Court or other litigants, and no matter how strongly that opinion is held.  Mr. Stebbins is again advised that failure to behave in a proper manner may result in stricter sanctions being imposed on Mr. Stebbins or further restrictions or conditions placed on his ability to make filings or informal communications with the Court.

For all the reasons set forth above, IT IS ORDERED that the Report and Recommendation (Doc. 84) is ADOPTED to the full extent it does not conflict with the Court's findings and reasoning set forth herein.

IT IS FURTHER ORDERED that Plaintiffs' motions (Docs. 38, 41, and 44) for partial summary judgment are DENIED.

IT IS FURTHER ORDERED that Defendants' motions for partial judgment on the pleadings (Docs. 60, 63, and 66) are GRANTED.  Additionally and alternatively, the Court finds that Plaintiffs' claims regarding (1) jail officials' failure to let Mr. Stebbins bond out; (2) jail policy requiring respect and courtesy; and (3) jail's requirement that Mr. Stebbins clean his own cell and take turns cleaning the day room are all DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, pursuant to 42 U.S.C. § 1997e(c)(1).

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 102) for protective order is DENIED.

IT IS SO ORDERED this 18th day of September, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE