U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
OCT 01 2013
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                            **PLAINTIFF**

VS.                               **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                         **DEFENDANTS**

## MOTION TO CLARIFY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for this Court to clarify some vague language in its scheduling order.

1. On September 26, 2013, this Court entered a scheduling order, setting the evidenciary hearing in this case to March 5, 2013.

2. In its order, the Court made the following statement:

   **"As Plaintiff is proceeding *pro se* and *in forma pauperis*, the Court will issue all subpoenas and writs on the Plaintiff's behalf. However, no subpoenas or writs may be issued unless Plaintiff provides a <u>timely</u> response to this order."**

3. Plaintiff asks the Court to clarify the following points:

   (a) What kind of "response" do you demand? A Petition for Issuance of Subpoenas? If so, does this mean that you have changed your mind when you previously stated that Plaintiff should request subpoenas only one month before trial? And if that is the case, what caused you to change your mind?

   (b) What constitutes a "timely" response? You underlined that word, so obviously you wish to emphasize it. But... what exactly is the deadline for filing whatever it is you want Plaintiff to file (as set forth in sub-paragraph A)?

   (c) You mention that Plaintiff is proceeding *in forma pauperis*, which he is, but the Court makes it seem as if that in some way influences the Court's decision to take up issuing subpoenas. According to Plaintiff's interpretation of Fed. R. Civ. P. 45(a)(3), the mere

fact that Plaintiff is *pro se* – IFP or otherwise – means that the Court (that is... the entire court system, including the Clerks' Office) must take up the duty of issuing subpoenas. By mentioning Plaintiff's IFP status, does the Court mean to state that it will also take up the duty (and, by proxy, the costs thereof) of *serving* the subpoenas under FRCP 45(b), as well as *issuing* them under Rule 45(a)(3)? It would certainly make sense, since the *in forma pauperis* statute was in an of itself created out of a public policy that costs should not bar a litigant from obtaining justice, and so issuing (and subsequently serving) subpoenas on a poor person's behalf would certainly be in furtherance of this policy, but Plaintiff asks the Court to state, without ambiguity, whether or not that is this Court's current intention. If it is not the Court's current intention, then why *did* the Court feel the need to reiterate that Plaintiff is proceeding *in forma pauperis*?

4. Please answer these questions A.S.A.P.

Wherefore, premises considered, Plaintiff requests that these issues be clarified, and hopefully in Plaintiff's favor. It is so requested on this 30th day of September, 2013.

*(signature)*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 2601
870-204-6516
stebbinsd@yahoo.com