IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                PLAINTIFF

        v.                      Civil No. 12-3022

BOONE COUNTY, ARKANSAS;
and SHERIFF DANNY HICKMAN                            DEFENDANTS

**ORDER**

Pending before me are the following motions filed by the Plaintiff: (1) a motion for entry of judgment under Rule 54(b)(Doc. 104); (2) a motion to clarify (Doc. 107); and (3) a renewed motion to join parties. The motions will be addressed in turn.

**Motion for Entry of Judgment** (Doc. 104)

By order (Doc. 103) entered on September 18, 2013, all claims regarding the jail officials' failure to let Plaintiff bond out, the jail policy requiring respect and courtesy, and the jail's requirement that Plaintiff clean his own cell and take turns cleaning the day room were dismissed. Plaintiff asks for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Rule 54(b) provides in relevant part as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, cross claim, or third-party claim or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claim or parties, and may be revised at any time before the entry of judgment adjudicating all the claims all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

AO72A
(Rev. 8/82)

"Rule 54(b) certifications must, either in express words or by unmistakably clear implication, contain the findings specifically required by the rule." *Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 59-60 (8th Cir. 1987). "The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." *Orion Financial of S.D. v. American Foods Group*, 201 F.3d 1047, 1049 (8th Cir. 2000).

Before granting the certification, the court must consider the equities involved and take into account judicial administrative interests in an effort to prevent piecemeal appeals. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Applying these principles, the Court declines to issue the necessary certification. The certification would result in piece meal appeals and would not in anyway simply the claims remaining before the court. Further, this matter is set for hearing in March of 2014. The motion (Doc. 104) is denied.

**Motion to Clarify** (Doc. 107)

Plaintiff asks for clarification of the provision in the scheduling order dealing with the issuance of subpoenas or writs. This provision states: "As Plaintiff is proceeding *pro se* and *in forma pauperis*, the Court will issue all subpoenas and writs on the Plaintiff's behalf. However, no subpoenas or writs may be issued unless Plaintiff provides a timely response to this order."

Plaintiff asks the following questions: what type of response is expected; what constitutes a timely response; and whether the Plaintiff proceeding *in forma pauperis* influences the Court's decision. The Plaintiff may file a motion for issuance of subpoenas and writs or file a response to the scheduling. The important aspect of whatever document Plaintiff files is that it contain: the name; address; identification (for example, mother of plaintiff); prisoner number (if witness

is a prisoner and number is known); and a very brief description of expected testimony and length of time of expected testimony.

With respect to the timeliness of the request, Plaintiff should file his request thirty days prior to the hearing date. The reason the word timely is underlined is to stress the fact that there must be sufficient time for the Court to rule and the United States Marshal Service to serve the subpoenas.

With respect to the Court's inclusion of a reference to Plaintiff's *in forma pauperis* status, this means the Court will issue, serve, and bear the cost of all writs and subpoenas. The Court issues the process for those proceeding *pro se* but not *in forma pauperis* but the party is responsible for service and all fees associated with it. To the extent set forth above, the motion to clarify (Doc. 107) is granted.

**Renewed Motion to Join Parties** (Doc. 108)

Plaintiff has filed a motion to join the State of Arkansas as a party in this action. He maintains the State's officers, particularly the prosecuting attorneys) were co-conspirators along with the County in an attempt to persecute him for his lawsuit.

The motion (Doc. 108) is denied. This case is simply too far along for the Court to allow Plaintiff to add new parties and claims. The parties have engaged in discovery, summary judgment motions have been filed and ruled on, and the case is set for a hearing.

IT IS SO ORDERED this 29th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)