IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                        **PLAINTIFF**

VS.                                            NO. 12-CV-3022

**BOONE COUNTY ARKANSAS, ET AL.**                         **DEFENDANTS**

## DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The Boone County Defendants state in response to the Second Interrogatories as follows:

<u>INTERROGATORY NO. 1</u>: What is the full name (first, middle, and last), home address and home telephone number for your former employees, Jason Jones and Jason Beathky.

<u>ANSWER</u>: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. Furthermore, Plaintiff is requesting information that is personal, private and sensitive in nature.

<u>REQUEST FOR PRODUCTION NO. 1</u>: Produce all records which document the termination of employment - which purportedly happened on February 2013 - for the above mentioned former employees.

<u>ANSWER</u>: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. Furthermore, Plaintiff is requesting information that is personal, private and sensitive in nature. Without waiving said objection, Defendant states that neither Jason Jones not Jason Beathky were terminated. Both employees resigned their positions to take new jobs.

<u>INTERROGATORY NO. 2</u>: Pursuant to the attached explanations, describe in as much detail as possible, the standard procedure for investigating allegations of misconduct that inmates make against jail guards, and for disciplining jail guards if violations are found.

*Exh. C*

ANSWER: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. The Boone County Detention Center employees follow the attached policy and procedure. Furthermore, if an inmate files a grievance that alleges misconduct by a jail guard, then typically the Jail Administrator or other jail staff will talk to the inmate first. The Jail Administrator or other jail staff may review video, talk to the jail guard and any other witnesses he/she determines would be relevant. The grievance is responded to in a timely manner. In this case, when Plaintiff filed grievances alleging Jones had been harassing him in retaliation for the previous lawsuits, jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

REQUEST FOR PRODUCTION NO. 2: Produce the records of three randomly-selected cases per year, from the past five years, that the Defendant has already closed which the process spoken of in your answer to Interrogatory No. 2 actually being used.

ANSWER: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. Furthermore, Request No. 2 requests information not reasonably calculated to lead to discoverable information. Defendant will timely supplement if necessary.

INTERROGATORY NO. 3: What measures, training precautions, etc. are put in place to ensure that a police such as Jason Beathky bases his arresting decisions exclusively on the evidence presented to him when responding to a call, and not on his own personal biases or hatred for a particular person.

ANSWER: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. Furthermore, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information. Without waiving said

objection, Officer Beathky was a certified officer that graduated the Arkansas Law Enforcement Training Academy and received on-the-job training.

REQUEST FOR PRODUCTION NO. 3: Pursuant to the attached explanations, produce the records of the ten (10) most recent cases in which measures spoken of in Interrogatory No. 3 were actually used to fight the sort of corruption spoken of in Interrogatory No. 3.

ANSWER: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. Furthermore, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information.

INTERROGATORY NO. 4: Pursuant to the attached explanations, state all evidence you have to show that the accusations levied against Boone County and her officers in the Complaint are untrue.

ANSWER: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. Without waiving said objection, Defendant has previously denied the allegations in Plaintiff's Complaint and did not find any of the accusations made by the Plaintiff to be true, in fact, when asked by jail staff, Plaintiff was unable to provide specific examples of inappropriate conduct by Jones. Defendant has previously provided discovery responses to the Plaintiff and will supplement this response if necessary.

INTERROGATORY NO. 5: On what personal knowledge does Jason Day base his claim that Jones did not have a vendetta against Plaintiff? If the statement (as explained in the attached explanation) was not based on personal knowledge, then explain why Jason Day passed the statement off as being based on personal knowledge.

ANSWER: Objection, the Plaintiff is seeking additional discovery and has not yet complied with the Court's Order dated July 30, 2013 (Document 82), and provided authorizations to disclose health information. Without waiving said objection, Jail Administrator Jason Day reviewed the

grievances filed by the Plaintiff, talked to the Plaintiff on more than one occasion during his incarceration and jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

                                Respectfully submitted,

                                BOONE COUNTY, ARKANSAS, and SHERIFF DANNY HICKMAN,
                                *Defendants*

                                RAINWATER, HOLT & SEXTON, P.A.
                                P. O. Box 17250
                                6315 Ranch Drive
                                Little Rock, Arkansas 72222-7250
                                Telephone (501) 868-2500
                                Telefax (501) 868-2505
                                email: owens@rainfirm.com

By: _____
                                Michael R. Rainwater, #79234
                                Geoff Thompson, #2002093

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2013, I mailed the document by United States Postal Service to the following:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601

_____
Geoff Thompson, #2002093

6653.4010

# SECTION 11

## GRIEVANCE PROCEDURE

**POLICY:**

It is the policy of this agency that detainees shall have the opportunity to present written grievances without punishment. Written detainee grievances shall be promptly investigated promptly answered in writing and if legitimate, satisfactorily resolved. See Grievance Form following this section.

**PROCEDURES:**

a. Form

 1) A grievance form may be obtained from any Detention Officer upon request.

b. Substance

 1) The detainee must clearly describe all facts and all request, then give grievance to any Detention Officer.

c. Delivery

 1) The grievance is given to any staff member for delivery to the appropriate personnel without alteration or sharing with inappropriate personnel.

d. Review

 1) Grievance will be reviewed immediately to determine urgency.

e. Resolution

 1) Absent of emergency, the grievance is investigated and if valid, resolved within a reasonable amount of time.

 2) Valid emergencies receive immediate attention.

f. Response
  1) Whether with or without merit, the grievant is informed of the disposition of the grievance, in writing, within ten (10) working days of the date the grievance was received.

  2) Emergency grievances receive a response within 48 hours of the time the grievance is received.

  3) The factual basis for the disposition is stated in the response.

g. Appeals
  1) The grievant may appeal any response or lack of response to the Sheriff or Jail Administrator who shall respond in writing. Appeals to the Sheriff or Jail Administrator may be delivered in the same manner as the above or may be mailed to the Sheriff or through a third party for delivery to the Sheriff or Jail Administrator.

  2) If for any reason a detainee fears use of the grievance procedure, the detainees grievance may be presented to the Sheriff for appeal.

h. Records
  1) All grievances and responses, dated and signed are placed in grievant jail file. The original into the file and a copy returned to detainee.

i. Retaliation
  1) Employees are forbidden from punishing a detainee for writing a grievance. Any perceived punishment shall be reported to the Jail Administrator without delay. Substantiated reports of retaliation shall subject the employee to disciplinary action.

j. Class-Action Complaints
  1) A detainee must write a grievance in his/her own behalf. Group petitions and class-action grievances will be returned without a response.

  2) A detainee may assist another detainee who for any reason is unable to write his/her own grievance.

k. Staff Responsibilities
  1) Members of the staff shall attempt to prevent grievances by complying with jail policy, resolving informal complaints and reporting perceived problems to their supervisors.

  2) When needed, the staff shall assist the detainee in utilizing the grievance procedure.

