# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**DAVID STEBBINS**                                                                      **PLAINTIFF**

**VS.**                                      **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                              **DEFENDANT**

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The Boone County Defendant states in supplemental responses to the Second Interrogatories as follows:

<u>INTERROGATORY NO. 1</u>: What is the full name (first, middle, and last), home address and home telephone number for your former employees, Jason Jones and Jason Beathky.

<u>ANSWER</u>: Objection, Plaintiff is requesting information that is personal, private and sensitive in nature. Without waiving said objection, at the Court's request, Defendant will provide the last known address of Jason Jones and Jason Beathky to the Court for subpoena purposes.

<u>REQUEST FOR PRODUCTION NO. 1:</u> Produce all records which document the termination of employment - which purportedly happened on February 2013 - for the above mentioned former employees.

<u>ANSWER:</u> Objection, Plaintiff is requesting information that is personal, private and sensitive in nature. Without waiving said objection, Defendant states that neither Jason Jones not Jason Beathky were terminated. Both employees resigned their positions to take new jobs.

<u>INTERROGATORY NO. 2:</u> Pursuant to the attached explanations, describe in as much detail as possible, the standard procedure for investigating allegations of misconduct that inmates make against jail guards, and for disciplining jail guards if violations are found.

<u>ANSWER:</u> Objection, the Boone County Detention Center employees follow the policy and procedure, previously attached. Furthermore, if an inmate files a grievance that alleges

*Exh. E*

misconduct by a jail guard, then typically the Jail Administrator or other jail staff will talk to the inmate first. The Jail Administrator or other jail staff may review video, talk to the jail guard and any other witnesses he/she determines would be relevant. The grievance is responded to in a timely manner. In this case, when Plaintiff filed grievances alleging Jones had been harassing him in retaliation for the previous lawsuits, jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

REQUEST FOR PRODUCTION NO. 2: Produce the records of three randomly-selected cases per year, from the past five years, that the Defendant has already closed which the process spoken of in your answer to Interrogatory No. 2 actually being used.

ANSWER: Objection, Request No. 2 requests information not reasonably calculated to lead to discoverable information. Defendant will timely supplement if necessary. (See attached Exhibit A)

INTERROGATORY NO. 3: What measures, training precautions, etc. are put in place to ensure that a police such as Jason Beathky bases his arresting decisions exclusively on the evidence presented to him when responding to a call, and not on his own personal biases or hatred for a particular person.

ANSWER: Objection, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information. Without waiving said objection, Officer Beathky was a certified officer that graduated the Arkansas Law Enforcement Training Academy and received on-the-job training.

REQUEST FOR PRODUCTION NO. 3: Pursuant to the attached explanations, produce the records of the ten (10) most recent cases in which measures spoken of in Interrogatory No. 3 were actually used to fight the sort of corruption spoken of in Interrogatory No. 3.

ANSWER: Objection, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information.

INTERROGATORY NO. 4: Pursuant to the attached explanations, state all evidence you have to show that the accusations levied against Boone County and her officers in the Complaint are untrue.

ANSWER: Objection, Defendant has previously denied the allegations in Plaintiff's Complaint and did not find any of the accusations made by the Plaintiff to be true, in fact, when asked by jail staff, Plaintiff was unable to provide specific examples of inappropriate conduct by Jones. Defendant has previously provided discovery responses to the Plaintiff and will supplement this response if necessary.

INTERROGATORY NO. 5: On what personal knowledge does Jason Day base his claim that Jones did not have a vendetta against Plaintiff? If the statement (as explained in the attached explanation) was not based on personal knowledge, then explain why Jason Day passed the statement off as being based on personal knowledge.

ANSWER: Objection, Jail Administrator Jason Day reviewed the grievances filed by the Plaintiff, talked to the Plaintiff on more than one occasion during his incarceration and jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, et al
*Defendant*

RAINWATER, HOLT & SEXTON, P.A.
P. O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: thompson@rainfirm.com

By: _____
Michael R. Rainwater, #79234
Geoff Thompson, #2002093

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2013, I mailed the document by United States Postal Service to the following:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601

_____
Geoff Thompson, #2002093

6653.4010

# Boone County Detention Center
# Inmate Grievance Form

Inmate Name: Ricky qualls      Pod C

Date: 7/2/13

Directed To:

____ Medical

____ Booking

__X__ Jason Day (Jail Administrator)

__X__ Other (Identify Other Person) Mike Moore

State Your Grievance (As Briefly As Possible):

I would like to file a formal complaint + press charges against Ms. Foster for pulling a taser on my gf + son during visitation. My son is afraid to come back on account of that. I would like to speak to Mike Moore personally.

Signature of Inmate Writing Grievance: Ricky qualls

Grievance Received By Officer: Cpl Avery      Date: 7/3/13

Response:

Mr. Qualls stated he didn't write this that Mr. Brown asked Mr. Qualls if he could do this.

Signature of Responding Officer: Ricky Qualls / Day      Date: 7/4/13

If you would like to appeal the response; you may do so by filling out another Grievance and it will be decided by the Sgt. Or Cpl. that shift and/or Jason Day (Jail Administrator).


EXHIBIT A