**Subject:** Re: Your discovery responses are still insufficient.

**From:** David Stebbins (stebbinsd@yahoo.com)

**To:** thompson@rainfirm.com;

**Date:** Friday, October 25, 2013 5:38 PM

I'm getting sick of this game of cat-and-mouse, Thompson. Jason Day has a cell phone, and he has previously told my mother that she may call him to discuss matters about me, even at 3:00 in the morning. You can call her at 870-743-4386 to ask her to vouch for this matter, if she remembers it happening.

I can't imagine that he'd hold you to anything different. Therefore, the fact that Jason Day is "off work" should not excuse your failure to get ahold of him.

I'll give you until Monday, but I'm warning you: This is your last chance.

On Friday, October 25, 2013 5:35 PM, Geoff Thompson <thompson@rainfirm.com> wrote:
> Mr. Stebbins:
>
> I am attaching the resignation letters that you requested. I have been unable to talk to the Jail Administrator as he has been off work. I will talk to him on Monday and respond.
>
> Geoff
>
> Geoff Thompson
> Attorney
>
> Rainwater, Holt & Sexton, PA
> Post Office Box 17250
> Little Rock, Arkansas 72222
> (501) 868-2946 - Direct
> (501) 868-2505 - Fax
> (800) 434-4800 - Toll Free
> www.CallRainwater.com



This email may contain privileged and confidential information and is intended only for the use of the specific individual(s) to whom it is addressed. If you are not an intended recipient of the email, you are hereby notified that any unauthorized use, dissemination

Exh. F

or copying of this email or the information contained in it or attached to it is strictly prohibited. If you have received this email in error, please delete it and immediately notify the person named above by reply mail.

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Tuesday, October 22, 2013 8:51 AM
**To:** thompson@rainfirm.com
**Subject:** Your discovery responses are still insufficient.

Thompson,

Your discovery responses are still frivolous. Here are a list of the problems you need to correct. I am *demanding* that you amend your discovery responses immediately! There were some Interrogatories that you never answered in the first place, which means that I don't even need to move to compel discovery before I can move for sanctions; See *National Front Page, LLC v. State of Arkansas*, 350 Ark. 286, 287 (2002) ("DISCOVERY — SANCTIONS — ORDER COMPELLING PRODUCTION NOT PREREQUISITE UNDER ARK. R. Civ. P. 37(d). — Sanctions issued under Ark. R. Civ. P. 37(d) do not require an order compelling production as a prerequisite.") Therefore, if I do not have these corrected dicovery responses by Friday, I will file a motion, not only to compel, but also to have you sanctioned.

### Interrogatory No. 1

Your objection to Interrogatory No. 1 is completely ludicrous. I have the right to depose these witnesses. And you have an obligation to arm me with the information I need to do that. Besides, you say that it's "sensitive" in nature, but that didn't stop you from demanding my medical records! You hypocrite!

### Request for Production No. 1

In your response to Request for Production No. 1, you say that Jones and Beathky weren't "terminated," but that they resigned. Don't your clients have documentation for THAT?! Can't they produce records documenting the end of the employment relationships?

### Interrogatory No. 2

Of all your discovery requests, this is the one that came closest to being sufficient. However, there is still much to be had, here.

You mention that "if necessary," your clients will look on video cameras or talk to other inmates and officers. But exactly what conditions would render such action "necessary?" Remember, responses to Interrogatories are under oath, which means that you are required to tell, among other things, "the WHOLE truth."

### Request for Production No. 2

In your response to Request for Production No. 2, you only attached a SINGLE grievance form, and only attached the grievance form. I asked you for ALL the records

(not just the grievance forms) of THREE random cases PER YEAR from the past FIVE years. That means that there needs to be fifteen cases in total.

By only attaching one grievance form, am I to assume that this is the only time in the past five years when a jail guard has been investigated for any kind of misconduct?

Furthermore, does the fact that you only attached the grievance form mean that there was no paperwork or documentation of the case BEYOND the grievance form? Remember, this isn't just a lawsuit against the Boone County Detention Center; it's a lawsuit against Boone County, period, and that includes the Criminal Investigations Division.

If you can't supply the documents I've requested, then would I be correct in assuming that the previously-attached grievance procedure only exists to lull the voters into a false sense of security, but will never be *actually used*? The jail guards can get fired and even charged with crimes themselves if they're caught doing misconduct, and they know that... but they also know something else: They know that they're never going to *get caught*, because the grievance procedure that you've attached is never actually used against them? Is that basically the gist of it? Can you prove that it's NOT that way?

### Interrogatory No. 3 (part 1)

There are multiple issues with your response to this one, so I'm separating them.

First of all, you claim that your jail guards (but only your jail guards) receive on-the-job training. However, that's not what I asked. I asked... what precautions are implemented **DURING THE TRAINING** (I don't give a crap about "where" the training takes place or "who" administers the training) to minimize the risk of people like Jason Jones doing things like this.

Does the fact that you haven't given an answer to that question mean that... there are no precautions taken? That the jail just *trusts* the guards – no matter how untrustworthy they are – to do the right thing?

### Interrogatory No. 3 (part 2)

Furthermore, you have yet to answer, even in the first instance, what training is implemented against police officers to minimize the chances of them arresting people out of personal hatred for the arrestee (such as... to persecute that citizen for his litigation practices). This hasn't even been answered in the first place, let alone insufficiently.

### Request for Production No. 3

You haven't even responded to this request for production at all. Does this mean that there aren't even ten instances, ever since Boone County became incorporated, when theses procedures were actually invoked? I defer you to the final paragraph of my "Request for Production No. 2" section of this email.

## Interrogatory No. 4

Two issues with your response, here:

1. Are your clients willing to lock themselves into the exclusivity of those answers? Remember, you must "tell the truth, **the whole truth**, and nothing but the truth." So... what is the WHOLE TRUTH?! If I can show evidence I told a Boone County officer with the authority to step in and rectify the problem (such as... Bob King) of a specific instance, are you prepared to be left without any kind of defense whatsoever?

2. This doesn't even *attempt* to offer any kind of evidence that Jason Beathky's arrest was not done simply to persecute me for my lawsuit practices. Does your silence on that issue mean that you have no evidence at all against that?

## Interrogatory No. 5

Again, there are two problems with your response.

1. Are you prepared to lock yourself into the exclusivity of that answer?
2. You didn't answer the second question in that Interrogatory: "If it wasn't based on personal knowledge, why did Jsaon Day pass it off as personal knowledge?"

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                PLAINTIFF

VS.                              CASE NO. 12-3022

BOONE COUNTY, AR                                                        DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to compel discovery under Fed. R. Civ. P. 37(a) and for the Defendants to be sanctioned under Fed R. Civ. P. 37(d).

### BACKGROUND

1.  On September 15, 2013, Plaintiff served on Defendants a set of interrogatories and requests of production. An unsigned copy of this set of discovery requests is hereby attached as Exhibit A.

2.  Plaintiff attached a set of explanations to the set of discovery requests, setting forth in laymen's terms precisely what was being requested in each interrogatory and request for production, and also why, exactly, Plaintiff wanted this information. An unsigned copy of this set of explanations is hereby attached as Exhibit B.

3.  On October 15, 2013, Plaintiff received from the Defense Counsel a set of discovery objections which are hereto attached as Exhibit C. Plaintiff, in an attempt to resolve the discovery disputes without court action as required under Fed. R. Civ. P. 37(a)(1), emailed Defense Counsel that same day and demanded correction of these objections. The Defense Attorney, in response to this email, pledged to revise his response. A copy of this email conversation is hereby attached as Exhibit D.

4.  Plaintiff received the revised discovery responses (which are hereby attached as Exhibit

E), but they were still insufficient. Plaintiff contacted the Defense Attorney via email, explaining in detail the insufficiencies of the revised discovery responses. See Exhibit F.

5.     Plaintiff attempted for several days to obtain cooperation from the Defendants. However, on October 28, 2013, Plaintiff called Defense Counsel one last time, and the Defense Counsel confessed that he had not even *communicated* with the Boone County Jail Administrator Jason Day, not because Day was unavailable, but simply for no other reason than... he simply was too "busy" to work on this case.

6.     If he is too swamped to adequately defend this case, he shouldn't be working on the case; instead, he should give the case to a different attorney who *isn't* currently overbooked.

## DISCUSSION

7.     For the reasons set forth below, the Court should order the Defendants, under Fed. R. Civ. P. 37(a), to provide full and complete disclosure of the discovery being requested.

### Defendants' objections are unduly vague.

8.     For this section, Plaintiff will use the legal authorities of ...

   (a)     AR Local Rule 33.1(b)

   (b)     Fed R. Civ. P. 33(b)(4)

9.     The Defendants claim that these discovery requests are "not reasonably calculated to lead to the discovery of admissible evidence." However, they give no details beyond that.

10.    The Defendants must give details as to why they feel it is irrelevant. "It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity." Se AR Local Rule 33.1(b).

11.    In a previous order, the Court found that it had discretion whether or not to waive the requirement that parties must attempt to resolve issues themselves before filing with the Court.

To support this finding, the Court pointed to language that stated that the Court "may" strike a motion to compel discovery if this requirement is not satisfied.

12. Here, however, the language states the exact opposite. The Local Rule plainly states that grounds for objections "must" be stated with particularity, and that such blanket objections "will" not be recognized. Therefore, whereas the Court may have discretion regarding the requirement for the parties to try and resolve disputes themselves first, the language of the Local Rules (which this Court wrote *themselves*, unlike the Rules of Civil Procedure) clearly ties the Court's hands on this issue.

13. Even if the Defendants were to provide the requisite details to their objections in their response to this Motion, the Court cannot entertain them unless they gave a good reason for why they did not clarify these objections when they first had the chance. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." See Fed. R. Civ. P. 33(b)(4).[1]

14. For this reason alone, the Defendant's objections should be thrown out, and an order compelling the discovery requested should be issued.

### The objections, even if sufficient, are meritless.

15. For this section, Plaintiff will use exhibits E and F.

16. Even if the Court were to violate the law which requires objections to be ignored unless the grounds for them are stated with specificity and are timely, the objections are *still* meritless. For the purposes of this section, Plaintiff will be referencing Exhibit E, the revised discovery responses.

17. The Defendant's response to Interrogatory No. 1 is that this information is "sensitive in

---

1 While we're on the topic, Rule 33(b)(4) *also* states that "[t]he grounds for objecting to an interrogatory must be stated with specificity."

nature." First of all, these hypocrites don't seem to mind the "sensitive nature" of discovery when Plaintiff is the one who suffers from its disclosure (as evidenced by the fact that they wanted ALL of Plaintiff's medical records). Second, this information is necessary for Plaintiff to fully discover these two witnesses, who are the ones who personally perpetrated 90% of the violations Plaintiff complains about in his complaint. Plaintiff has the right to discover these witnesses, depose them, etcetera. The Defendants are required to accommodate this right.

18. Request for Production No. 1 has been *partially* responded to since then. However, the Defendants have only produced the resignation letters which were purportedly from the witnesses in question. However, Plaintiff demanded ALL of the documentation and records, not just the resignation letters. These mere resignation letters cannot possibly be the only records the Defendants have of Jones' and Beathky's leaving their positions; the very laws of how corporations work mean that there necessarily MUST be more records to show. One piece of records which comes immediately to mind is the accountants for the County having to take these two people off of Boone County's payroll. Of course, Plaintiff is not merely asking the Court to compel those specific documents, but rather, ***every single document which records their resignation in any way, shape, or form***. Anything that meets this description should be disclosed; the payroll example was just that: An example to steer the Defendants and the Court in the right direction.

19. Interrogatory No. 2 is the closest the Defendants came to giving a satisfactory response. However, as shown by Exhibit F, there are still many questions that need to be answered.

20. In their response to Request for Production No. 2, they only attached a single one-page grievance allegedly filed by some inmate. There are no records showing whether an investigation was launched, and if so, what decision was reached and what evidence was used to

reach the decision. Furthermore, as shown by Exhibit F, not only was this evidence directly relevant to the case, but Plaintiff requested a total of fifteen records, not just one (each of which must be complete, instead of just the one-page grievance form).

21. The Defendant's "response" (if you could even call it that) to Interrogatory No. 3 does not even purport to answer the questions asked. As shown in Exhibit F, Plaintiff does not care about where the training took place, or who administered the training. All he cares about is... what precautions are taken in the training to minimize the risk of Jones' or Beathky's actions happening. Remember, municipal liability is established when policy-making officials do absolutely nothing to combat constitutional violations; therefore, establishing that they strive to create a workplace where officials are constantly reminded that actions taken in excess of their authority will not be tolerated would go a long way towards relieving them of municipal liability. It would not single-handedly provide a defense to it in this case (because they would still have to explain away why these measures were not implemented to Plaintiff's benefit), but it would certainly help.

22. The Defendants have not responded at all to Request for Production No. 3, even though Plaintiff clearly establishes, in Exhibit F, that this information is in fact very relevant.

23. In response to Interrogatory No. 4, the Defendants claim, once again, that Plaintiff was simply "unable to give any specific instances of conduct." There are two reasons why this response is insufficient.

(a) When you respond to an Interrogatory, you do so under oath. This oath requires you to not only tell the truth, but in addition to that, to also tell the "whole truth," as well as nothing but the truth. The Defendants should be ordered to either provide 100% of the evidence, or certify under oath (locking themselves in the process) that their current answers are, indeed, 100% of the evidence.

(b)     This Interrogatory requested evidence pertaining to all remaining claims. This included, among other things, Plaintiff's claim that Jason Beathky's arrest – and the State of Arkansas' subsequent prosecution of Plaintiff – were simply done, not out of a belief that Plaintiff was guilty of a crime, but out of a desire to persecute Plaintiff for his *pro se* litigation practices. The Defendants have failed to offer even a scintilla of evidence with which to defend themselves on THAT accusation, and they need to do so.

24.     In response to Interrogatory No. 5, the Defendants failed to answer a second question that was propounded in that Interrogatory: If the statement was not based on personal knowledge, why did Jason Day pass it off as personal knowledge?

25.     For all of these reasons, the District Court should order the Defendants to provide full and complete discovery responses.

### Rule 37(d) sanctions are appropriate.

26.     For this next section, Plaintiff will use Exhibit E, as well as both Federal Rule of Civil Procedure and Fed. R. Civ. P. 37(d)., and also the case of *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989 (8th Cir. 1975) (to be abbrievated as simply "Fox" from here on out).

27.     In addition to an order compelling discovery under Fed. R. Civ. P. 37(a), Plaintiff would also like the Court to impose sanctions against the Defendants for their failure to respond to each discovery request.

28.     This request for sanctions is governed by the *Fox* precedent. Although there are other cases that are more recent, *Fox* singlehandedly encompasses nearly every doctrine Plaintiff seeks to invoke regarding this sanctions request.

29.     The precedents from the *Fox* case which are applicable in this case are as follows:

(a)     "A direct order by the court as provided in Rule 37(a) and (b) is not a prerequisite to

imposition of sanctions under Rule 37(d)(2). The rule permits immediate sanctions against parties for wilful failure to comply with discovery rules." Page 993.

(b) "Wilful failure to answer interrogatories may be the basis for a dismissal." Page 993.

(c) "Where interrogatories are filed late out of neglect or health reasons, dismissal or a default judgment is too harsh a sanction." Page 993. In other words, as long as you don't issue dismissal or default, a finding of wilfulness or bad faith is not necessary.

(d) "[M]any of the sanctions available under Rule 37(b) are incorporated by reference in Rule 37(d). Specifically in question here is Rule 37(b)(2)(A) which allows the court to order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Page 995 (internal quotations omitted).

(e) "[A] Rule 37(d) sanction is improper where a written response to a request to inspect documents is made but is not satisfactory. In other words, Rule 37(d) sanctions are proper only where there has been a complete or nearly total failure of discovery." Page 995.

30. In addition to this, the Court should note that, even if it plans on sustaining the Defendants' relevance of objections (which are both inadequate and meritless), the Court should still impose sanctions against the Defendants for not answering the questions anyway. See Fed. R. Civ. P. 37(d)(2), "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Therefore, although sanctions are discretionary, for the Court to deny them simply on the grounds that the objections placed had merit – or even, for that matter, a sympathetic finding that the erroneous objections were made in good faith – is an abuse of discretion, given the judicially-noticeable fact that no motion for protective order has been

filed. Besides, as established in Paragraph #29(c), a finding of good faith is only enough to prevent the Defendants from suffering the specific sanction of default, not any sanction whatsoever.

31. As established in Paragraph #29(e), Plaintiff must establish a total failure to respond altogether, not just an unsatisfactory response, before sanctions can be imposed pursuant to Rule 37(d) (as opposed to 37(b)). To that end, Plaintiff asserts the following:

(a) The Defendants have simply *refused* to give any response to Interrogatory No. 1 and Request for Production No. 3. Objections were placed to both discovery requests (objections which were both inadequate and meritless, as previously established), but as established in Paragraph #30, that does not excuse sanctions, even if the Court disagrees with Plaintiff's arguments in Paragraphs #8 – 25.

(b) Interrogatory No. 3 has not been responded to at all. The Defendants changed the question and answered the changed question. That does not count as a response to the Interrogatory.

(c) Interrogatory No. 4, to the extent that it requests evidence to refute Plaintiff's accusations that the arrest and prosecution was based on vendetta against "Mr. Lawsuit" rather than a legitimate response to criminal conduct, has not been answered at all.

(d) The second portion of Interrogatory No. 5 (asking why it was passed off as personal knowledge) has not been answered at all.

32. As you can see, for every piece of discovery the Defendants made at least some attempt (frivolous as it may be) to respond to, there are just as many that the Defendants have completely ignored. This is exactly what Rule 37(d) is designed for.

33. Therefore, this Court should issue appropriate sanctions to the Defendants for every failure to respond spoken of in Paragraph #31(a)-(d).

34. The Court should consider default. Although the *Fox* precedent makes it abundantly clear that there must be a finding of wilfulness and/or bad faith before such a sanction can be imposed, but Plaintiff believes that there is substantial evidence to support such a finding.

   (a) The Defendants placed vague objections that the discovery was not relevant, despite both the Federal Rules of Civil Procedure *and* the Local Rules stating – in terms so plain that a fifth grader could understand them – that such blanket objections are not sufficient.

   (b) Despite being given over a week to correct these errors (time Plaintiff was not required to even give them, as established in Paragraph #29(a)), the Defendants' only action taken to correct these insufficient responses was ... providing Jones' and Beathky's resignation letters (without fully complying with the full discovery responses).

   (c) As established in Paragraph #5, the Defense Counsel did not even communicate with his clients' officers, simply because he had better things to do.

35. If the Court refuses to issue the sanction of default, the Court should at least consider issuing monetary sanctions payable to Plaintiff. That way, Plaintiff could (depending on how much money is ordered) afford to retain legal counsel in this case (which Plaintiff knows would please the Court).

## CONCLUSION

36. To wrap this argument up, let's recap the points:

   (a) The Defendants' objections have no details behind them. Both the Federal Rules of Civil Procedure and the Local Rules state that this insufficient.

   (b) The objections are completely meritless. The discovery requests are clearly relevant to this proceeding.

   (c) Because the Defendants have only responded to *some* of the discovery requests,

sanctions should issue under Rule 37(d) for the discovery requests they never responded to.

37. Wherefore, premises considered, Plaintiff requests that the Defendants be ordered to produce all the requested discovery, and be sanctioned under Rule 37(d) in order to discourage them from only giving responses to discovery requests they feel like giving responses to. So requested on this 28th day of October, 2013.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D

Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701