U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 31 2013
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS            PLAINTIFF

VS.            CASE NO. 12-3022

BOONE COUNTY, AR            DEFENDANTS

## OBJECTION TO MAGISTRATE JUDGE ORDER

Comes now, *pro se* Plaintiff David Stebbins, who, pursuant to Fed R. Civ. P. 72(a), hereby submits the following objection to the Magistrate Judge's Order (Document #109).

1. On October 29, 2013, the Magistrate Judge denied Plaintiff's Renewed Motion to Join Parties.

2. The Magistrate Judge's sole grounds for denying this motion was that "the case is simply too far along." He apparently does not realize that he has the authority to continue this case if good cause is shown why the case cannot go forward at the time.

3. Furthermore, by making this his sole grounds for denial, the Magistrate Judge seems to tacitly accept that this joinder would otherwise be proper.

4. Joinder of parties is *necessary* in this case, under Fed. R. Civ. P. 19(a)(1)(A). The persecution was not *just* the work of Jason Beathky; it was the Sheriff's Office and the State of Arkansas working in tandem. Without Beathky's arrest, the State would not have had a facially valid excuse to prosecute Plaintiff, but if the prosecutor had chosen not to file charges, Plaintiff would have only been incarcerated for a few days, not enough to effectively persecute Plaintiff. The persecution could not have happened without the combined efforts of both governments.

5. This means that Plaintiff cannot obtain complete relief unless the State of Arkansas is made a party to this action under the precedent of *Tennessee v. Lane*, which in turn makes joinder mandatory under Rule 19(a)(1)(A).

6. Bear in mind, Plaintiff never wanted to wait this long in the first place to add the State as a party. Remember, Doc. 108 was a *renewed* motion; the original motion which Doc. 108 renewed was filed very early in the case, as Doc. #14. The Court denied this motion simply because the federal courts had a policy of not interfering with state criminal cases.

7. Plaintiff initially wanted to wait until his criminal charges were totally and finally dismissed (which is currently set to happen in February of 2014); that way, the precedent of *Heck v. Humphrey*, 512 U.S. 477 (1994) would be unmistakably and undeniably complied with. However, the Magistrate Judge slapped the Scheduling Order on Plaintiff, unexpectedly. Plaintiff then realized that he could not wait for the criminal case to be finally and totally dismissed before he could have is day in court; he simply *had* to file the renewed motion immediately, relying on the fact that the dismissal was a foregone conclusion, even if it hadn't happened yet.

8. What Plaintiff is trying to say with the above paragraph is that his delay in renewing that motion was done out of Plaintiff's *respect for proper use of the legal system*, something that Plaintiff actually does have (despite the Court's official belief). Whereas the Magistrate Judge has found that Plaintiff waited too long to renew this motion, the question should have been ... has Plaintiff waited long enough to renew it?!

9. The fact that the case is so far along does not make an otherwise valid joinder unfeasible under Rule 19(b), because the case can simply be continued. None of the Defendants would suffer any prejudice as a result of such a continuance, and any prejudice Plaintiff may suffer is, as of this moment, waived by Plaintiff *IF* said waiver would cause the Court to be willing to issue this continuance.

10. The Sixth Amendment's right to speedy trial only applies to criminal cases. In a civil case, while the Court cannot delay the case simply for the sake of delaying it, there is no law

forbidding a continuance if good cause can be shown. As long as good cause is repeatedly demonstrated, a case can theoretically be continued indefinitely.

11.     There is no good cause (at least not obvious to Plaintiff) why the case should not be continued. Judicial resources do not singlehandedly create just cause for refusing a continuance; if that were all it took, no continuance would ever be granted in any case.

12.     The fact that the Magistrate Judge never even mentioned this continuance, let alone showed good cause why such a continuance should not issue, just lends further credence to Plaintiff's claim that these two judges simply have it out for Plaintiff. They don't care about Plaintiff's rights; they simply claim that Plaintiff is a "vexatious" filer as an excuse to shoe Plaintiff out of the Court. Once the Court could no longer rely on the federal policy of non-interference, it nevertheless looked for some other excuse to deny the motion anyway. This is a clear pattern on the Court's part; it will always – ALWAYS – look for some excuse to deny Plaintiff his day in court, no matter how arbitrary and from-out-of-nowhere the excuse is, and ignore obvious solutions to the problems they claim to necessitate denial.

13.     Plaintiff asks Judge Holmes to do the right thing (though Plaintiff is not hopeful), and that is grant Plaintiff his full day in Court against the State of Arkansas, pursuant to the precedent of *Tennessee v. Lane*, continuing the case as necessary so that Plaintiff can have full access to discovery.

14.     So requested on this 30th day of October, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

72701835353