# Geoff Thompson

| | |
|---|---|
| From: | Geoff Thompson <thompson@rainfirm.com> |
| Sent: | Friday, October 25, 2013 5:35 PM |
| To: | 'David Stebbins' |
| Subject: | RE: Your discovery responses are still insufficient. |
| Attachments: | Resignation letters.pdf |

Mr. Stebbins:

I am attaching the resignation letters that you requested. I have been unable to talk to the Jail Administrator as he has been off work. I will talk to him on Monday and respond.

Geoff

**Geoff Thompson**
Attorney

Rainwater, Holt & Sexton, PA
Post Office Box 17250
Little Rock, Arkansas 72222
**(501) 868-2946 - Direct**
(501) 868-2505 - Fax
(800) 434-4800 - Toll Free
www.CallRainwater.com
thompson@rainfirm.com



*This email may contain privileged and confidential information and is intended only for the use of the specific individual(s) to whom it is addressed. If you are not an intended recipient of the email, you are hereby notified that any unauthorized use, dissemination or copying of this email or the information contained in it or attached to it is strictly prohibited. If you have received this email in error, please delete it and immediately notify the person named above by reply mail.*

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Tuesday, October 22, 2013 8:51 AM
**To:** thompson@rainfirm.com
**Subject:** Your discovery responses are still insufficient.



Thompson,

Your discovery responses are still frivolous. Here are a list of the problems you need to correct. I am *demanding* that you amend your discovery responses immediately! There were some Interrogatories that you never answered in the first place, which means that I don't even need to move to compel discovery before I can move for sanctions; See *National Front Page, LLC v. State of Arkansas*, 350 Ark. 286, 287 (2002)

1

("DISCOVERY — SANCTIONS — ORDER COMPELLING PRODUCTION NOT PREREQUISITE UNDER ARK. R. Civ. P. 37(d). — Sanctions issued under Ark. R. Civ. P. 37(d) do not require an order compelling production as a prerequisite.") Therefore, if I do not have these corrected dicovery responses by Friday, I will file a motion, not only to compel, but also to have you sanctioned.

### Interrogatory No. 1
Your objection to Interrogatory No. 1 is completely ludicrous. I have the right to depose these witnesses. And you have an obligation to arm me with the information I need to do that. Besides, you say that it's "sensitive" in nature, but that didn't stop you from demanding my medical records! You hypocrite!

### Request for Production No. 1
In your response to Request for Production No. 1, you say that Jones and Beathky weren't "terminated," but that they resigned. Don't your clients have documentation for THAT?! Can't they produce records documenting the end of the employment relationships?

### Interrogatory No. 2
Of all your discovery requests, this is the one that came closest to being sufficient. However, there is still much to be had, here.

You mention that "if necessary," your clients will look on video cameras or talk to other inmates and officers. But exactly what conditions would render such action "necessary?" Remember, responses to Interrogatories are under oath, which means that you are required to tell, among other things, "the WHOLE truth."

### Request for Production No. 2
In your response to Request for Production No. 2, you only attached a SINGLE grievance form, and only attached the grievance form. I asked you for ALL the records (not just the grievance forms) of THREE random cases PER YEAR from the past FIVE years. That means that there needs to be fifteen cases in total.

By only attaching one grievance form, am I to assume that this is the only time in the past five years when a jail guard has been investigated for any kind of misconduct?

Furthermore, does the fact that you only attached the grievance form mean that there was no paperwork or documentation of the case BEYOND the grievance form? Remember, this isn't just a lawsuit against the Boone County Detention Center; it's a lawsuit against Boone County, period, and that includes the Criminal Investigations Division.

If you can't supply the documents I've requested, then would I be correct in assuming that the previously-attached grievance procedure only exists to lull the voters into a false sense of security, but will never be *actually used*? The jail guards can get fired and even charged with crimes themselves if they're caught doing misconduct, and they know that... but they also know something else: They know that they're never going to *get caught*, because the grievance procedure that you've attached is never actually used against them? Is that basically the gist of it? Can you prove that it's NOT that way?

### Interrogatory No. 3 (part 1)
There are multiple issues with your response to this one, so I'm separating them.

First of all, you claim that your jail guards (but only your jail guards) receive on-the-job training. However, that's not what I asked. I asked... what precautions are implemented DURING THE TRAINING (I don't give a crap about "where" the training takes place or "who" administers the training) to minimize the risk of people like Jason Jones doing things like this.

Does the fact that you haven't given an answer to that question mean that... there are no precautions taken? That the jail just *trusts* the guards – no matter how untrustworthy they are – to do the right thing?

### Interrogatory No. 3 (part 2)

Furthermore, you have yet to answer, even in the first instance, what training is implemented against police officers to minimize the chances of them arresting people out of personal hatred for the arrestee (such as... to persecute that citizen for his litigation practices). This hasn't even been answered in the first place, let alone insufficiently.

### Request for Production No. 3

You haven't even responded to this request for production at all. Does this mean that there aren't even ten instances, ever since Boone County became incorporated, when theses procedures were actually invoked? I defer you to the final paragraph of my "Request for Production No. 2" section of this email.

### Interrogatory No. 4

Two issues with your response, here:

1. Are your clients willing to lock themselves into the exclusivity of those answers? Remember, you must "tell the truth, **the whole truth**, and nothing but the truth." So... what is the WHOLE TRUTH?! If I can show evidence I told a Boone County officer with the authority to step in and rectify the problem (such as... Bob King) of a specific instance, are you prepared to be left without any kind of defense whatsoever?

2. This doesn't even *attempt* to offer any kind of evidence that Jason Beathky's arrest was not done simply to persecute me for my lawsuit practices. Does your silence on that issue mean that you have no evidence at all against that?

### Interrogatory No. 5

Again, there are two problems with your response.

1. Are you prepared to lock yourself into the exclusivity of that answer?
2. You didn't answer the second question in that Interrogatory: "If it wasn't based on personal knowledge, why did Jsaon Day pass it off as personal knowledge?"

# Geoff Thompson

**From:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Thursday, September 12, 2013 11:25 AM
**To:** thompson@rainfirm.com
**Subject:** "Health Care Provider"

Ms. Thompson,

Let's try this one more time:

When the health care authorization form asked, in the upper right hand corner, for me to list my "Health Care Provider," what information are you asking for?

Because, if you're asking for the identity of my current general care practitioner, well ... I don't have one right now, and I haven't ever since the year 2008, because health care is so expensive.

So, what exactly do you want me to fill in?

Sincerely,
David Stebbins

P.S. the form that you said you would email to me can simply be provided as an attachment to your response to this email.