| From: | Geoff Thompson <thompson@rainfirm.com> |
|---|---|
| Sent: | Tuesday, October 29, 2013 4:46 PM |
| To: | 'David Stebbins' |
| Subject: | RE: Your discovery responses are still insufficient. |
| Attachments: | D's Supplemental Rsps to P's 2nd INT and RFP02.pdf; Exhibits - D's Suppl Rsps to P's 2nd INT and RFP02.pdf |

See attached responses.  A copy is also being mailed from our office today.

Geoff

**Geoff Thompson**
Attorney

Rainwater, Holt & Sexton, PA
Post Office Box 17250
Little Rock, Arkansas 72222
**(501) 868-2946 - Direct**
(501) 868-2505 - Fax
(800) 434-4800 - Toll Free
www.CallRainwater.com
thompson@rainfirm.com



*This email may contain privileged and confidential information and is intended only for the use of the specific individual(s) to whom it is addressed. If you are not an intended recipient of the email, you are hereby notified that any unauthorized use, dissemination or copying of this email or the information contained in it or attached to it is strictly prohibited. If you have received this email in error, please delete it and immediately notify the person named above by reply mail.*

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Friday, October 25, 2013 5:38 PM
**To:** thompson@rainfirm.com
**Subject:** Re: Your discovery responses are still insufficient.

I'm getting sick of this game of cat-and-mouse, Thompson.  Jason Day has a cell phone, and he has previously told my mother that she may call him to discuss matters about me, even at 3:00 in the morning.  You can call her at 870-743-4386 to ask her to vouch for this matter, if she remembers it happening.

I can't imagine that he'd hold you to anything different.  Therefore, the fact that Jason Day is "off work" should not excuse your failure to get ahold of him.

I'll give you until Monday, but I'm warning you:  This is your last chance.



**DEFENDANT'S EXHIBIT**

E

1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

VS.                                     NO. 12-CV-3022

BOONE COUNTY ARKANSAS, ET AL.                                    DEFENDANT

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The Boone County Defendant states in supplemental responses to the Second Interrogatories as follows:

INTERROGATORY NO. 1: What is the full name (first, middle, and last), home address and home telephone number for your former employees, Jason Jones and Jason Beathky.

ANSWER: Objection, Plaintiff is requesting information that is personal, private and sensitive in nature. Without waiving said objection, at the Court's request, Defendant will provide the last known address of Jason Jones and Jason Beathke to the Court for subpoena purposes.

REQUEST FOR PRODUCTION NO. 1: Produce all records which document the termination of employment - which purportedly happened on February 2013 - for the above mentioned former employees.

ANSWER: Objection, Plaintiff is requesting information that is personal, private and sensitive in nature. Without waiving said objection, Defendant has provided copies of the resignation notes from Jason Jones and Jason Beathke.

INTERROGATORY NO. 2: Pursuant to the attached explanations, describe in as much detail as possible, the standard procedure for investigating allegations of misconduct that inmates make against jail guards, and for disciplining jail guards if violations are found.

ANSWER: Objection, the Boone County Detention Center employees follow the policy and procedure, previously attached. Furthermore, if an inmate files a grievance that alleges

misconduct by a jail guard, then typically the Jail Administrator or other jail staff will talk to the inmate first. The Jail Administrator or other jail staff may review video, talk to the jail guard and any other witnesses he/she determines would be relevant. The grievance is responded to in a timely manner. In this case, when Plaintiff filed grievances alleging Jones had been harassing him in retaliation for the previous lawsuits, jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

REQUEST FOR PRODUCTION NO. 2: Produce the records of three randomly-selected cases per year, from the past five years, that the Defendant has already closed which the process spoken of in your answer to Interrogatory No. 2 actually being used.

ANSWER: Objection, Request No. 2 requests information not reasonably calculated to lead to discoverable information and is unduly burdensome. Defendant has attached an example of a grievance that Jason Day recalled and copies of grievances from Plaintiff's Jail file. (See attached documents)

INTERROGATORY NO. 3: What measures, training precautions, etc. are put in place to ensure that a police such as Jason Beathke bases his arresting decisions exclusively on the evidence presented to him when responding to a call, and not on his own personal biases or hatred for a particular person.

ANSWER: Objection, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information. Without waiving said objection, Officer Beathke was a certified officer that graduated the Arkansas Law Enforcement Training Academy and received on-the-job training. Attached please find the probable cause affidavit signed by a Circuit Court Judge.

REQUEST FOR PRODUCTION NO. 3: Pursuant to the attached explanations, produce the records of the ten (10) most recent cases in which measures spoken of in Interrogatory No. 3 were actually used to fight the sort of corruption spoken of in Interrogatory No. 3.

ANSWER: Objection, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information.

INTERROGATORY NO. 4: Pursuant to the attached explanations, state all evidence you have to show that the accusations levied against Boone County and her officers in the Complaint are untrue.

ANSWER: Objection, Defendant has previously denied the allegations in Plaintiff's Complaint and did not find any of the accusations made by the Plaintiff to be true, in fact, when asked by jail staff, Plaintiff was unable to provide specific examples of inappropriate conduct by Jones . Defendant has previously provided discovery responses and is attaching documents from the Plaintiff's Jail file.

INTERROGATORY NO. 5: On what personal knowledge does Jason Day base his claim that Jones did not have a vendetta against Plaintiff? If the statement (as explained in the attached explanation) was not based on personal knowledge, then explain why Jason Day passed the statement off as being based on personal knowledge.

ANSWER: Objection, Jail Administrator Jason Day reviewed the grievances filed by the Plaintiff, talked to the Plaintiff on more than one occasion during his incarceration and jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones. Also see attached documents.

Respectfully submitted,

BOONE COUNTY, ARKANSAS, et al
*Defendant*

RAINWATER, HOLT & SEXTON, P.A.
P. O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: thompson@rainfirm.com

By: _____
Michael R. Rainwater, #79234
Geoff Thompson, #2002093

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2013, I emailed the document and on October 29, 2013, mailed by United States Postal Service to the following:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601

Geoff Thompson, #2002093

6653.4010

-4-