U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 19 2013

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                      PLAINTIFF

VS.                                              CASE NO. 12-3022

BOONE COUNTY, AR                                                    DEFENDANTS

## PETITIONS FOR SUBPOENAS, SUBPOENAS

Comes now, *pro se* Plaintiff David Stebbins, who, pursuant to the Magistrate Judge's Order (Doc. 109), hereby submits the following Petitions for Issuance of Subpoenas.

It should be noted that, although Plaintiff intends to call himself as a witness, he will not be included in this list of witnesses, since he does not need to be subpoenaed.

## SUBPOENA OF WITNESSES

The following witnesses should be summoned to testify at this trial:

1.      **Morris Davis**, located at 3001 Hwy. 388, Grady, AR 71644 (Inmate No. 153931). He overheard Jason Jones threatening to cripple someone (Plaintiff intends to prove that it was him) if that person tried to sue him. Estimated time for testimony (excluding cross- and redirect- examinations) is about ten minutes. Davis has already signed an affidavit in this case, a copy of which is hereto attached as Exhibit A.

2.      **Jon Shatwell**, located at 100 Walco Lane, Malvern, AR 72104 (Inmate No. 153509). Testifying to the same thing as Morris Davis, and has the same estimated direct examination time.

3.      **Ricky**[1] **Mathis**, located at 326 Lee 601, Brickeys, AR 72320 (Inmate No. 153939). He used to work for Jason Jones as a professional wrestler at Jones' part-time wrestling company, "Mid States Promotions." He has advised Plaintiff that, while there, he heard Jason Jones going

---

[1] That is NOT short for Richard; his entire first name on ADC's website is "Ricky"

around the company bragging about how he was making Plaintiff his bitch; in other words, he has evidence of Jones' confession. He can also testify that, in the world of professional wrestling, they don't give a rat's arse about discrimination laws, retaliation laws, whistleblower protection laws, or really, ANY kind of laws which even slightly inconvenience the business. If anyone tries to assert their legal rights to a wrestling company's detriment, that person will never have a career in wrestling again (this testimony is useful under Federal Rule of Evidence #404(b) to prove the elements of opportunity and intent ... that is to say, to prove that Jones committed these actions because he spent most of his adult life in an environment where such brutality was not only allowed, but expected). Estimated direct examination time is 20 minutes is Mathis provides cooperation with Plaintiff's attempts to secure his testimony; otherwise, the estimated direct examination time is 1 hour.

4. **John Edgmon**, located at 100 Walco Lane, Malvern, AR 72104 (Inmate No. 153079). This inmate bore direct witness to the events spoken of on Page 8, Line 24 through Page 12, Line 24 of the Complaint in this case, but has refused to provide affidavit testimony. Plaintiff severely doubts that Edgmon will give his testimony willingly, and thus, the estimated direct examination time is 1 hour.

5. **Jason Jones**. His address is unknown, but the Defendants should be able to provide it. The nature of his testimony should be obvious. Estimated direct examination time is 1 hour, as Plaintiff anticipates very little cooperation from him.

6. **Jason Beathky**. Another person with an unknown address, and another person whose testimony should be obvious. Again, estimated direct examination time is 1 hour.

7. **Wes Bradford**. His office is located at 112 E Rush Ave., Harrison, AR 72601. He was the attorney who prosecuted Plaintiff's criminal case. He demanded, as a condition of a plea

bargain, that Plaintiff dismiss all his *pro se* lawsuits and not file any other *pro se* lawsuits while on probation, which supports Plaintiff's claim that this whole criminal case was nothing but a pretextual means of persecuting Plaintiff for his litigation practices. Estimated direct examination time is 1 hour, since Plaintiff anticipates very little cooperation from this man.

8. **James R. Marchewski.** You know who he is and where he can be located. Judicial immunity is immunity from *suit*, but there is no law against him being called as a witness, and Federal Rule of Evidence #605 on its face does not apply to anyone except the *presiding* judge (in this case, P.K. Holmes). Anyway, this witness has knowledge as to whether or not there is a vendetta from the government against Plaintiff for his supposed "abuse" of the civil court system. Estimated direct examination time is 2 hours, as Plaintiff not only anticipates a lot of hostile witness examination, but very little cooperation to boot. Speaking of judges ...

9. **Robert T. Dawson**, the presiding judge in the case of Stebbins v. Wal-Mart in this court, who possesses personal knowledge as to whether or not Plaintiff's loss of that case had anything to do with a bias in favor of Wal-Mart, and if so, whether said bias in Wal-Mart's favor had anything to do with Plaintiff's subsequent persecution.

10. **Diana Murphy, Pasco Bowman, Raymond Gruender, Levenski Smith, Robert Shepard, Jane Kelly, and James Loken.** Justices of the Eighth Circuit Court of Appeals who ruled in very odd ways in several of Plaintiff's cases. Though these justices are absolutely immune from *suit* for these rulings, they can still be called as witnesses and made to testify whether or not the rulings were done out of any type of bias against Plainitff or conspiracy to deprive him of court access, and if so, whether Boone County had any part of said vendetta or conspiracy.

11. **Polly Leimberg**, located at 100 N. Main St., Harrison, AR 72601. She is the trial court assistant of Gordon Webb, and thus possesses personal knowledge as to whether there is any

agenda from any government officials to persecute Plaintiff. Extimated direct examination time is 1 hour.

12. **Billie Christian**, located at 100 N. Main St., Harrison, AR 72601. She is the Chief Deputy Clerk for the Boone County Circuit Court. Although Rhonda Watkins is the Head Clerk, Christian has been there longer. Plaintiff will attempt to obtain identical testimony from Christian as Polly Leimberg. Estimated direct examination time is 1 hour.

13. **Gordon Webb**, located at 100 N. Main St., Harrison, AR 72601. He possesses knowledge as to whether Boone County has a desire to strip Plaintiff of his First Amendment right to file lawsuits. Many of Plaintiff's state court lawsuits were summarily dismissed without explanation (see Case No. 13-3068 in this Court), and Gordon Webb has knowledge as to whether or not these dismissals were done pursuant to this desire. Estimated direct examination time is 1 hour.

14. **Fred Kirkpatrick**, located at 201 N. Main St., 2nd Floor. He possesses knowledge as to whether Boone County has a desire to strip Plaintiff of his First Amendment right to file lawsuits. Estimated direct examination time is 1 hour.

15. **Beth Bryan**, located at the Circuit Courthouse of Washington County. She possesses knowledge as to whether her dismissal of Case No. CV2013-1475-5 in her court was done out of any desire on Legal Aid's part to deprive Plaintiff of court access, and if so, whether this desire stemmed from Boone County's own desire. Estimated direct exam-ination time is 20 minutes, due to the limited nature of her testimony (it would have only been about five minutes, except that Plaintiff anticipates a total lack of cooperation).

16. **Doug Martin**, located at the Circuit Courthouse of Washington County. He possesses knowledge as to whether his dismissal of Case No. CV2013-1619-4 in his court was done out of

any desire to deprive Plaintiff of court access, and if so, whether this desire stemmed from Boone County's own desire. He will also present some evidence that Plaintiff's litigation practices are in good faith. Estimated direct examination time is 30 minutes, due to the limited nature of her testimony (it would have only been about ten minutes, except that Plaintiff anticipates a total lack of cooperation).

17. **Rabekah Kennedy**, located at 201 N. Main St., 3rd Floor, Harrison, AR 72601. She possesses knowledge of the weaknesses Wes Bradford's prosecuting, Bradford's desire to persecute Plaintiff for reasons completely unrelated to domestic battery, Bradford's dogg-ed refusal to revoke his aforementioned lawsuit demands even slightly until Plaintiff took the matter into his own hands, and (hopefully) whether or not any vendetta against Plaintiff existed. Although she was on Plaintiff's side in the criminal case, she has expr-essed apprehension towards testifying against the State outside of that case (fearing it to be a conflict of interests); as such, she will nevertheless be a hostile witness, and there-fore, the estimated direct examination time is 1 hour.

18. **Robert King**, located at 5800 Law Dr., Harrison, AR 72601. He is the Captain of the Boone County Criminal Investigations Division, and handled the investigation for Plain-tiff's disorderly conduct case. On top of that, he possesses personal knowledge that the Defendants' claim that Plaintiff "was unable to provide any specific instances of con-duct" is a lie (even if he would not classify it as a lie), and also that Plaintiff suffered a physical injury as required by 42 USC § 1997e(e) (namely, that Plaintiff's glasses were destroyed and Plaintiff suffered vision loss). Estimated direct examination time is 1 hour.

19. **Jason Day**, located at 5800 Law Dr., Harrison, AR 72601. He personally perpetrated the actions and omissions which create municipal liability for Jason Jones' conduct. Namely, he

perpetrated the act of blocking Plaintiff's attempts to grieve about Jones' con-duct (as Plaintiff previously said, Day would now allow Plaintiff to get a word in edge-wise), as well as the omission of not disciplining Jones when the grievances were filed.

20. **Patricia Virnig**, located at 132 N Willow St, Harrison, AR 72601. She was the prose-cutor for – and thus, possesses knowledge regarding the frivolousness of – Plain-tiff's disorderly conduct case which Jason Jones caused Plaintiff to be charged with as another stage of his vendetta against Plaintiff. Estimated direct examination time is 30 minutes.

21. **Van Younes**, misdemeanor prosecutor for the city of Harrison. In the year 2013, he prosecuted a trial against Jason Jones who proceeded to harass Plaintiff on the streets. He put on a very shabby prosecution, and thus has knowledge as to whether or not the shabbiness of this prosecution was based on personal bias against Plaintiff and/or political favor with Jason Jones. Estimated direct examination time is 1 hour.

22. **Lynn O'Neil**, former neighbor of Plaintiff. Her last known address is 1407 N. Spring Rd., APT #7, Harrison, AR 72601. She possesses personal knowledge that, only a few short months prior to Plaintiff's arrest, he was a quite, reserved, "you leave me alone, I'll leave you alone" kind of guy. This testimony does nothing on its own, but is designed to be built upon by some of the testimony of Kimberly Klutts. Speaking of which …

23. **Kimberly Klutts**, located at 303 N. Willow St., APT #4, Harrison, AR 72601. She is Plaintiff's neighbor, and has personal knowledge of a portion of Plaintiff's litigation practices; she can testify, from personal experience, that Plaintiff's lawsuit-filing habits are 100% honorable, and in no way deserving of persecution. In addition to this, she will build upon Lynn O'Neil's testimony by testifying that Plaintiff is still a reserved, "you leave me alone, I'll leave you alone" kind of guy, but is no longer "quiet." Instead, he often goes into loud bursts of anger, hitting the

walls and yelling at nothing, a common symptom, of post traumatic stress disorder.

 (a) Meanwhile, Lynn O'Neil's testimony will show that Plaintiff did not possess this trait a mere year prior to Klutts noticing it herself. This means that the event(s) which gave Plaintiff this personality trait must have happened in that preceding year. Together, they will prove, not only that plaintiff *has* PTSD, but also that either Plain-tiff's father's betrayal or Jason Jones' harassment must be the cause of this PTSD. Upon that being established, it will be up to Boone County and David D. Stebbins to litigate between themselves which of the two entities are the cause of Plaintiff's PTSD, under the precedent of *Woodward v. Blythe*, 462 S.W.2d 205, 209-210 (1971) (adopting the California precedent of *Summers v. Tice*, 33 Cal.2d 80, (1948)).

24. **Rita Stebbins**, located at 8527 Hopewell Rd., Harrison, AR 72601. Her testimony will be limited to only two areas: (1) Testifying that Plaintiff has Asperger Syndrome, and (2) testifying against her will to facts which will discredit the next witness on this list and show evidence that he was likely in on the conspiracy to persecute Plaintiff. Estimated direct examination time is 30 minutes.

25. **David D. Stebbins**, located at 8527 Hopewell Rd., Harrison, AR 72601. Husband to Rita Stebbins (though Plaintiff refuses to call him "father," since fathers do not frame their sons for felonies). Plaintiff intends to use his testimony to prove that there was a conspiracy to persecute Plaintiff, and that he was part of it. Estimated direct examination time is 2 hours.

26. **James E. Goldie**, located at 103 W Industrial Park Rd, Harrison, AR 72601. He is the Defense Attorney in Plaintiff's malicious prosecution lawsuit against David D. Stebbins, and has taken up the task which Wes Bradford has pulled away from and has begun attempting to prospectively bar Plaintiff's access to the courts. Estimated direct examination time is 2 hours.

Wherefore, premises considered, Plaintiff requests that all of these subpoenas be issued henceforth, and whatever other relief to which he may be entitled.

It so requested on this 18th day of November, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com