U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 19 2013
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                              PLAINTIFF

VS.                          CASE NO. 12-3022

BOONE COUNTY, AR                                           DEFENDANTS

## REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to the Defendant's Response to Plaintiff's Motion to Compel Discovery & for Sanctions.

1.  Paragraphs #1 – 8 of Defendant's Response appear to simply be agreeing with Plaintiff's assessment of the background surrounding this motion. Therefore, Plaintiff will not comment on them beyond this two-sentence paragraph.

2.  In response to Paragraph #9, Plaintiff makes the following assertions:

    (a) Plaintiff did receive 91 pages, but there was no coherent rhyme or reason behind their production. Plaintiff had no way of knowing that they were submitted in response to Plaintiff's Interrogatory No. 4.

    (b) Even after having reviewed the documents with this knowledge in mind, Plaintiff still moves to compel discovery on this issue. There is still no coherent point to any of this. In fact, a lot of these documents which were produced seem to be selected at complete random with no rhyme or reason behind them. For example, documents which were produced include, but are not limited to, the following:

    i.   Plaintiff's booking sheets, documenting his two entrances into the Jail.

    ii.  Grievances filed by Plaintiff against other inmates.

    iii. The reports of various jail guards documenting various random events which

occurred during Plaintiff's incarceration.

(c) It is unclear to Plaintiff just how all these pages prove *anything*! As a result, Plaintiff's motion compel a response – an *unambiguous* response, one that is clear, and completely devoid of any and all ambiguity – to his Interrogatory remains standing.

(d) Furthermore, remember that these pages do not disclose the most important type of evidence: Witnesses. Remember, witnesses count as "evidence," which means that they are covered under this Interrogatory; if the Defendnats do not name any witnesses in the discovery, they cannot call any witnesses; they would subsequently be reduced to simply cross-examining Plaintiff's own witnesses, and once Plaintiff has finished calling his own witnesses, the case would instantly proceed to closing arguments.

(e) Therefore, if the Defendants wish to summon any witnesses of their own, they must disclose them in their response to this Interrogatory.

3. As for every other discovery request, however, the Defendant does not even *attempt* to argue how he has provided any discovery response, whatsoever, to them. All the Defendants say is their responses (*what* responses?!) and objections are sufficient.

4. To the Defendant's claim that the objections are sufficient, Plaintiff once again reminds both the Defendants and the Court of AR Local Rule 33.1(b), which states, in pertinent part, the following:

*"IT IS NOT SUFFICIENT TO STATE THAT THE INTERROGATORY OR REQUEST IS BURDENSOME, IMPROPER, OR NOT RELEVANT. THE GROUND OR GROUNDS*

## *FOR THE OBJECTION MUST BE STATED WITH PARTICULARITY."*

5. Plaintiff made it in such large text because, apparently, the Defense needs to be constantly reminded of this. Simply because of this reason alone, the Defendant's objections are automatically insufficient.

Wherefore, premises considered, Plaintiff requests that the motion to compel be granted, appropriate sanctions be issued, costs incurred be awarded, and whatever other relief to which he may be entitled.

So requested on this 18th day of November, 2013.

David Stebbins
123 W. Ridge St.,
APT D

Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72[...]

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701


