IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                        PLAINTIFF

         v.                          Civil No. 12-3022

BOONE COUNTY, ARKANSAS;
and SHERIFF DANNY HICKMAN                                     DEFENDANTS

### ORDER

Pending before me are the following motions filed by the Plaintiff: (1) a motion to compel (Doc. 110); (2) a motion for the issuance of subpoenas duces tecum (Doc. 112); (3) a motion for the issuance of witness subpoenas (Doc. 114); and (4) a motion to continue the evidentiary hearing (Doc. 117).  Each motion will be addressed in turn.

**Motion to Compel** (Doc. 110)

In this motion, Plaintiff argues that the Defendants have refused to produce requested discovery and all good-faith efforts have proved unavailing.  Plaintiff has an unusual understanding of what constitutes a good faith effort to resolve a discovery dispute.  For instance, he points to an email dated Tuesday, October 15, 2013, as evidence that he made a good faith effort to work out the discovery dispute. The e-mail started out with: "Ok, first of all, you are a lying piece of scum ."  The e-mail concluded with: "Now, produce the discovery responses--the REAL discovery responses, within 72 hours of the date of this e-mail, or I will file another motion to compel discovery against you."

As United States District Judge P.K. Holmes noted in an order (Doc. 103) entered on September 18, 2013:

-1-

Finally, the Court notes that Mr. Stebbins has been previously admonished, on more than one occasion, that the Court expects all litigants, including those proceeding *pro se*, to behave themselves with proper decorum and civility. Mr. Stebbins included, in his most recent objections, a profane exclamatory statement, set off in enlarged, bold, underlined font, directed against the Magistrate. Mr. Stebbins is advised that the Court will strike future pleadings containing any profanity or similarly disparaging comments or statements directed towards the Court, Court staff, or other litigants. Mr. Stebbins is again cautioned that, as a litigant in this Court, he is expected to behave with appropriate civility, no matter his personal opinion of the Court or other litigants, and no matter how strongly that opinion is held. Mr. Stebbins is again advised that failure to behave in a proper manner may result in stricter sanctions being imposed on Mr. Stebbins or further restrictions or conditions placed on his ability to make filings or informal communications with the Court.

Doc. 103 at pg. 6.

Plaintiff is again cautioned that he must act with civility and respect towards all parties to this lawsuit and the Court. Disruptive behavior, disparaging comments, the use of profanity, or any lack of civility will not be tolerated.

Turning to the merits of the motion, Plaintiff maintains Defendants' responses to his second set of discovery requests are inadequate. Plaintiff also contends Defendants' objections are inadequate because they do not state with specificity the grounds for the objection.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "[p]arties may obtain discovery regarding any un-privileged matter, that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Rule 33(b)(4) provides that "[t]he grounds for objecting to any interrogatory shall be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court for good cause shown excuses the failure." Fed. R. Civ. P. 33(b)(4).

-2-

Rule 34 similarly states production or inspection will be permitted as requested "or state an objection to the request including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Moreover, like the federal rules, Rule 33.1(b) of the Local Rules of the Eastern and Western Districts, provides that "blanket objections" are not recognized. Instead, "[o]bjections must be made to the specific interrogatory or request, or to a part thereof if it is compound." Further Rule 33.1(b) provides that "[i]t is not sufficient to state that the interrogatory or request is burdensome, improper or not relevant. The ground or grounds for the objection must be stated with particularity."

The set of discovery requests at issue in this motion consists of five interrogatories and three requests for the production of documents. Defendants filed a supplemental response to the discovery requests and that response is the one relevant to this motion.

> Interrogatory No. 1: What is the full name (first, middle, and last) home address and home telephone number for your former employees, Jason Jones and Jason Beathky.

> Answer: Objection, Plaintiff is requesting information that is personal, private and sensitive in nature. Without waiving said objection, at the Court's request, Defendant will provide the last known address of Jason Jones and Jason Beathky for subpoena purposes.

The Court believes Defendants have raised valid privacy concerns. Moreover, as Plaintiff is proceeding *pro se* and *in forma pauperis* the Court issues and serves all subpoenas. Defendants are therefore directed to submit this information to the Court by no later than **January 23, 2014.**

> Request for Production No. 1: Produce all records which document the termination of employment--which purportedly happened on February 2013--for the above mentioned former employees.

-3-

Answer: Objection, Plaintiff is requesting information that is personal, private and sensitive in nature.  Without waiving said objection, Defendant states that neither Jason Jones of Jason Beathky were terminated.  Both employees resigned their positions to take new jobs.

Defendants have provided the Plaintiff with the resignation letters.  However, Plaintiff believes there must be further documentation regarding the resignations.  Defendants are directed to provide an affidavit of someone with knowledge stating whether or not any other documents, in whatever form, exist, where such documents are stored, and that a further search for responsive documents was completed.  Defendants are directed to file this affidavit with the Court by **no later than January 23, 2014.**

Interrogatory No. 2: Pursuant to the attached explanations, describe in as much detail as possible, the standard procedure for investigating allegations of misconduct that inmates make against jail guards, and for disciplining jail guards if violations are found.

Answer: Objection, the Boone County Detention Center employees follow the policy and procedure, previously attached.  Furthermore, if an inmate files a grievance that alleges misconduct by a jail guard, then typically the Jail Administrator or other jail staff will talk to the inmate first.  The Jail Administrator or other jail staff may review video, talk to the jail guard and any other witnesses he/she determines would be relevant.  The grievance is responded to in a timely manner.  In this case, when Plaintiff filed grievances alleging Jones had been harassing him in retaliation for the previous lawsuits, jail personnel discussed it with the Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

This response is adequate.  Defendants provided Plaintiff with the written grievance procedure policy and also explained the process used when an inmate complains about conduct of a jail employee.

Request for Production No. 2: Produce the records of three randomly-selected cases per year, from the past five years, that the Defendant has already closed which the process spoken of in your answer to Interrogatory No. 2 actually being used.

-4-

AO72A
(Rev. 8/82)

Answer: Objection, Request No. 2 requests information not reasonably calculated to lead to discoverable information.

The Court agrees that this objection is inadequate. The ground or grounds for the objection must be stated with particularity. Defendants are directed to supplement their response by **no later than January 23, 2014.**

Interrogatory No. 3: What measures, training precautions, etc. are put in place to ensure that a police [officer] such as Jason Beathky bases his arresting decisions exclusively on the evidence presented to him when responding to a call, and not on his own personal biases or hatred for a particular person.

Answer: Objection, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information. Without waiving said objection, Officer Beathky was a certified officer that graduated the Arkansas Law Enforcement Training Academy and received on-the-job training.

While interrogatory three is badly worded, the Court believes Defendants' response was inadequate. Defendants should supplement this response by stating what training, if any, is done that focuses on an officer not using personal bias, anger, or discriminatory conduct in the handling of an arrest. The supplemental response should be supplied by **no later than January 23, 2014.**

Request for production No. 3: Pursuant to the attached explanations, produce the records of the ten (10) most recent cases in which measures spoken of in Interrogatory No. 3 were actually used to fight the sort of corruption spoken of in Interrogatory No. 3.

Answer: Objection, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information.

This response is adequate. The request is badly worded. Even referring to Plaintiff's explanation of request for production three (Doc. 110-2), it is not clear if Plaintiff is asking for the ten most recent cases where an inmate submitted grievances about a guard's conduct;

-5-

whether he is seeking the ten most recent cases where an officer was found to have abused his

authority;

or the ten most recent cases where an officer was disciplined as a result of the abuse of his

authority.

> Interrogatory No. 4: Pursuant to the attached explanations, state all evidence you
> have to show that the accusations levied against Boone County and her officers
> in the Complaint are untrue.

> Answer: Objection, Defendant has previously denied the allegations in Plaintiff's
> complaint and did not find any of the accusations made by the Plaintiff to be true,
> in fact, when asked by jail staff, Plaintiff was unable to provide specific examples
> of inappropriate conduct by Jones.

Plaintiff maintains the response is inadequate for two reasons.  First, he believes the

Defendants should be ordered to either provide 100% of the evidence, or certify under oath (in

the process locking themselves in) that their current answers are, indeed, 100% of the evidence.

Second, Plaintiff contends his arrest and prosecution was done "out of a desire to persecute

Plaintiff for his *pro se* litigation practices."  (Doc. 110-6 at pg. 10).  He asserts that Defendants

have "failed to offer even a scintilla of evidence with which to defend themselves on THAT

accusation, and they need to do so."

The interrogatory is worded too broadly.  While Plaintiff may seek discovery of

information as to the Defendants' defense,  and he is entitled to discover the details of the

decision making so far as it concerns his claims, Defendants cannot be ordered to provide "100%

of the evidence."  Further, Defendants state they provided Plaintiff with 91 pages from his jail

file in response to his objections.

> Interrogatory No. 5: On what personal knowledge does Jason Day base his claim
> that Jones did not have a vendetta against Plaintiff?  If the statement (as

-6-

explained in the attached explanation) was not based on personal knowledge, then explain why Jason Day passed the statement off as being based on personal knowledge.

Answer: Objection, Jail Administrator Jason Day reviewed the grievances filed by the Plaintiff, talked to the Plaintiff on more than one occasion during his incarceration and jail personnel discussed it with Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

Plaintiff objects to the response because "Defendants failed to answer a second question that was propounded in that Interrogatory.  If the statement was not based on personal knowledge, why did Jason Day pass it off as personal knowledge."

Defendants' response was adequate.  In responding, Defendants provided the Plaintiff with a summary of the direct, personal knowledge had by Jason Day.

Plaintiff requests an award of sanctions under  Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure.  Rule 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The request for sanctions is denied.  Although the Court has ordered Defendants to produce additional material, the Court believes the discovery disputes were at least partially due to the convoluted and argumentative requests.

For the reasons stated, the motion to compel (Doc. 110) is granted in part, as set forth above, and denied in part.  Defendants are directed to provide Plaintiff with the supplemental responses by no later than **January 23, 2014.**

-7-

**<u>Motion for Subpoenas Duces Tecum</u>** (Doc. 112)

In this motion, Plaintiff asks the Court to:  issue subpoenas duces tecum to six individuals; admonish uncooperative witnesses; and direct these individuals to provide written testimony.  Plaintiff has drafted affidavits for each of these witnesses and ask that they either be directed to sign his proposed affidavits or draft their own affidavits.

The motion (Doc. 112) is denied.  Affidavits are simply ex parte statements by a witness.  The affidavits of witnesses who are available for the hearing or trial are not admissible as evidence.  The Court will not compel the identified witnesses to provide Plaintiff with affidavits.

**<u>Motion for Subpoenas</u>** (Doc. 114)

In this motion, Plaintiff asks the Court to issue thirty-three  witness subpoenas or writs.  This case is scheduled for a hearing on March 5, 2014.  The hearing is to determine if there are issues triable to a jury.  The hearing will be utilized to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Johnson v. Bi–State Justice Center</u>, 12 F.3d 133, 135 (8th Cir. 1993)(<u>quoting Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986)).  When both sides present evidence, the procedure "resembles a summary judgment motion with live evidence." <u>Id.</u>  The Court must avoid credibility determinations, believe the Plaintiff's evidence, and draw all justifiable inferences in the Plaintiff's favor.  <u>Id.</u> at 136.

(a) Morris Davis.  According to Plaintiff, he will testify he overheard Jason Jones threaten to cripple someone.  Plaintiff believes that someone is him.  No writ will be issued.  This testimony would be inadmissable at trial as hearsay testimony.  Further, Jason Jones is not a party to this case.

-8-

(b) Jon Shatwell.  Plaintiff indicates he will testify to the same thing as Morris Davis.

For the reasons stated above, no writ will be issued.

(c) Ricky Mathis.  Plaintiff indicates this witness used to work for Jason Jones as a

professional wrestler at Jones' part-time wrestling company.  Mathis is alleged to have overheard

a statement made by Jason Jones about the Plaintiff.  Plaintiff indicates Mathis will also testify

as to the world of professional wrestling in which brutality was not only allowed but expected.

The Court declines to issue a writ for Mathis.  The overheard statement would not be admissible

and the world of professional wrestling is not at issue in this case.

(d) John Edgmon, #153079, Arkansas Department of Correction, Ouachita River

Correctional Unit, 100 Walco Lane, Malvern, AR 72104.  A writ will be issued for Edgmon.

Plaintiff indicates he was a direct witness to many of the events at issue.

(e) Jason Jones.  A subpoena will be issued for him.  **Defendants are directed to**

**provide the Court with his current address and phone by no later than January 23, 2014.**

(f) Jason Beathky.  A subpoena will be issued for him.  **Defendants are directed to**

**provide the Court with his current address and phone by no later than January 23, 2014.**

(g) Wes Bradford.  Plaintiff indicates he is the attorney who represented him in his state

criminal case.  Plaintiff indicates Bradford demanded as a condition of a plea bargain that

Plaintiff dismiss all *pro se* lawsuits.  A subpoena will not be issued for him.  These matters are

not at issue in this case.

(h) James R. Marschewski.  Plaintiff states I have knowledge as to whether or not the

government had a vendetta against Plaintiff because of his supposed abuse of the civil court

system.  No subpoena will be issued.  As the presiding Magistrate Judge, it would be improper

to call me to testify.  I have no knowledge other then that gleamed from the pleadings about any alleged "vendetta."

(i) Robert T. Dawson.  Plaintiff states Judge Dawson was the presiding Judge in a case he had against Wal-Mart.  Plaintiff wants to determine whether or not he lost the case because of bias in favor of Wal-Mart and if the bias had anything to do with his subsequent prosecution.  No subpoena will be issued.  The outcome of other civil actions are not at issue in this case.

(j) Diana Murphy, Pasco Bowman, Raymond Gruender, Levenski Smith, Bobby Shepherd, Jane Kelly and James Loken.  These are all Judges with the Court of Appeals for the Eighth Circuit.  Plaintiff states they ruled in very odd ways in several of his cases.  No subpoenas will be issued.  The outcome of other civil actions are not at issue in this case.

(k) Polly Leimberg.  Plaintiff indicates she is a trial court assistant for Gordon Webb and has knowledge as to whether there is any agenda from government officials to persecute Plaintiff.  No subpoena will be issued.  The handling of Plaintiff's state criminal case is not at issue in this case.

(l) Billie Christian, Gordon Webb, Fred Kirkpatrick, Beth Bryan, Doug Martin, Rabekah Kennedy.  All were involved in some way in Plaintiff's state law criminal case or in Plaintiff's other civil actions.  As noted above, the handling of those cases is not at issue here.

(m) Captain Robert King.  Plaintiff indicates King has personal knowledge about Defendants' claim that Plaintiff produced no specific instances of misconduct by jail officials.  **Defendants are directed to produce King without the necessity of the Court issuing a subpoena.**  If for any reason, Defendants cannot produce King the Court is to be so advised by

-10-

no later than **January 23, 2014** and provided with the last known address and phone number of King**.**

      (n) Jason Day.  **Defendants are directed to produce Day without the necessity of the Court issuing a subpoena.**  If for any reason, Defendants cannot produce Day the Court is to be so advised by no later than **January 23, 2014** and provided with the last known address and phone number of Day**.**

      (o) Patricia Wirnig and Van Younes.  All were involved in some way in Plaintiff's state law criminal case or in Plaintiff's other civil actions.  As noted above, the handling of those cases is not at issue here.

      (p) Lynn O'Neil and Kimberly Klutts.  Plaintiff indicates both can testify how Plaintiff changed as a result of the litigation.  No subpoenas will be issued for these witnesses.  Plaintiff may himself testify as to damages he believes he suffered as a result of Defendants' conduct in this case.

      (q) Rita Stebbins (Plaintiff's Mother), David D. Stebbins (Plaintiff's Father), and James E. Goldie, the defense attorney in Plaintiff's malicious prosecution case he filed against his Father.  No subpoenas will be issued for these individuals.  Plaintiff's state law criminal case and his other civil actions are not at issue in this case.

      For the reasons stated above, Plaintiff's motion (Doc. 114) for the issuance of trial subpoenas or writs is granted in part and denied in part.

-11-

**Motion to Continue** (Doc. 117)

In this motion, Plaintiff asserts that the information sought in his motion to compel and motion for subpoenas duces tecum are crucial to his case.  He asks that the case be continued until such time as these motions are ruled on.

The motion (Doc. 117) is denied.  The motions are being ruled on in this same order. Plaintiff will have the additional materials from the Defendants by January 23rd.  This is sufficiently in advance of any deadlines established in the scheduling order and the hearing date for Plaintiff to prepare for the hearing.

IT IS SO ORDERED this 16th day of January 2014.


/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-12-