U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 17 2014
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                  **PLAINTIFF**

VS.                           **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                                **DEFENDANTS**

## EMERGENCY MOTION TO JUDGE HOLMES TO STAY EVIDENCE HEARING

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following emergency motion to Judge Holmes (and it MUST be ruled on by specifically Judge Holmes, because Marchewski is, in fact, the *subject* of this motion) to invoke the power given to it by the precedent of *Gagnon v. United States*, 193 U.S. 451 (1904) and stay the the evidence hearing until such time as the motions to compel discovery and motions for subpoenas *duces tecum* – as well as any ensuing Rule 72(a) objections – are ruled on.

1. An evidence hearing in the above-styled action is currently set for March 5, 2014. Plaintiff must submit all of his exhibits by February 3, 2014, or else Plaintiff will not be able to use them to support his case.

2. Several months ago, Plaintiff submitted a motion for subpoena *duces tecum* and admonishments towards expert witnesses. He also filed a motion to compel discovery (with a motion for sanctions attached, but that is not what is important). These motions were designed to secure evidence and exhibits which Plaintiff does not currently have in his possession, so that he can submit these exhibits pursuant to Marchewski's scheduling order.

3. However, in order for these motions to do any good, Plaintiff needs to have, not only the order compelling the production of these exhibits, but more importantly, the exhibits themselves, in his hand before the submission of his exhibits is due. If he does not have them by that time, then it won't matter if Plaintiff has them at all, since the scheduling order forbids him from using

any exhibits not submitted by February 3, 2014. The motion for sanctions could wait, but Plaintiff needed (not wanted, but needed) the Motion to Compel Discovery and Motion for Subpoena *Duces Tecum* to be ruled on quickly.

4. However, even though Plaintiff filed those motions *months* ago (meaning that you cannot assign fault to Plaintiff for any procrastination), Marchewski has not ruled on them.

5. As the deadline drew nearer and nearer, Plaintiff filed a motion to continue (see Document #117 in this case), hoping that this would give the Magistrate Judge more time to rule on the motions. However, the Magistrate Judge is not even ruling on THAT!

6. Even if the motions to compel discovery and subpoenas are ruled on today (January 16, 2014), Plaintiff would, at this point in time, still need a continuance, just so that the respondents to the subpoenas would be able to produce them! In other words, by now, due to Marchewski's procrastination, the motion to continue must be granted one way or another.

7. <u>*Let's reiterate that point: Even if Marchewski sees this motion and rules on the discovery and subpoena motions today, to avoid this motion, the motion to continue must still be granted because Marchewski made it such*</u>.

8. Whether Marchewski did this on purpose or not is none of Plaintiff's concern. Whether by accident or design, Plaintiff's due process rights have been compromised and require correction.

9. Due to the time sensitive nature of this issue, Plaintiff has no choice but to ask Judge Holmes to step in and override Marchewski's discretion, ordering that the evidence hearing be fully stayed until ...

    **(a)**    Doc. 110 and Doc. 112 receive rulings from the Magistrate Judge, and

    **(b)**    either ...

i.  The time for which an objection to the Magistrate Judge's order can be filed pursuant to FRCP 72(a) has elapsed without such an objection being filed, or

ii.  An objection to the magistrate judge's order pursuant to FRCP 72(a) has been timely filed, and Judge Holmes has issued a ruling on the matter.

10. In case No. 11-3057, this Court recognized that a party should not suffer injustice because of a *court officer's* mistake or omission. The party advocating for this protection cited the precedent of *Gagnon v. United States*, 193 US 451 (1904), and this court ate it up with a spoon.

11. Now, Plaintiff is the one seeking that protection. Marchewski's mistake, if uncorrected, is certain to deprive Plaintiff of the full opportunity to present his case, since he would only have 90% of the exhibits he intends to introduce.

12. If this relief is not granted, Plaintiff would unfairly be handicapped at the evidence hearing and, subsequently, at trial.

Please grant this relief A.S.A.P. Thank you.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt D
Harrison, AR 72601

RECEIVED
JAN 17 2014
U.S. CLERK'S OFFICE

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

7270135353