
U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JAN 2 8 2014
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                          PLAINTIFF

VS.           CASE NO. 12-3022

BOONE COUNTY, AR                     DEFENDANTS

## MOTION FOR SANCTIONS UNDER RULE 37(b)

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for Sanctions under Rule 37(b).

### BACKGROUND AND FACTS

1. Plaintiff is bringing suit against Boone County for, among other things, the following:

    (a) Plaintiff was arrested by Jason Beathky, in part so that the prosecutor's office for the Fourteenth Judicial District of Arkansas could use the threat of incarceration to persecute Plaintiff for his lawsuits.

    (b) During Plaintiff's incarceration, the jail provided inadequate accommodations for Plaintiff's Asperger Syndrome.

    (c) During Plaintiff's incarceration, the jail allowed Jason Jones – who was serving as a guard at the time – to harass, bully, and threaten Plaintiff, and instruct other inmates to do the same, out of hatred and revenge for the lawsuit Plaintiff filed against Jones' small business in Case No. 10-3041 in this Court, and that the jail made no attempt to punish Jones for his conduct or protect Plaintiff from Jones' wrath.

2. On January 16, 2014, the Magistrate Judge entered an order compelling a response to Plaintiff's discovery requests (Doc. 118). This order required the Defense to do, among other things, the following:

    (a) Provide a response to Request for Production No. 2, which demanded that the

Defendants "Produce the records of three randomly-selected cases per year, from the past five years, that the Defendant has already closed which the process spoken of in your answer to Interrogatory No. 2 actually being used."

(b) to "state what training, if any, is done that focuses on an officer not using personal bias, anger, or discriminatory conduct in the handling of an arrest."

3. On January 23, 2014, the Defense filed with this Court a response to the aforementioned order, where the stated, in pertinent part, the following:

(a) In response to Paragraph 2(a), they stated:

"Defendant maintains its objection and supplement per the Court's Order as follows. Plaintiff requests three randomly selected cases from inmate files at the Boone County Detention Center. The Jail does not keep a detainee grievance file and any grievance (for whatever reason) is filed in the detainee's jail file. The detainee jail files are archived at times. The information requested leaves the Defendants unsure what grievances the Plaintiff is requesting and each detainee grievance concerns individual facts and circumstances and is evaluated on a case-bycase basis. Defendants assert that the Plaintiff's request is vague, overly broad, and unduly burdensome and not stated in such a way that the requested files are readily identifiable. Defendants also state that a search of detainee grievance forms would require an individual search of each detainee's case file."

(b) In response to Paragraph 2(b), they provided records of a "use of force policy" that sheriff deputies are purportedly required to follow, but never provided any information regarding what training or precautions are put into ensuring that anger, personal bias, discriminatory conduct, or politics are not considered when deciding whether or not to arrest a person, thus triggering the applicability of this "use of force policy" in the first place!

4. The Defendant had a chance to provide adequate discovery responses, and have failed to do so. Plaintiff now moves for sanctions.

**ARGUMENT AND LAW**

5. For the reasons set forth below, the Court should sanction the Defendant by either listing

the Defendant in default or striking the Defendant's defense to municipal liability.

**The grounds for their objection are untimely, and barring that, still unduly vague.**

6. The Defendants stand firm on their objection, despite the time to raise it long having elapsed.

7. Plaintiff argued – and this Court ate it up with a spoon – that ...

> "Rule 33(b)(4) provides that '[t]he grounds for objecting to any interrogatory shall be stated with specificity' and '[a]ny ground not stated in a timely objection is waived unless the court for good cause shown excuses the failure.' Fed. R. Civ. P. 33(b)(4). Rule 34 similarly states production or inspection will be permitted as requested 'or state an objection to the request including the reasons.' Fed. R. Civ. P. 34(b)(2)(B). Moreover, like the federal rules, Rule 33.1(b) of the Local Rules of the Eastern and Western Districts, provides that 'blanket objections' are not recognized. Instead, '[o]bjections must be made to the specific interrogatory or request, or to a part thereof if it is compound.' Further Rule 33.1(b) provides that '[i]t is not sufficient to state that the interrogatory or request is burdensome, improper or not relevant. The ground or grounds for the objection must be stated with particularity.'" See Doc. 118, Pages 2-3.

8. This Court, in affirming Plaintiff's interpretation of the Federal and Local Rules, said it themselves: "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

9. Let's analyze the actual wording of that rule: It does not state "any objection not timely raised is waived." Even if it did, the Defendant's original objection was founded entirely upon a lack of perceived likelihood that the discovery would lead to admissible evidence, NOT on undue burden. See Doc. 118, Page 5, Lines 1-2. Therefore, even if the Defense were allowed to untimely clarify objections that were otherwise timely raised, this objection still would not fit that criteria.

10. Instead, the Rule states that "Any **ground** not stated in a timely objection" is waived. Thus, even if the Defendant had raised the timely objection that the request sought was unduly burdensome, they have lost the opportunity to state the grounds with specificity.

11. In support of this argument, Plaintiff cites the precedent of *Lake Village Healthcare Center, LLC v. Hatchett*, 2012 Ark. 223 (2012). Though not binding on this Court, this case interpreted the Arkansas Rules of Civil Procedure, which were themselves modeled after the *Federal* Rules of Civil Procedure, and this case provides clarification on this issue far better than any case from the 8th Circuit has so far tackled[1].

12. In that case, the circuit court refused to entertain an objection of undue burden raised by the defendants, for no other reason than, the objection was not properly raised until well after the time to do so had elapsed. The State Supreme Court affirmed.

13. This is a necessary limitation. Parties typically only have thirty days to respond to discovery requests; if they are allowed to make up new objections simply to supplement their original objections when it is clear that their original objections will not hold, then the 30-day time limit ceases to have any force or effect.

14. Even if we were to assume, for the sake of argument, that the Defendants are allowed to raise entirely new objections in complete disregard to the 30-day time limit they are supposed to be allotted, the Defendants' current objections are still insufficient.

15. For one thing, they simply state that they do not keep a independent record of inmate grievances. That, however, is not the documents that were requested in the discovery; Plaintiff demanded the records of the *investigations* that were made *in response to* the grievances! The only way the Criminal Investigations Division would have no independent record of the *investigations* is if there were simply no investigations to record.

16. If that is the case, that is exactly what Plaintiff has been saying all along! That, although grievances against guards and sheriff's deputies may be *filed* by the inmates and citizens (case in

---

[1] Believe it or not, there were no published federal appellate court cases or Federal Supreme Court cases where the language of Fed. R. Civ. P. 33(b)(4) even appeared in a keyword search!

point: Plaintiff's attempt to grieve about Jason Jones), but no investigations pursuant to the process described in their response to Interrogatory No. 2 would ever be launched. They want the jail guards to be free to torture inmates without consequence, so although that investigative procedure mentioned in their discovery response may exist on paper, its sole *de facto* function is to lull the voters into a false sense of security, into merely *thinking* that they have everything under control, when really, they will simply ignore the grievances filed, 100% of the time.

17. This *de facto* policy, if true, would establish municipal liability under the precedent of *Johnson v. Douglas County Medical Dept.*, 725 F. 3d 825, 828 (8th Cir. 2013).

18. Last but not least, the objection, even if allowed, is still unreasonably vague. Specifically, they assert "Defendants assert that the Plaintiff's request is vague, overly broad, and unduly burdensome and not stated in such a way that the requested files are readily identifiable," but give no details as to why "randomly selected" does not "readily identify" the search criteria.

19. For all of these reasons and more, the Defendant's Response to Request for Production No. 2 is insufficient.

### Their response to Interrogatory No. 3 is evasive.

20. After this, the Defendants provide evidence of some purported "use of force policy" which police officers are required to adhere to when making arrest.

21. This, however, is not the information that was requested in the Interrogatory, or the information that was ordered by the Court. Both the interrogatory and the order compelling the response demanded that the Defense describe what training focused on ensuring that bias, anger, politics, or discriminatory intent was not used when deciding whether or not to make an arrest. The information provided by the Defendants seems to focus entirely on the extent to which force is used once the decision has been made to arrest a person, regardless of what factors were

considered in reaching that decision. The information demanded, and the information produced, focus on two completely different stages of a police officer's duties.

22. There is no excuse for why the Defense got these things confused. Not only is the information they produced in no way related to the information that was requested by Plaintiff and compelled by the Court, but a view of Plaintiff's very *complaint* in this case shows that Plaintiff never asserted that Beathky used excessive force against Plaintiff, but rather, that the mere act of Beathky even putting his hands on Plaintiff *in the first place* was done for unconstitutional reasons. Thus, it is a matter of common sense that Plaintiff's discovery request was geared toward *that* cause of action!

23. Therefore, the Defense's response is evasive, and thus counts as officially nonexistent, as Fed. R. Civ. P. 37(a)(4) states, in no uncertain terms, that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Sanctions should issue accordingly.

### Sanctions which should issue.

24. The sanctions that should issue under Fed. R. Civ. P. 37(b) must be dispositive in nature. This is because the time for discovery is over, and thus, there is no opportunity for the Court to order the Defense to correct its mistake. Besides, the Defendants *got* a second chance to do the right thing; why should they be given a third?

25. If the Court will not issue a default judgment under Fed. R. Civ. P. 37(b)(2)(A)(vi), then Plaintiff at least asks the Court to issue a sanction in compliance with Rule 37(b)(2)(A)(i). Namely, that municipal liability be taken as established under the precedent of *Johnson v. Douglas County*. If Plaintiff can prove that Jones and Beathky committed the actions which the Complaint alleges, the County should be vicariously liable, automatically. If the jury begins to

ask questions about why the law regarding municipal liability is different than they remember it, we can simply tell them: Municipal liability was established prior to trial.

26. Plaintiff also asks that the Defense be barred, pursuant to Rule 37(b)(2)(A)(ii), from arguing or supporting any claim that either Jones or Beathky must be innocent because they have a comprehensive plan for investigating alleged misconduct. After all, the whole point of this discovery was to demonstrate that the mere fact that they *have* a policy on paper does not mean diddly squat.

27. Whatever the sanction, it must be dispositive, since holding them merely in contempt of court under 37(b)(2)(A)(vii) would still put Plaintiff at an unfair disadvantage going into trial.

WHEREFORE, premises considered, Plaintiff requests that sanctions attach to the Defendant's persistent failure to provide discovery to Plaintiff. So request requested on this, 24th day of January, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St,
Room 510
Fayetteville, AR 72701