U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 05 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                       **PLAINTIFF**

**VS.**                      **CASE NO. 12-3022**

**BOONE COUNTY, AR**                             **DEFENDANTS**

### WITNESS LIST AND DESCRIPTION OF EXHIBIT OUTLINE

       Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following list of

Plaintiff's witnesses, as well as a description for the unorthodox way Plaintiff has styled his

exhibit outline, in response to the Scheduling Order.

### WITNESS LIST

       The following is the list of witnesses Plaintiff will, and may, call for the evidence hearing.

### Witnesses Plaintiff *will* call.

1.     **David A. Stebbins**, the Plaintiff, to testify about everything.

2.     **Jason Bearthky**, to testify about whether or not Plaintiff's litigation history played any

role in his decision to arrest Plaintiff.

3.     **Robert King**, to testify to the following things:

    (a)     his own incompetence as a detective (more on that when Plaintiff testifies) and

    (b)     also that Plaintiff did indeed give "specific instances" concerning Jones' conduct.

4.     **Jason Day**, to testify about the following:

    (a)     the complete absence of any time, in the past five years, an investigation was

launched into an accusation an inmate made against a jail guard, and that said custom was

also applied to Plaintiff's accusations against Jason Jones.

    (b)     the willingness, on his part, to instantly believe a guard's word over an inmates, no

matter how serious the accusation is against the guard, no matter how absurd the accusation

is against the inmate, and without any investigation or inquiry whatsoever.

(c)      the lack of reasonable accommodations for Plaintiff's Asperger Syndrome.

(d)      the complete lack of any desire whatsoever on the part of the jail to punish inmates when it is easier to simply move the victims.

5.    **Danny Hickman**, co-defendant and former Sheriff of Boone County, to testify to the following:

(a)      His deputies undergo no training whatsoever to ensure that discrimination and/or retaliation (such as racial profiling) is factored into their arresting decisions.

(b)      He gives Jason Day a "policymaking official" to the extent that the administration of the Jail is concerned.

(c)      No system is in place so that adverse decisions by Jason Day can be appealed to him (in a like manner to an adverse decision of a Court of Appeals being appealed to the Supreme Court), and even if such a system exists on paper, it – like the grievance and investigation procedure – is never used.

6.    **Tina Avey**, whose subpoena is being requested simultaneously with this motion, to testify to the following:

(a)      The jail allows guards to bully and ignore inmates.

(b)      The jail guards almost never enforce rules against inmates unless they feel like it.

7.    **Morris Davis**, whose subpoena is being requested again (this time, for a different reason), to testify that the County actually has a policy or custom of arresting everyone involved in a domestic battery dispute, "just to be on the safe side," regardless of evidence or probable cause. This will present a glaring inconsistency with Bearthky's handling of Plaintiff's arrest, since the arrest was inconsistent with this established policy or custom.

8. **Kimberly Klutts**, whose subpoena has been declined, but who has thankfully agreed to come of her own free will, to testify to the following:

(a) Plaintiff is not a "frivolous" lawsuit-filer.

(b) Plaintiff exhibits symptoms of post-traumatic stress disorder.

## Witnesses Plaintiff *may* call.

9. **Rita Stebbins**, to testify that Plaintiff has Asperger Syndrome.

10. **Brandon Starnes**, to testify identically to Tina Avey.

11. **Timothy Porras**, to testify identically to Tina Avey and Brandon Starnes.

12. **Kenny Barnes**, to testify to the following:

(a) How rampant corruption is in this county, and the extent to which politics play a role in things that are not supposed to be political in nature, such as law enforcement.

(b) Whether Plaintiff's arrest was done in response to his lawsuit history.

## DESCRIPTION OF EXHIBIT OUTLINE

The Court will receive the exhibit outline in PDF format on a computer disc, while the Defense will receive it in paper format (since the court specifically stated that the exhibits themselves were not required to be served on the adverse parties, that eliminates 99% of the printing that Plaintiff must do). It is in a very unorthodox format, but Plaintiff chose to use this format instead of the AO187 - Exhibit and Witness List provided by this Court, because this outline format is best suited for Plaintiff's unique method of presenting these exhibits.

See, Plaintiff has so many exhibits, Plaintiff feared that the jury may get confused and overwhelmed by the sheer number of exhibits there are. To help avoid jury confusion and overwhelming, he has created this outline – which he intends to submit to the jury alongside the other exhibits – separates the exhibits into sets and, if necessary, subsets. These sets and subsets

provide brief descriptions of what elements of Plaintiff's cause of action they are meant to prove.

For example, Exhibit Set D deals with establishing municipal liability for the instant case, whereas Exhibit Set E assists in establishing municipal liability pursuant to the precedent of *Johnson v. Douglas County Medical Department*, 725 F. 3d 825, 828 (8th Cir. 2013) by establishing that the violations found in Exhibit Set D are not merely a one-time occurrence, but are representative of a longstanding, persistent pattern of conduct.

Exhibit Set D has two subsets: One for establishing municipal liability for Jones' conduct, and one for establishing municipal liability for Bearthy's arrest. Since they both fall under the category of "municipal liability," they are put in the same Exhibit Set. But since they establish municipal liability for different claims, they are divided into subsets. Plaintiff hopes that this makes sense; if it does not, Plaintiff will do his best to clarify at the evidence hearing.

When an exhibit set contains no subsets, the individual exhibits are identified by number (case in point: Exhibit A(2) being a single exhibit). On the other hand, when subsets are required, the individual exhibits will be identified by lower case letter (for example, Exhibit A(1) is a subset consisting of three exhibits, which collectively prove the existence of Jones' motive).

With this description in tact, Plaintiff hopes that the court will accept this outline, despite it not being what the Court is used to.

This list and description is hereby being submitted in response to the Scheduling Order in the above-styled action.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com