IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                  PLAINTIFF

v.                      Civil No. 12-3022

BOONE COUNTY, ARKANSAS;
and SHERIFF DANNY HICKMAN                              DEFENDANTS

**<u>ORDER</u>**

Plaintiff has filed a supplemental motion for the issuance of subpoenas (Doc. 130). He asks that subpoenas be issued for: Morris Dean Davis; Tina Avery; Brandon Starnes; Timothy Porras; and Kenny Barnes.

This case is scheduled for a hearing on March 5, 2014. The hearing is to determine if there are issues triable to a jury. The hearing will be utilized to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Johnson v. Bi–State Justice Center</u>, 12 F.3d 133, 135 (8th Cir. 1993)(<u>quoting Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986)). When both sides present evidence, the procedure "resembles a summary judgment motion with live evidence." <u>Id.</u> The Court must avoid credibility determinations, believe the Plaintiff's evidence, and draw all justifiable inferences in the Plaintiff's favor. <u>Id.</u> at 136.

(a) Morris Davis. According to Plaintiff, he will testify, based on his personal knowledge, that it was the custom of Boone County to always arrest both parties in a domestic violence dispute. A writ will be issued for Mr. Davis, Arkansas Department of Correction, #153931, Cummins Unit, P.O. Box 500, Grady, AR 71644-0500.

AO72A
(Rev. 8/82)

(b) Tina Avery, Brandon Starnes and Timothy Porras. All guards at the Boone County Detention Center. Plaintiff maintains the testimony of these individuals will provide the basis for Boone County's liability. **Defendants are asked to produce these witnesses without the necessity of the Court issuing subpoenas.** If for any reason, Defendants cannot produce one or more of these guards, the Court should be so notified by **February 18, 2014.** The Court should also be provided with a current address and telephone for any of the guards who cannot be produced.

(c) Kenny Barnes. According to Plaintiff, Kenny Barnes is the former Chief of Police for Lead Hill, Arkansas. Lead Hill is within Boone County. Barnes was arrested in October of 2013 on allegations of corruption. Plaintiff maintains he will likely have insider knowledge as to how much corruption exists in Boone County, whether his own arrest was done for political reasons, and would know if Plaintiff's arrest was done in reaction to his lawsuits (e.g. if he knew about the conspiracy or overheard the conspiracy being discussed).

No subpoena will be issued for Mr. Barnes. What may or may not have happened to Barnes, is of no relevance to Plaintiff's claims.

For the reasons stated above, Plaintiff's motion (Doc. 130) for the issuance of trial subpoenas or writs is granted in part and denied in part.

IT IS SO ORDERED this 10th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)