
U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 13 2014
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                    PLAINTIFF

VS.                         CASE NO. 12-3022

BOONE COUNTY, AR                                  DEFENDANTS

## MOTION IN LIMINE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion *in limine* to block all evidence and witnesses the Defendants failed to disclose during discovery or submitted to the Court pursuant to the scheduling order.

## BACKGROUND

1. On September 26, 2013, this Court entered a scheduling order (Doc. 106), ordering both parties to do the following no later than February 3, 2014:

    (a) Submit the following information for each witness to be called (¶1):

        i. Name

        ii. Address

        iii. Identification

        iv. Prisoner Number (if witness is a prisoner and number is known) and,

        v. Very brief description of expected testimony and length of time of expected testimony.

    (b) Submit copies of each exhibit to the Court that the party intends to introduce, although only the court need be served with actual copies of the exhibits (¶3).

2. On February 3, 2014, the Defendants submitted a half-arsed response to this scheduling order (Doc. 129), with the following deficiencies:

    (a) Giving a vague, generalized, and disorganized description of exhibits (see ¶11 of Doc.

129).

(b) Giving only the names and identifications for their witnesses, but not provided the information demanded in ¶1(b) or ¶1(e) of Doc. 106 (See ¶13 of Doc. 129).

3. This response to the scheduling order stated that they would introduce "[a]ny exhibits ... necessary for rebuttal of the Plaintiff's claims," (see Doc. 129, ¶11) as well as summon "[a]ny necessary rebuttal witnesses" (See Doc. 129), ¶13(g)

4. They also state that they intend to summon "Chief Deputy Tim Roberson," a witness who was never disclosed, or even hinted at, in discovery. See Doc. 129, ¶13(e).

## ARGUMENT AND LAW

5. For the following reasons, the Court should issue an order blocking all evidence and witnesses that were not disclosed in discovery and were not properly submitted in response to the scheduling order.

### Violation of Plaintiff's discovery rights.

6. It is axiomatic that Plaintiff has a legal right to disclosure of evidence with enough notice for him to properly discover it. Failure to disclose evidence and witnesses during discovery means that the Court must disallow evidence to be produced either at trial or hearing. See *Arabian Agri. Servs. Co. v. Chief Indus., Inc.*, 309 F. 3d 479, 483 (8th Cir. 2002) (affirming District Court's decision to not allow evidence that was not disclosed prior to trial). See also *Ryan v. Board of Police Com'rs*, 96 F. 3d 1076, 1082-1083 (8th Cir. 1996) (reversing the District Court's decision to allow evidence that was not disclosed).

7. At no point anywhere in this case did the Defendants give even so much as an indication that Chief Deputy Tim Robertson would have any significance whatsoever in this case, let alone be called as a witness.

8.  This would be excusable if Plaintiff never requested discovery, but he did. In Interrogatory No. 4 to Plaintiff's most recent discovery requests (of which the Court entered an order compelling a response to on January 16, 2014) demanded that the Defendants produce "all the evidence you have to show that the accusations levied against Boone County and her officers in the Complaint are untrue." This included witnesses, because witnesses count as evidence.

9.  Therefore, the Defendant has no excuse for this surprise evidence on the grounds that its disclosure was never requested in discovery.

10. Furthermore, Paragraph #3 of this motion documents two deficiencies that undoubtedly constitute an intention to introduce surprise evidence. This is due to the fact that, by their own admission, they do not yet know *themselves* what the exhibits and witnesses are, so how could Plaintiff possibly know about it?

11. Since all three of these deficiencies clearly infringe on Plaintiff's right to discovery and disclosure of evidence, this Court has a duty to block this evidence to protect Plaintiff's due process rights.

### Lack of compliance with the Scheduling Order

12. Even notwithstanding the lack of disclosure in discovery, this information was submitted to the court in violation of the specific requirements issued in the Scheduling Order that this very filing was purportedly in response to.

13. The Scheduling Order required the parties to, among other things, give the names, addresses, identifications, and a brief description of the testimony of each witness they intend to call. They were also ordered to provide copies of all exhibits they intended to introduce at trial.

14. These requirements, on their face, prevent the introduction of surprise witnesses and surprise evidence, pursuant to the public policy set forth in Paragraph #6 of this motion. The

requirements of Paragraph #1(e) of the Scheduling Order, on its face, prevent the introduction of surprise testimony, and the requirements of Paragraph #3 of the Scheduling Order, on its face, prevents the introduction of surprise exhibits.

15. The Defendants have done none of these things. Even if we assume, for the sake of argument, that witnesses' addresses are being withheld for privacy and security reasons, no such excuse could possibly exist for their failure to provide a description of the witnesses' testimony.

16. Worse still, to the extent that they plan to call "[a]ny necessary rebuttal witnesses," the Defendants have not provided even so much as a name or identification. This is blatant.

17. Furthermore, the Defendants clearly have not provided copies of all the exhibits they intend to introduce. Although they were not required to serve Plaintiff with copies of the exhibits, Plaintiff nevertheless knows that they could not possibly have served the Court with them, since compliance therewith is physically impossible. After all, the Defendants have stated that they will introduce "[a]ny exhibits ... or necessary for rebuttal of the Plaintiff's claims." How can the Defendants serve the Court with copies of all their exhibits when they themselves do not even know what exhibits they will introduce?

18. Thus, simply by nature of their failure to comply with the Court's Scheduling Order, these exhibits should be stricken.

## CONCLUSION

19. Plaintiff has provided not one, but two grounds for the exclusion of the aforementioned evidence. Even if one ground proves unpersuasive, the other ground would still be sufficient to have this motion granted; *both* must be unpersuasive for this motion to be denied.

Wherefore, premises considered, Plaintiff requests that the Defendant be prohibited from introducing all the evidence and witnesses mentioned in this motion, under pain of immediate

mistrial at their expense if they refuse to obey.

So requested on this 12th day of February, 2014.

_David Stebbins_
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt. D
Harrison, AR 72601

U.S. District Court
510 E. Mountain St.
Room 510
Fayetteville, AR 72701