U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 19 2014

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS            PLAINTIFF

VS.           CASE NO. 12-3022

BOONE COUNTY, AR           DEFENDANTS

### REPLY TO RESPONSE TO MOTION FOR RULE 37(b) SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to the Defendant's Response (Doc. 133) to the Motion for Rule 37(b) Sanctions (Doc. 126).

1. The Defendants raise the following arguments in opposition to Plaintiff's Motion for Sanctions:

   (a) The Defendants believe that their objections have merit.

   (b) They believe that there is still a chance to provide full discovery, even though the opportunity for submitting exhibits has passed.

   (c) They believe that, as long as they "instruct" officers to not use bias or anger in handling an arrest, then there is no need to produce any evidence of their TRAINING. Apparently, they assert that "training" and "instruction" are one in the same.

### Again, the objections are untimely.

2. In raising the argument that they have raised valid discovery objections, they have completely ignored the arguments contained in Paragraphs #8 - #13 of Plaintiff's Motion, pointing out that the opportunity to raise new objections has passed. By failing to respond to that, they have conceded that this argument has merit, under the doctrine of *qui tacet consentiture videtur*. Therefore, their argument that their objections have merit is entirely moot.

### No counter-arguments are offered against Plaintiff's complaint of outstanding deficiency.

3. They merely *claim* that their objections have merit. Plaintiff has specified deficiencies in

the objections, yet the Defendants have made no attempt to either correct these deficiencies or explain to the Court how Plaintiff's complaints do not amount to deficiencies. Therefore, once again, Plaintiff invokes the legal maxim of *qui tacet consentiture videtur*. Simply because they disagree with Plaintiff's complaints of deficiency means nothing; of course they are going to disagree with Plaintiff's argument for sanctions; *everyone* is going to disagree with something whenever they stand to be sanctioned if that thing prevails! However, *qui tacet consentiture videtur* still applies in this instance by reason of the fact that they are unable to give any specific counter-arguments to the deficiency complaints.

**They themselves have admitted to the lack of merit behind their new objection.**

4. The Defendants' objections are still meritless. Indeed, the Defendants have actually provided the evidence themselves that their objections are meritless.

5. They have pledged to provide the requested information if they are ordered to do so. By making such a pledge, they have clearly endorsed to the Court their *ability to do so*, which, in and of itself, defeats their claim of undue burden.

6. The discovery objection of "undue burden" is not satisfied merely by reason of the discovery being inconvenient of difficult. A minor annoyance is not enough to establish such an objection; if that were the case, all discovery would be subject to this objection. The burden suffered in complying with the discovery must be "undue," meaning that the difficulty in complying therewith must be so grossly disproportionate to the purpose behind the discovery that any net benefit conceived forthwith is reduced to the point of virtual non-existence.

7. Take, for example, the previously-cited precedent of Lake Village Healthcare Center, LLC v. Hatchett, 2012 Ark. 223 (2012), where the Appellants based their discovery objections party on the fact that they "had been required to produce similar ... discovery in other cases at a

cost of $100,000." Their discovery never got a ruling since it was untimely made, but this nevertheless provides a good example of what constitutes an "undue" (emphasis on that last word) burden.

8. The Defendants themselves have admitted to a lack of merit behind this new objection when they pledged to provide the requested discovery. They advised the Court that they would happily provide the discovery if the Court instructed them to do so (which is futile at this point, but more on that later), which effectively means that compliance therewith is well within their capabilities, and upon that being established, that means that the "burden" (if any at all) that they experience in complying with the discovery is, by their own admission, far from "undue."

9. This, of course, means that, for the Defendants to even raise this objection in the first place is a violation of Fed. R. Civ. P. 11, as well as FRCP 37. Rule 11 is violated whenever a party to a case knows a particular argument of assertion to lack merit or to be untrue, but make the assertion anyway, especially when done for such purposes as delaying the proceeding. Thus, the Defendants have themselves given the Court a second grounds upon which they should be sanctioned.

**Discovery, at this point, is futile.**

10. The Defendants state that they will provide the disclosure as soon as possible, but they are missing the point of the motion: There is no more opportunity to provide discovery. The deadline to submit exhibits was February 3, 2014, which means that, even if the Defendants were to provide this discovery, Plaintiff would be unable to introduce it in this case.

11. This Court has repeatedly refused to continue this case for any reason, which means that producing this discovery now would do no good. This is the reason why Plaintiff, in Paragraphs #24 – 27 of the Motion, demanded a dispositive sanction: Because nothing else could possibly

make Plaintiff whole, given the circumstances.

### Their response to Interrogatory No.

12. Last but not least, the Defendants have produced records of a class that aspiring police officers are required to take. They claim that this class focuses on not using bias or anger in deciding who to arrest.

13. Although they have provided additional clarification than in their Response to Plaintiff's Motion, their discovery answer is still insufficient, due to the fact that they have only produced records of classes and supervision, but no actual *training*.

14. It is a matter of common that "teaching" someone to do something and "training" them to do it are two completely different things. It is also a matter of common knowledge that it is physically impossible to train someone – not teach, but TRAING them – to do anything in only six hours.

15. A good example to draw from would be Boot Camp. The military is another line of work where suppression of personal emotions is necessary to avoid making disastrous errors of judgment. When preparing for the battlefield, soldiers do not simply attend a six hour class where the importance of controlling their emotions is thoroughly explained to them; instead, they spend six weeks (not hours, but weeks) getting put through the ringer. Sargeants will constantly hurl the most vulgar and degrading insults to the privates in order to test their ability to control their emotions.

16. The need for such vigorous training and practice is obvious; if the privates were simply *told* to control their emotions, there would be no Department of Veterans Affairs in this country, since war survivors would be so few and far between that there would be no point to having the Department.

17. Such is the case, here. Plaintiff did not ask what *classes they took* that was geared towards *discouraging* bias or anger-driven arrests; rather, he asked what *training they underwent* that made them psychologically less *able* to conduct bias or anger-driven arrests.

18. The Defendants should have provided evidence of training (specifically *training*) geared toward ensuring that anger or bias are not used in making arresting decisions, or specified without ambiguity that there is no such training. Since it is now too late for them to supplement their answers further, sanctions are the only solution.

## Conclusion

19. As the Defendants themselves have demonstrated, their objections are not being raised in good faith, are untimely anyway, do not answer the questions propounded on them, and cannot possibly make Plaintiff whole since there is no further opportunity for the discovery of evidence.

Wherefore, premises considered, Plaintiff requests that dispositive sanctions should ensue. So requested on this 18th day of February, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

72701#5353