IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                          PLAINTIFF

     v.                              Civil No. 12-3022

BOONE COUNTY, ARKANSAS;
and SHERIFF DANNY HICKMAN                                    DEFENDANTS

## **ORDER**

Plaintiff has filed a motion for sanctions (Doc. 126). He maintains the Defendants failed

to comply with the Court's order (Doc. 118) granting in part his motion to compel (Doc. 110).

In particular, he claims Defendants' supplemental responses to request for production 2[1] and

interrogatory (3) are evasive, inadequate, and non-responsive.

Request for Production No. 2 which is at issue asked Defendants to:

Produce the records of three randomly-selected cases per year, from the past five
years, that the Defendant has already closed which the process spoken of in your
answer to Interrogatory No. 2 actually being used.

Answer: Objection, Request No. 2 requests information not reasonably calculated
to lead to discoverable information.

The Court found this response to be inadequate and directed Defendants to supplement their

response to state with particularity their grounds for objection (Doc. 118).

The interrogatory number 2 and Defendants' response referred to in Plaintiff's request

for production number 2 provides as follows:

Interrogatory No. 2: Pursuant to the attached explanations, describe in as much
detail as possible, the standard procedure for investigating allegations of
misconduct that inmates make against jail guards, and for disciplining jail guards
if violations are found.

---

[1]Plaintiff refers to subpart A and B. It is unclear what he is referring to since the request itself does not contain subparts.

AO72A
(Rev. 8/82)

Answer: Objection, the Boone County Detention Center employees follow the policy and procedure, previously attached. Furthermore, if an inmate files a grievance that alleges misconduct by a jail guard, then typically the Jail Administrator or other jail staff will talk to the inmate first. The Jail Administrator or other jail staff may review video, talk to the jail guard and any other witnesses he/she determines would be relevant. The grievance is responded to in a timely manner. In this case, when Plaintiff filed grievances alleging Jones had been harassing him in retaliation for the previous lawsuits, jail personnel discussed it with the Plaintiff and he was unable to provide specific examples of inappropriate conduct by Jones.

On January 23, 2014, Defendants filed (Doc. 123) this supplemental response to Request for Production Number 2:

Defendant maintains its objection and supplement per the Court's Order as follows. Plaintiff requests three randomly selected cases from inmate files at the Boone County Detention Center. The Jail does not keep a detainee grievance file and any grievance (for whatever reason) is filed in the detainee's file. The detainee files are archived at times. The information requested leaves the Defendants unsure what grievances the Plaintiff is requesting and each detainee grievance concerns individual facts and circumstances that [are] evaluated on a case-by-case basis. Defendants assert that the Plaintiff's request is vague, overly broad, and unduly burdensome and not stated in such a way that the requested files are readily identifiable. Defendants also state that a search of detainee grievances forms would require an individual search of each detainee's case file.

The Defendants' supplemental response is adequate. The policy and procedure followed has been described. Plaintiff is free to question the Defendants and other witnesses as to whether the described policy and procedure was followed.

Interrogatory Number 3 and the Defendants' response thereto provide as follows:

Interrogatory No. 3: What measures, training precautions, etc. are put in place to ensure that a police [officer] such as Jason Beathky bases his arresting decisions exclusively on the evidence presented to him when responding to a call, and not on his own personal biases or hatred for a particular person.

Answer: Objection, Interrogatory No. 3 is argumentative and requests information not reasonably calculated to lead to discoverable information. Without waiving said objection, Officer Beathky was a certified officer that

graduated the Arkansas Law Enforcement Training Academy and received on-the-job training.

The Court directed Defendants to supplement this response by stating what training, if any, is done that focuses on an officer not using personal bias, anger, or discriminatory conduct in the handling of an arrest. Defendants supplemental response (Doc. 123) provides as follows:

> Response to Interrogatory No. 3:The Boone County Sheriff's Department has a Law Enforcement Code of Ethics with which its Officers are expected to follow. *See attached Code of Ethics*. Deputy Baethke received training in the use of force and the County has a use of force policy in place. *See attached Use of Force Policy and Training Certificate*. Deputy Baethke and any other Sheriff's Department Deputy are expected to follow the policies and procedures of the Sheriff's Department. Deputy Baethke had a first line supervisor maintaining close contact with him and evaluating his day-to-day performance. Deputies are counseled on a regular basis by their supervisors on ways to improve their performance and how to better handle the day-to-day situations that arise as a law enforcement officer, including arrests. Any complaints from citizens and/or fellow officers, including supervisors would be assessed on a case-by-case basis, evaluated and potentially investigated for any misconduct by a sheriff's deputy. Any policy and procedure violations including an allegation of bias, anger, or discriminatory conduct would be treated seriously and could result in counseling and/or discipline. The seriousness of the allegations against an officer would determine how far up the chain of command a matter is handled. Upon information and belief no complaints were filed against Deputy Baethke during his time as a Boone County Sheriff's Deputy.

The supplemental response is adequate. For the reasons stated, the motion for sanctions (Doc. 126) is denied.

IT IS SO ORDERED this 26th day of February 2014.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-3-