U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 12 2014

CHRIS R. JOHNSON, Clerk
By
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS             PLAINTIFF

VS.          CASE NO. 12-3022

BOONE COUNTY, AR             DEFENDANTS

## REPLY TO RESPONSE TO MOTION IN LIMINE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to the Defendant's Response to his Motion *in Limine*.

1. This reply is late because it was originally not going to be in writing; instead, Plaintiff intended to appear in court on March 5, 2014 for his evidence hearing and give his reply argument in person. However, this hearing was continued due to snowy weather; therefore, Plaintiff must give his reply argument in writing.

### Recap of original points

2. Plaintiff filed a motion *in limine*, where he pointed out that it is common knowledge amongst jurists that, unlike in the movies, there are no surprise witnesses in a real court. In fact, forget it being common knowledge "amongst jurists;" anyone who has participated in an accredited high school mock trial knows that surprise witnesses are not allowed! In fact, forget high school mock trials; Plaintiff graduated from Bergman High School in the outskirts of Harrison; in that school's elementary library, Plaintiff once found a book that was *aimed at fifth graders* that said that, unlike in the movies, there are no surprise witnesses in a real court.

3. This is backed by a ton of case law. Plaintiff has already cited two Eighth Circuit precedents to support this claim; today, he adds the precedent of Taylor v. Illinois, 484 US 400 (1988), which states, in pertinent part, the following:

"Well in advance of trial, the prosecutor filed a discovery motion requesting a list

of defense witnesses.

...

[Defendants'] claim that the Sixth Amendment creates an absolute bar to the preclusion of the testimony of a surprise witness is just as extreme and just as unacceptable as the State's position that the Amendment is simply irrelevant... The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence... The principle that undergirds the defendant's right to present exculpatory evidence is also the source of essential limitations on the right. The trial process would be a shambles if either party had an absolute right to control the time and content of his witnesses' testimony.

...

Discovery, like cross-examination, minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony."

4. The law is as clearly established here as it possibly could be. Plaintiff simply has the right to block witnesses who are not disclosed in discovery, regardless of whether their exclusion could harm the Defendants' case, and that is all there is to it.

## ARGUMENT

5. For the reasons set forth below, none of the Defendant's arguments in opposition to the motion *in limine* have any merit.

### Strawmanning arguments concerning exhibits.

6. The Defendants argue that they should be allowed to introduce Plaintiff's inmate file and all the exhibits previously disclosed. Plaintiff agrees; Plaintiff admits that he was indeed served with those documents in the discovery.

7. However, the Defendants are arguing a straw man when they claim that Plaintiff erroneously accuses them of not disclosing those exhibits. That was not the point of Plaintiff's motion. The subject of Plaintiff's motion was not those exhibits, but rather, the undisclosed ones.

8. The information sheet clearly stated that the Defendants intend to introduce "[a]ny exhibits ... necessary for rebuttal of the Plaintiff's claims." (see Doc. 129, ¶11) The key word in that excerpt is "any." The Defendants, by their own admission, intend to introduce literally

whatever evidence the situation may call for, without any regard to Plaintiff's discovery rights.

9.　Plaintiff concedes that the Defendants have the right to introduce Plaintiff's inmate file and the 91 pages submitted to him on October 25, 2013. If that was all the Defendants said they would introduce, Plaintiff would not have challenged it.

10.　Plaintiff's motion in limine – to the extent Plaintiff actually intended it – is unchallenged by the Defendants. Therefore, they appear to tacitly concede to the impropriety of this evidence.

### Well-knownness is irrelevant.

11.　Secondly, the Defendant argues that "[t]he Chief Deputy of the Boone County Sheriff's Department is a known person to the community." Just what, precisely, does that have to do with anything? Barack Obama could be considered "a known person to the community;" that doesn't make him qualified to testify as a witness in this case!

### Discovery rights override need for witnesses.

12.　Third, Defendants argue that, because Robertson has personal knowledge of something, he is an "appropriate" witness. Defendants are missing the point; maybe he is an "appropriate" witness and maybe he isn't, but that's beside the point.

13.　Here is the point: If they wanted to call him so badly, *THEY SHOULD HAVE DISCLOSED HIM PLAINTIFF MADE THE APPROPRIATE DISCOVERY REQUESTS*!!!

14. They appear to be claiming that, because he is such an important witness, their need to call him should override Plaintiff's discovery rights, when binding precedent overwhelmingly states the exact opposite to be the law of the land.

### *Qui tacet consentiture videtur*

15.　At no point in Defendant's Response in Opposition did they even deny – much less offer rebuttal evidence against – Plaintiff's claim that Tim Robertson was never disclosed as a witness,

nor do they even deny – let alone offer rebuttal evidence against – Plaintiff's claim that he made an appropriate discovery request to disclose all evidence (which would include the identities of relevant witnesses).

16. According to the legal maxim *qui tacet consentitur videtur* (translated into English: "He who is silent is taken to agree") – a maxim which this Court appears to embrace as its own policy under Local Rule 7.2(f) – this means that the Defendants have agreed to the two above-mentioned factual allegations. They are raising legally irrelevant mitigating factors and implicitly argue that the witness is so important that they have the right to call him despite him not being disclosed, which is a frivolous argument.

### Tacit concession of scheduling order noncompliance

17. Last but not least, the Defendants have not even so much as *attempted* to respond to Paragraphs 12 – 18 of the Motion in Limine, where Plaintiff argued that even the disclosed witnesses should be blocked. Why should they be blocked? Because the Defendants failed to comply with the scheduling order which specifically told the parties to give a "very brief description of expected testimony and length of time of expected testimony."

18. It goes without saying that, although the Court asked for the description to be "very brief," it did not mean for the description to be nonexistence, as that would be ridiculous.

19. And yet, that is exactly what the Defendant did. They did not even so much as attempt to comply with that portion of the Scheduling Order, nor did they even attempt to address the portion of the motion *in limine* that was directed at it.

20. Under AR Local Rule 7.2(f), their silence on this issue is grounds, without more, for granting the relief sought in said motion. Therefore, this portion of the motion should be granted straight away.

### No prejudice to Defendants

21. Keep in mind, Plaintiff was already going to call everyone except Robertson as a hostile witness, anyway. Thus, with the exception of losing Tim Robertson, the Defendants suffer no prejudice by not being allowed to call their own witnesses; they will still get a chance to question these witnesses except Tim Robertson, so they suffer no prejudice.

22. Secondly, even the exclusion of Tim Robertson should not prejudice the Defendants too much, not if they truly are committed to ensuring that the county runs smoothly and legally. Why? Because Plaintiff will still be calling Danny Hickman as a hostile witness. Robertson may indeed *play a roll* in the supervision of sheriff deputies, but as the at-the-time Sheriff, Hickamn was still the one with final say in the matter. If there is anything regarding the goings-on of Boone County at the time that Robertson knows about that Hickman does not, that just adds further evidence that Hickman was extremely lazy in his running the county, which only *adds* to municipal liability, rather than detracts from it.

23. Last but not least, what purpose does the Defense have for even calling any of their witnesses at all? Keep in mind that this is only an evidence hearing; the purpose of this hearing is not to try the facts, but rather, to determine if there are any facts to be tried. Judge Marchewski has, on numerous occasions, stated that he "must avoid credibility determinations, believe Plaintiff's testimony, and draw all reasonable inferences in favor of the Plaintiff." If Marchewski is abiding by his own, self-imposed limitations, he must assume that Defense witness and every Plaintiff's hostile witness are lying anyway, so what's the point of the Defendants calling any witnesses at all?

### CONCLUSION

24. To sum this reply up, let us recap the points:

(a) The Defendant should be locked into using only the exhibits which they have disclosed in discovery.

(b) None of the witnesses listed comply with the scheduling order to give a brief description of their testimonies; thus, they should be excluded.

(c) Tim Robertson was never disclosed as a witness in discovery. As a result, he should be excluded, even if his exclusion would hurt the Defendant's case.

(d) His exclusion would not even hurt the Defendant's case anyway as long as Danny Hickman had competently performed his duties of overseeing the County's operations, anyway. If Robertson has any testimony that Hickman cannot duplicate, that only adds evidence to Plaintiff's claim that the County never monitors their officer's activities consistent with their written policies.

(e) The nature of this hearing makes the calling of Defense witnesses in the first place to be entirely pointless.

25. Wherefore, premises considered, Plaintiff requests that this motion *in limine* be granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701