U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 12 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                          PLAINTIFF

VS.                           CASE NO. 12-3022

BOONE COUNTY, AR                                       DEFENDANTS

### OBJECTION TO ORDER DENYING RULE 37(b) SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following objection

to the Magistrate Judge's order dated February 26, 2014 denying Plaintiff's Motion for Sanctions

under Fed. R. Civ. P. 37(b).

### BACKGROUND

1.      On January 16, 2014, the Magistrate Judge granted in part Plaintiff's Motion to Compel

Discovery, arguing that the grounds for an objection must be stated with specificity, which the

Defendants had failed to do.

2.      On January 23, 2014, the Defendants raised an entirely new objection, totally different

form their previous one, alleging an undue burden because, apparently, picking out fifteen

random cases was too hard for their simple little minds to do.

3.      Plaintiff filed a motion for Rule 37(b) Sanctions, arguing, among other things, the

following:

   (a)     The Defendants had lost their opportunity to make new objections, or even state new

   grounds for preexisting ones, due to the plain text of Fed. R. Civ. P. 33(b)(4).

   (b)     Their objection was limited only to inmate *grievances*; there never was any objection

   to what was actually requested: The records of the investigations. The only way the Criminal

   Investigations Division would have no independent record of the investigations is if there

   were simply no investigations to record.

(c)     The objection, even if allowed, is still unreasonably vague.  Specifically, they assert "Defendants assert that the Plaintiff's request is vague, overly broad, and unduly burdensome and not stated in such a way that the requested files are readily identifiable," but give no details as to why "randomly selected" does not "readily identify" the search criteria.

(d)     They produced information only pertaining to the use of force in making an arrest, even though the face of the discovery request – as well as the face of the very Complaint in this case – made clear that the issue being litigated was not that Bearthky used unlawfully excessive force in the handling of the arrest, but rather, that Bearthky had no business making the arrest at all!

4.     Plaintiff requested a sanction which was dispositive in nature, due to the fact that the discovery period was now over.

5.     On February 11, 2014, the Defendants filed a response to that motion, claiming, among other things, that they were perfectly capable of complying with the discovery request, despite their claims that it was an undue burden.

6.     On February 18, 2014, Plaintiff filed a reply to this response, reminding the Court of the time limit to raise new objections and how the Defendants themselves confessed to the frivolousness of their own objections.

7.     On February 26, 2014, the Magistrate Judge entered an order denying the motion for sanctions.  No explanation was even attempted for why he found Plaintiff's arguments of procedural deficiency unpersuasive.

8.     The Magistrate Judge appeared to offer some sort of bastardized consolation that Plaintiff could question witnesses as to whether or not the grievance policy was followed, as if that somehow eliminated any prejudice that Plaintiff suffers from not having written materials.

## DISCUSSION

9.     For the reasons set forth below, the Magistrate Judge's order denying the motion for

sanctions should be set aside.

### Main arguments were ignored.

10.     First of all, the Magistrate Judge never even attempted to address, let alone refute, the

arguments Plaintiff gave concerning the timeliness of the new objections being raised. No

explanation was ever given for this failure. He also failed

11.     This is a clear abuse of discretion. "When we say that a decision is discretionary, or that

a district court has discretion to grant or deny a motion, we do not mean that the district court

may do whatever pleases it. The phrase means instead that the court has a range of choice, and

that its decision will not be disturbed as long as it stays within that range and is not influenced by

any mistake of law. An abuse of discretion, on the other hand, can occur in three principal ways:

when a relevant factor that should have been given significant weight is not considered; when an

irrelevant or improper factor is considered and given significant weight; and when all proper

factors, and no improper ones, are considered, but the court, in weighing those factors, commits a

clear error of judgment." See *Kern v. TXO Production Corp.*, 738 F. 2d 968, 970 (8th Cir. 1984).

See also *United States v. Kramer*, 827 F. 2d 1174, 1179 (8th Cir. 1987).

12.     Because the Magistrate Judge clearly failed to consider the issues discussed in Paragraphs

#3 and #6 of this Objection, this falls squarely within the criteria of the first "principal way" that

a judge may abuse his discretion.

### Plaintiff is prejudiced by the Magistrate Judge's alternative.

13.     The Magistrate Judge suggests that Plaintiff may question the witnesses about whether or

not the grievance policy was followed. Plaintiff was already planning on doing that in the first

place, but the Magistrate Judge is missing the point of the discovery.

14.     If Bob King or Jason Day decide to testify about some times they had investigated allegations of misconduct and followed the grievance policy beyond simply believing the jail guard's word, how do we know (and by "we," Plaintiff means both himself and the jury) that he's telling the truth about this? How do we know he isn't just making it up on the spot, if he does not have any written materials to point to? Describing these scenarios would be inadmissible as hearsay unless the witnesses themselves have exhibits to document them.

15.     Sure, the jury has the *right* to interpret the absence of records as proof that these testified-to events never happened, but there is nothing *forcing* them to. However, if the Defendants had to admit, straight-up, that there are no investigations for them to produce records for, the jury would have effectively have no choice but to make a finding of municipal liability. The only jurors who would make a contrary finding in the absence of that type of evidence are either dumb as bricks or are so biased that they would likely find other reasons to find in the Defendants' favor, anyway.

16.     To protect against this bias, the Defendants either must be ordered to produce the documentation to back up their claims. Since they no longer have the opportunity to do so, Plaintiff, to avoid being prejudiced, is entitled to Rule 37(b) sanctions.

## CONCLUSION

17.     Let us recap the points:

(a)     The Magistrate Judge failed to consider issues which Plaintiff raised. This clearly meets the legal definition of "abuse of discretion."

(b)     The alternative the Magistrate Judge suggested is prejudicial to Plaintiff.

(c)     Therefore, sanctions, both for Rule 37(b) and also Rule 11, should ensue.

18.     Wherefore, premises considered, Plaintiff requests that Rule 37(b) sanctions should

ensue.  So requested this 11ᵗʰ  day of March, 2014.

David Stebbins
123 W. Ridge St.,
APT D

Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com