IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                          PLAINTIFF

V.                           NO. 12-3022

BOONE COUNTY, Arkansas;
and SHERIFF DANNY HICKMAN                                               DEFENDANT

O R D E R

Before the court is the Plaintiff's Motion in Limine (ECF No. 136) filed February 13, 2014. The Defendant filed a Response (ECF No. 142) on February 27, 2014 and the Defendant filed a Reply (ECF No. 149) on March 12, 2014.

**I. Background:**

Plaintiff, a former inmate of the Boone County Detention Center (BCDC), brings this case asserting claims under the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983. He maintains Defendants discriminated against him in various ways because of his disability, Asperger Syndrome, and failed to make reasonable accommodations for him. Additionally, he asserts his constitutional rights were violated in a variety of ways.

The matter was set for an Evidentiary Hearing initially on March 5, 2014 (ECF No. 105) but because of inclement weather the hearing was rescheduled to April 22, 2014 (ECF No. 144). The court entered a Scheduling Order (ECF No. 106) on September 26, 2013 requiring disclosure of all witnesses at least 30 days prior to trial. The order also required the Defendant to provide a "very brief description of expected testimony and length of time of expected testimony." (Id.).

On February 3, 2014 the Defendant provided a Prehearing Information Filing (ECF No. 129). In that filing the Defendant listed all of his expected witnesses but did not provide any summary of their testimony or the expected length of time their testimony would take. The Plaintiff filed a Motion in Limine to exclude all of the Defendant's witnesses that "were not disclosed in discovery and were not properly submitted in response to the scheduling order" (ECF No. 136, p. 2).

The Plaintiff seems to argue that Chief Deputy Tim Roberson was not listed in discovery responses previously provided by the Defendant. (ECF No. 136, ¶4). The Defendant argues that the Plaintiff has "been provided with policies and procedures from the Boone County Sheriff's Department and the Boone County Sheriff's Department Code of Ethics" and "many documents from the Plaintiff's Jail file including booking and intake information, the arrest warrant and attached affidavit of probable cause, incident reports, disciplinary reports, medical requests, medical chart notes, and medication logs" and that Deputy Roberson was the Chief Deputy during the time of the Plaintiff's arrest and that he "has knowledge of the Boone County Sheriff's Department Policies and Procedures and the day-to-day training and supervising of its deputies." (ECF No. 142, pp 1-2). The Plaintiff also asserts that any "anticipated testimony provided by Tim Roberson would be concerning documents and evidence provided to the Plaintiff during discovery." (Id.). The Plaintiff acknowledged in his Reply that he was "going to call everyone except Robertson as a hostile witness, anyway." (ECF No. 149, p. 5).

**II. Discussion**

The 8th Circuit has approved the use of a pretrial evidentiary hearing to determine whether a pro se inmate's nonfrivolous § 1983 damage claims warrant a jury trial. *See*

*Pettengill v. Veasey*, 983 F.2d 130, 132-33 (8th Cir.1993); *Henson v. Falls*, 912 F.2d 977, 979 (8th Cir.1990). However, we have stressed that such a hearing must be consistent with the plaintiff's right to a jury trial. Therefore, if only the plaintiff presents evidence, the standard is whether his case would survive a Fed.R.Civ.P. 50(a) motion for judgment as a matter of law at trial (the former motion for directed verdict). Even if both sides present evidence, so that the procedure resembles a summary judgment motion with live evidence, the standard remains the same-"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In either case, the court must apply the proper standard of proof, avoid credibility determinations, believe the inmate's evidence, and draw all justifiable inferences in the inmate's favor. Id. at 255, 106 S.Ct. at 2514. *Johnson v. Bi-State Justice Center/Arkansas Dept. of Corrections* 12 F.3d 133, 136 (C.A.8 (Ark.),1993)

Notwithstanding the Defendant's failure to comply with the court's order, in light of the fact that the matter before the court is an Evidentiary Hearing and not a Jury Trial, the court believes that the testimony of Chief Deputy Tim Roberson should be allowed.

### III. Conclusion:

The Plaintiff's Motion in Limine (ECF No. 136) is **DENIED.**


IT IS SO ORDERED this April 17, 2014

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE