US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAY 0 1 2014
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                          PLAINTIFF

VS.                        CASE NO. 12-3022

BOONE COUNTY, AR                                        DEFENDANTS

## MOTION FOR COPY OF DEFENSE EXHIBITS AND EVIDENCE HEARING AUDIO RECORDING, RESPONSE TO SHOW-CAUSE ORDER, AND MOTION FOR EXTENSION OF TIME.

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Copy of Defense Exhibits and Evidence Hearing Audio Recording, and Motion for Extension of Time.

### BACKGROUND

1. On April 23, 2014, the parties in this case had an evidence hearing to see if the case warranted a jury trial.

2. The hearing did not have a court reporter, but instead was simply recorded on audio, meaning that reproduction of this hearing should be very easy for the Court.

3. At this hearing, the Defense introduced a surprise exhibit, purporting to be a copy of Plaintiff's sentencing order. This will be referred to, for the purposes of this motion, as the "Surprise Exhibit."

4. Plaintiff advised the Court that he accepted his plea agreement under condition of suspended sentence. Plaintiff then asked the Court to take judicial notice that, under the laws of the State of Arkansas, a person who enters a plea under condition of suspended sentence is not convicted, but instead, proceedings are deferred without any formal adjudication pending probation. Meaning that Plaintiff was never convicted and the precedent of *Heck v. Humphrey* is still satisfied, despite the plea agreement.

5. The Court refused to take judicial notice of this law, stating that this is how it works in Oklahoma, but not Arkansas. In doing so, the Court made the implication that it *would* be willing to resolve the dispute in Plaintiff's favor if that *were* how things were done in Arkansas.

6. The Court then issued a Show Cause Order, demanding that Plaintiff produce an order from the State judge saying that the conviction (which does not even existed) has been set aside. Furthermore, he gave Plaintiff a mere two weeks to comply therewith.

7. Plaintiff went to the Boone County Circuit Court to view their copy of the sentencing order, and also to check on the status of his Petition to Expunge.

8. Viewing the sentencing order, it appeared to state exactly what Plaintiff said in Paragraph #4 of this Motion: That Plaintiff was not convicted and that proceedings were deferred without conviction.

9. To support this assertion, Plaintiff submits Exhibit A, a copy of the sentencing order signed by Judge Gordon Webb. Notice how, in a section that is titled "Legal Statements" (note: you have to turn to the order onto its side to be able to read the titles of the sections), the following statements have been checked:

> "Pursuant to A.C.A. §§ 16-93-301 et seq.. this Court, without making a finding of guilt or entering a judgment of guilt ... defers further proceedings and places the Defendant on probation."

10. Furthermore, Plaintiff learned that, due to a new statute passed by the Arkansas General Assembly since he entered into his plea agreement, called the Comprehensive Criminal Record Sealing Act of 2013 (Act 1460 of 2013), getting his records sealed will take a little bit more time than he initially believed.

## ARGUMENT AND DISCUSSION

11. The Defendants maintain that Plaintiff was in fact *convicted*, and it is upon this argument

that the Defendant asserts that Plaintiff's claim that the entire criminal charges were done for the sole purpose of persecuting him for his lawsuits are legally moot.

12. Only two possibilities exist:

(a) The Defendants simply misread the part that says that the Court would not make a finding of guilt or enter a judgment of guilt, and the exhibit submitted by the Defense was in Plaintiff's favor all along, and the Court was simply confused the same way the Defendants were, or

(b) The Defendants outright forged their document for submission to the Court, making one of the other two sections located in the "Legal Statements" portion of the order appear checked, in an attempt to mislead the Court into believing that Plaintiff was convicted. This is not a far-fetched possibility, since we have already established that Plaintiff's Exhibit S(2) – the supposed resignation letter of Jason Jones – was likely a forgery since Jones himself admitted that he usually signs and dates his letters[1].

13. Either possibility should be sufficient to convince the Court to dissolve the Show Cause Order described in Paragraph #6 of this motion, since the Court should now be convinced that he made a clear mistake in assuming that a person who enters a plea under conditions of suspended sentence is nevertheless convicted.

14. Plaintiff asks the Court to review the Surprise Exhibit, and to determine if that exhibit is indeed identical to the exhibit Plaintiff is attaching to this Motion.

15. If the Court decides that the Surprise Exhibit is identical to the exhibit attached to this Motion, Plaintiff asks the Court to dissolve the Show Cause Order spoken of in Paragraph #6 of this Motion. He does not have to show proof that the conviction was set aside, because Plaintiff

---

[1] It is worth nothing that Plaintiff already testified that Jones' employment with the jail ended – whether by resignation or termination – on the exact day that the Complaint in this case appeared on PACER, implying a correlation. So the Defense was already under suspicion to begin with.

asks the Court: WHAT conviction?! As the court can clearly see, there is simply no conviction to be set aside.

16. If the Court, upon reviewing the Surprise Exhibit, decides that it is NOT identical to the exhibit attached to this motion, then Plaintiff asks the Court to do two things:

    (a) Produce to Plaintiff a copy of the Surprise Exhibit, so Plaintiff can know exactly in what ways the two are different

    (b) Give Plaintiff a small extension of time to response to the Show-Cause Order described in Paragraph #6.

17. Plaintiff will need the relief described in Paragraph 16(a) so that he can use it at jury trial to show the jury that the Defendants have a willingness to forge evidence to make themselves appear correct, which will discredit the Defense as a party (and not just individual witnesses) accordingly.

18. Plaintiff needs the relief described in Paragraph 16(b) because he will need to get a *certified* copy of the sentencing order (note: Since the Defendant's copy appeared to be certified, the Court has a public policy of trusting it over non-certified papers), and also secure a written statement from the Circuit Clerk that Plaintiff's copy is the correct copy, so as to provide absolute proof, once and for all, that Plaintiff is entitled to the relief requested in Paragraph #15.

19. The reason Plaintiff needs this extension is because he would prefer to not have to pay the money for a certified copy unless he knows that it is necessary. If the certified copy that the Court already has possession of already confirms Plaintiff's beliefs, Plaintiff would ideally like to simply dissolve the Show Cause Order without having to pay the money for his own certified copy, since ... what's the point? Surely the Court understands Plaintiff's position.

20. In addition, whether the Court dissolves the Show Cause Order, or extends the time to

respond, Plaintiff ask that the Court produce to the Plaintiff a copy of the evidence hearing's audio recording. This should be as simple as burning the recordings to a disc and enclosing them with the order responding to this Motion, so difficulty, or cost to taxpayers, should not be an issue.

21. Plaintiff will need the audio recordings for one of the following two purposes:

   (a) Impeaching defense witnesses at jury trial who try to change their story now that they know Plaintiff may be able to discredit them.

   (b) Placing objections to the Magistrate Judge's Report & Recommendation should he recommend that any of Plaintiff's claims not go to trial.

22. Therefore, Plaintiff asks that this recording be given to him.

## CONCLUSION

23. Let us recap the points:

   (a) This Court has stated that Plaintiff's claim that the entire criminal charge was designed solely to persecute Plaintiff for his lawsuits cannot go forward without proof that Plaintiff stands un-convicted.

   (b) Plaintiff tried to explain to the Court that Plaintiff had never been convicted, by reason of his suspended sentence, but the Court did not believe him.

   (c) Plaintiff has attached a copy of a sentencing order that Plaintiff wants the Court to compare tot he Defendant's certified exhibit, since this attachment shows that Plaintiff was never convicted.

   (d) If the Court believes that the Surprise Exhibit indeed shows that Plaintiff was never convicted, Plaintiff asks for the Show Cause Order to be dissolved.

   (e) If the Court believes that the Surprise Exhibit says that Plaintiff was convicted,

Plaintiff asks for a copy thereof to be submitted to Plaintiff so he can use it to discredit the Defendants, and for a brief extension of time to reply, so Plaintiff can obtain rebuttal evidence that he was never convicted.

(f) Even without a copy of the Surprise Exhibit being provided, Plaintiff asks for a copy of the audio recording for the evidence hearing.

24. Wherefore, premises considered, Plaintiff hereby prays that the above-requested relief be granted. So requested on this, the 29th day of April, 2014.

*David A. Stebbins*
David A. Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

# SENTENCING ORDER 

13C00789

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS, 14 JUDICIAL DISTRICT 4TH DIVISION
On MARCH 8, 2013 the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.

FILED FOR RECORD 4-4-13 RHONDA WATKINS, Clerk By gKH D.C.

## Court Info
- **Judge** GORDON WEBB
- **Prosecuting Attorney/Deputy** WES BRADFORD
- **Defendant's Attorney** REBEKAH KENNEDY — ☐ Private ☐ Appointed ■ Public Defender ☐ Pro Se
- **Change of Venue** ☐ Yes ■ No — If yes, from:

## Legal Statements
■ Pursuant to A.C.A. ■ §§16-93-301 et seq., ☐ §§5-64-413 et seq., or ☐ _____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

☐ There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment: is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Department of Community Correction (D.C.C.) rules and regulations.

☐ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing, and intelligent waiver of the right to counsel. ☐ Yes ■ No

## Offender
- **Defendant** [Last, First, MI]: STEBBINS, DAVID, ANTHONY
- **DOB** 12-29-1988
- **Sex** ■ Male ☐ Female
- **Total Number of Counts** 1
- **SID #**
- **Race & Ethnicity** ■ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Unknown ☐ Other ☐ Hispanic
- **Supervision Status at Time of Offense** NONE

## Offense # 1: Most Serious Offense
- **A.C.A. # of Offense / Name of Offense** 5-26-305 DOMESTIC BATTERY IN THE THIRD DEGREE
- **Case #** 2011-324-4
- **A.C.A. # of Original Charged Offense** 5-26-304
- **ATN** B O C 0 0 8 5 0 1 6 4 0
- **Offense was** ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted
- **Offense Date** 11-24-2011
- **Appeal from District Court** ☐ Yes ■ No
- **Probation/SIS Revocation** ☐ Yes ■ No
- **Criminal History Score** 0
- **Seriousness Level** N/A
- **Offense is** ☐ Felony ■ Misd.
- **Offense Classification** ☐ Y ■ A ☐ B ☐ C ☐ D ☐ U
- **Presumptive Sentence** ☐ Prison Sentence of ___ months ☐ Community Corrections Center ☐ Alternative Sanction
- **Number of Counts** 1
- **Defendant** ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense

**Defendant Sentence*** (See page 2)
- Imposed ☐ ADC ☐ Jud. Tran. ☐ County Jail ___ months
- Probation 12 months
- SIS ___ months
- Other ☐ Life ☐ LWOP ☐ Death

If probation accompanied by period of confinement, state time: ___ days or ___ months.
Sentence was enhanced ___ months, pursuant to A.C.A. § ___.
Enhancement is to run: ☐ Concurrent ☐ Consecutive.
Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d)

- **Victim Info #** (See page 2) ☐ N/A [Multiple Victims ☐ Yes ■ No]
- **Age** 46
- **Sex** ■ Male ☐ Female
- **Race & Ethnicity** ■ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic

**Defendant voluntarily, intelligently, and knowingly entered a**
- ■ negotiated plea of ■ guilty or ☐ nolo contendere.
- ☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

**Defendant:**
- ■ was sentenced pursuant to ■ §§16-93-301 et seq., ☐ §§5-64-413 et seq., or ☐ other ___
- ☐ entered a plea and was sentenced by a jury.
- ☐ was found guilty by the court & sentenced by ☐ court ☐ jury.
- ☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
- ☐ was found guilty of lesser included offense by ☐ court ☐ jury.

**Sentence will run:** ☐ Consecutive ☐ Concurrent to Offense # ___ or Case # ___

Defendant's Full Name: ST[...]NS, DAVID, ANTHONY

## Special Conditions

### Sex Offenses
Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form.
☐ Yes ☒ No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903.
☐ Yes ☒ No

Defendant is alleged to be a sexually violent predator and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
☐ Yes ☒ No

Defendant, who has been adjudicated guilty of an offense requiring registration, has been adjudicated guilty of a prior sex offense under a separate case number. ☐ Yes ☐ No
If yes, list prior case numbers:

### Domestic Violence Offenses
Defendant has been adjudicated guilty of a domestic-violence related offense.
☒ Yes ☐ No

If no, was defendant originally charged with a domestic-violence related offense? ☐ Yes ☐ No
If yes, state the name of the offense:

If yes to either question, identify the relationship of the victim to the defendant.

SON (DEFENDANT)/FATHER(VICTIM)

### DNA Sample/Qualifying Offense
Defendant has been adjudicated guilty of a qualifying offense or repeat offense (as defined in A.C.A. §12-12-1103). ☐ Yes ☒ No
Defendant is ordered to have a DNA sample drawn at ☐ a D.C.C. facility ☐ the A.D.C. or ☐ other _____

### Drug Crime
Defendant has been convicted of a drug crime, as defined in §12-17-101.
☐ Yes ☒ No

## Fines, Fees, Restitution

| | |
|---|---|
| Court Costs | $150.00 |
| Fines | $N/A |
| Booking/Admin Fees ($20) | $20.00 |
| Drug Crime Assessment Fee ($125) | $N/A |
| DNA Sample Fee ($250) | $N/A |
| Mandatory Sex Offender Fee ($250) | $N/A |
| Public Defender User Fee | $ |
| Public Defender Attorney Fee | $N/A |
| Other (explain)  PAY FOR STAY/WSF | $250.00 |

Restitution  $N/A
Payable to  [If multiple beneficiaries, give names and payment priority]
BOONE COUNTY SHERIFF'S OFFICE

Terms  ☐ Due Immediately
☒ Installments of: $35.00 PER MONTH
☐ Payments must be made within _____ days of release from A.D.C.
☐ Upon release from confinement, Defendant must return to court to establish payment of restitution
☐ Restitution is joint and several with co-defendant(s) who was found guilty – List name(s) and case number(s)

## Sentence Options

Act 531, §§16-93-1201 et seq.: Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act. ☐ Yes ☒ No
The Court hereby orders a judicial transfer to the Department of Community Correction. ☐ Yes ☒ No
Pursuant to the Community Punishment Act, the Defendant shall be eligible to have his/her records sealed. ☐ Yes ☒ No

Extended Juvenile Jurisdiction Applied ☐ Yes ☒ No

| JAIL TIME CREDIT In days: 0 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: ☐ Life ☐ LWOP | Death Penalty ☐ Yes ☒ No | If Yes, State Execution Date: |

DEFENDANT IS ASSIGNED TO: ☐ ADC ☐ CCC ☐ COUNTY JAIL ☐ PROBATION ☒ SIS ☐ SPECIAL CONDITIONS

Conditions of disposition or probation are attached. ☐ Yes ☒ No

A copy of the pre-sentence investigation on sentencing information is attached ☐ Yes ☒ No

A copy of the Prosecutor's Short Report is attached ☐ Yes ☒ No

☐ Defendant has previously failed a drug court program.

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS ☒ Yes ☐ No  Appeal Bond $ N/A

The County Sheriff is hereby ordered to: ☐ transport the defendant to county jail ☐ take custody for referral to CCC ☐ transport to ADC

Defendant shall report to DCC probation officer for report date to CCC ☐ Yes ☐ No

## Signature

Prosecuting Attorney/Deputy Signature: [signature]  Date: 3-5-13  Print Name: WES BRADFORD

Circuit Judge Signature: [signature]  Date: 3-6-13  Print Name: GORDON WEBB

### Additional Info:
SEE PLEA STATEMENT FOR ADDITIONAL CONDITIONS OF THIS ORDER

MA//03-05-2013

From:
David J Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

To:
U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

Postmark: NORTHWEST AR P&DF AR 727 2 L 30 APR 2024