01082012STEBBINSvsShower

At about 4pm I told Stebbins to take a shower as he was once again extremely ripe from lack of a shower. After his shower I said to him that he looked handsome all cleaned up…he responded with "are you sexual harassing me?" I chuckled and told him that I was just making the statement that he looked sharp cleaned up.

John Edgmon was a witness.

Cal Ferguson

Dear Mr. Ray,

I wish to write a response to your recent rant, since you wouldn't let me state it while I was in there.

In fact, that's the first problem! Why is it I don't ever, never get a word in edgewise? Every time I try to state my piece, you cut me off! Is that your idea of fairness? Remember, there's a REASON that courts allow both sides to call witnesses, cross examine each other, and state their sides without interruption!

Speaking of both sides being heard, you say that you have 20 statements from other inmates about "problems." How am I supposed to respond to that unless I know what they say and who who wrote them? If I could read the statements you read, see the footage you see, and hear the audio recordings you hear, and still can't make them not keep their story straight, then so be it! But before I yeild, I want ONE HUNDRED PERCENT of the alleged evidence against me!

sincerely,
David Stebbins

01/12/12

13:35

On the above date and time Jail Administrator Jason Day asked me to escort inmate David Stebbins to his office.   I brought inmate Stebbins to Jail Administrator Jason Days office, Jail Administrator Jason Day asked him about a letter Stebbins wrote accusing Jason Day of ranting and not letting me talk. Stebbins refused to say anything and Jason Day informed him that he was placed in a one man cell due to his actions, behavior, and safety.

Sgt. Jason C. Silva

01/12/12

Time 01:35 PM

In regards to Mr. Stebbins recent letter (see attachment) I had him brought to my office to speak with him. He stated when I spoke to him earlier that I would not allow him to speak. I simply asked him why is it that everywhere I move him he has problems. He stated he didn't know. I told him if we kept having trouble with him we would place him in a one man cell.

I told him I was not ranting simply telling him that his actions are dictating his placement. We have had nothing but problems with Stebbins since he has been here.

Jason L. Day
Jail Administrator

Date: 01-03-2012

Subject: Stebbins, David

At approximately 0730 on the above date I, Sergeant P. Neckles was conducting the morning medication distribution when I went into G-Pod. Housed by inmate Stebbins, David. The other two inmates housed in the pod were completing the morning meal when I announced for Inmate Stebbins to wake up for the meal as the 309 trustees were soon going to pick up the meal trays. Inmate Stebbins remained in his bunk.

Later in the morning while conducting a safety and security inspection Inmate Stebbins approached me with a grievance in his hand and stated that the other inmates had eaten his meal without his permission. I told inmate Stebbins that he had slept through the morning meal. I found this sufficient as an answer to his grievance. Inmate Stebbins appealed my answer. The appeal was given to the Jail Administrator to be answered.

Sgt P. Neckles



*Boone County Detention Center*
*Inmate Grievance Form*

Inmate Name: _David Stebbins_                    Pod _G 1_

Date: _12-2-2012_

Directed To:

____ Medical

____ Booking

_X_ Jason Day (Jail Administrator)

____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):

_Why are Rocky and I on Lockdown? What did we do? They won't even let me out to call my mother! Why not?_

Signature of Inmate Writing Grievance: _David Stebbins_

Grievance Received By Officer: _____ Date: _____

Response: _You are NOT on lockdown - "G" Pod rotates like all other pods._

Signature of Responding Officer: _P. N___ Date: _1/2/12_

*If you would like to appeal the response; you may do so by filling out another Grievance and it will be decided by the Sgt. Or Cpl. that shift and/or Jason Day (Jail Administrator).*



DEFENDANT'S
EXHIBIT
tebbler
_____

Dear Sheriff Hickman,

I am David Anthony Stebbins. I would like my father – one David Dewayne Stebbins by named – charged with petty larceny.

On New Year's Day, I was talking to my mother on the Pod's phone. She was researching something for me on my computer. She told me she had to plug it in first.

I can understand turning it off, because of the electricity, but why does she have to unplug it?

Well, it turns out that the computer has no surge protector. My father suspected me of "doing something" (she wouldn't say what),* so he took my surge protector in retaliation!

The calls are recorded are they not? So, you should be able to go and listen to that conversation.

So, basically... my father is a vigilante. If I "did something" (details, anyone) to his surge protector, he has two options at his disposal. He can sue me (even in jail) for the cost of the surge protector, or he can ask the police to charge me with larceny. Instead, he took the law into his own hands, and stole from me.

Please charge the bastard with larceny! Thank you.

Sincerely,
David Stebbins

*doing something to his surge protector

*Boone County Detention Center*
*Inmate Grievance Form*

Inmate Name: David Stebbins          Pod G-1

Date: 12-29-11

Directed To:

_____ Medical

_____ Booking

_____ Jason Day (Jail Administrator)

_X_ Other (Identify Other Person) 3C9's commissary dept.

State Your Grievance (As Briefly As Possible):

Is there any change that I could buy some
packs of mustard off the commissary, just like how I
purchase ketchup?

Signature of Inmate Writing Grievance: David Stebbins

Grievance Received By Officer: Cpl. Coml          Date: 12/29/11

Response: then you can Not sold on Commissary
then you can Not buy it.

Signature of Responding Officer: Cpl. Coml          Date: 12/29/11

If you would like to appeal the response; you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).



*Boone County Detention Center*
*Inmate Grievance Form*

Inmate Name: David Stebbins                    Pod 61

Date: 12-27-11

Directed To:

_____ Medical

_____ Booking

__X__ Jason Day (Jail Administrator)

_____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):
About a week ago, I sent some mail to a federal
court in Seattle, regarding a pre-existing civil matter.
Has it been mailed yet? Please tell me that it's been
mailed! That civil matter is more important to me than
getting acquitted of my crime! I cannot stress enough
how much this civil matter means to me, and I am
willing to furnish the cost of pursuing it, so please mail
these things for me.

Signature of Inmate Writing Grievance: David Stebbins   Date: 12/28/11

Grievance Received By Officer: _____

Response: They have been mailed

Signature of Responding Officer: _____   Date: 12/29/11

If you would like to appeal the response; you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).



DEFENDANT'S
EXHIBIT

_____

**Boone County Detention Center**
**Inmate Grievance Form**

Pod _G1_

Inmate Name: _David Stebbins_

Date: _____

Directed To:

_____ Medical

_____ Booking

_X_ Jason Day (Jail Administrator)

_____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):

May I please have a better mattress, such as the white one that everyone else gets? This gray mat is so thin that it barely provides any cushion at all. I would appriciate it. Thank you.

Signature of Inmate Writing Grievance: _David Stebbins_

Grievance Received By Officer: _____ Date: _12/23/11_ 2208

Response: There are alot of other inmates who have the same matt as you.

Signature of Responding Officer: _____ Date: _10/07/4_

If you would like to appeal the response, you may do so by filling out another Grievance and it will be decided by the Sgt. Or Cpl. that shift and/or Jason Day (Jail Administrator).

DEFENDANT'S
EXHIBIT
_____

Date: December 24, 2011
Time: Approximant 1550
Regards: Inmate Stebbins, David


On December 24, 2011, around 1550, I Cpl. Kendra Combs was going to the pod to pass Medications to the inmates. When I went into G Pod I noticed that inmate Stebbins, David was laying in his rack with his mattress and blankets. I approached inmate Stebbins and asked him "who gave him his stuff back". He replied "no one". I then reminded him that he was still on lock down from two nights before and he did not come off until 2040 that night when the other shift came on. He said he should have already been off lock down and I said no that he was to be on lock down for a period of 48 hours just like any other inmate in are facility that gets put on lock down and that he would be treated the same. Stebbins then started to talk back to be and not listen so I then locked him down for another 2 additional days.


Thank you

*Cpl. Kendra Combs*

Cpl. Kendra Combs



DEFENDANT'S EXHIBIT

**Boone County Detention Center**
**Inmate Grievance Form**

Inmates Name (print) _David Jenkins_          Pod _62_

Date: _12-21-11_

Directed To:

_____ Medical

_____ Booking

_____ Commissary Department

__λ___ Jason Day (Jail Administrator)

_____ Other (Identify Other Person)_____

State Your Grievance (As Briefly As Possible) _it all here_
_Look on the back as I can't f--- it all here_

_____

_____

_____

_____

_____

Signature of Inmate Writing Grievance _David Jenkins_

Grievance Received By Officer _____ Date and Time _____

Response: _To that point I looked you down telling_
_and telling you told me to then you started f--king_
_and telling with you.          Cpl. Cox_

Signature Of Responding Officer _body signed Cox_     Date _12/29/11_

If you would like to appeal the response; you may do so by returning
this form with the back section completed. The Appeal will be decided
by Corporal Neckles or Jason Day (Jail Administrator).

DEFENDANT'S
EXHIBIT

tabbies

_____

I violated a single one of those rules, and yet every day I get in more and more trouble for violating rules that I didn't even know existed. A dinner tray is not forfeited by not claiming it. Any time I'm in a six foot radius of another inmate, I have to tell him EXACTLY what I'm doing! I'm not allowed to cuss at people, even if the cussing itself disrupts nothing.

These are all rules that _were_ _not_ _in_ the rules I received! Apparently there is an entire handbook - not just a single sheet of rules that I am expected to just _know_ about, despite having never seen them.

The doctrine that ignorance of the law is no excuse is justified on the grounds that the law is made available to everyone to study. Without this doctrine falls apart at the seems.

In this case, the jail's rules (at least in their entirety) were not made available to me. Will you please make them available? May I please have a copy of 100% of the jail's rules? If you give them to me, I will study them as obsessively as I study the evidence in my case. After all, it's not like I have anything better to do.

thank you.
_David Stebbins_
David Stebbins

DEFENDANT'S
EXHIBIT
stebbins
_____

12/20/2011

At 2342 Cpl. Ferguson came over the radio and said (Ofc. Engles you are needed in G-Pod). Ofc. Borland and myself left booking and quickly entered G-Pod. Upon arrival in G-Pod cell (G-1) detainee (Brown, Lawrence) informed us that detainee (Stebbins, Davd) was standing above him thrusting his hips toward him and staring at him while he was sleeping. I calmly instructed detainee (Stebbins, David) to gather his stuff he was being moved to holding cell 1. He gathered his items, and then Ofc. Borland and myself escorted the detainee to HC-1.

x _____
Detention Officer Bobby J. Engles



Boone County Detention Center
Inmate Grievance Form

Pod G1

Inmate Name: David Stebbins

Date: _____

Directed To:

_____ Medical

_____ Booking

_X_ Jason Day (Jail Administrator)

_____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):

May I please have a better mattress, such as the
white one that everyone else gets? This gray mat is so
thin that it barely provides any cushion at all. I would
appriciate it. Thank you.

Signature of Inmate Writing Grievance: David Stebbins

Grievance Received By Officer: _____   Date: 12/23/11  220S

Response: There are alot of other inmates who have
the same matt as you.

Signature of Responding Officer: _____   Date: 12/27/11

If you would like to appeal the response, you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).

DEFENDANT'S
EXHIBIT

stebbins

_____

Date: December 24, 2011
Time: Approximant 1550
Regards: Inmate Stebbins, David


On December 24, 2011, around 1550, I Cpl. Kendra Combs was going to the pod to pass Medications to the inmates. When I went into G Pod I noticed that inmate Stebbins, David was laying in his rack with his mattress and blankets. I approached inmate Stebbins and asked him "who gave him his stuff back". He replied "no one". I then reminded him that he was still on lock down from two nights before and he did not come off until 2040 that night when the other shift came on. He said he should have already been off lock down and I said no that he was to be on lock down for a period of 48 hours just like any other inmate in are facility that gets put on lock down and that he would be treated the same. Stebbins then started to talk back to be and not listen so I then locked him down for another 2 additional days.


Thank you

Cpl. Kendra Combs



## Boone County Detention Center
### Inmate Grievance Form

Inmates Name (print) _David Jenkins_          Pod _62_

Date: _12-21-11_

Directed To:

_____ Medical

_____ Booking

_____ Commissary Department

___X___ Jason Day (Jail Administrator)

_____ Other (Identify Other Person)_____

State Your Grievance (As Briefly As Possible) _a___ *** it all here_
_Look on the back as I can't f---- it all here_

_____

_____

_____

_____

_____

Signature of Inmate Writing Grievance _David Jenkins_

Grievance Received By Officer _____ Date and Time _____

Response: _To this much I looked you down talking_
_and told you to stop talking with me then you started_
_arguing with me. Cpl. Cox_

Signature Of Responding Officer _body signed_          Date _12/29/11_
                                _Cox_

If you would like to appeal the response; you may do so by returning
this form with the back section completed. The Appeal will be decided
by Corporal Neckles or Jason Day (Jail Administrator).

DEFENDANT'S
EXHIBIT
tabbies
_____

I violated a single one of those rules, and yet every day I get in more and more trouble for violating rules that I didn't even know existed. A dinner tray is not forfeited by not claiming it. Any time I'm in a six foot radius of another inmate, I have to tell him EXACTLY what I'm doing. I'm not allowed to cuss at people, even if the cussing itself disrupts nothing.

These are all rules that were not in the rules I received! Apparently there is an entire handbook - not just a single sheet of rules that I am expected to just know about, despite having never seen them.

The doctrine that ignorance of the law is no excuse is justified on the grounds that the law is made available to everyone to study. Without this doctrine falls apart at the seems.

In this case, the jail's rules (at least in their entirety) were not made available to me. Will you please make them available? May I please have a copy of 100% of the jail's rules? If you give them to me, I will study them as obsessively as I study the evidence in my case. After all, it's not like I have anything better to do.

thank you.
David Stebbins
David Stebbins

DEFENDANT'S
EXHIBIT

stebbins

_____

12/20/2011

At 2342 Cpl. Ferguson came over the radio and said (Ofc. Engles you are needed in G-Pod). Ofc. Borland and myself left booking and quickly entered G-Pod. Upon arrival in G-Pod cell (G-1) detainee (Brown, Lawrence) informed us that detainee (Stebbins, Davd) was standing above him thrusting his hips toward him and staring at him while he was sleeping. I calmly instructed detainee (Stebbins, David) to gather his stuff he was being moved to holding cell 1. He gathered his items, and then Ofc. Borland and myself escorted the detainee to HC-1.

x_____
Detention Officer Bobby J. Engles



122011 – 23:42HRS

GPod  Detainie Brown, Lawrence called Pod control requesting to speak with Officer
Engles. I (Cpl Ferguson) immediately radioed for Officer Engles to go to G Pod. Officer
Engles and Borland both responded to the request. I listened on the intercom at Officer
Engles request as he discussed with  Detainie Stebbins, David Anthony that he was going
to be moved to Holding cell in intake. This discussion was at 2344HRS on intercom next
to the GPod entrance door. Nothing  further.

Cpl Ferguson

At 23:44HRS I assisted Officer Engles in GPod with David Stebbins being moved to a
holding cell in intake after a complaint from Lawrence Brown that Stebbins was hovering
over him making thrusting motions with his hips while staring at him.

Officer Broland

DANNY HICKMAN
BOONE COUNTY SHERIFF
Boone County Sheriffs Department
5800 Law Drive Harrison, Arkansas 72601
870-741-8404 Fax: 870-741-6038

# Statement Form

Date 12-19-2011

Time

Page 1 of 1

Name David Stebbins

Age 22

Date of Birth 12-29-88

Address 5800 Law Dr.

Place of Birth Hattiesburg, MS

City Harrison

State AR

Zip 72601

Work Phone

Home Phone

Height 6'0"

Weight 240lbs

Color of Eyes brown

Color of Hair brown

Place of Employment

Social Security # 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

Driver's License #

In B-Pod, I was constantly harrassed by the other inmates. They would mop around my feet to harrass me, spray me with windex and pelt me with food particles, all week long, until I couldn't take it anymore. On Thursday, at dinner, they stole my dinner tray, and ~~the~~ one man cocked his fist at me, causing me to spill my juice. As I ~~had~~ was mopping it up, I was harrassed still by the inmates, causing me to flail my arms in anger. They pushed the mop bucket in front of me, and I pushed it back. Someone then took the mop bucket and threw it in my face, breaking my glasses and giving me a black eye.

David Stebbins

DEFENDANT'S EXHIBIT

tabbies

Incident Report                                INCIDENT #: 11103580                                Page 4 of 4

## Narrative

Date: 12/20/2011 12:41:00 PM        Name: Bob King

Initial Report - 11103580
Newman/Stebbins Battery/Disorderly Conduct Case - Boone County Jail

On 12/20/2011 Jail Administrator Jason Day informed me of an incident that occurred in the jail between Newman and Stebbins.  Day provided statements from inmates along with statements made by the two involved.  Day also provided a disc containing recorded images of the incident that took place.

Upon review of the statements obtained it indicated that Stebbins became agitated with inmates that were attempting to assist Stebbins in cleaning up the floor in the cell block.  During a digital recorded meeting with Stebbins, he indicated that he has been continually harassed by inmates that were being influenced by Boone County Jailer Jason Jones.  It is known that Stebbins has filed a previous or pending law suit against Jones not relating to this agency.  In Stebbin's statement it states that the harassment caused him to flail his arms in anger.  Stebbins states that he pushed the mop bucket back towards someone when he was struck with the mop bucket strainer causing the injury.

Upon review of the video footage this investigator can see Newman push the mop bucket towards Stebbins with him pushing the mop bucket back.  As Stebbins pushed the bucket back towards Newman the strainer is dislodged into Newman.  Newman catches the strainer and appears to purposely throw the strainer into Stebbins causing the injury to the right eye of Stebbins.

During the digitally recorded meeting with Newman, he maintained that he only deflected the strainer back towards Stebbins.  Newman maintained that the injuries to Stebbins were caused by Stebbins actions that were witnessed by inmates in the cell block.

Both Stebbins and Newman were advised that they both would be charged for disorderly conduct and that Newman would be charged with the additional offense of battery third degree for the injuries that were sustained by Stebbins.

Capt. Bob King
Boone County Sheriffs Department
Criminal Investigations Division

Report By:                                        Approved By: