12-16-11

At approximately 5:20pm Thursday ,December 15th 2011, Officer Jones requested that I ((Officer Avey) come to the pod. At that time the computer and power box in the pod, were looking under the desk to see if the box floor, we're not functioning properly. We were source of the problem. The upstairs button in B-8 started was plunged in, or find the button and told us that inmate Newman had hit beeping. Inmate Stebbins had pushed the button and told us that inmate Newman had hit him in the face with the mop bucket. Officer Jones then went to B-pod to talk to the inmate. Officer Jones informed both inmates to stay away from each other and advised Inmate Stebbins that he could stay in his cell, if he felt safer. The issue was resolved at that time and Officer Jones left the pod. On the morning of 12-16-11, I told Corporal Combs that we needed to think about moving inmate Stebbins out of B-8. She conferred with Srgt. Silva about moving him. She then moved him into G-pod. Nothing to follow.

Officer Avey

_signature_

At approximately 5pm on Thursday December 15th 2011, I was working POD control and was informed by the inmates in B-pod that inmate David Stebbins (B-8) had thrown food down from his cell on the top tier and would not clean it up. I called into B-8 and told Stebbins to clean up his mess in the day room. Officer Tina Avey came to the POD control area to help me with the computer that had crashed. I had crawled under the desk to plug in the power supply and the intercom button in B-8 went off. I answered it, and inmate Stebbins said the inmates were harassing him and that he was hit with a mop pale.

Officer Avey relieved me and I went into B-pod to look into the situation. I told inmate Stebbins and inmate Newman to separate (to their individual cells). inmate Stebbins had a scratch below his eye and I told him to wash up and pad it with a tissue, he did, I got him an iodine wipe and triple antibiotic ointment for it and helped him put a band-aide on the scratch. I questioned both inmates about their incident and they are as follows

Inmate Newman said that when he told Stebbins not to sling the mop on the window he had just cleaned, that Stebbins started swinging the mop and toilet brush around and hit him with the toilet brush. Newman then pushed the mop bucket at Stebbins. Stebbins flipped the top of the mop bucket off at Newman. Newman blocked 'it by sticking his arm out and the bucket top bounced back hitting Stebbins in the check area (below the eye)

Inmate Stebbins, said that he did strike inmate Newman with the toilet brush and then Newman hit him with the mop bucket. and that this was a conspiracy of the other inmates in B-pod were out to get him

I spoke to both inmates and the rest of the pod, I told everyone to stay away from each other, and Stebbins could remain locked in his cell if he wanted to. I told both inmates if they had a problem with my remedy for this incident , that they could write a report and or grievance regarding it. They both agreed to stay away from each other, and I left B-pod at that time. I spoke with the night shift the morning after and they said that there were no other incidents in B-pod or reports on the matter

Officer Jones

12/16/2011

At approximately 5pm on Thursday December 15th 2011, I was working POD control and was informed by the inmates in B-pod that inmate David Stebbins (B-8) had thrown food down from his cell on the top tier and would not clean it up. I called into B-8 and told Stebbins to clean up his mess in the day room. Officer Tina Avey came to the POD control area to help me with the computer that had crashed. I had crawled under the desk to plug in the power supply and the intercom button in B-8 went off. I answered it, and inmate Stebbins said the inmates were harassing him and that he was hit with a mop pale.

Officer Avey relieved me and I went into B-pod to look into the situation. I told inmate Stebbins and inmate Newman to separate (to their individual cells). inmate Stebbins had a scratch below his eye and I told him to wash up and pad it with a tissue, he did, I got him an iodine wipe and triple antibiotic ointment for it and helped him put a band-aide on the scratch . I questioned both inmates about their incident and they are as follows

Inmate Newman said that when he told Stebbins not to sling the mop on the window he had just cleaned, that Stebbins started swinging the mop and toilet brush around and hit him with the toilet brush. Newman then pushed the mop bucket at Stebbins. Stebbins flipped the top of the mop bucket off at Newman. Newman blocked 'it by sticking his arm out and the bucket top bounced back hitting Stebbins in the cheek area (below the eye)

Inmate Stebbins said that he did strike inmate Newman with the toilet brush and then Newman hit him with the mop bucket, and that this was a conspiracy of the other inmates in B-pod were out to get him

I spoke to both inmates and the rest of the pod, I told everyone to stay away from each other, and Stebbins could remain locked in his cell if he wanted to. I told both inmates if they had a problem with my remedy for this incident , that they could write a report and or grievance regarding it. They both agreed to stay away from each other, and I left B-pod at that time. I spoke with the night shift the morning after and they said that there were no other incidents in B-pod or reports on the matter

Officer Ayres

12/16/2011

Kristopher Jon Whatley
DOB 3/17/1987 Dec 17th 2011

[illegible] Stebbins was cleaning up the juice that he spelt by the door as he was instructed
[illegible] the guard Mike Newman and my self were helping him by pointing out the areas
[illegible] needed to be cleaned, so Mr. Stebbins would not get in trouble. Mr. Stebbins became
[illegible] upset and started to swing the toilet bowl scrubber that he was using to
[illegible] the mess of juice with at Mr. Newman. Mr. Newman was trying to explain
[illegible] Mr. Stebbins that he was only trying to help and to stop swinging the toilet bowl scrubber
[illegible]. At the same time I was showing Mr. Stebbins the mop bucket to let
[illegible] Know that he should be moping the juice rather than using the toilet bowl
[illegible] in the First place. Mr. Stebbins then took the strainer violently out of the
mop bucket while screaming like a wild animal and threw it at Mr. Newman
which Mr. NewMan blocked and it then deflected towards Mr. Stebbins. Once I seen
[illegible] Stebbins acting like this and becoming violent, I Felt as if I might be next. Mr. Stebbins
[illegible] seems to be a light in his head, which is why I was trying to help him in the First
[illegible]. So I got away From him as quickly as possible. When he returned upstairs then
I Felt safe coming to make sure Mr. Newman was okay at that point.

[signature]

I Joshua Chisum was working on the stairs when David Stebbin was cleaning up the juice he had spilt on the floor. Mike Newman and Christopher Whatley were trying to help David by showing him where the juice was and where the mop was because the guards told him to clean it up. David refused to use the toilet brush to clean the floor. Mike and Christopher told him to not use that for the floor. David got mad and slashed to Ming the brush cleaner at mike, then David lost the strainer and threw it at Mike. Mike worked it and it came back and hit David

X Joshua Ch___

I, michael Newman, was watching David Stebbins clean up the juice he had spilt from chow. He started to clean the floor with a toilet brush. I then told him you shouldn't use that it has pieces on it from the toilet. He then tried to hit me with the toilet brush flinging juices everywhere. I then moved to get my tray away from Stebbins understanding he was upset. I tried to explain I'm only trying to help. when he raised the mop strainer at me. I put my hands up to show it and get away from the strainer. The mop strainer bounced back off hit him in the head. when the Stebbins was cleaning he had got the mop also trying (which also went to my Stebbins) Floor with the toilet brush. Kristopher Whatley went and got the mop also trying to explain to Mr Stebbins you shouldn't use the toilet brush to clean the floor.

Michael Newman

*Boone County Detention Center*
*Inmate Grievance Form*

Pod B4

Inmate Name: David Stebbins

Date: 12-14-11

Directed To: ~~FAIRVIEW~~

IMMEDIATE RESPONSE NEEDED!!!

___ Medical

___ Booking

X Jason Day (Jail Administrator)

X Other (Identify Other Person) NOT!!! Jason Jones

State Your Grievance (As Briefly As Possible):

Two things - (1) I wish to appeal the response that Jason Jones gave about my other grievance this morning. (2) Every inmate is harrassing me - especially Chris from B1- despite being instructed to leave me alone. ~~Please work~~ have Jason Day see me IMMEDIATELY for details! Please resolve it immediately because I want the harrassment to fucking stop! PLEASE!!!

Signature of Inmate Writing Grievance: David Stebbins

Grievance Received By Officer: _____  Date: _____

Response: You have been moved for your ~~fear~~ peace of mind

Signature of Responding Officer: _____  Date: 12/16/1

*If you would like to appeal the response; you may do so by filling out another Grievance and it will be decided by the Sgt. Or Cpl. that shift and/or Jason Day (Jail Administrator).*

DEFENDANT'S EXHIBIT
stebbis

*Boone County Detention Center*
*Inmate Grievance Form*

Pod B4

Inmate Name: David Stebbins

Date: 12-14-11

Directed To: ~~FAIRVIEW~~

IMMEDIATE RESPONSE NEEDED!!!

___ Medical

___ Booking

X Jason Day (Jail Administrator)

X Other (Identify Other Person) NOT!!! Jason Jones

State Your Grievance (As Briefly As Possible):

Two things - (1) I wish to appeal the response that Jason Jones gave about my other grievance this morning. (2) Every inmate is harassing me - especially Chris from B1 - despite being instructed to leave me alone. Please ~~check~~ have Jason Day see me IMMEDIATELY for details! Please resolve it immediately because I want the harassment to fucking stop! PLEASE!!!

Signature of Inmate Writing Grievance: David Stebbins

Date: _____

Grievance Received By Officer: _____

Response: You have been moved for your ~~fear~~ peace of mind

Date: 12/16/1

Signature of Responding Officer: _____

*If you would like to appeal the response; you may do so by filling out another Grievance and it will be decided by the Sgt. Or Cpl. that shift and/or Jason Day (Jail Administrator).*



DEFENDANT'S EXHIBIT
_____

### Boone County Detention Center
### Inmate Grievance Form

Inmate Name: David Stebbins                    Pod B4

Date: 12-14-11

Directed To:

_____ Medical

_____ Booking

__X__ Jason Day (Jail Administrator)

_____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):

Jason Jones deprived me of breakfast by
not releasing my door until it was too late
for me to eat. Besides I was told yesterday that
I was out with Top tier from now on, something
my podmates can vouch for. Jones is still
discriminating me. He is just being more subtle
about it.

Signature of Inmate Writing Grievance: David Stebbins

Grievance Received By Officer: _____  Date: _____

Response: The statement from the inmate are
totally different from what you are
saying.

Signature of Responding Officer: _____  Date: 12/6/11

If you would like to appeal the response; you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).

Boone County Sheriff's Office
Sheriff Danny Hickman
400 East Prospect - Harrison, AR 72601
870/741-8404

## Statement Form

Date 14 Dec 2011

Time 12:45

Page 1 of 1

Name Dale W Kilby

Address 3800 Law Dr

City Harrison

Home Phone _____

Height 5'10"   Weight 165

Place of Employment _____

Social Security _____

Age 25   Date of Birth _____

Place of Birth _____

State AR   Zip 72601

Work Phone _____

Color of Eyes HZ   Color of Hair Brown

Driver's License # _____

I Dale Kilby heard Stephin, David say that Jason Jones didn't know what he had coming

Signature Dale Kilby

Boone County Sheriff's Office

Sheriff Danny Hickman

400 East Prospect - Harrison, AR 72601

870/741-8404

## Statement Form

Date 12-14-11

Time 12:45

Page 1 of 1

Name John Edgmon          Age 37   Date of Birth _____

Address 5800 Law Dr          Place of Birth _____

City Harrison          State AR          Zip 72601

Home Phone _____          Work Phone _____

Height 5'7"  Weight 240   Color of Eyes Hazel  Color of Hair Brown

Place of Employment in Jail

Social Security # _____          Driver's License # _____

I was sitting at the table playing card when
Jason Jones (JJ) came in asking David Stebbins Why
He Did not Eat when his door was open and
Stebbins called JJ a Lier and that his door was
never open which upset JJ who told Stebbins
If He could not get up and get his tray with the
others inmates He could go without (for the Guards
and other inmates are not his momma) in the aprintiacies
is my thoughts
After JJ Left Stebbins said JJ Don't Know
who He was messing with that he Has something for
Him, in a thearting maner and has Been cussing
everyone

Signature John Edgmon

Boone County Sheriff's Office
Sheriff Danny Hickman
400 East Prospect - Harrison, AR 72601
870/741-8404

## Statement Form

Date 12-14-11

Time 8:15 pm

Page 1 of 1

Name Joshua Chunn      Age 23    Date of Birth _____

Address 5 ????? Drive      Place of Birth _____

City Harrison      State AR      Zip 72601

Home Phone _____      Work Phone _____

Height 6'1      Weight 170      Color of Eyes Blue   Color of Hair Brown

Place of Employment _____

Social Security # _____      Driver's License # _____

David Stebbins said that a Jason Jones did not
know what he had committed after fact what
him and And he was going to call
to handle him after he got a Phone card

Signature _____

Boone County Sheriff's Office
Sheriff Danny Hickman
400 East Prospect - Harrison, AR 72601
870/741-8404

## Statement Form

Date 12-14-11

Time 1:45 pm

Page 1 of 1

Name Kristopher Whitley

Address 5800 Low Drive

City Harrison

Home Phone _____

Height 6'2"   Weight 165

Place of Employment _____

Social Security # _____

Age 24   Date of Birth _____

Place of Birth _____

State Ar   Zip 72601

Work Phone _____

Color of Eyes Blue   Color of Hair Brown

Driver's License # _____

David Stebbins said that "Jason Jones did not know what he had coming after fucking with him" And "He was going to call someone to kill him after he get a phone card."

Signature [signature]

*Boone County Detention Center*
*Inmate Grievance Form*

Inmate Name: David Stebbins          Pod B 4

Date: 12-13-11

Directed To:

____ Medical

____ Booking

_X_ Jason Day (Jail Administrator)

____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):
Atty. Mark Cash advised me that I could be released
on my own recognissaince if I could secure living
arrangements by the time I go to court this Friday.
I have a landlord in mind, but I have to call him,
and he won't take a collect call. My commissary
won't be filled until Thursday, so I can't get
a calling card. May I use the front phone? I
already have the number.

Signature of Inmate Writing Grievance: David Stebbins

Grievance Received By Officer: P. S. M.          Date: 12/14/11

Response:
We aren't allowed to make long distance
unless it is collect. You can come up there
and call your attorney so he can get ahold of them

Signature of Responding Officer: _____          Date: 12/15/11

*If you would like to appeal the response; you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).*


DEFENDANT'S
EXHIBIT

_____

## Boone County Detention Center
### Inmate Grievance Form

Inmate Name: David Stebbins                    Pod 34

Date: 12-12-11

Directed To:

_____ Medical

_____ Booking

__X__ Jason Day (Jail Administrator)

_____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):

Why am I being locked down with every
one else, when they were the ones harrassing
me? It doesn't make sense! All it does is
discourage victims of bullying from reporting
it! I shouldn't be locked down with them!
I did nothing wrong!

_____

Signature of Inmate Writing Grievance: David Stebbins

Grievance Received By Officer: Pl. S Williams Date: 12-12-11

Response:
Yore are not on lockdown yore come
out will your tier and mor restriction?

Signature of Responding Officer: Day   Date: 12/12/11

*If you would like to appeal the response; you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).*



DEFENDANT'S
EXHIBIT
stebbins

# Boone County Detention Center
## Inmate Grievance Form

Inmates Name (print) David Stebbins          Pod _____

Date: 11-30-11

Directed To:

_____ Medical

_____ Booking

_____ Commissary Department

__X__ Jason Day (Jail Administrator)

_____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible)

I am being deprived of my right to talk to my attoey simply because the officer hates me

Signature of Inmate Writing Grievance _David Stebbins_

Grievance Received By Officer _____ Date and Time _____

Response: Called attorney @ 08:49 AM

Signature Of Responding Officer _____ Date 11/30/11

**If you would like to appeal the response; you may do so by returning this form with the back section completed. The Appeal will be decided by Corporal Neckles or Jason Day (Jail Administrator).**



DEFENDANT'S EXHIBIT

### Boone County Detention Center
### Inmate Grievance Form

Inmate Name: _David Stebbins_         Pod _____

Date: _11-29-11_

Directed To:

____ Medical

____ Booking

X  Jason Day (Jail Administrator)

____ Other (Identify Other Person) _____

State Your Grievance (As Briefly As Possible):

Jason Jones has been harrassing me ever
since I was arrested. His actions constitute
discriminatory ~~harrassme~~ retaliation, which I
could sue the jail over. Also, another unknown officer has gotten
mad at me for pressing the button for
100% legitimate reasons

Signature of Inmate Writing Grievance: _David Stebbins_

Grievance Received By Officer: _____  Date: _____

Response: _Please be specific of the actions you are_
_~~ao~~ alleging_

Signature of Responding Officer: _Day_  Date: _11/30/11_

If you would like to appeal the response; you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).



DEFENDANT'S
EXHIBIT
_____

### Boone County Detention Center
### Inmate Grievance Form

Inmate Name: _David Stebbins_          Pod _C6_

Date: _11-26-11_

Directed To:

_____ Medical

_____ Booking

_X_ Jason Day (Jail Administrator)

_X_ Other (Identify Other Person) _Sgt. Nackles_

State Your Grievance (As Briefly As Possible):

_My cellmates are threatening to beat
me up if I do not "respect" them. They
said that they deserve respect, but never said
why, and that I am a disrespectful punk J.P.
& forced me to call him "sir" or "daddy" and
called me his bitch._

Signature of Inmate Writing Grievance: _David Stebbins_

Grievance Received By Officer: _F Mendez_     Date: _11/26/11_

Response: _I will put your request in MR Day's
mail box
Moved for protection_

Signature of Responding Officer: _Alfred Mendez_   Date: _11/26/11_    _11/28/11_

If you would like to appeal the response; you may do so by filling out
another Grievance and it will be decided by the Sgt. Or Cpl. that shift
and/or Jason Day (Jail Administrator).



10/11/2013 FRI 15:34   FAX 870 429 1617 Boone County Sheriff                    ⌀002/003

# SECTION 11

## GRIEVANCE PROCEDURE

### POLICY:

It is the policy of this agency that detainees shall have the opportunity to present written grievances without punishment. Written detainee grievances shall be promptly investigated promptly answered in writing and if legitimate, satisfactorily resolved. See Grievance Form following this section.

### PROCEDURES:

a. Form

   1) A grievance form may be obtained from any Detention Officer upon request.

b. Substance

   1) The detainee must clearly describe all facts and all request, then give grievance to any Detention Officer.

c. Delivery

   1) The grievance is given to any staff member for delivery to the appropriate personnel without alteration or sharing with inappropriate personnel.

d. Review

   1) Grievance will be reviewed immediately to determine urgency.

e. Resolution

   1) Absent of emergency, the grievance is investigated and if valid, resolved within a reasonable amount of time.

   2) Valid emergencies receive immediate attention.

 f. Response

  1) Whether with or without merit, the grievant is informed of the disposition of the grievance, in writing, within ten (10) working days of the date the grievance was received.

  2) Emergency grievances receive a response within 48 hours of the time the grievance is received.

  3) The factual basis for the disposition is stated in the response.

 g. Appeals

  1) The grievant may appeal any response or lack of response to the Sheriff or Jail Administrator who shall respond in writing. Appeals to the Sheriff or Jail Administrator may be delivered in the same manner as the above or may be mailed to the Sheriff or through a third party for delivery to the Sheriff or Jail Administrator.

  2) If for any reason a detainee fears use of the grievance procedure, the detainees grievance may be presented to the Sheriff for appeal.

 h. Records

  1) All grievances and responses, dated and signed are placed in grievant jail file. The original into the file and a copy returned to detainee.

 i. Retaliation

  1) Employees are forbidden from punishing a detainee for writing a grievance. Any perceived punishment shall be reported to the Jail Administrator without delay. Substantiated reports of retaliation shall subject the employee to disciplinary action.

 j. Class-Action Complaints

  1) A detainee must write a grievance in his/her own behalf. Group petitions and class-action grievances will be returned without a response.

  2) A detainee may assist another detainee who for any reason is unable to write his/her own grievance.

 k. Staff Responsibilities

  1) Members of the staff shall attempt to prevent grievances by complying with jail policy, resolving informal complaints and reporting perceived problems to their supervisors.

  2) When needed, the staff shall assist the detainee in utilizing the grievance procedure.



# SENTENCING ORDER   *ORIGINAL*

13CO00789

IN THE CIRCUIT COURT OF BOONE _____ COUNTY ARKANSAS, 14TH JUDICIAL DISTRICT 4TH DIVISION

On MARCH 8, 2013 _____ the Defendant appeared in open Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea, was advised those rights, and of the right to make a statement before sentencing.

**Court Info**

Judge GORDON WEBB | By ___gkh___ D.C. | File Stamp

Prosecuting Attorney/Deputy WES BRADFORD

Defendant's Attorney REBEKAH KENNEDY | ☐ Private ☑ Public Defender | ☐ Appointed ☐ Pro Se

Change of Venue ☐ Yes ☑ No  If yes, from:

**Legal Statements**

☐ Pursuant to A.C.A. ☑ §§16-93-301 et seq., ☐ §§5-64-413 et seq, or ☐ _____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment:
☐ is hereby entered against the Defendant on each charge enumerated, ines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Department of Community Correction (D.C.C.) rules and regulations.
☐ of conviction is hereby entered against the Defendant on each charge enumerated, ines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.C.) for the term speci ed on each offense shown below.

Defendant made a voluntary, knowing, and intelligent waiver of the right to counsel. ☐ Yes ☑ No

**Offender**

Defendant [Last, First, MI] STEBBINS, DAVID, ANTHONY | DOB | Sex ☑ Male ☐ Female | Total Number of Counts 1

SID # | Race & Ethnicity ☑ White ☐ Black ☐ Asian ☐ Native American ☐ Paci ic Islander ☐ Unknown ☐ Other ☐ Hispanic

Supervision Status at Time of Offense NONE

**Offense #1: Most Serious Offense**

A.C.A. # of Offense/ Name of Offense 5-26-305 DOMESTIC BATTERY IN THE THIRD DEGREE | Case # 2011-374-4

A.C.A. # of Original Charged Offense 5-26-304 | ATN B O C D 0 0 8 5 0 1 6 4 0 | Offense was ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted

Offense Date 11-24-2011 | Appeal from District Court ☐ Yes ☑ No | Probation/SIS Revocation ☐ Yes ☑ No

Criminal History Score 0 | Seriousness Level N/A | Offense is ☐ Felony ☑ Misd. | Offense Classi ication ☐ Y ☑ A ☐ B ☐ C ☐ D ☐ U

Presumptive Sentence ___ | ☐ Prison Sentence of ___ months | ☐ Community Corrections Center | ☐ Alternative Sanction

Number of Counts 1 | Defendant ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense

Defendant Sentence* (See page 2)
Imposed ☐ ADC ☐ Jud. Tran. ☐ County Jail | If probation accompanied by period of con inement, state time: ___ days or ___ months.
Probation 12 months | Sentence was enhanced ___ months, pursuant to A.C.A. §___
SIS ___ months | Enhancement is to run: ☐ Concurrent ☐ Consecutive.
Other ☐ Life ☐ LWOP ☐ Death | Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d)

Victim Info# (See page 2) ☐ N/A [Multiple Victims ☐ Yes ☑ No] | Age 46 | Sex ☑ Male ☐ Female | Race & Ethnicity ☑ White ☐ Black ☐ Asian ☐ Native American ☐ Paci ic Islander ☐ Other ☐ Unknown ☐ Hispanic

Defendant voluntarily, intelligently, and knowingly entered a
☑ negotiated plea of ☑ guilty or ☐ nolo contendere.
☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

Defendant:
☑ was sentenced pursuant to ☑ §§16-93-301 et seq, ☐ §§5-64-413 et seq., or ☐ other _____
☐ entered a plea and was sentenced by a jury.
☐ was found guilty by the court & sentenced by ☐ court ☐ jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
☐ was found guilty of lesser included offense by ☐ court ☐ jury.

Sentence will run: ☐ Consecutive ☐ Concurrent to Offense # ___ or Case # ___



Defendant's Full Name: STEBBINS, DAVID, ANTHONY

## Special Conditions

### Sex Offenses

Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form.
☐ Yes ☑ No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903.
☐ Yes ☑ No

Defendant is alleged to be a sexually violent predator and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
☐ Yes ☑ No

Defendant, who has been adjudicated guilty of an offense requiring registration, has been adjudicated guilty of a prior sex offense under a separate case number. ☐ Yes ☐ No
If yes, list prior case numbers:

### Domestic Violence Offenses

Defendant has been adjudicated guilty of a domestic-violence related offense.
☑ Yes ☐ No

If no, was defendant originally charged with a domestic-violence related offense? ☐ Yes ☐ No
If yes, state the name of the offense:

If yes to either question, identify the relationship of the victim to the defendant:

SON (DEFENDANT)/FATHER(VICTIM)

### DNA Sample/Qualifying Offense

Defendant has been adjudicated guilty of a qualifying offense or repeat offense (as defined in A.C.A. §12-12-1103). ☐ Yes ☑ No
Defendant is ordered to have a DNA sample drawn at ☐ a D.C.C. facility ☐ the A.D.C. or ☐ other

### Drug Crime

Defendant has been convicted of a drug crime, as defined in §12-17-101.
☐ Yes ☑ No

## Fines, Fees, Restitution

| | | |
|---|---|---|
| Court Costs | $150.00 | |
| Fines | $N/A | |
| Booking/Admin Fees ($20) | $20.00 | |
| Drug Crime Assessment Fee ($125) | $N/A | |
| DNA Sample Fee ($250) | $N/A | |
| Mandatory Sex Offender Fee ($250) | $N/A | |
| Public Defender User Fee | $ | |
| Public Defender Attorney Fee | $ N/A | |
| Other (explain)    PAY FOR STAY/WSF | $ 250.00 | |

Restitution  $N/A

Payable to    [If multiple beneficiaries, give names and payment priority]
BOONE COUNTY SHERIFF'S OFFICE

Terms  ☐ Due immediately
☑ Installments of: $35.00 PER MONTH
☐ Payments must be made within _____ days of release from A.D.C.
☐ Upon release from confinement, Defendant must return to court to establish payment of restitution
☐ Restitution is joint and several with co-defendant(s) who was found guilty – List name(s) and case number(s)

## Sentence Options

Act 531, §§16-93-1201 et seq.: Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act. ☐ Yes ☑ No

The Court hereby orders a judicial transfer to the Department of Community Correction. ☐ Yes ☑ No

Pursuant to the Community Punishment Act, the Defendant shall be eligible to have his/her records sealed. ☐ Yes ☑ No

Extended Juvenile Jurisdiction Applied ☐ Yes ☑ No

| JAIL TIME CREDIT In days: 0 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: ☐ Life ☐ LWOP | Death Penalty ☐ Yes ☑ No | If Yes, State Execution Date: |
|---|---|---|---|

DEFENDANT IS ASSIGNED TO: ☐ ADC   ☐ CCC   ☐ COUNTY JAIL   ☐ PROBATION   ☑ SIS   ☐ SPECIAL CONDITIONS

Conditions of disposition or probation are attached. ☐ Yes ☑ No

A copy of the pre-sentence investigation on sentencing information is attached ☐ Yes ☑ No

A copy of the Prosecutor's Short Report is attached ☐ Yes ☑ No

☐ Defendant has previously failed a drug court program.

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS ☑ Yes ☐ No  |  Appeal Bond $ N/A

The County Sheriff is hereby ordered to: ☐ transport the defendant to county jail ☐ take custody for referral to CCC ☐ transport to ADC

Defendant shall report to DCC probation officer for report date to CCC ☐ Yes ☐ No

## Signature

Prosecuting Attorney/Deputy Signature: _Wes Bradfd_    Date: 3-5-13
Print Name: WES BRADFORD

Circuit Judge Signature: _Gordon Webb_    Date: 3-6-13
Print Name: GORDON WEBB

**Additional Info:**

SEE PLEA STATEMENT FOR ADDITIONAL CONDITIONS OF THIS ORDER

MA//03-05-2013