U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 2 0 2014
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                    PLAINTIFF

VS.                         CASE NO. 12-3022

BOONE COUNTY, AR                                                  DEFENDANTS

## SECOND RESPONSE TO SHOW CAUSE ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Second Response to the Magistrate Judge's Order to Show Cause that Plaintiff's action not be dismissed under the precedent of *Heck v. Humphrey*, 512 U.S. 477 (1994).

## BACKGROUND

1. On April 23, 2014, the parties in this case had an evidence hearing to see if the case warranted a jury trial.

2. The hearing did not have a court reporter, but instead was simply recorded on audio, meaning that reproduction of this hearing should be very easy for the Court.

3. At this hearing, the Defense introduced a surprise exhibit, purporting to be a copy of Plaintiff's sentencing order. This will be referred to, for the purposes of this filing, as the "Surprise Exhibit."

4. The Surprise Exhibit, according to the Defendants, purported to show evidence that Plaintiff was convicted. Upon this, they argue that Plaintiff's persecution claim (that is... his claim that the entire criminal charges were done for the sole purpose of persecuting him for his lawsuits) is legally moot, under the precedent of *Heck v. Humphrey*, 512 U.S. 477 (1994).

5. The Court then issued a Show Cause Order, demanding that Plaintiff produce an order from the State judge saying that the conviction (which may or may not even exist; see Doc. 155) has been set aside. Furthermore, he gave Plaintiff a mere two weeks to comply therewith.

6. Plaintiff went to the Boone County Circuit Court to view their copy of the sentencing order, and also to check on the status of his Petition to Expunge.

7. Sure enough, as Plaintiff initially theorized, the order plainly stated that the Court, **without making a finding of guilt or entering a judgment of guilt**, deferred further proceedings and placed Plaintiff on probation.

8. Plaintiff knew that only two possibilities exist:

(a) The Defendants simply misread the part that says that the Court would not make a finding of guilt or enter a judgment of guilt, and the exhibit submitted by the Defense was in Plaintiff's favor all along, and the Court was simply confused the same way the Defendants were, or

(b) The Defendants outright forged their document for submission to the Court, making one of the other two sections located in the "Legal Statements" portion of the order appear checked, in an attempt to mislead the Court into believing that Plaintiff was convicted. This is not a far-fetched possibility, since we have already established that Plaintiff's Exhibit S(2) – the supposed resignation letter of Jason Jones – was likely a forgery since Jones himself admitted that he usually signs and dates his letters[1].

9. Giving the Defendants the benefit of the doubt, Plaintiff secured a non-certified copy of that Sentencing Order, and submitted it to this Court in a Motion filed on May 1, 2014. See Doc. 155.

10. This Motion requested that the Magistrate Judge take a closer look at the Surprise Exhibit, to see if it matched or contradicted Plaintiff's attached Sentencing Order. See Paragraph #14 of Doc. 155.

---

[1] It is worth nothing that Plaintiff already testified that Jones' employment with the jail ended – whether by resignation or termination – on the exact day that the Complaint in this case appeared on PACER, implying a correlation. So the Defense was already under suspicion to begin with.

11. Plaintiff then requested one of two sets of reliefs, depending on the Magistrate Judge's assessment of the Surprise Exhibit:

(a) If the Magistrate Judge decided that the Surprise Exhibit is identical to the exhibit attached to Doc. 155, to dissolve the Show Cause Order. See #15 of Doc. 155. This relief was requested to save the Plaintiff the cost of obtaining a certified copy of the sentencing order when a certified copy thereof was already on the record.

(b) If the Magistrate Judge decided that the Defendants' Surprise Exhibit contradicted the Plaintiff's attachment, that the Plaintiff be afforded some additional time to secure a certified copy of this Sentencing Order to cancel out the "certified" copy that the Defendants produced. See Paragraph #16 of Doc. 155.

12. On May 5, 2014, the Magistrate Judge granted the relief spoken of in Paragraph 11(b) of this Response. Specifically, the Magistrate Judge extended the deadline for Plaintiff to respond to May 19, 2014.

13. So, apparently, the Magistrate Judge decided – upon review – that the Defendants' Surprise Exhibit indeed stated that Plaintiff was convicted.

14. Plaintiff hereby attaches, as Exhibit 1, a certified copy of the Sentencing Order, identical to what Plaintiff previously submitted to the Court, except that it is certified.

15. Plaintiff secured the certified sentencing order many days ago, but decided to hold off until he had the final nail in this issue's coffin, which was ...

16. On May 12, 2014, Boone County Circuit Judge Gordon Webb entered an order to seal Plaintiff's criminal charges. A certified copy of this Order is hereby attached to this Response as Exhibit 2.

17. At this time, Plaintiff now moves the Court to dissolve the Show Cause order, and allow

the case to proceed.

## ARGUMENT

18. For the reasons set forth below, the Court should dissolve its Show Cause Order.

### Non-existent conviction

19. The Defendants assert that Plaintiff was convicted in his previous criminal case.

20. This is simply untrue. In fact, although the Plaintiff has not yet received a copy of the Defendants' Surprise Exhibit (as ordered by the Magistrate Judge in the same order that extended Plaintiff's deadline, as spoken of in Paragraph #12 of this Response), Plaintiff is deducing, based on the the fact that the Magistrate Judge chose to award Plaintiff the relief requested in Paragraph #16 of that motion rather than Paragraph #15, that the Defendants simply forged this evidence to make it appear as if Plaintiff was convicted. They knew that their assertion was patently false, but they wanted a "get out of liability free" card that they knew they did not deserve.

21. This certified record that Plaintiff is attaching as Exhibit 1 should do one of the following:

   (a) Prove, once and for all, that Plaintiff **_WAS NOT CONVICTED_**!

   (b) At the very least, cancel out with the Defendants' arguments, and create a genuine dispute of material fact warranting a jury trial on the matter[2].

22. Either way, this Court should dissolve its Show Cause Order, since it is clear, at this point, that the Plaintiff has complied therewith.

23. Of course, even if the Court decides that it wants to ignore Exhibit 1 and still assume that Plaintiff was convicted, it still does not matter. As an extra layer of protection, Plaintiff attached

---

2  The Magistrate Judge, on numerous occasions, has repeatedly said that it treats the evidence hearing as dual motions for summary judgment with live evidence. To that end, a court may grant summary judgment **ONLY** if there is no genuine dispute of material fact; see Fed. R. Civ. P. 56(a).

Exhibit 2, an Order to Seal Plaintiff's criminal records.

## Order to Seal

24.     The attached Order to Seal constitutes the setting aside of Plaintiff's non-existent conviction.

25.     To support the argument contained in Paragraph #10 of this Response, Plaintiff submits the following statutory citations:

   (a)     Ark. Code Ann. § 16-90-902(a)

   "An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored and **shall be completely exonerated**, and the record which has been expunged shall not affect any of his or her civil rights or liberties unless otherwise specifically provided by law."

   (b)     Ark. Code Ann. § 16-90-1417(b)(1):

   "Upon the entry of the uniform order, the person's underlying conduct **shall be deemed as a matter of law never to have occurred**, and the person may state that the underlying conduct did not occur and that a record of the person that was sealed does not exist."

   (c)     Ark. Code Ann. § 16-93-303(d):

   "After successful completion of probation placed on the defendant under this section, a defendant **is considered as not having a felony conviction** except for: (1) A determination of habitual offender status; (2) A determination of criminal history; (3) A determination of criminal history scores; (4) Sentencing; and (5) A purpose of impeachment as a witness under Rule 609 of the Arkansas Rules of Evidence."

26.     See Exhibits 3, 4, and 5 respectively.

27.     Plaintiff is citing both A.C.A. § 16-90-902 and A.C.A. § 16-90-1417. However, it is important to note that they cannot both be applicable at the same time. On January 1, 2014, the latter statute replaced the former one. See Arkansas Act 1460 of 2013.

28.     However, the former was in place at the time Plaintiff entered his plea of no contest, and

thus could be the one that is applicable to the sealing of Plaintiff's records[3] (this may be the reason the Circuit Judge failed to apply the provisions of A.C.A. § 16-90-1405(b)(1)(F), which would have forced Plaintiff to wait an astronomical five years before he could get his records sealed). However, for the sake ensuring that there is no confusion, Plaintiff is citing both, to show that it does not matter which one is applicable, since either statute results in Plainitff's (non-existent) conviction being set aside.

29.     Thus, the Order to Seal constitutes the satisfaction of the *Heck v. Humphrey* precedent.

30.     Plaintiff therefore asks that the Court decree that the Order to Show Cause has been satisfied.

### Conclusion

31.     Wherefore, premises considered, Plaintiff requests that the Court ...

   (a)     Dissolve its Order to Show Cause,

   (b)     Order that the precedent of *Heck v. Humphrey* has been satisfied in Plaintiff's favor,

   (c)     Recommend to the District Judge that this case go to jury trial.

32.     So requested on this, the 19th day of May, 2014.

David Stebbins<br>
123 W. Ridge St.,<br>
APT D<br>
Harrison, AR 72601<br>
870-204-6516<br>
stebbinsd@yahoo.com

---

3   According to the provision of the US Constitution which forbids the retroactive application of new laws, as well as the precedent of Santabello v. New York, which entitles criminal defendants to get *exactly* what they bargained for in plea agreements.

# SENTENCING ORDER

13C00789

IN THE CIRCUIT COURT OF __BOONE__ COUNTY, ARKANSAS, __14TH__ JUDICIAL DISTRICT __4TH__ DIVISION

On __MARCH 8, 2013__ the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.

## Court Info

| | |
|---|---|
| **Judge** GORDON WEBB | By _qKH_ D.C. |
| **Prosecuting Attorney/Deputy** WES BRADFORD | |
| **Defendant's Attorney** REBEKAH KENNEDY | ☐ Private  ■ Public Defender  ☐ Appointed  ☐ Pro Se |
| **Change of Venue** ☐ Yes ■ No  If yes, from: | File Stamp |

## Legal Statements

■ Pursuant to A.C.A. ■ §§16-93-301 et seq., ☐ §§5-64-413 et seq., or ☐ _____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

☐ There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment: is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Department of Community Correction (D.C.C) rules and regulations.

☐ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing, and intelligent waiver of the right to counsel. ☐ Yes ■ No

## Offender

| **Defendant** [Last, First, MI] STEBBINS, DAVID, ANTHONY | **DOB** 12-29-1988 | **Sex** ■ Male ☐ Female | **Total Number of Counts** 1 |
|---|---|---|---|
| **SID #** | **Race & Ethnicity** ■ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Unknown ☐ Other ☐ Hispanic | | |

**Supervision Status at Time of Offense** NONE

## Offense #1: Most Serious Offense

| **A.C.A. # of Offense/Name of Offense** 5-26-305 DOMESTIC BATTERY IN THE THIRD DEGREE | | **Case #** 2011-3?4-4 |
|---|---|---|
| **A.C.A. # of Original Charged Offense** 5-26-304 | **ATN** B O C 0 0 8 5 0 1 6 4 0 | **Offense was** ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
| **Offense Date** 11-24-2011 | **Appeal from District Court** ☐ Yes ■ No | **Probation/SIS Revocation** ☐ Yes ■ No |
| **Criminal History Score** 0 | **Seriousness Level** N/A | **Offense is** ☐ Felony ■ Misd. | **Offense Classification** ☐ Y ■ A ☐ B ☐ C ☐ D ☐ U |

**Presumptive Sentence** ☐ Prison Sentence of _____ months  ☐ Community Corrections Center  ☐ Alternative Sanction

**Number of Counts** 1   **Defendant** ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense

**Defendant Sentence*** (See page 2)
Imposed ☐ ADC ☐ Jud. Tran. ☐ County Jail _____ months
Probation  12  months
SIS  _____ months
Other  ☐ Life ☐ LWOP ☐ Death

If probation accompanied by period of confinement, state time: _____ days or _____ months.
Sentence was enhanced _____ months, pursuant to A.C.A. § _____.
Enhancement is to run: ☐ Concurrent ☐ Consecutive
Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d)

**Victim Info#** (See page 2) ☐ N/A [Multiple Victims ☐ Yes ■ No]   **Age** 46   **Sex** ■ Male ☐ Female   **Race & Ethnicity** ■ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic

Defendant:
■ was sentenced pursuant to ■ §§16-93-301 et seq., ☐ §§5-64-413 et seq., or ☐ other _____

**Defendant voluntarily, intelligently, and knowingly entered a**
■ negotiated plea of ■ guilty or ☐ nolo contendere.
☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

☐ entered a plea and was sentenced by a jury.
☐ was found guilty by the court & sentenced by ☐ court ☐ jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
☐ was found guilty of lesser included offense by ☐ court ☐ jury.

**Sentence will run:**  ☐ Consecutive  ☐ Concurrent  to Offense # _____ or Case # _____

Defendant's Full Name: ST___NS, DAVID, ANTHONY

## Special Conditions

### Sex Offenses
Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form.
☐ Yes ☒ No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903.
☐ Yes ☒ No

Defendant is alleged to be a sexually violent predator and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
☐ Yes ☒ No

Defendant, who has been adjudicated guilty of an offense requiring registration, has been adjudicated guilty of a prior sex offense under a separate case number. ☐ Yes ☐ No
If yes, list prior case numbers:

### Domestic Violence Offenses
Defendant has been adjudicated guilty of a domestic-violence related offense.
☒ Yes ☐ No

If no, was defendant originally charged with a domestic-violence related offense? ☐ Yes ☐ No
If yes, state the name of the offense:

If yes to either question, identify the relationship of the victim to the defendant.
SON (DEFENDANT)/FATHER(VICTIM)

### DNA Sample/Qualifying Offense
Defendant has been adjudicated guilty of a qualifying offense or repeat offense (as defined in A.C.A. §12-12-1103). ☐ Yes ☒ No
Defendant is ordered to have a DNA sample drawn at ☐ a D.C.C. facility ☐ the A.D.C. or ☐ other _____.

### Drug Crime
Defendant has been convicted of a drug crime, as defined in §12-17-101.
☐ Yes ☒ No

## Fines, Fees, Restitution

| | | | |
|---|---|---|---|
| Court Costs | $150.00 | Restitution | $N/A |
| Fines | $N/A | Payable to | [If multiple beneficiaries, give names and payment priority] |
| Booking/Admin Fees ($20) | $20.00 | BOONE COUNTY SHERIFF'S OFFICE | |
| Drug Crime Assessment Fee ($125) | $N/A | | |
| DNA Sample Fee ($250) | $N/A | Terms | ☐ Due Immediately |
| Mandatory Sex Offender Fee ($250) | $N/A | | ☒ Installments of: $35.00 PER MONTH |
| Public Defender User Fee | $ | | ☐ Payments must be made within ____ days of release from A.D.C. |
| Public Defender Attorney Fee | $N/A | | ☐ Upon release from confinement, Defendant must return to court to establish payment of restitution |
| Other (explain) PAY FOR STAY/WSF | $250.00 | | ☐ Restitution is joint and several with co-defendant(s) who was found guilty – List name(s) and case number(s) |

## Sentence Options

Act 531, §§16-93-1201 et seq.: Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act. ☐ Yes ☒ No
The Court hereby orders a judicial transfer to the Department of Community Correction. ☐ Yes ☒ No
Pursuant to the Community Punishment Act, the Defendant shall be eligible to have his/her records sealed. ☐ Yes ☒ No

Extended Juvenile Jurisdiction Applied ☐ Yes ☒ No

| JAIL TIME CREDIT In days: 0 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: ☐ Life ☐ LWOP | Death Penalty ☐ Yes ☒ No | If Yes, State Execution Date: |

DEFENDANT IS ASSIGNED TO: ☐ ADC ☐ CCC ☐ COUNTY JAIL ☐ PROBATION ☒ SIS ☐ SPECIAL CONDITIONS

Conditions of disposition or probation are attached. ☐ Yes ☒ No

A copy of the pre-sentence investigation on sentencing information is attached ☐ Yes ☒ No
A copy of the Prosecutor's Short Report is attached ☐ Yes ☒ No

☐ Defendant has previously failed a drug court program.

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS ☒ Yes ☐ No | Appeal Bond $ N/A

The County Sheriff is hereby ordered to: ☐ transport the defendant to county jail ☐ take custody for referral to CCC ☐ transport to ADC
Defendant shall report to DCC probation officer for report date to CCC ☐ Yes ☐ No

## Signature

Prosecuting Attorney/Deputy Signature: *Wes Bradford* Date: 3-5-13
Print Name: WES BRADFORD

Circuit Judge Signature: *Gordon Webb* Date: 3-6-13
Print Name: GORDON WEBB

**Additional Info:**
SEE PLEA STATEMENT FOR ADDITIONAL CONDITIONS OF THIS ORDER

MA//03-05-2013

> Pursuant to A.C.A. § 16-90-905, this Order to Seal form has been adopted and provided by ACIC. Arkansas law mandates the use of this form by all petitioners and by all Circuit and District Courts in the state of Arkansas.

In the __Circuit__ Court of __Boone__, Arkansas

__CR__ Division

State of Arkansas

vs

__David Stebbins__
(first, middle, and last name)

Case No. __2011-324-4__

**Order to Seal**

Now on this __12th__ day of __May__, __2014__, the Court having examined the petition to seal and other matters presented, finds that the defendant was arrested on the __24__ day of __Nov__, __2011__, and charged with the offense(s) of __Domestic Battery in the 2nd degree__ A.C.A. § __5-26-304__;

and that the defendant was found:   (Please complete the appropriate section: A and/or B)

**Section A**
☒ Guilty of __3rd degree Domestic Battery__, A.C.A. § __5-26-305__, and was sentenced to __one year probation__, on the __8__ day of __Feb__, __2013__.

The Court further finds that the defendant was sentenced under the provisions of A.C.A. § __16-93-301__, which provides for the sealing of a defendant's record.

The Court now finds that the defendant has satisfactorily complied with the orders of this Court, that the defendant has been rehabilitated and the petition to seal the record of the offense(s) should be granted.

**Section B**
Date of Final Disposition

☐ Nolle Prossed
☐ Dismissed
☐ Acquitted at Trial
☐ Case Not Filed
☐ Transferred to Juvenile Court   (if marked, please provide original circuit court disposition, if applicable)

Offense (s) ___

The Court now finds that under authority of A.C.A. § 16-90-906, which provides for the sealing of a defendant's record, the petition to seal the record of the offense(s) should be granted.

It is therefore considered, ordered and adjudged that the following offense(s) in this case be sealed to all except those authorized by law to have access: __David Anthony Stebbins__

The Court Clerk is directed to mail a copy of this order to the Arkansas Crime Information Center, to the Administrative Office of the Courts, to the arresting agency, and to the prosecuting attorney, who shall seal all records maintained by them relating to the offense(s).

The following information is required for proper identification of the defendant in the state and national record systems:

Race __W__    Arrest Tracking No. _____

Sex __M__    SID No. _____ (if known)

DOB __12/24/88__    FBI No. _____ (if known)

Signature of Judge

__Gordon Webb__
Type or print name of Judge

ACIC Order-Seal.Doc 06/23/06

Stamps: FILED FOR RECORD 2014 MAY 12 PM 2:16 BOONE CO. CIRCUIT CLERK RHONDA WATKINS; 14C02013

*A.C.A. § 16-90-902*

Arkansas Code of 1987 Annotated Official Edition
© 1987-2014 by the State of Arkansas
All rights reserved.

\*\*\* Legislation is current through the 2013 Regular Session and updates \*\*\*
\*\*\* received from the Arkansas Code Revision Commission through \*\*\*
\*\*\* November15, 2013. \*\*\*

Title 16  Practice, Procedure, And Courts
Subtitle 6.  Criminal Procedure Generally
Chapter 90  Judgment And Sentence Generally
Subchapter 9  -- Expungement and Sealing of Criminal Records

A.C.A. § 16-90-902  (2014)

**16-90-902.  Effect of expungement. [Repealed effective January 1, 2014.]**

**(a)** An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored and shall be completely exonerated, and the record which has been expunged shall not affect any of his or her civil rights or liberties unless otherwise specifically provided by law.

**(b)** Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.

**HISTORY:** Acts 1995, No. 998, § 7.

LexisNexis  About LexisNexis  | Privacy Policy  | Terms & Conditions  | Contact Us
Copyright © 2014 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

A.C.A. § 16-90-1417

Arkansas Code of 1987 Annotated Official Edition
© 1987-2014 by the State of Arkansas
All rights reserved.

\*\*\* Legislation is current through the 2013 Regular Session and updates \*\*\*
\*\*\* received from the Arkansas Code Revision Commission through \*\*\*
\*\*\* November 15, 2013. \*\*\*

Title 16  Practice, Procedure, And Courts
Subtitle 6.  Criminal Procedure Generally
Chapter 90  Judgment And Sentence Generally
Subchapter 14  -- Comprehensive Criminal Record Sealing Act of 2013 [Effective January 1, 2014]

A.C.A. § 16-90-1417  (2014)

**16-90-1417. Effect of sealing. [Effective January 1, 2014.]**

  **(a) (1)** A person whose record has been sealed under this subchapter shall have all privileges and rights restored, and the record that has been sealed shall not affect any of his or her civil rights or liberties unless otherwise specifically provided by law.

  **(2)** A person who wants to reacquire the right to vote removed from him or her as the result of a felony conviction must follow the procedures in Arkansas Constitution, Amendment 51, § 11.

  **(3)** The effect of this subchapter does not reconfer the right to carry a firearm if that right was removed as the result of a felony conviction.

**(b) (1)** Upon the entry of the uniform order, the person's underlying conduct shall be deemed as a matter of law never to have occurred, and the person may state that the underlying conduct did not occur and that a record of the person that was sealed does not exist.

  **(2)** This subchapter does not prevent the use of a prior conviction otherwise sealed under this subchapter for the following purposes:

   **(A)** Any criminal proceeding for any purpose not otherwise prohibited by law;

   **(B)** Determination of offender status under the former § 5-64-413;

   **(C)** Habitual offender status, § 5-4-501 et seq.;

   **(D)** Impeachment upon cross-examination as dictated by the Arkansas Rules of Evidence; or

   **(E)** Any disclosure mandated by Rule 17, 18, or 19 of the Arkansas Rules of Criminal Procedure.

**HISTORY:** Acts 2013, No. 1460, § 9.

A.C.A. § 16-93-303

Arkansas Code of 1987 Annotated Official Edition
© 1987-2014 by the State of Arkansas
All rights reserved.

*** Legislation is current through the 2013 Regular Session and updates ***
*** received from the Arkansas Code Revision Commission through ***
*** November 15, 2013. ***

Title 16  Practice, Procedure, And Courts
Subtitle 6.  Criminal Procedure Generally
Chapter 93  Probation And Parole
Subchapter 3 -- Probation and Suspended Imposition of Sentence

A.C.A. § 16-93-303  (2014)

**16-93-303. Probation -- First time offenders -- Procedure. [Effective until January 1, 2014.]**

   **(a) (1) (A) (i)** Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit court or district court, in the case of a defendant who previously has not been convicted of a felony, without making a finding of guilt or entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.

   **(ii)** A sentence of a fine not exceeding three thousand five hundred dollars ($3,500) or an assessment of court costs against a defendant does not negate the benefits provided by this section or cause the probation placed on the defendant under this section to constitute a conviction except under subsections (c)-(e) of this section.

   **(iii)** A serious felony involving violence or a felony involving violence as provided in § 5-4-501 shall not be eligible for expungement of record under this subchapter.

   **(B)** However, no person who is found guilty of or pleads guilty or nolo contendere to a sexual offense as defined by § 5-14-101 et seq. and §§ 5-26-202, 5-27-602, 5-27-603, and 5-27-605 in which the victim was under eighteen (18) years of age shall be eligible for expungement or sealing of the record under this subchapter.

   **(2)** Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.

   **(3)** Nothing in this subsection shall require or compel any court of this state to establish first offender procedures as provided in this section and §§ 16-93-301 and 16-93-302, nor shall any defendant be availed the benefit of this section and §§ 16-93-301 and 16-93-302 as a matter of right.

   **(b)** Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures

established in § 16-90-901 et seq.

**(c)** During the period of probation described in subdivision (a)(1)(A)(i) of this section, a defendant is considered as not having a felony conviction except for:

   **(1)** Application of any law prohibiting possession of a firearm by certain persons;

   **(2)** A determination of habitual offender status;

   **(3)** A determination of criminal history;

   **(4)** A determination of criminal history scores;

   **(5)** Sentencing; and

   **(6)** A purpose of impeachment as a witness under Rule 609 of the Arkansas Rules of Evidence.

**(d)** After successful completion of probation placed on the defendant under this section, a defendant is considered as not having a felony conviction except for:

   **(1)** A determination of habitual offender status;

   **(2)** A determination of criminal history;

   **(3)** A determination of criminal history scores;

   **(4)** Sentencing; and

   **(5)** A purpose of impeachment as a witness under Rule 609 of the Arkansas Rules of Evidence.

**(e)** The eligibility to possess a firearm of a person whose record has been expunged and sealed under this subchapter and § 16-90-901 et seq. is governed by § 5-73-103.

**HISTORY:** Acts 1975, No. 346, §§ 2, 3; A.S.A. 1947, §§ 43-1232, 43-1233; Acts 1995, No. 998, § 9; 1999, No. 1407, § 1; 2003, No. 1185, § 219; 2003, No. 1753, § 2; 2007, No. 744, § 2; 2011, No. 570, § 90; 2011, No. 1233, § 1.

LexisNexis  About LexisNexis  | Privacy Policy  | Terms & Conditions  | Contact Us
Copyright © 2014 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.



David Stebbins
123 W. Ridge St.
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701