IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                        PLAINTIFF

v.                                 Case No. 3:12-CV-03022

BOONE COUNTY, ARKANSAS
and SHERIFF DANNY HICKMAN                                    DEFENDANTS

## ORDER

Currently before the Court is a Motion for Reconsideration (Doc. 171) filed by Plaintiff David Stebbins. In the Motion, Stebbins asks the Court to reconsider dismissing his case with prejudice, which occurred on March 30, 2015. *See* Doc. 169, Order Adopting the Report and Recommendation of the Magistrate; Doc. 170, Judgment Dismissing Case with Prejudice. The Court adopted the Report and Recommendation (Doc. 162) of the Magistrate and dismissed the case after conducting a *de novo* review of the record and considering Stebbins' detailed objections (Doc. 165).

A motion for reconsideration of a final judgment or order may be made pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry ex rel. Crow v. Watson Chapel School Dist.*, 540 F.3d 752, 761 (8th Cir.2008) (quoting *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (internal citations and quotations omitted)). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Id.* Here, Stebbins has not identified manifest errors of law or fact or newly discovered evidence that persuade the Court that it wrongly adopted the Magistrate's

Report and Recommendation and dismissed the case.

According to Rule 60(b), a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). After reviewing Stebbins' Motion, the Court finds that no relief pursuant to Rule 60(b) is warranted. Stebbins disagrees with the decision of the Court, and he is free to take his appeal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 171) is **DENIED**.

**IT IS SO ORDERED** this 13th day of July, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE