# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                          **PLAINTIFF**

**VS.**                              **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                  **DEFENDANTS**

## MOTION AND INCORPORATED BRIEF IN SUPPORT TO CLARIFY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion to Clarify some of the Court's orders in the above-styled action, as their meaning, and what they are and are not adjudicating, have become important to whether another case – one in Boone County Circuit Court – has jurisdiction to hear and decide a matter under the doctrines of *res judicata* and/or *collateral estoppel*.

Plaintiff asks this Court to answer the following questions:

1. In any of its Orders in the above-styled action on Motions to Compel Discovery (filed by *either* party), did any of the three judges in this case (James Marchewski, P.K. Holmes, and Timothy Brooks) ever declare or find that the non-movants' discovery responses were *truthful* or *honest?*

2. When James R. Marchewski entered his Report & Recommendation, in the summer of 2014, recommending that the remainder of Plaintiff's claims be dismissed with prejudice after an evidence hearing was conducted, did the Magistrate Judge ever, at any time, adjudicate that the Defense witnesses had told the truth?

3. When James R. Marchewski entered his Report & Recommendation, in the summer of 2014, recommending that the remainder of Plaintiff's claims be dismissed with prejudice after an evidence hearing was conducted, did the Magistrate judge ever, at any time, adjudicate that any of the Defendant's exhibits were authentic, rather than forgeries?

4. When Timothy Brooks adopted the Magistrate Judge's Report & Recommendation mentioned in Questions 2 & 3, did it ever, at any point in its order, decide that any of the witnesses at said evidence hearing had told the truth, or that the Defendant's exhibits were authentic?

5. Even if any of the three judges *wanted* to adjudicate whether any of the witnesses were telling the truth, or whether an exhibit is authentic, would they have *jurisdiction* to do so in any stage of any litigation, criminal or civil alike, other than a **<u>bench</u>** trial?

   (a) Please remember that, for purposes of this question, Plaintiff asks that the Court answer "no" if it determines that it does not have jurisdiction to adjudicate a witness's honesty, or an exhibit's authenticity, in a jury trial.

6. Is this Court allowed to rule in favor of a particular party if it determines that party has lied or forged evidence during the course of the proceeding?

7. Is this Court allowed to deny a Motion to Compel Discovery if it believes that the under-lyng discovery response was dishonest?

8. Could disputes of perjury or forgery that occurred in the evidence hearing have been adjudicated in the above-styled action, even if the Court *were* of competent jurisdiction?

## BACKGROUND

On April 22-23, 2014, a two-day-long evidence hearing in this matter was held. During this evidence hearing, numerous defense witnesses committed numerous acts of perjury – which Plaintiff could *prove* were perjury – during said evidence hearing. In addition, they introduced at least two exhibits which were fakes.

Plaintiff, believing that the acts of perjury and forgery deserved exemplary damages independent of the inmate abuse they were originally sued for, proceeded to file suit, on February

*And this 0 time, the filing fee was paid!*

23, 2015, in the Boone County Circuit Court, for seven (7) counts of **Perjury, Class C Felony, A.C.A. § 5-53-102**, and two (2) counts of **Forgery in the Second Degree, Class C Felony, A.C.A. § 5-37-201**. Plaintiff invoked a unique Arkansas statute that, to Plaintiff's knowledge, is not present in any other state in the nation: A.C.A. § 16-118-107: "Civil Action by Crime Victim," which states the following:

> "**(a) (1)** Any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct.
> **(2)** The burden of proof for showing conduct that constituted a felony shall be a preponderance of the evidence.
> **(3)** If the person who is injured or damaged prevails, he or she shall be entitled to recover costs and attorney's fees.
> **(b)** The action may be maintained by the person who was injured or damaged or, after the person's death, the executor, administrator, or representative of his or her estate.
> **(c)** The remedy provided in this section shall be in addition to any other remedies in law or equity.
> **(d)** This section does not apply to offenses under § 5-28-101 et seq. or the Medicaid Fraud Act, § 5-55-101 et seq."

The case was assigned Case No. CV2015-38-4 in the Boone County Circuit Court.

During the Complaint & Jury Demand of that case, Plaintiff did his best to make perfectly clear that he was not attempting to re-litigate the "inmate abuse" of "First Amendment retaliation" claims that were litigated in THIS case, but rather, acts of perjury and forgery committed during the case. It is similar to Case No. 11-3078 in this Court, and the subsequent appeal; the Appellate Court decided that the discrimination suit was not barred, simply because the State Court had already ruled in the defendant's favor on the eviction action. They still affirmed the decision, but it was NOT because this Court was barred from issuing any ruling that was inconsistent with the ruling of another court. Plaintiff's perjury/forgery lawsuit was supposed to be founded on much the same issue.

Brad Karren, Circuit Judge of Bentonville Circuit Court, volunteered as special judge in

that case.

On August 4, 2015, a hearing was held on the Defendants' Motion to Dismiss. Brad Karren granted the Defendants' Motions to dismiss, but not on any grounds provided by the Defense. Instead, he made the following findings of fact and conclusions of law:

- The federal court was a court of competent jurisdiction to determine the honesty of its witnesses and the authenticity of exhibits introduced in its court.

- The federal judges affirmatively adjudicated that the Defendants' discovery responses were not merely sufficient, but truthful as well.

- The federal judges affirmatively adjudicated that all defense witnesses had told the truth in the evidence hearing.

- For the foregoing reasons, Plaintiff's complaint was barred on the doctrine of collateral estoppel.

Plaintiff now asks this Court to clarify whether the state court judge was, in fact, correct, so Plaintiff can use that in a Motion for Reconsideration.

## ARGUMENT AND DISCUSSION

It is important to understand that Plaintiff is NOT asking this Court to sit in review of his decision. If this Court answers all eight of the above questions in Plaintiff's favor, Brad Karren still sees fit to deny Plaintiff's Motion for Reconsideration in the state court action, despite irrefutable evidence to the contrary, simply because he does not like Plaintiff, then the propriety of that order (as well as the legal propriety of the existing order) would still be vested exclusively with the Arkansas Court of Appeals, Arkansas Supreme Court, and U.S. Supreme Court.

Indeed, Plaintiff is not asking this Court to adjudicate anything that it has not already adjudicated. Rather, he is asking that this Court merely CLARIFY the SCOPE of its EXISTING

rulings, since there is, clearly, some confusion that is obstructing state court proceedings.

In a sense, you could consider this Motion to Clarify as no different than if Plaintiff were ask his own next-door-neighbor submit a written witness affidavit for use in state court proceedings, except that this time, the witnesses just happen to be federal judges.

With that out of the way, let's discuss each of the aforementioned seven questions:

**Question No. 1: In any of its Orders in the above-styled action on Motions to Compel Discovery (filed by either party), did any of the three judges in this case (James Marchewski, P.K. Holmes, and Timothy Brooks) ever declare or find that the non-movants' discovery responses were truthful or honest?**

Whereas Brad Karren appears to believe that the answer to this question is "yes," Plaintiff believes that the answer to this question is "no."

In every order ruling on a Motion to Compel Discovery, filed by either party, the courts always stated that the discovery responses were either "sufficient" or "insufficient." At no point, in any order, did any judge attempt to infer that he felt the discovery responses to be *truthful*.

The only way, in Plaintiff's opinion, the orders could be interpreted as adjudicated the *honesty* of the discovery responses' authors is if the Federal Rules of Civil Procedure A) require discovery responses to be accurate, and B) authorize federal judges to order revisions to discovery responses if found to be inaccurate. Both A) and B) are equally essential to a proper finding of the sort of federal adjudication that would be needed to say that collateral estoppel bars a claim of perjury.

Therefore, Plaintiff prays that this Court answer "no" in response to Question No. 1.

**Question No. 2. When James R. Marchewski entered his Report & Recommendation, in the summer of 2014, recommending that the remainder of Plaintiff's claims be dismissed with prejudice after an evidence hearing was conducted, did the Magistrate Judge ever, at any time, adjudicate that the Defense witnesses had told the truth?**

Whereas Brad Karren appears to believe that the answer to this question is "yes," Plaintiff

believes that the answer to this question is "no."

Indeed, in the Magistrate Judge's own Report & Recommendation, the Magistrate Judge reminded the parties that he "must avoid credibility determinations."

The Report & Recommendation was issued, based ENTIRELY on a perceived deficiency of Plaintiff's evidence (namely, the perceived lack of evidence of unconstitutional policy or custom). It never, at any point, showed any endorsement as to the verity, authenticity, or accuracy of ANY of the Defense's witnesses or exhibits.

Therefore, Plaintiff prays that this Court answer "no" in response to Question No. 1.

**Question No. 3. When James R. Marchewski entered his Report & Recommendation, in the summer of 2014, recommending that the remainder of Plaintiff's claims be dismissed with prejudice after an evidence hearing was conducted, did the Magistrate judge ever, at any time, adjudicate that any of the Defendant's exhibits were authentic, rather than forgeries?**

Whereas Brad Karren appears to believe that the answer to this question is "yes," Plaintiff believes that the answer to this question is "no."

Just as how this Court cannot make any determines as to witness credibility, to pass judgment on the authenticity of any exhibit would require a credibility determination.

Therefore, Plaintiff prays that this Court answer "no" in response to Question No. 1.

**Question No. 4. When Timothy Brooks adopted the Magistrate Judge's Report & Recommendation mentioned in Questions 2 & 3, did it ever, at any point in its order, decide that any of the witnesses at said evidence hearing had told the truth, or that the Defendant's exhibits were authentic?**

Whereas Brad Karren appears to believe that the answer to this question is "yes," Plaintiff believes that the answer to this question is "no."

Timothy Brooks actually appeared to decide the matter for reasons completely unrelated to the Magistrate Judge's Report & Recommendation. It decided the matter on the grounds that Plaintiff had not plead sufficient facts in his Complaint & Jury Demand to entitle himself to

relief, even if he proved those facts.

Therefore, Plaintiff prays that this Court answer "no" in response to Question No. 1.

**Question No. 5. Even if any of the three judges wanted to adjudicate whether any of the witnesses were telling the truth, or whether an exhibit is authentic, would they have jurisdiction to do so in any stage of any litigation, criminal or civil alike, other than a bench trial?**

Whereas Brad Karren appears to believe that the answer to this question is "yes," Plaintiff believes that the answer to this question is "no."

It is well established law, in the federal judiciary, that whether or not a person is lying is the sole function of the jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 US 133, 150 (2000).

Therefore, Plaintiff prays that this Court answer "no" in response to this question.

**Question No. 6. Is this Court allowed to rule in favor of a particular party if it determines that party has lied or forged evidence during the course of the proceeding?**

Brad Karren seems to base his reasoning that this Court adjudicated that the Defendants were honest by reason of the fact that the Court resolved the matter in their favor. Therefore, it seems that Karren believes that the answer to this question is "yes."

The only way this would make sense is if there is some law that *requires* federal judges to instantly list a defendant in default, or dismiss a claim against a plaintiff, if that party is the first one to get caught lying about something that was material to the case. For Karren's logic to work, the dismissal/default must be *mandatory*. If it is discretionary in any way, Karren's logic would still have to fail, unless this Court answers "yes" to at least one of the aforementioned claims, because if that's the case, we need more information before we proceed on a collateral estoppel claim.

Do not get the wrong idea! Plaintiff would have no objections to there being a law that

says that the first person to lie about a material matter during a litigation automatically loses! From the perspective of a registered voter and a taxpayer, Plaintiff would absolutely support such a law. It would significantly reduce the resources that would be wasted as courts try to resolve matters of witnesses who can't keep their stories straight. It would save the judiciary a bundle. Not to mention: It would prevent overzealous prosecutors from using perjury to continue to harass defendants they don't like, but can't convict.

But, as much as Plaintiff believes such a law would benefit our nation, the fact remains ... that's not the law yet. Maybe the judges of this Court could join Plaintiff in petition Senator John Boozman to introduce such a bill. But the fact remains ... it's not the law yet and it was not the law when the orders were entered that this Motion seeks clarification on.

Therefore, Plaintiff prays that this court will answer "yes" to this question.

### Question No. 7. Is this Court allowed to deny a Motion to Compel Discovery if it believes that the underlyng discovery response was dishonest?

Brad Karren seems to take a similar approach to the discovery orders as he does the orders of dismissal.

When resolving discovery disputes, it is not the court's place to decide whether the discovery respondents told the truth in their responses. When deciding a discovery dispute, the Court's only two functions are to determine A) if the Defendants timely raised a proper and meritorious objection to the discovery request itself, and B) if not, whether the Defendants' discovery responses adequately responded to the discovery requests put forth to them.

The closest a federal judge could come to adjudicating a discovery response's honesty during a Motion to Compel Discovery is if it were convinced that the respondent had produced incomplete documents in response to a Rule 34 Request for Production of Documents, with the intent of passing them off as complete. Even that is pushing it, though, as discovery disputes are

not supposed to be adjudications of honesty!

Therefore, Plaintiff prays that the Court answer "yes" to this question.

**Question No. 8. Could disputes of perjury or forgery that occurred in the evidence hearing have been adjudicated in the above-styled action, even if the Court were of competent jurisdiction?**

Even if collateral estoppel does not bar this claim, Brad Karren may try to go for *res judicata*. In Arkansas, *res judicata* bars litigation of claims that *could* have been litigated in a previous action, whereas collateral estoppel only bars claims that "actually were" litigated. See *State Office of Child Support Enforcement v. Willis*, 59 SW 3d 438, 444-45 (2001).

Plaintiff believes that the answer to this question is "no." The acts of perjury committed in the evidence hearing came so late in the action that, even if Plaintiff filed a Motion for Leave to Amend Complaint, this Court would have denied that motion on the grounds that the case was simply too far along. Plaintiff knows this ... because he had already tried that, once before, in this case, and the Court denied that motion on that grounds. It only makes sense that the Court's position would be even more reinforced as the case got even closer to its conclusion.

Nor could Plaintiff have simply filed a new claim in federal court. Federal law does not have a statute allowing private citizens to bring private civil suits for felonies, which means that any claim for perjury would have to be under A.C.A § 16-118-107, meaning it would have to invoke the Court's *supplemental* jurisdiction. See *Murphy v. LCA-Vision, Inc.*, 776 F.Supp.2d 886, 900-901 (E.D. Ark. 2011) (requiring that Arkansas substantive law apply to actions under A.C.A. § 16-118-107, as it is supplemental jurisdiction). Plaintiff cannot bring a claim under supplemental jurisdiction without another claim that the federal courts would already have jurisdiction over.

Therefore, Plaintiff prays that this Court answer "no" to this question.

## CONCLUSION

Plaintiff is in the hopes that Brad Karren is simply misinformed as to the scope of this Court's rulings, and this Court's limited jurisdiction. If he is, an order granting this Motion to Clarify could assist in convincing him to let Plaintiff have his constitutionally-guaranteed day in court, since Plaintiff never got it – at least not on the issue of perjury or forgery – in this case.

Wherefore, premises considered, Plaintiff respectfully prays that this Motion to Clarify be granted, and promptly so. So requested on this, the 5th day of August, 2015.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com