
U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
SEP 16 2015
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                      PLAINTIFF

VS.                           CASE NO. 12-3022

BOONE COUNTY, AR                                           DEFENDANTS

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR RULE 60(b) RELIEF OF JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Rule 60(b) Relief of Judgment.

## BACKGROUND

1. In the weeks leading up to the evidence hearing, Plaintiff filed a motion for issuance of subpoena, so that David D. Stebbins, the alleged victim in Plaintiff's criminal case, but that motion was denied by Magistrate Judge James R. Marchewski. Plaintiff placed an objection to the magistrate judge's various orders refusing to issue subpoenas to potentially useful witnesses, but the magistrate judge's decision was affirmed by then-presiding judge P.K. Holmes.

2. At the evidence hearing in the above-styled action, this Court heard testimony from the arresting agency, Jason Beathky, who testified, in pertinent part, that he did not make the decision to arrest Plaintiff until AFTER conducting a thorough investigation.

3. In April of 2015, Plaintiff had a two-day jury trial against David D. Stebbins where David Upton – another Boone County Sheriff's Deputy who, apparently, was also present at the time of the arrest – testified and said, among other things, that Jason Beathky heard David D. Stebbins accuse Plaintiff of causing his injury, arresting Plaintiff, and THEN entering the house in search of evidence to support the arrest. In that order. This was a clear contradiction with what Jason Beathky testified to.

4. More importantly, he then testified, on cross-examination, that it was the *policy* of the Boone County Sheriff's Department to always ... always ... ALWAYS arrest whoever an injured person SAYS caused his injury, without any regard to what the actual empirical evidence says.

5. When David D. Stebbins himself was testifying, he confirmed Upton's version of what happened the night of Plaintiff's arrest, and gave the exact same chronological order of events that Upton gave, even adding a few details of his own.

6. These are both testimonies that Plaintiff could not have, with reasonable effort, secured for purposes of the evidence hearing. Plaintiff's attempt to subpoena David D. Stebbins was rejected, for whatever reason, and Plaintiff had no reason to anticipate that Upton's testimony would be substantially different from Beathky's.

7. Plaintiff has placed an order for a transcript of that jury trial. Payment has been secured, and Plaintiff is entitled, under Arkansas state law, to have that transcript by Mid-September at latest.

## DISCUSSION AND LAW

8. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." See Fed.R.Civ.P. 60(b)(2).

9. The new evidence that Plaintiff discovered would have, in all likelihood, had a material impact on Plaintiff's case, as Upton is, by this point, admitting that the Boone County Sheriff's Department has an unconstitutional policy regarding arrests. Not just an unofficial custom of never enforcing their official written policies; this *is* the official written policy!

10. This policy, if the testimony is accepted by the jury, would effectively amount to a

violation of the precedent Kuehl v. Burtis, 173 F. 3d 646, 650-651 (8th Cir. 1999), which states, in pertinent part, the following:

> "Probable cause exists when the totality of circumstances demonstrates that a prudent person would believe that the arrestee has committed or was committing a crime. We must give law enforcement officers substantial latitude in interpreting and drawing inferences from factual circumstances, but such latitude is not without limits. First, because the totality of circumstances determines the existence of probable cause, evidence that tends to negate the possibility that a suspect has committed a crime is relevant to whether the officer has probable cause. An officer contemplating an arrest is not free to disregard plainly exculpatory evidence, even if substantial inculpatory evidence (standing by itself) suggests that probable cause exists. In this sense, the Fourth Amendment requires that we analyze the weight of all the evidence—not merely the sufficiency of the incriminating evidence—in determining whether Burtis had probable cause to arrest Kuehl for simple assault. For example, an officer may make an arrest if a credible eyewitness claims to have seen the suspect commit the crime, but the officer may not arrest the suspect if, in addition, the officer is aware of DNA evidence and a videotaped account of the crime that conclusively establish the suspect's innocence.
>
> Second and relatedly, law enforcement officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as law enforcement would not be unduly hampered if the agents wait to obtain more facts before seeking to arrest. An officer need not conduct a mini-trial before making an arrest but probable cause does not exist when a minimal further investigation would have exonerated the suspect."

11. By Upton's own admission, it is the policy of the Boone County Sheriff's Department to arrest people in direct violation of that precedent, especially in violation of the second paragraph.

12. Therefore, even if Plaintiff's claim for retaliation in violation of Sec. 503 of the Americans with Disabilities Act would fail, Plaintiff would still have the right to recover for false arrest under 42 USC § 1983. See Haines v. Kerner, 404 US 519 (1972) (holding that a *pro se* plaintiff is not required to list each and every legal avenue for recovery in his pleading; rather, a *pro se* pleading should be construed liberally, and should only be summarily dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief").

13. When ruling on this motion, Plaintiff would like the court to bear in mind that it is bound by the precedent of *Foman v. Davis*, 371 US 178 (1962) ("the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"). Granted, that case was about Rule 15, not Rule 60, but the precedent still stands, nonetheless. The precedent concerned the "spirit of the Federal Rules." The Supreme Court clearly intended for ALL of the federal rules to be included in that precedent, not just Rule 15.

14. Wherefore, premises considered, Plaintiff respectfully prays that this Court grant Plaintiff relief from the judgment.

So requested on this, the 15th day of August, 2015.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. ~~Dist~~ District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701