# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**DAVID STEBBINS**                                                                                   **PLAINTIFF**

**VS.**                                **NO. 12-CV-3022**

**BOONE COUNTY ARKANSAS, ET AL.**                                    **DEFENDANTS**

## RESPONSE TO PLAINTIFF'S MOTION FOR RULE 60(B) RELIEF OF JUDGMENT

On September 15,6, 2015, the Plaintiff filed a motion for relief from Judgment under Rule 60 of the Federal Rules of Civil Procedure. The Plaintiff's motion is untimely and this Court lacks jurisdiction to hear it. As such, the Plaintiff's motion for relief from Judgment should be denied.

Plaintiff Stebbins moves for relief from the Judgment in this case entirely under Rule 60(b)(2) of the Federal Rules of Civil Procedure provides, which provides that, "[o]n motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding ... [based on] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

At the outset, the Plaintiff's motion for relief from Judgment is untimely. Judgment was entered in this case March 30, 2015. The only "newly discovered evidence" discussed in the Plaintiff's motion is testimony from a jury trial in April of 2015. Thus, the newly discovered evidence was actually discovered by the Plaintiff within the period allowed for a new trial motion under Rule 59(b). There is no need for the Court to analyze whether this evidence could have been discovered with reasonable diligence before the evidentiary hearing in this case. That is immaterial to timeliness under Rule 60(b)(2). The only material question on that score is whether the allegedly "newly discovered evidence" within the 28 days following the Judgment (i.e., the time for filing under Rule 59(b)). Since the Plaintiff concedes that the evidence at the core of his motion for relief

was actually discovered within that time period, his motion for relief under Rule 60(b)(2) is clearly untimely.

In addition to being time-barred, the Plaintiff's motion for relief under Rule 60(b)(2) also fails because this Court has no jurisdiction to hear it. The Plaintiff filed his notice of appeal in this case nearly two months ago (*see* Doc. 174), which filing "an event of jurisdictional significance" that confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *Liddell v. Bd. of Educ.*, 73 F.3d 819, 823 (8th Cir. 1996) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). For reasons of efficacy, a "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). A district court that is divested of jurisdiction may not reexamine or supplement the order appealed. *Missouri v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). When the question of appealability is in doubt, the court is to "stay its hand" until the appellate court resolves the issue. *Id.* at 1106-07. In this case, the issues raised in the Plaintiff's Rule 60(b)(2) motion for relief are clearly part of his appeal. This is perhaps evinced most by the Plaintiff's filing of a motion for stay in the Court of Appeals so that this Court can rule on his Rule 60(b)(2) motion. *See* 8th Cir. Case # 15-2280, Motion for Stay, 09/08/15. Of course, there would be no need for a stay if the appeal and the motion for relief didn't deal with the same issues. In the end, the Plaintiff's notice of appeal transferred jurisdiction of this action to the Court of Appeals and the this Courtlacks jurisdiction to consider the Plaintiff's Rule 60(b)(2) motion for relief.

For the reasons set forth herein, the Plaintiff's motion for relief under Rule 60(b) is untimely and without jurisdictional basis and should be denied by the Court.

2

Respectfully submitted,

BOONE COUNTY, ARKANSAS, et al
*Defendants*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
801 Technology Drive
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com

By:     /s/ Jason E. Owens
Michael R. Rainwater, #79234
Jason E. Owens, #2003003

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I am mailing a copy by U.S. Mail, postage prepaid to the following non CM/ECF user:

Mr. David Stebbins, Pro Se
123 W. Ridge St., Apt. D
Harrison, AR 72601

   /s/ Jason E. Owens
Jason E. Owens, #2003003
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
801 Technology Drive
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: owens@rainfirm.com