IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                            PLAINTIFF

VS.                          CASE NO. 12-3022

BOONE COUNTY, AR                                     DEFENDANTS

## REPLY TO RESPONSE TO MOTION FOR RELIEF OF JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to the Defendant's Answer to Motion for Relief of Judgment.

1. The Defense raises to grounds for why this Court should deny Plaintiff's Motion: First, that it is untimely under Rule 59(b), and second, that the Court is without jurisdiction to hear the motion pending appeal.

### Rule 59 is inapplicable in the first instance.

2. The Defendants are scared. They know that the evidence would have an impact on the case, which explains why they do not attempt, in their response, to refute the probative value of this new evidence. Instead, they attempt to circumvent the merits of the motion by arguing against its timeliness.

3. Their first argument appears to be that, because Plaintiff learned of the evidence less than 28 days after the judgment was entered, his failure to file the motion within that time frame means it is outside the scope of Rule 60(b)(2).

4. What the Defense fails to realize is that, because Rule 59 is entirely inapposite int his case, the time limit of Rule 59(b) is equally inapposite.

5. The reason Rule 59 is inapposite is because ... there was never a trial. There was only an evidence hearing. Rule 59(a) sets forth the grounds upon which a Motion for New Trial can be granted; however, the grounds required for granting the motion depend on whether the case was

resolved by jury trial or bench trial; see Rule 59(a)(1)(A) & 59(a)(1)(B). No trial, no Rule 59 applicability. It's that simple.

6. The authors of Rule 59 clearly intended for it only be applicable in cases that were disposed of via trial. How does Plaintiff know that? Well, think about it: the authors obviously knew that cases can be disposed of through means other than trial (if someone doesn't know what summary judgment is, the Supreme Court has no business appointing to a committee to draft rules of civil procedure); if they wanted Rule 59 to be applicable to those types of cases, don't you think they would have listed the grounds upon which the motion should be granted?

7. As such, Rule 59 – and its corresponding 28-day time limit – can go take a hike as far as this motion is concerned.

## The Motion is timely under Rule 60(c)(1)

8. Despite the Defendant's best wishes, the motion is indeed timely. The time limit for Motions for Relief of Judgment on grounds of newly discovered evidence is one (1) year. See Fed.R.Civ.P. 60(c)(1). Without Rule 59's applicability holding us back, Plaintiff is, undoubtedly, within that time frame.

9. But why did Plaintiff wait so long to file this motion, anyway? As the Defendants themselves pointed out, Plaintiff has waited several months to finally file it; why? Well, before filing this reply, Plaintiff sent an email to the judges, promising an explanation for that. Well, here it is.

10. There are two reasons, actually. First, Plaintiff was hoping to obtain a copy of the transcript. After all, what good is pleading the facts if you don't have the evidence to back it up? However, the Court Reporter moved for an extension of time to file the record, which delays Plaintiff's obtaining of the transcript for seven whole months. So now, there is no reason to wait

for the evidence; he can always obtain it in a subpoena duces tecum.

11. Second, Plaintiff did not file that motion immediately because he already had a motion for reconsideration pending. That motion was not resolved until July of 2015. Since Rule 59 was not applicable, there was no point in filing duplicative motions.

12. Then, Plaintiff attempted to file the Motion for Relief of Judgment AND the Notice of Appeal, at the same time, in the same envelope. However, due to a mix-up, Plaintiff accidentally had the header of that motion suggest that it was meant to be filed in Case No. 15-00436 in the *Eastern* District of Arkansas, rather than Case No. 12-3022 in the *Western* District. Plaintiff called the Clerk's Office and spoke with a clerk named June. She admitted that, due to this confusion, she transferred the motion to the Eastern District for filing in that case, where it would be met, later that same day, with a text-only order from Magistrate Judge Joe Volpe denying the motion without prejudice on the grounds that it appeared to addressed to a different case (which it was).

13. This mis-filing caused as a result of the header mistake actually happened *several times* before Plaintiff caught his mistake. At first, he just assumed it was either a clerical mistake that they would sort out, or the post office just failed to deliver it (that does indeed happen from time to time), and so, Plaintiff assumed that simply printing out the same computer file again, and re-mailing it, without changing anything, would fix the problem. This must have happened three times before Plaintiff realized the mistake was that the header was wrong (to this day, Plaintiff has no idea how that happened; he must have accidentally copy-and-pasted it) and corrected the mistake himself.

14. If you want corroboration behind Plaintiff's statements, remember that it should be public record on PACER, and Deputy Clerk June should vouch for Plaintiff.

15. So, as you can see, there is a plausible explanation for why Plaintiff did not file his Motion for Relief of Judgment when he first had the chance. He intended to, but one circumstance after another prevented him from doing so. However, he did indeed exercise due diligence in correcting the mistake once he realized it. The delay in filing this was NOT caused by mere laziness. Thus, the *spirit* of Rule 59(b)'s or Rule 60(c)'s time limits – discouraging baseless procrastination – is not present here.

## This Court's jurisdiction to hear the motion

16. Next, the Defendants argue that the Court does not have jurisdiction to hear this motion, because now that an appeal is pending, to entertain this motion would constitute piecemeal litigation.

17. Plaintiff has three (3) arguments against this: (A) This jurisdictional challenge would, at best, delay consideration of the motion, not block it, (B) Rule 60 was most likely intended to b applicable alongside appeals, and (C) this is not even "piecemeal litigation" in the first instance, at least not the same thing that created the public policy disfavoring it.

18. First of all, this does not defeat the motion in its entirety. It merely delays it. At best, under this argument, the motion should be denied without prejudice to re-filing when the appeal is finished. If that is the case, why waste taxpayer money by waiting for the 8th Circuit to finish its entire appellate process (complete with petitions for rehearing), and THEN re-file the Motion for Relief of Judgment, after the fact, for a new ruling. We can save a lot of taxpayer money if the 8th Circuit panel goes ahead and grants the Motion for Temporary Stay, and then this Court goes ahead and issues a ruling on the merits for this Motion.

19. All this, of course, assumes that their jurisdictional challenge even has merit on its face. Plaintiff does not believe he even needs to make an exception in light of extenuating circum-

stances; rather, the 8th Circuit has already made that exception for him. Just like with the timeliness issue, Plaintiff's argument of extenuating circumstances is a backup plan. The Court does indeed have jurisdiction to hear this motion. Specifically, it has ancillary jurisdiction. See *State of Iowa v. Union Asphalt & Roadoils, Inc.*, 409 F. 2d 1239 (8th Cir. 1969) (finding something they refer to as "ancillary jurisdiction" to entertain motion under Rule 60, even during pendency of appeal).

20. So, as you can see, the Defendants have got it plain wrong on this issue. The Court does indeed have jurisdiction to issue a ruling on the merits of this motion, right now.

## CONCLUSION

21. Both of the Defendants' arguments that the motion is not properly before the court have been thoroughly refuted. Without those collateral attacks, the *merits* of Plaintiff's motion are entirely uncontested. Plaintiff is entitled to have this motion granted.

So requested on this, the 5th day of October, 2015.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-
stebbins



David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.,
Room 510
Fayetteville, AR 72701