IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                  PLAINTIFF

v.                      Civil No. 12-3022

BOONE COUNTY, ARKANSAS;
and SHERIFF DANNY HICKMAN                                   DEFENDANTS

**ORDER**

Plaintiff has filed a Motion to Clarify (Doc. 173). Plaintiff asks the Court to answer a series of seven questions about actions taken, or not taken, by the Court. The Court declines to respond to these questions. The Court documents speak for themselves. The Motion (Doc. 173) is **DENIED.**

Next, Plaintiff has filed a Motion for Relief from Judgment (Doc. 179) pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. Rule 60(b)(2) provides: "the court may relieve a party . . . from a final judgment . . . for the following reasons: newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 59(b) provides that a "motion for new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

Plaintiff maintains the Court erred when it refused to issue a witness subpoena for his Father, David D. Stebbins. Plaintiff asked for a subpoena to be issued because he believed his Father's testimony would prove there was a conspiracy to prosecute the Plaintiff (Doc. 114).

In another case, against his Father, in a jury trial held in April of 2015, Plaintiff asserts that a Boone County Deputy, David Upton, testified that Jason Beathke arrested the Plaintiff based on his Father's version of the events prior to conducting any investigation. According to Plaintiff, his Father testified as to the same chronological order of events. Plaintiff states he

-1-

could not have secured this testimony for purposes of the hearing held in this case. He maintains this newly discovered evidence is grounds to set aside the judgment.

Defendants maintain the Court should not entertain the motion because: (1) Plaintiff discovered this new evidence in a jury trial held in April of 2015, which was within twenty-eight days following the judgment; and (2) the Court lacks jurisdiction by virtue of the filing of the notice of appeal. The Court does, however, have jurisdiction to consider a Rule 60(b) motion, filed after a notice of appeal, on the merits and deny it. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004); *Brode v. Cohn*, 966 F.2d 1237, 1240 (8th Cir. 1992). The Court does not have jurisdiction to grant the motion. *Winter v. Cerro Gordo County Conservation Board*, 925 F.2d 1069, 1073 (8th Cir. 1991).

Regardless of whether Plaintiff should have filed his motion within twenty-eight days of entry of the judgment, the Court finds no reason to alter or modify the judgment. The issue in this case is not whether there was probable cause to arrest the Plaintiff, or whether Jason Beathke failed to perform an adequate investigation, or if there was a conspiracy of some type against the Plaintiff to cause his arrest and the filing of criminal charges against him.

Plaintiff's conviction on the battery charge precludes any claim that there was not probable cause to arrest him. *Brown v. Willey*, 391 F.3d 969, 969 (8th Cir. 2004). Further, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a

AO72A
(Rev. 8/82)

federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. After the evidentiary hearing in this case, the record was left open for Plaintiff to submit a copy of a court order setting aside or expunging his conviction of battery. No such evidence was submitted. Further, Plaintiff asserted an official capacity claim against the Sheriff but introduced nothing to suggest there was a policy or custom of Boone County that violated his rights with respect to his arrest.

Thus, the issues were: whether the Defendants had discriminated against the Plaintiff because of his disability, Asperger's Syndrome; or failed to make reasonable accommodations for him; and whether his Eighth Amendment rights were violated during his incarceration. The alleged "newly discovered" evidence does not create an issue of fact as to whether the named Defendants violated the Americans with Disabilities Act or the Eighth Amendment. The Motion (Doc. 179) is **DENIED.**

IT IS SO ORDERED this 26th day of October 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)