IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                PLAINTIFF

VS.                                  CASE NO. 12-3022

BOONE COUNTY, AR                                            DEFENDANTS

### OBJECTION, PURSUANT TO FRCP 72(a), TO [182] MAGISTRATE JUDGE ORDER DENYING MOTION FOR RULE 60(b) RELIEF OF JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objection, pursuant to his rights under Fed.R.Civ.P. 72(a), to the Magistrate Judge's order denying, on the merits, the Motion for Rule 60(b) Relief of Judgment.

### No explanation means automatic abuse of discretion

1. Before we begin, Plaintiff needs to advise the Court on an important issue of procedural law that it apparently is not aware of.

2. If the District Judge wishes to deny affirm the magistrate judge's order, it cannot simply declare that Plaintiff has not shown any grounds as to why the ruling should be overturned. It must explain itself.

3. There is ample precedent from the 8th Circuit and Supreme Court stating that, even when a court is vested with discretion, to give no explanation whatsoever constitutes an *automatic* abuse of discretion.

(a) *US v. Burrell*, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision ... It is impossible for us to ensure that the district court did not abuse its discretion if the [§ 3582] order shows only that the district court exercised its discretion rather than showing how it exercised that discretion ... [A] district court must

adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing ... In this case, we vacate and remand because the record does not allow us to discern how the district court exercised its discretion. The court did not identify any factors that it considered relevant in deciding to reduce Burrell's sentence and determining the extent of that reduction.")

(b) *Rayes v. Johnson*, 969 F. 2d 700, 704-713 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice")

(c) *Slaughter v. City of Maplewood*, 731 F. 2d 587, 589 (8th Cir. 1984) ("Second, although we have jurisdiction to review the district court's denial of counsel, we nevertheless find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

(d) *Foman v. Davis*, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(e) *Gulf Oil Co. v. Bernard*, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order").

(f) *US v. Walters*, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("Accordingly, given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion in imposing special condition two and, thus, vacate that condition").

(g) *Jarrett v. ERC Properties, Inc.*, 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district

court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion in refusing to award Jarrett $11,970.08 in liquidated damages").

(h) *Thongvanh v. Thalacker*, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored.")

(i) *Purcell v. Gonzalez*, 549 US 1, 8 (2006) ("There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect. In view of ... our conclusion regarding the Court of Appeals' issuance of the order we vacate the order of the Court of Appeals")

(j) *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

(k) *United States v. Grinnell Corp.*, 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it")

(l) *Delaware v. Van Arsdall*, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard, which we have applied in other Confrontation Clause cases, is inapplicable here. We find respondent's efforts to defend the automatic reversal rule unconvincing")

4. Bear this in mind while ruling on this Objection.

### Magistrate Judge's findings are bald-faced lies

5. The Magistrate Judge holds that, because A) Plaintiff was convicted, and B) Plaintiff did not have his conviction expunged by state court order, those two events present absolute bars to Plaintiff's claims of arrest without probable cause.

6. It is important to understand that, because the Magistrate Judge has not commented on whether or not the newly-discovered evidence would have shed light on whether Plaintiff was arrested without a thorough investigation, and/or whether the county has a policy of that. As such, both he, and the Defendants, have tacitly assented that it would indeed benefit Plaintiff.

7. Both of his findings of fact directly contradict the record, and even contradict his own previous findings.

### Plaintiff was never convicted, rendering the precedent of Brown v. Willey entirely inapposite

8. First, the Magistrate Judge is clearly lying when he says that Plaintiff was convicted.

9. Plaintiff introduced his own copy of the sentencing order, one which had the following statement checked:

> "Pursuant to A.C.A. §§ 16-93-301 et seq., this Court, ***without making a finding of guilt or entering a judgment of guilt*** and with the consent of the Defendant defers further proceedings and places the Defendant on probation." Italics, bold, and underlining for emphasis

10. This, at the very least, would create a genuine, triable issue of fact as to whether or not Plaintiff was convicted, and it was nevertheless reversible error for the Court to throw out Plaintiff's claim on an evidence hearing.

11. Second, there is ample evidence, right on the record itself (Plaintiff does not even need to provide any) showing a 99% likelihood that the sentencing order was a forgery.

   (a)   Recall that it was after the lunch recess when the Defense learned that Appellant had

not pleaded guilty to his charges, like they initially thought. Go back and listen to the audio recordings of Day 1 of the evidence hearing; the Magistrate Judge wanted to take a lunch recess after Plaintiff finished his own direct examination. Thus, it was only at that point they felt the need to acquire a copy of the sentencing order in order to prove their point.

(b) However, court did not adjourn on the first day of the evidence hearing, until 5:28PM. See Doc. 152. By then, the Boone County Circuit Court had closed, so no certified court records could be obtained.

(c) The next day, Court convened at 8:05AM. See Doc. 153. Although that would appear, at first glance, to give the Defense a five-minute period where they could obtain such a record, listening to the audio recording says otherwise. The Magistrate Judge forgot his hearing aids and needed to take some time to put them in. Thus, Court actually began at 8:00AM, like it was supposed to.

(d) Even if Court really did commence five minutes later than schedules, it would still be astronomical that the Defense Attorney would have known in advance about the five minute delay, thus giving him any time to acquire the certified copy, UNLESS he had scheduled that delay with the magistrate judge. If that were the case, then the judgment automatically needs to be set aside since the impartiality of the judiciary has been impaired by *ex parte* communications.

12. Thus, the Defendant's copy of the sentencing order HAS to have been a forgery, because the Defense never had an opportunity to obtain an authentic copy.

13. Thus, the Court has clearly erred when it stated that Plaintiff was convicted. At the very least, it clearly erred in finding that Plaintiff's status as "convicted" was beyond genuine dispute, because Plaintiff introduced affirmative evidence of his own. He has meet proof with proof.

14. Please remember the law that was cited in ¶¶ 1-4 of this Objection. If the Court disagrees that the Defense's sentencing order was a forgery, or that Plaintiff's rebuttal evidence would not cause a reasonable jury to find that Plaintiff was not convicted, the Court must give actual *grounds* for reaching this conclusion.

## Plaintiff did indeed show evidence of expungement

15. Next, the Magistrate Judge claims that, when the record stayed open allowing Plaintiff to submit evidence that his conviction was expunged, Plaintiff failed this opportuntiy.

16. This is yet another bald-faced lie. Plaintiff did indeed show evidence of expungement. See Doc. 160, Exhibit B. This means that Plaintiff was "completely exonerated" and the underlying conduct "is deemed as a matter of law never to have occurred." See Exhibits C and D.

17. The Magistrate Judge himself freely acknowledged, previously, that Plaintiff's conviction has indeed been expunged. Near the bottom of Page 3 of his Report & Recommendation after the evidence hearing, the Magistrate Judge states "He maintains his conviction for the misdemeanor charge of battery in the third degree has been set aside. Stebbins has submitted an order filed May 12, 2014, granting his request to seal his file pursuant to Ark. Code Ann. § 16-93-301 (2014).

18. Plaintiff has, absolutely, beyond doubt, complied with the requirements of *Heck v. Humphrey*, and he is, according to that precedent, entitled to proceed to trial on a claim of unconstitutional arrest, incarceration, prosecution, and (if it even existed, which it doesn't) conviction.

19. Remember the massive precedent stated in ¶¶ 1-4 of this Objection. The Court has to give reasons behind its rulings, otherwise it is an automatic abuse of discretion. The Court cannot

simply state that it finds Plaintiff's arguments to be unpersuasive.

## CONCLUSION

20. This Court has spent the past six years demonstrating to Plaintiff that it has a bias in favor of government and corporations. This bias, as has been clearly demonstrated since 2010, is not limited to Congress passing laws that favor the government and the wealthy; rather, this Court itself has demonstrated, ever since Plaintiff's first lawsuit in 2010, that it will just plain ***make stuff up*** if it is necessary to ensure that government and the 1% always get their way.

21. Here, the judges are simply changing their factual findings on the fly to suit whatever the situation calls for. Their only consistency is "David Stebbins must lose." The Court should follow the law that it has sworn to uphold.

22. Please reverse the magistrate judge's ruling, or at the very least, provide actual EXPLANATIONS to show that the above two paragraphs are inaccurate.

23. So requested on this, the 28th day of October, 2015.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.,
Room 510
Fayetteville, AR 72701

Received WD/AR
NOV - 5 2015
U.S. Clerk's Office